

Geoffrey Graber
(202) 408-4600
ggraber@cohenmilstein.com

May 10, 2019

**Via ECF**

The Honorable James Donato
United States District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

> *Re:     Singer, et al. v. Facebook, Inc., Case No. 3:18-cv-04978*

Dear Judge Donato:

After multiple meet-and-confers, the parties have reached impasse regarding certain provisions of their ESI Protocol and Protective Order.[1] Facebook seeks to use the ESI Protocol to gain inappropriate exemptions from document preservation. In § 6 of the ESI Protocol, Plaintiffs propose a process for the parties to identify and produce relevant documents in a timely manner, and propose a June 1, 2019 deadline to produce documents from the first round of custodians and search terms. Facebook's refusal to enter § 6 is impeding discovery, and resolution is urgently needed. Section 6's first steps are (i) identifying systems that likely contain relevant documents and (ii) parties proposing search terms and custodians for their ESI. Facebook has still not proposed custodians for its ESI, or disclosed its systems that contain relevant documents.[2] The parties cannot begin to meaningfully negotiate Facebook's ESI production without Facebook's proposed custodians. Each day that goes by, Plaintiffs are prejudiced as they lose a day of discovery.

## I.      ESI PROTOCOL

*Section 5: Preservation*: Facebook refuses to halt its deletion practices. *See* ECF No. 70. Facebook now demands that Plaintiffs relieve Facebook from preserving large categories of documents through two provisions. Plaintiffs have agreed to reasonable limits on preservation (such as limiting the preservation time frame), but Plaintiffs cannot agree to Facebook's excessive limitations. *First*, Facebook proposes that the parties not preserve 13 categories of information that Facebook has unilaterally deemed not reasonably accessible, including "dynamic fields in databases or log files not stored or retained in the usual course of business." Ex. 1 at § 5(e)(1)-(13).  Plaintiffs' proposes additional language that states that these categories will "not include unique relevant documents or data (including data regarding Facebook's user base)." *Id.* at § 5(e). Plaintiffs ask the Court to use their language. Otherwise, Facebook will not preserve an unknown number of undisclosed data sources.[3] *Second*, Facebook proposes that the "parties shall not be required to modify, on a going-forward basis, the procedures used by them in the usual course of

---

[1] Plaintiffs first sent Facebook a ESI Protocol on October 30, 2018. Attached hereto as Ex. 1 is Plaintiffs' final proposed ESI Protocol. Ex. 2 is a redline that shows the changes Plaintiffs made on Facebook's last proposal.

[2] Plaintiffs proposed custodians and search terms for their ESI on April 3, 2019, and have already told Facebook that Plaintiffs' e-mails and Facebook accounts are likely to contain relevant documents.

[3] Facebook is demanding that Plaintiffs agree that Facebook need not preserve broad swaths of relevant information, while simultaneously refusing to describe the systems that house the information.

COHEN MILSTEIN

Geoffrey Graber
(202) 408-4600
ggraber@cohenmilstein.com

business to back up and archive data." Ex. 2 at § 5(a). This language is not in this district's model ESI Protocol. Facebook has never explained the need for this language nor the types of data would not be preserved if it included. The Court should reject this provision.

*Section 6: Search and Review Process*: Plaintiffs propose a reasonable process to negotiate the scope of the parties' productions. Facebook says the process is "unnecessary" and refuses to suggest an alternative. Without these steps[4], discovery is stymied, as Facebook has not proposed custodians or identified its relevant systems. Plaintiffs ask that the Court enter Plaintiffs' ESI Protocol to stop future delays from occurring.

*Step 1:* Parties describe the "systems likely to contain relevant documents or ESI" and propose systems to search. *See* Ex. 1 at § 6(c). This is in this district's ESI Checklist. *See* N.D. Cal. ESI Checklist at § III ("description of system in which potentially discoverable information is stored.") This is essential so the parties can have informed negotiations regarding the scope of production.

*Step 2:* Producing party proposes search terms and custodians to search for its ESI. *See* Ex. 1 at §6(d)(1). Facebook has not proposed custodians, even though this is in this district's checklist. *See* N.D. Cal. ESI Checklist, at § VI ("Custodians (by name or role) most likely to have discoverable information and whose ESI will be included in the first phases of document discovery.")

*Step 3:* Receiving party may provide additional or alternative suggestions for custodians and search terms; producing party may object to suggestions; producing party provides a hit report to other side; the parties meet-and-confer to determine appropriate first round search terms and custodians (using hit report to assess burden). *See* Ex. 1 at § 6(D)(2)-(4). Facebook refuses to agree to this process, including the "hit report" requirement. Courts often require parties to provide hit reports. *See e.g.*, *Finisar Corp v. Nistica Inc.*, 2014 U.S. Dist. LEXIS 172414 (N.D. Cal. Dec 12, 2014).

*Date Certain for First Round Production*: Plaintiffs propose a June 1, 2019 deadline for producing documents from the first set of custodians and search terms. Ex. 1 at §6(D)(5). Facebook refuses to agree to any deadline for the initial set. Plaintiffs' proposal is consistent with Rule 34(b)(2)(B), which requires parties to specify when they will produce documents. The fact discovery deadline is December 13, 2019. ECF No. 53, at 8. If there is no deadline for the initial set, Plaintiffs will be prejudiced by a compressed discovery period and an inability to conduct follow-up discovery.

*Limits on Iterative Discovery*: Facebook demands two substantive limits on the search terms and custodians requested after the first-round. Both are premature. First, Facebook demands the parties make any request for additional custodians by October 14, 2019 (60 days before the discovery deadline). *See* Ex. 2 at § 6(E)(1). This deadline cannot be set without an agreement on the deadline for production from the first set of custodians and search terms. Second, Facebook demands that the parties agree to select no more than five additional custodians. *Id.* This is premature, given that Facebook has not produced a single document nor has Facebook proposed first-round custodians.

---

[4] Plaintiffs' precise proposed language is included in the attached proposed ESI Protocol. *See* Ex. 1 at § 6.

COHEN**MILSTEIN**

Geoffrey Graber
(202) 408-4600
ggraber@cohenmilstein.com

***Section 9(B): Privilege Logs:*** The parties are at impasse on 3 privilege log issues.

*Timely production.* Facebook will not agree to a provision requiring the parties to produce privilege logs by July 1, 2019 (30 days after document production). Ex. 1 at § 9(b)(3). A deadline is needed so the parties can challenge privilege designations before a custodian's deposition is taken. 30-days is reasonable, as courts have required parties to produce privilege logs within 14 days of production. *See Loop AI Labs Inc. v. Gatti*, 2016 WL 2908415, at *1 (N.D. Cal. May 13, 2016).

*Logging documents after commencement of litigation.* Plaintiffs have agreed that Facebook need not log communications by outside counsel after filing of the complaint. But Facebook demands that it should not be required to log *any* documents after the commencement of this action on August 15, 2018. Ex. 2 at § 9(b)(6). However, there will be relevant documents generated after August 15, 2018. For example, Facebook disclosed on March 12, 2019 that it had recently taken steps to correct its Potential Reach. Conversations around that time will likely be highly relevant. There is no per se rule that documents created after the commencement of litigation are irrelevant. *See e.g., Kellgren v. Petco Animal Supplies, Inc*., 2016 WL 4097522, at *6 (S.D. Cal. July 7, 2016).

*Logging preservation activities.* Facebook's proposed language states, "Activities undertaken in compliance with duty to preserve information … need not be included on a privilege log." Ex. 2 at §9(b)(5). If Facebook asserts privilege over these activities, it should still log the documents.

***Appendix 1:*** The parties have reached impasse on three parts of ESI Appendix, which sets the format of production. *First*, Plaintiffs propose that the parties be required to provide basic information about databases that contain relevant data. Ex. 1 at Appendix § 10. Describing relevant systems is essential to an informed negotiation. *Second*, Plaintiffs propose that the parties can request documents in native format for "good cause." Ex. 1 at Appendix § 8. Facebook deleted this language, but could not provide any justification for doing so. *Third*, Plaintiffs propose the parties be required to produce data in "a reasonably usable form." Ex. 1 at Appendix § 11.

## II.   <u>PROTECTIVE ORDER</u>

The only Protective Order dispute is Facebook's proposal that, "In no case may the Receiving Party request more than 15 consecutive pages, or an aggregate of more than 100 pages, of Source Code during the duration of the case…" Ex. 4 at § 9.4.[5] This language is not in the Northern District model protective order. And courts in this district have rejected similar proposed provisions in the past. *EPL Holdings, LLC v. Apple Inc.*, 2013 WL 2181584, at *6 (N.D. Cal. May 20, 2013); *OpenTV, Inc. v. Apple, Inc.*, 2014 WL 5079343, at *2 (N.D. Cal. Oct. 9, 2014). Facebook's proposed capping of source code productions is both arbitrary and premature. Instead, Plaintiffs have proposed language requiring the parties to negotiate the number of pages after source code is produced. This language is identical to the language Facebook agreed to, after Judge Spero told the parties a numerical limit was premature, in a different case. *See LLE One, LLC et al v. Facebook Inc*., No. 4:16-cv-06232, ECF No. 121 (N.D. Cal. Apr. 9, 2018).

---

[5] Attached hereto as Exhibit 3 is Plaintiffs' final proposed Protective Order. Ex. 4 is a redline that shows the changes Plaintiffs made on Facebook's last proposal.

COHENMILSTEIN

Geoffrey Graber
(202) 408-4600
ggraber@cohenmilstein.com

**III.**   **<u>CONCLUSION</u>**

The Court should enter Plaintiffs' proposed ESI Protocol and Protective Order.

Respectfully submitted,

_/s/  Geoffrey Graber_____
Geoffrey Graber (counsel for Plaintiffs)

cc:   Counsel for All Parties (via ECF)

4