**LATHAM & WATKINS LLP**
Elizabeth L. Deeley (CA Bar No. 230798)
*elizabeth.deeley@lw.com*
Nicole C. Valco (CA Bar No. 258606)
*nicole.valco@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095

Susan E. Engel (*pro hac vice*)
*susan.engel@lw.com*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200
Facsimile: +1.202.637.2201

Hilary H. Mattis (CA Bar No. 271498)
*hilary.mattis@law.com*
140 Scott Drive
Menlo Park, CA 94025-1008
Telephone: +1.650.328.4600
Facsimile: +1.650.463.2600

*Attorneys for Defendant*
*Facebook Inc.*

Andrew N. Friedman (*pro hac vice*)
Geoffrey Graber (SBN 211547)
Julia Horwitz (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
afriedman@cohenmilstein.com
ggraber@cohenmilstein.com
jhorwitz@cohenmilstein.com

Eric Kafka (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor
New York, NY 10005
Telephone:      (212) 838-7797
Facsimile:      (212) 838-7745
ekafka@cohenmilstein.com

*Counsel for Plaintiffs and Proposed Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIELLE A. SINGER, PROJECT THERAPY, LLC (d/b/a THERAPY THREADS), HOLLY DEAN, and DZ RESERVE, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>FACEBOOK, INC.,<br><br>　　　　　　　Defendant. | Case No.      3:18-cv-04978-JD<br><br>STIPULATED AND [PROPOSED] PROTECTIVE ORDER |

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:18-cv-04978-JD

1    WHEREAS, it may be necessary or desirable to take discovery of information which is
2    believed to be confidential and proprietary by the holder thereof; and
3    WHEREAS, the parties hereto desire to obtain a protective order to prevent dissemination
4    and unnecessary disclosure of such information on the public record;
5    WHEREAS, such information likely will include, among other things, information about
6    sensitive products and/or services, proprietary design and development materials of products
7    and/or services, source code, strategic decision-making information, and marketing and sales
8    information ("Protected Material");
9    IT IS HEREBY STIPULATED, and subject to the Court's approval, pursuant to Federal
10   Rules of Civil Procedure, Rule 26(c), that the following provisions shall govern the handling of
11   such confidential information and documents in these proceedings.

12   1.    <u>PURPOSES AND LIMITATIONS</u>
13   Disclosure and discovery activity in this action are likely to involve production of
14   confidential, proprietary, or private information for which special protection from public disclosure
15   and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly,
16   the parties hereby stipulate to and petition the court to enter the following Stipulated Protective
17   Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures
18   or responses to discovery and that the protection it affords from public disclosure and use extends
19   only to the limited information or items that are entitled to confidential treatment under the
20   applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that
21   this Stipulated Protective Order does not entitle them to file confidential information under seal;
22   Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be
23   applied when a party seeks permission from the court to file material under seal.

24   2.    <u>DEFINITIONS</u>
25   2.1    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of
26   information or items under this Order.

27

28

LATHAM&WATKINS<sup></sup>
ATTORNEYS AT LAW
SAN FRANCISCO

1

STIPULATED AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:18-cv-04978-JD

1    2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is

2    generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of

3    Civil Procedure 26(c).

4    2.3    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well

5    as their support staff).

6    2.4    Designating Party:  a Party or Non-Party that designates information or items that it

7    produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY

8    CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

9    CODE."

10    2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium

11    or manner in which it is generated, stored, or maintained (including, among other things, testimony,

12    transcripts, and tangible things), that are produced or generated in disclosures or responses to

13    discovery in this matter.

14    2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to

15    the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a

16    consultant in this action; (2) is not a current employee of a Party or of a Party's competitor; (3) has

17    not been employed by a Party or a Party's competitor for the past fifteen years; and (4) at the time of

18    retention, is not anticipated to become an employee of a Party or of a Party's competitor.

19    2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or

20    Items: extremely sensitive "Confidential Information or Items" that are highly proprietary or

21    highly sensitive such that their disclosure to another Party or Non-Party would create a substantial

22    risk of serious harm that could not be avoided by less restrictive means.

23    2.8    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely

24    sensitive "Confidential Information or Items" representing computer code and associated

25    comments and revision histories, formulas, engineering specifications, or schematics

26    that define or otherwise describe in detail the algorithms or structure of software or hardware

27    designs, disclosure of which to another Party or Non-Party would create a substantive risk of

28

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

2

STIPULATED AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:18-cv-04978-JD

serious harm that could not be avoided by less restrictive means.

2.9     House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11     Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are employed by a law firm which has appeared on behalf of that party.

2.12     Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13     Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14     Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15     Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.16     Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.     SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

3

STIPULATED AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:18-cv-04978-JD

Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  However, if the accuracy of information is confirmed only through the review of Protected Material, then the information shall not be considered to be in the public domain.  For example, unsubstantiated media speculations or rumors that are later confirmed to be accurate through access to Protected Material are not "public domain" information.  Such information is explicitly included in the definition of "Protected Material" set forth in Definition No. 2.15 above.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States if applicable.

5.   <u>DESIGNATING PROTECTED MATERIAL</u>

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
SAN FRANCISCO

4

STIPULATED AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:18-cv-04978-JD

the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.

(b)  for testimony given in depositions or in other pretrial or trial proceedings, that the Designating Party either (1) identify on the record or (2) identify, in writing, within 21 days of receipt of the final transcript, the portions of the transcript (if any) that shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Alternatively, a Designating Party may specify either (1) at the deposition or (2) in writing, within 21 days of receipt of the final transcript, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," if there is a good faith basis to do so.

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

5

STIPULATED AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:18-cv-04978-JD

1   Parties shall give the other parties at least twenty-four (24) hours' notice, if practical, if

2   they reasonably expect a deposition or other pretrial or trial proceeding to include Protected

3   Material so that the other parties can ensure that only authorized individuals who have signed the

4   "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.

5   The use of a document as an exhibit at a deposition or other pretrial or trial proceedings shall not

6   in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

7   ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

8   Transcripts containing Protected Material shall have an obvious legend on the title page

9   that the transcript contains Protected Material, and the title page shall be followed by a list of all

10  pages (including line numbers as appropriate) that have been designated as Protected Material and

11  the level of protection being asserted by the Designating Party. The Designating Party shall

12  inform the court reporter of these requirements. Any transcript that was not designated on the

13  record pursuant to the first paragraph of section (b) above or is prepared before the expiration of a

14  21-day period for designation shall be treated during that period as if it had been designated

15  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise

16  agreed. After the expiration of that period, or as of such earlier time that such transcript is

17  designated, the transcript shall be treated only as actually designated.

18  (c) for information contained in written discovery responses, the responses may be

19  designated as containing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

20  EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information by means of a

21  statement at the conclusion of each response that contains such information specifying the level

22  of designation of the Protected Material and by placing a legend of the front page of such

23  discovery responses stating: "CONTAINS CONFIDENTIAL INFORMATION/[the highest level

24  of designation contained in the answers]." If only a portion or portions of the information or item

25  warrant protection, the Producing Party, to the extent practicable, shall identify the protected

26  portion(s) and specify the level of protection being asserted.

27  (d) for information produced in some form other than documentary and for any other

28

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

6

STIPULATED AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:18-cv-04978-JD

tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make all reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

7

STIPULATED AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:18-cv-04978-JD

1  circumstances, and, if no change in designation is offered, to explain the basis for the chosen

2  designation. A Challenging Party may proceed to the next stage of the challenge process only if it

3  has engaged in this meet and confer process first or establishes that the Designating Party is

4  unwilling to participate in the meet and confer process in a timely manner.

5        6.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court

6  intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil

7  Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the

8  initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process

9  will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a

10  competent declaration affirming that the movant has complied with the meet and confer

11  requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a

12  motion including the required declaration within 21 days (or 14 days, if applicable) shall

13  automatically waive the confidentiality designation for each challenged designation. In addition, the

14  Challenging Party may file a motion challenging a confidentiality designation at any time if there is

15  good cause for doing so, including a challenge to the designation of a deposition transcript or any

16  portions thereof. Any motion brought pursuant to this provision must be accompanied by a

17  competent declaration affirming that the movant has complied with the meet and confer

18  requirements imposed by the preceding paragraph.

19        The burden of persuasion in any such challenge proceeding shall be on the Designating

20  Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

21  unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

22  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to

23  retain confidentiality as described above, all parties shall continue to afford the material in question

24  the level of protection to which it is entitled under the Producing Party's designation until the court

25  rules on the challenge.

26  7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

27

28

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

8

STIPULATED AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:18-cv-04978-JD

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's House Counsel and Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)  the officers, directors, and employees (excluding House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters, videographers, and their staff, professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

LATHAM & WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

9

STIPULATED AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:18-cv-04978-JD

1  unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

2  deposition testimony or exhibits to depositions that reveal Protected Material must be separately

3  bound by the court reporter and may not be disclosed to anyone except as permitted under this

4  Stipulated Protective Order.

5       (g)  the author or recipient of a document containing the information or a custodian or

6  other person who otherwise possessed or personally knows the information.

7      7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS" EYES ONLY"

8  Information or Items: Unless otherwise ordered by the court or permitted in writing by the

9  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

10  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

11      (a)  the Receiving Party's House Counsel and Outside Counsel of Record in this action, as

12  well as employees of said Outside Counsel of Record to whom it is reasonably necessary to

13  disclose the information for this litigation;

14      (b)  Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is

15  reasonably necessary for this litigation; (2) who have signed the "Acknowledgment and Agreement

16  to Be Bound" (Exhibit A); and (3) as to whom the procedures set forth in paragraph 7.5(a) below

17  have been followed;

18      (c)  the court and its personnel;

19      (d)  court reporters, videographers, and their staff, professional jury or trial consultants

20  including mock jurors who have signed a confidentiality agreement, and Professional Vendors to

21  whom disclosure is reasonably necessary for this litigation and who have signed the

22  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

23      (e)  during their depositions in the action, current employees of the Designating Party to

24  whom disclosure is reasonably necessary, with the consent of the Designating Party[1] or court order.

25  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material

26  _____

27  [1] The Receiving Party will not be required to identify specific Attorneys' Eyes Only documents
that it intends to show at a deposition. Rather, the Receiving Party will generally inform the
Designating Party that the Receiving Party intends to show Attorneys' Eyes Only documents to a

28  current employee of the Designating Party at his or her deposition.

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

10

STIPULATED AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:18-cv-04978-JD

1 must be separately bound by the court reporter and may not be disclosed to anyone except as

2 permitted under this Stipulated Protective Order.

3       (f)  the author or recipient of a document containing the information or a custodian or

4 other person who otherwise possessed or personally knows the information.

5       7.4     Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or

6 Items: Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

7 Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL –

8 SOURCE CODE" only to:

9       (a)  the Receiving Party's Outside Counsel of Record in this action, as well as

10 employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

11 information for this litigation (each firm that serves as an Outside Counsel of Record will have

12 one attorney sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) on behalf of

13 their firm);

14       (b) up to three Experts (as defined in this Order) of the Receiving Party (1) to whom

15 disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and

16 Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph

17 7.5(a) below have been followed;

18       (c) the court and its personnel;

19       (d) court reporters, videographers, and their respective staff to whom disclosure is

20 reasonably necessary for this litigation and who have signed the "Acknowledgment and

21 Agreement to Be Bound" (Exhibit A) and are transcribing or videotaping a deposition wherein

22 "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items are being discussed,

23 provided that such reporters and videographers shall not retain or be given copies of any portions

24 of the source code, which if used during a deposition, will not be attached as an exhibit to the

25 transcript but instead shall be identified only by its production numbers;

26

27

28

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

11

STIPULATED AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:18-cv-04978-JD

(e) professional jury or trial consultants (but not mock jurors), and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions in the action, current employees of the Designating Party to whom disclosure is reasonably necessary, with the consent of the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.5    <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.</u>

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to Sections 7.3(b) and 7.4(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years and the party to the litigation for whom such work was done, (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:18-cv-04978-JD

testimony, including through a declaration, report, or testimony at a deposition or trial, during the

preceding five years, and (7) identifies any patents or patent applications in which the Expert is

identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any

pecuniary interest.  With regard to the information sought through part (5) of this disclosure, if the

Expert believes any of this information is subject to a confidentiality obligation to a third party,

then the Expert should provide whatever information the Expert believes can be disclosed without

violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be

available to meet and confer with the Designating Party regarding any such engagement.

(b)  A Party that makes a request and provides the information specified in the preceding

respective paragraphs may disclose the subject Protected Material to the identified Expert unless,

within 14 days of delivering the request, the Party receives a written objection from the

Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the

Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

agreement within 10 days of the written objection.  If no agreement is reached, the Party seeking

to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in

compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any

such motion must describe the circumstances with specificity, set forth in detail the reasons why the

disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm

that the disclosure would entail, and suggest any additional means that could be used to reduce that

risk. In addition, any such motion must be accompanied by a competent declaration describing the

parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and

confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to

approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden

of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

13

STIPULATED AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:18-cv-04978-JD

1        8.        PROSECUTION BAR

2        Absent written consent from the Producing Party, any individual bound by this agreement

3    who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

4    "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the

5    prosecution of patents or patent applications relating to the subject matter of "HIGHLY

6    CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

7    CODE" information to which access is received, before any foreign or domestic agency, including

8    the United States Patent and Trademark Office ("the Patent Office").  For purposes of this

9    paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise

10   affecting the scope or maintenance of patent claims.  Prosecution includes, for example, original

11   prosecution, reissue, and reexamination and other post-grant proceedings.  To avoid any doubt,

12   "prosecution" as used in this paragraph does not include representing a party challenging a patent

13   before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte*

14   reexamination, *inter partes* reexamination, post grant review, covered business method patent

15   review, or *inter partes* review).  This Prosecution Bar shall begin when access to "HIGHLY

16   CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

17   CODE" information is first received by the affected individual and shall end two (2) years after

18   final termination of this action.

19       9.        SOURCE CODE

20       9.1       To the extent production of source code becomes necessary in this case, a

21   Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE"

22   if it comprises, includes, or substantially discloses confidential, proprietary or trade secret source

23   code or algorithms.

24       9.2       Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE"

25   shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL –

26   ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Section 8,

27   and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL –

28

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

14

STIPULATED AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:18-cv-04978-JD

1    ATTORNEYS' EYES ONLY – SOURCE CODE" information may be disclosed, as set forth in

2    Sections 7.4 and 7.5.

3            9.3     Any source code produced in discovery shall be made available for inspection in a

4    format allowing it to be reasonably reviewed and searched, during normal business hours (9:00 am

5    to 6:00 pm local time) or at other mutually agreeable times, at an office of the Producing Party's

6    Counsel selected by the Producing Party or another mutually agreed upon location. In the event the

7    relevant source code is produced in a format other than a paper format, the following applies: The

8    computer containing source code (the "Source Code Computer") will be made available upon

9    reasonable notice by the Producing Party, which shall not be less than seven (7) days in advance of

10   the requested inspection. The source code shall be made available for inspection on a secured

11   computer in a secured room without Internet access or network access to other computers, and the

12   Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto

13   any recordable media or recordable device. The secured computer shall have disk encryption and be

14   password protected. Use or possession of any input/output device (e.g., USB memory stick, mobile

15   phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop,

16   or any device that can access the Internet or any other network or external system, etc.) is prohibited

17   while accessing the computer containing the source code. All persons entering the locked room

18   containing the source code must agree to submit to reasonable security measures to ensure they are

19   not carrying any prohibited items before they will be given access to the locked room. The

20   Producing Party may visually monitor the activities of the Receiving Party's representatives during

21   any source code review, but only to ensure that there is no unauthorized recording, copying, or

22   transmission of the source code. All persons viewing Source Code shall sign on each day they view

23   Source Code a log that will include the names of persons who enter the secured room to view the

24   Source Code and when they enter and depart.

25           9.4     The Receiving Party may request paper copies of limited portions of source code

26   that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other

27   papers, for deposition or trial, but shall not request paper copies for the purposes of reviewing the

28

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

15

STIPULATED AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:18-cv-04978-JD

source code other than electronically as set forth in paragraph (c) in the first instance. Within five (5) business days of such request, or such additional time as necessary due to the volume requested, the Producing Party shall provide one copy of all such source code on non-copyable paper including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE."  If the request is served after 5:00 pm Pacific Time, it shall be deemed served the following business day.  The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure set forth in Paragraph 6 whereby the Producing Party is the "Designating Party" and the Receiving Party is the "Challenging Party" for purposes of dispute resolution.

9.5     Access to and review of source code shall be strictly for the purpose of investigating the claims and defenses at issue in this case. No person shall review or analyze any source code for purposes unrelated to this case, nor may any person use any specific knowledge gained as a result of reviewing source code in this case in any other pending or future dispute, proceeding, patent prosecution, or litigation. The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form and locations where the copies are stored. The Receiving Party shall provide a copy of this record to the Producing Party upon Court order. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area.  The Receiving Party shall only request additional paper copies if such additional copies are (1) necessary to attach to court filings, pleadings, or other papers (including a testifying Expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.  To the extent a deposition is likely to involve source code, the Party taking the deposition, shall provide at least seven (7) days written notice of that fact, and the Producing Party will make a source code computer available at the deposition, minimizing the need for additional paper copies of source code.  Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual. The Receiving Party may

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

16

STIPULATED AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:18-cv-04978-JD

create an electronic file of a selected portion of the source code only when the electronic file has been encrypted using commercially reasonable encryption software including password protection

9.6    The Producing Party shall install tools that are sufficient for viewing the code produced. The Receiving Party's Outside Counsel and/or experts/consultants may request that commercially available software tools for viewing and searching Source Code be installed on the Source Code Computer, provided, however, that (a) the Producing or Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Producing Party shall approve reasonable requests for additional commercially available software tools. The Receiving Party must provide the Producing Party with the CD, DVD, file path, or Advanced Package Tool package containing such licensed software tool(s) at least six (6) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.  The Producing Party shall make reasonable attempts to install the requested software but will not be held responsible for the proper setup, functioning, or support of any software requested by the Receiving Party.  By way of example, the Producing Party will not compile or debug software for installation.

9.7    No recordable media or recordable devices, including, without limitation, sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

9.8    The Receiving Party's Outside Counsel and/or experts/consultants shall be entitled to take hand-written notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.

9.9    The Receiving Party's Outside Counsel and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

17

STIPULATED AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:18-cv-04978-JD

manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.

9.10    Access to and review of source code shall be strictly for the purpose of investigating the claims and defenses at issue in this case. No person shall review or analyze any source code for purposes unrelated to this case, nor may any person use any specific knowledge gained as a result of reviewing source code in this case in any other pending or future dispute, proceeding, patent prosecution, or litigation.

10.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

10.1    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

18

STIPULATED AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:18-cv-04978-JD

in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.2    The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f).

11.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

11.1    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

11.2    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; and

(b)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested.

11.3    If the Non-Party fails to object or seek a protective order from this court within a reasonable period of time after receiving the notice and accompanying information, including but not limited to any contractual notice period in an agreement between the Producing Party and the Non-Party covering the confidentiality and/or disclosure of the information requested, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

19

STIPULATED AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:18-cv-04978-JD

1   in its possession or control that is subject to the confidentiality agreement with the Non-Party before

2   a determination by the Court.

3   12.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

4        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

5   Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

6   the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

7   disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

8   inform the person or persons to whom unauthorized disclosures were made of all the terms of this

9   Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

10  Be Bound" that is attached hereto as Exhibit A.

11  13.   PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

12       When a Producing Party gives notice to Receiving Parties that certain produced material is

13  subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those

14  set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

15       A Producing Party may assert privilege or protection over produced documents at any time

16  by notifying the Receiving Parties in writing of the assertion of privilege or protection. In addition,

17  information that contains privileged matter or attorney work product shall be returned or destroyed

18  immediately by the Receiving Party if such information appears on its face to have been

19  inadvertently produced or if requested. After being notified, a Receiving Party must promptly return

20  or destroy the specified information until the claim is resolved. Nothing in this provision will limit

21  the right of the Receiving Party to contest in good faith the Producing Party's claim of privilege or

22  protection. The Producing Party shall be required to maintain the information in the form it was

23  produced and, if ordered by the court, to present the information to the court under seal for a

24  determination of the Producing Party's claim of privilege or protection.

25       Pursuant to Federal Rule of Evidence 502(d) and (e), the production of privileged or work-

26  product protected documents or information is not a waiver of privilege or protection from discovery

27  in this case or in any other federal or state proceeding. For example, the mere production of

28

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

20

STIPULATED AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:18-cv-04978-JD

1  privileged or work-product protected documents or information in this case as part of a mass

2  production is not itself a waiver in this case or any other federal or state proceeding.

3  14.   <u>MISCELLANEOUS</u>

4      14.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek

5  its modification by the court in the future.

6      14.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order

7  no Party waives any right it otherwise would have to object to disclosing or producing any

8  information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

9  Party waives any right to object on any ground to use in evidence of any of the material covered by

10  this Protective Order.

11      14.3   <u>Export Control</u>.  The Protected Material disclosed by the Producing Party may

12  contain technical data subject to export control laws and therefore the release of such technical

13  data to foreign persons or nationals in the United States or elsewhere may be restricted.

14  The Receiving Party shall take measures necessary to ensure compliance with applicable export

15  control laws, including confirming that no unauthorized foreign person has access to such

16  technical data.

17      No Protected Material may leave the territorial boundaries of the United States of

18  America.  Without limitation, this prohibition extends to Protected Information (including copies)

19  in physical and electronic form.  The viewing of Protected Information through electronic means

20  outside the territorial limits of the United States of America is similarly prohibited.  The

21  restrictions contained within this paragraph may be amended through the express written consent

22  of the Producing Party to the extent that such agreed to procedures conform with applicable export

23  control laws and regulations.  Nothing in this paragraph is intended to remove any obligation that

24  may otherwise exist to produce documents currently located in a foreign country.

25      14.4   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a

26  court order secured after appropriate notice to all interested persons, a Party may not file in the

27  public record in this action any Protected Material. A Party that seeks to file under seal any Protected

28

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

21

STIPULATED AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:18-cv-04978-JD

1  Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal

2  pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant

3  to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the

4  Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to

5  protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant

6  to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information

7  in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

8        14.5   <u>Agreement Upon Execution</u>. The Parties agree to be bound by the terms of this

9  Order as of the date counsel for each party executes this Order, even if prior to entry of this Order

10  by the court.

11  15.    <u>FINAL DISPOSITION</u>

12        Within 60 days after the final disposition of this action, as defined in paragraph 4, each

13  Receiving Party must return all Protected Material to the Producing Party or destroy such material.

14  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

15  summaries, and any other format reproducing or capturing any of the Protected Material. Whether

16  the Protected Material is returned or destroyed, the Receiving Party must submit a written

17  certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

18  by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material

19  that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

20  abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected

21  Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

22  pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

23  correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

24  and expert work product, even if such materials contain Protected Material, with the exception of

25  materials that contain any information designated as "HIGHLY CONFIDENTIAL – SOURCE

26  CODE." Any such archival copies that contain or constitute Protected Material remain subject to this

27  Protective Order as set forth in Section 4 (DURATION).

28

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:18-cv-04978-JD

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    DATED:  May 23, 2019                    LATHAM & WATKINS LLP

4                                            /s/ Elizabeth L. Deeley
                                             Elizabeth L. Deeley (Bar No. 230798)
5                                              elizabeth.deeley@lw.com
                                             Nicole C. Valco (Bar No. 258506)
6                                              nicole.valco@lw.com
                                             505 Montgomery Street, Suite 2000
7                                            San Francisco, CA  94111-6538
                                             Telephone:  +1.415.391.0600
8                                            Facsimile:  +1.415.395.8095

9                                            Susan E. Engel (*pro hac vice*)
                                             susan.engel@lw.com
10                                           555 Eleventh Street, N.W., Suite 1000
                                             Washington, D.C.  20004-1304
11                                           Telephone:  +1.202.637.2200
                                             Facsimile:  +1.202.637.2201
12
                                             Hilary H. Mattis (Bar No. 271498)
13                                             hilary.mattis@lw.com
                                             140 Scott Drive
14                                           Menlo Park, CA  94025-1008
                                             Telephone: +1.650.328.4600
15                                           Facsimile: +1.650.463.2600

16                                           *Attorneys for Defendant Facebook, Inc.*

17

18   DATED: May 23, 2019                     COHEN MILSTEIN SELLERS & TOLL PLLC

19                                           /s/Geoffrey Graber

20                                           Andrew N. Friedman (*pro hac vice*)
                                             Geoffrey Graber (Bar No. 211547)
21                                           Eric Kafka (*pro hac vice*)
                                             Julia Horwitz (*pro hac vice*)
22                                           1100 New York Ave. NW, Fifth Floor
                                             Washington, DC 20005
23                                           Telephone: (202) 408-4600
                                             Facsimile: (202) 408-4699
24                                           afriedman@cohenmilstein.com
                                             ggraber@cohenmilstein.com
25                                           ekafka@cohenmilstein.com
                                             jhorwitz@cohenmilstein.com

26
                                             *Attorneys for Plaintiffs*
27

28

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

23

STIPULATED AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:18-cv-04978-JD

1    PURSUANT TO STIPULATION, IT IS SO ORDERED.

2

3    DATED: _____   _____

4                                                    Judge James Donato

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file Stipulated [Proposed] Protective Order regarding signatures, I, Elizabeth L. Deeley, attest that concurrence in the filing of this document has been obtained.

DATED:  May 23, 2019                                   */s/ Elizabeth L. Deeley*
                                                              Elizabeth L. Deeley

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

25

STIPULATED AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:18-cv-04978-JD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [_____] in the case of *Danielle A. Singer et. al. v. Facebook, Inc.*, 3:18-cv-04978. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

26

STIPULATED AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:18-cv-04978-JD