

Geoffrey Graber
(202) 408-4600
ggraber@cohenmilstein.com

October 2, 2019

**Via ECF**

The Honorable James Donato
United States District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

>   Re:   *Singer, et al. v. Facebook, Inc.,* **Case No. 3:18-cv-04978**
>   **Letter Brief Requesting Order that Facebook Produce Documents**
>   **Responsive to Request for Production No. 35**

Dear Judge Donato:

Plaintiffs respectfully request that the Court order Facebook to produce – and not withhold – documents responsive to Request for Production No. 35 ("RFP 35"). RFP 35 requests, "[d]ocuments, including Communications, related to Facebook Users who are not shown advertisements."[1] On August 23, 2019, Plaintiffs narrowed this request to seek documents **"related to Facebook users who (i) were not shown advertisements in the last 30 days and/or (ii) Facebook users who Facebook had a policy, procedure, or practice of not rendering advertisements to."** For approximately six weeks, from August 23, 2019 to October 1, 2019, Plaintiffs met-and-conferred with Facebook regarding RFP 35 through multiple telephone calls and extensive written correspondence pursuant to this Court's Standing Order for Civil Discovery.

Based on a meritless relevancy objection, however, Facebook refuses to produce any documents in response to RFP 35.[2] As explained below, Facebook's relevancy objection should be overruled: RFP 35 seeks documents that will directly assist Plaintiffs in demonstrating the size of Facebook's Potential Reach fraud. Moreover, Facebook agreed to search and review documents responsive to RFP 35 based on the parties' agreed-upon search terms. Indeed, Facebook has already collected the responsive documents – the only question is whether Facebook is entitled to *withhold* the documents.

This case is about Facebook misleading its advertiser customers by overstating the number of people who can see Facebook ads ("Potential Reach"). *See* ECF No. 89, Second Amended Consolidated Class Action Complaint ("SACC"), at ¶¶ 42-60. In March 2019, more than seven months after Plaintiffs filed their initial complaint, Facebook attempted to at least partially correct its Potential Reach calculation formula. SACC, at ¶ 19. In connection with that calculation change, Facebook disclosed that, until March 12, 2019, Potential Reach was based on how many people

---

[1] Exhibit 1, Plaintiffs' Third Set of Requests for Production.

[2] Exhibit 2, Facebook's Responses to Plaintiffs' Third Set of Requests for Production.

1

Geoffrey Graber
(202) 408-4600
ggraber@cohenmilstein.com

were "*active users* [on Facebook] in the past 30 days."[3] But, after the March 2019 formula change, Potential Reach "is now based on how many *people have been shown an ad* on [Facebook] in the past 30 days."[4]

Facebook's formula change reveals that, prior to March 2019, Potential Reach improperly included users who were not shown advertisements. If a Facebook user is not eligible to see ads, then that user definitionally should not be counted as a user who could see an ad. Because inclusion of users who are not eligible to see advertisements would inflate Potential Reach, this category of users is highly relevant to Plaintiffs' claims. The size of this category is critical to measuring the size of the Potential Reach inflation. RFP 35 seeks these critical documents.

Facebook refuses to produce documents responsive to RFP 35 even though Search Term No. 11[5] was crafted specifically to capture documents responsive to RFP 35. Search Term 11 targets documents that discuss why users are eligible or ineligible to view advertisements – even if the documents do not discuss Potential Reach. Plaintiffs worked cooperatively with Facebook and agreed to limiters so that Search Term 11 generates fewer than 9,600 unique hits for the agreed-upon first-round custodians.

Facebook now states it will use Search Term 11, but it will withhold documents about the category of Facebook users who are not shown advertisements—unless the documents directly relate to the calculation of Potential Reach (and are thus responsive to Requests other than RFP 35 anyways). Facebook's position is improper. For example, if there are documents discussing the percentage of users who were not eligible to be shown advertisements, those documents will help measure the size of Facebook's Potential Reach inflation — even though they do not include any discussion of the calculation of Potential Reach. Facebook should not be permitted to withhold these types of relevant documents.

Facebook also contends RFP 35 will require production of irrelevant materials because it may capture documents discussing criteria used to determine whether a user is eligible or ineligible to view advertisements. But, "criteria documents" are relevant. First, criteria documents can expose the contours of the category of users who were improperly counted in Potential Reach. Second, communications about the criteria are relevant to establishing Facebook employees' knowledge of the existence of accounts ineligible to be shown advertisements. Rather than bolstering its relevancy objection, Facebook's example underscores Plaintiffs need for these materials.

---

[3] *Updates to Potential Reach*, https://www.facebook.com/business/help/567031670465069?helpref=faq_content (last accessed September 30, 2019) (emphasis added).

[4] *Id.* (emphasis added).

[5] Search Term No. 11 is ((account* or user*) w/10 (eligible or ineligible or disable*)) w/25 (PR or EDR OR ad OR ads OR advertis*).

Geoffrey Graber  
(202) 408-4600  
ggraber@cohenmilstein.com

Facebook has suggested in the meet and confer process that production of documents responsive to RFP 35 is not proportional to the needs of the case. This argument is meritless. As noted above, Facebook agreed to collect and review the documents at issue based on Search Term 11. In fact, Facebook has *already* collected these materials and is reviewing them now. An order to produce documents responsive to RFP 35 will therefore result in no greater burden than allowing Facebook to improperly withhold the documents from Plaintiffs.

For the foregoing reasons, Plaintiffs respectfully request that the Court order Facebook to produce documents responsive to RFP 35.

> Respectfully submitted,
>
> /s/ Geoffrey Graber
> Geoffrey Graber (counsel for Plaintiffs)

cc:   Counsel for All Parties (via ECF)