

Geoffrey Graber
(202) 408-4600
ggraber@cohenmilstein.com

October 2, 2019

**Via ECF**

The Honorable James Donato
United States District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    *Singer, et al. v. Facebook, Inc.*, Case No. 3:18-cv-04978
           **Letter Brief Requesting Entry of Document Discovery Schedule**

Dear Judge Donato:

       Plaintiffs write to respectfully request entry of a discovery plan setting forth firm deadlines for substantial completion of document productions. Plaintiffs regret having to bring this matter before the Court as a contested motion. From September 10 to October 1, 2019, Plaintiffs met-and-conferred with Facebook in an effort to agree upon an appropriate document discovery schedule through multiple telephone calls and extensive written correspondence pursuant to this Court's Standing Order for Civil Discovery.[1] Facebook, however, refuses to agree to any deadlines for document discovery. To date, over one year into this litigation, Facebook has not produced a single document from its designated custodians, and has produced less than 220 documents in total, mostly screenshots of its own public website and organizational charts. (Plaintiffs recently produced over 12,000 documents). The pace of Facebook's production underscores the need for a discovery plan setting forth firm production deadlines.

       To move this case forward to trial, Plaintiffs ask the Court to enter the following mutual deadlines:

*November 1, 2019*: Mutual deadline to produce documents from initial custodians and search terms. The parties already agreed to the initial custodians and search terms, and document review is underway. Privilege logs for these documents to be produced no more than 2 weeks later.

*December 6, 2019:* Mutual deadline to produce currently requested non-custodial data and documents. Privilege logs for these documents to be produced no more than 2 weeks later.

*January 24, 2020:* Mutual deadline to produce documents from any additional custodians and search terms. Privilege logs for these documents to be produced no more than 2 weeks later.

---

[1] In June, Plaintiffs proposed an August 9, 2019 mutual deadline for production of documents from the initial custodians and search terms. Facebook refused to negotiate a schedule at that time, and asked Plaintiffs to defer negotiation of a document discovery schedule until after the parties agreed upon search terms and custodians. To avoid bringing this dispute before the Court, Plaintiffs deferred the negotiations.

# COHENMILSTEIN

Geoffrey Graber
(202) 408-4600
ggraber@cohenmilstein.com

Plaintiffs' proposed discovery schedule will provide the parties with the needed time to review documents and conduct depositions, and to also serve follow-up discovery requests. Without intermediate document discovery deadlines, the parties will likely end up with an untenably backloaded schedule. A fair, mutual schedule will ensure orderly and efficient discovery, and will avoid last minute productions in the midst of depositions or on the eve of the May 11 discovery cut-off.

Plaintiffs' proposed discovery schedule is particularly needed here because the parties agreed they will be able to request supplemental custodians and search terms based on their review of the initial production. (*See e.g.*, ECF No. 86, ESI Order, at 5.) For this to work, however, the parties must produce documents from their initial custodians and search terms by early November so each side can review the documents in November and December and begin depositions in 2019.[2] The failure to produce documents from first-round custodians and search terms by early November, will severely jeopardize the parties' opportunity to select additional custodians and search terms.

Plaintiffs have tried to negotiate a discovery schedule with Facebook. Yet, Facebook refuses to commit to any deadlines for document production at all. Instead, Facebook will only agree to *aspire* to complete its document production from the initial custodians and search terms by January 10. To move this case forward to trial, the parties need firm deadlines, not mere aspirations.

Facebook claims it is incapable of producing the documents from the initial custodians and search terms by November 1 because there are approximately 165,000 documents to review. This is not acceptable. Facebook is one of the largest companies in the world; it simply needs to devote the necessary resources to complete its production by early November and to move this case forward. Meanwhile, Plaintiffs, who are individual business owners, must review over 70,000 documents, and Plaintiffs will agree to a November 1 mutual deadline for production. Indeed, Plaintiffs have already produced over 12,000 responsive custodial documents.

Facebook has spent a good portion of the parties' meet-and-confers blaming Plaintiffs for supposedly causing a delay by previously asking that Facebook wait for the Court's ruling on a pending letter brief before producing documents. This is a red herring. This supposed "delay" was less than two weeks.[3] Since Plaintiffs initially proposed an August 9 deadline for producing the

---

[2] This will provide time for documents from additional custodians and search terms to be produced by late January. If a January 24, 2020 deadline is set for additional custodians and search terms, the parties will then be able to review the additional documents in February and March, and conduct further depositions in March and April.

[3] While Plaintiffs have no interest in wasting the Court's time on this issue, Plaintiffs do want to set the record straight if Facebook raises Plaintiffs' supposed delay. On July 15, 2019, Plaintiffs filed a letter brief regarding custodians and search term hit reports. *See* ECF No. 95. On Saturday, July 27 (at 1 am EST), Facebook attempted to preempt the Court by declaring that search terms negotiations were over and that "[c]onsequently, Facebook will proceed with document

**COHEN**MILSTEIN

Geoffrey Graber<br>
(202) 408-4600<br>
ggraber@cohenmilstein.com

initial documents, Plaintiffs have already compromised by pushing the deadline back more than eleven weeks. Regardless, the issue before the Court is how best to move the case forward toward trial. The answer is a reasonable discovery plan with firm document production deadlines.

Facebook has also proposed, as an alternative approach, that the parties prioritize certain custodians and search terms. While Plaintiffs agree that this is an efficient way to proceed, it is not a substitute for production deadlines.

Plaintiffs respectfully request that the Court enter Plaintiffs' proposed document discovery schedule.

Respectfully submitted,<br>
<br>
 /s/ Geoffrey Graber<br>
Geoffrey Graber (counsel for Plaintiffs)

cc:   Counsel for All Parties (via ECF)

---

review for the documents that hit on *Facebook's* proposed terms." (emphasis added.) Plaintiffs asked Facebook to wait for the Court's decision on Plaintiffs' pending brief. On August 8 (less than two weeks later), the Court ordered Facebook to add two additional custodians and ordered the parties to meet-and-confer further on search terms. The parties then met-and-conferred, but negotiations were delayed by Facebook's failure to provide a written counter-proposal until August 28. On August 30, Plaintiffs accepted Facebook's counter-proposal on search terms.