**Elizabeth L. Deeley**
Direct Dial: +1.415.395.8233
elizabeth.deeley@lw.com

505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Tel: +1.415.391.0600  Fax: +1.415.395.8095
www.lw.com

**LATHAM&WATKINS**LLP

**BY ECF**　　　　　　　　　　　　　　　　　　　　　　　　　　　　October 15, 2019

The Honorable James Donato
United States District Court
450 Golden Gate Ave.
San Francisco, CA 94102

　　　　　　　Re:　　*Singer, et al. v. Facebook*, *Inc.*, Case No. 3:18-cv-04978 JD;
　　　　　　　　　　　Response to Plaintiffs' Letter Brief Requesting Entry of Document
　　　　　　　　　　　Discovery Schedule

Your Honor:

　　　　Plaintiffs' assertion that Facebook "refuses to agree to any deadlines" is false and seeks to mislead the Court. Facebook agreed to substantially complete its production of ESI in response to Plaintiffs' first three sets of document requests by January 10, 2020, to make substantial productions on a rolling basis before then, and to expedite document productions by custodian, search term, date range, or any other reasonable category.[1] Shortly after the Court entered its order on the parties' August 7 joint motion for a proposed schedule (Dkt. 119), Plaintiffs presented Facebook with this *new* schedule—as a "take it or leave it" demand—that (1) seeks to impose arbitrary deadlines on when Facebook can request documents from Plaintiffs and (2) ignores the scope of Facebook's ESI search and the realities of the review process. Plaintiffs' demand is unreasonable. Given the size of the review population returned by Plaintiffs' overbroad search terms, Facebook repeatedly invited Plaintiffs to identify production priorities—such as custodians, search strings or document types—but Plaintiffs refused to work with Facebook on this in the context of negotiating potential production deadlines. Plaintiffs' request that the Court now mediate the minutiae of production and document request schedules should be denied because this is an issue the parties can and should work out themselves.

　　　　**Given Facebook's agreement to a substantial completion date significantly before the close of discovery, there is no need for judicial intervention.** Fact discovery does not close until May 11, 2020. Dkt. 119. Facebook has agreed to substantially complete its document production by January 10, 2020—four months before that date. Plaintiffs' fear that the parties will "likely" have a "backloaded schedule" is based on the false assumption that Plaintiffs need *months* after the substantial completion of document productions to review Facebook's documents *before* they are able to make follow up demands and take depositions. However, Plaintiffs represented during the parties' negotiations that the reason they sought such broad search terms was precisely to avoid the need for follow up requests—that was the reason Facebook agreed to add additional search terms that expanded the document hits for this ESI review by 70%. Plaintiffs' concern about a "backloaded schedule" also assumes that the current scope of discovery will need substantial time for additions. But the 18 custodians and search terms covered by the current review are already overbroad, and Plaintiffs can and should start reviewing Facebook's documents as soon as they

---

[1] Roughly one week before filing their letter, Plaintiffs served a fourth set of document requests, and Facebook is working on its response.

are produced, which will be on a rolling basis—starting this week.

**Plaintiffs' concern about a "backloaded schedule" is the result of their own conduct.** Facebook has tried for months to move forward with a reasonable and cooperative ESI review. Facebook proposed initial search terms for its ESI review on April 10, but Plaintiffs waited *seven weeks* to provide their counterproposal. Then, in July 2019, Plaintiffs *demanded that Facebook halt* its efforts to review documents from Facebook's agreed upon search terms and custodians—search terms that were already broad in scope, hitting on over 100,000 documents. Plaintiffs demanded that Facebook immediately cease its review pending a decision on Plaintiffs' request for *additional* custodians and search terms. Facebook explained multiple times that it would be more efficient to start reviewing ESI that was not part of the then-pending dispute, and that Facebook would supplement its review if additional custodians or search terms were agreed upon or ordered by the Court. Plaintiffs astoundingly demanded (under threat of seeking court intervention) that Facebook immediately stop its ESI review until *all* search terms and custodians were set. Had Plaintiffs not blocked that review this motion would be moot. Instead, Facebook's review was held up until September, after Facebook reluctantly agreed to an *even broader* set of search terms and after the parties resolved additional disputes regarding discovery scope.

Long before Plaintiffs filed this motion, Facebook offered to prioritize the production of documents for specific custodians, search terms, time periods, and/or other considerations. Plaintiffs refused to discuss prioritization and instead chose to file their motion. Now that the Court has scheduled oral argument (and over one week after filing their motion), Plaintiffs identified for the first time four custodians that they would like prioritized. Not only was their request made *after* delaying for weeks and seeking Court intervention, but it does not address the underlying issue with their schedule—they still demand substantial completion by November 1.

Plaintiffs have also failed to even review discovery that has been made available to them for months. In early July, Facebook offered to make available for inspection source code for the reach estimates at issue in this case—it has been *over three months* and Plaintiffs have not sought to inspect the source code. Plaintiffs' claim of urgently needing all documents by November 1 is contradicted by their failure to review the information already available to them.

**Plaintiffs insist on an unreasonable schedule despite Facebook's good faith efforts to compromise.** Facebook has proposed a schedule based on the *actual and reasonable* pace and details of its review. That schedule would result in substantially all custodial and non-custodial documents produced by January 10 (and a privilege log by January 24)—even though Facebook is aiming to substantially complete its production in December—which would leave four months of fact discovery to take any remaining depositions and follow up on any remaining document issues.

Despite taking all reasonable measures and incurring substantial costs to produce documents as quickly as possible, it is not feasible for Facebook to meet Plaintiffs' arbitrary deadlines. Not only is the review population substantial (approximately 165,000 search term hits), but many of the documents are long and technical, which has led to a slower pace of review (approximately 29 per hour). Plaintiffs' insistence on overbroad search terms has also brought in a lot of non-responsive documents, which has added (and wasted) time. In addition to reviewing

LATHAM&WATKINS LLP

for responsiveness, Facebook must perform quality control, address confidentiality issues for personally identifiable information, source code, and other commercially sensitive information, analyze privilege, and redact documents for private and confidential information. Facebook has already nearly doubled the size of the review team to account for these issues; adding even more reviewers will only reduce the quality of the review and increase the time, resources, and expense required for additional quality control. Facebook has been transparent with Plaintiffs about the pace of its review and the significant steps it has taken to ensure that the pace is sufficient to meet a reasonable production timeline, but Plaintiffs' schedule does not reflect reality—and Plaintiffs have refused to explain the assumptions about pace and timing in their schedule.

Plaintiffs' proposed January 24, 2020 deadline for follow up productions is also premature. It makes no sense to set a deadline for future requests when the parties do not know what will even be requested, or when. Nor should Plaintiffs be allowed to impose a deadline on Facebook that would cut off its ability to request additional information before the close of discovery, if needed. Plaintiffs never sought this sequencing of discovery in the stipulated schedule, and Facebook certainly did not agree to it.

Finally, Plaintiffs' recent production is irrelevant to whether their schedule is reasonable. Facebook has never demanded that Plaintiffs cease review of their ESI. Plaintiffs' documents also consist of simple email exchanges and information downloaded from Facebook.com—none of which contain a single reach estimate that Plaintiffs read or relied upon, or show how Plaintiffs were supposedly harmed—and Plaintiffs were not even able to produce them in accordance with the ESI protocol, which only underscores the need for adequate time to review and process documents.[2]

Facebook respectfully requests that the Court deny Plaintiffs' request.

Respectfully submitted,

/s/ Elizabeth L. Deeley
Elizabeth L. Deeley (Counsel for Facebook, Inc.)
of LATHAM & WATKINS LLP

---

[2] The documents were produced in the wrong format without any Bates stamping and incomplete metadata. Plaintiffs then claimed they needed *an entire week* to reproduce the documents, which is significant given the schedule they are proposing.