Elizabeth L. Deeley
Direct Dial: +1.415.395.8233
elizabeth.deeley@lw.com

505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
Tel: +1.415.391.0600  Fax: +1.415.395.8095
www.lw.com

LATHAM&WATKINS LLP

**BY ECF**                                                                                        October 15, 2019

The Honorable James Donato
United States District Court
450 Golden Gate Ave.
San Francisco, CA 94102

     Re: *Singer, et al. v. Facebook*, *Inc.*, Case No. 3:18-cv-04978 JD;
        Response to Plaintiffs' Letter Brief Requesting Order that Facebook
        Produce Documents Responsive to Request for Production No. 35

Your Honor:

  Plaintiffs' assertion that Facebook "refuses to produce any documents in response to" Request for Production No. 35 ("RFP 35") is false and yet another attempt to mislead the Court. Facebook repeatedly agreed to produce non-privileged documents concerning Facebook users who are eligible and/or ineligible to receive ads as it relates to the calculation of Potential Reach. What Plaintiffs want are documents that ***do not relate to Potential Reach***. Any such documents are, by definition, not relevant to a case about whether Facebook's Potential Reach estimates are inflated.

  Potential Reach is an "estimation of how many people are in an ad set's target audience." SAC ¶¶ 3, 40 & fig.4 (Dkt. 89). Plaintiffs allege that Potential Reach was inflated and thereby "overstat[ed] the number of people who can see Facebook ads." Dkt. 121 at 1.

  Plaintiffs seek production of documents "related to Facebook users who (i) were not shown advertisements in the last 30 days and/or (ii) Facebook users who Facebook had a policy, procedure, or practice of not rendering advertisements to." Dkt. 121 at 1. On its face, this request is vague, overbroad and untethered to the Potential Reach metrics at issue here. But Facebook has in good faith agreed to provide any documents discussing or relating to whether categories of people should be included or excluded from the calculation of Potential Reach, regardless of whether those documents explicitly mention Potential Reach. That is all Rule 26(b) requires.

  To be clear, the only dispute raised by Plaintiffs relates to documents concerning users that are eligible and/or ineligible to receive ads ***outside of the context of Potential Reach***. Facebook has repeatedly asked Plaintiffs why information *unrelated to Potential Reach* is relevant to their claims about Potential Reach. They have offered no explanation. And their letter only confirms that there must be a link to Potential Reach estimates, *i.e.*, if the users that were eligible or ineligible to receive ads were included in Potential Reach estimates. *See* Dkt. 121 at 2 (arguing that "inclusion of users who are not eligible to see advertisements would inflate Potential Reach").

  Finally, Plaintiffs' burden argument misses the point. Rule 26(b) requires at a minimum that information be *relevant* to be discoverable; if the information sought is not relevant, it does not matter what the burden would be to produce it. In any event, Plaintiffs cannot point to the fact that Facebook has already searched for ESI as proof that their request is not burdensome, while also making clear that they intend to expand the scope of discovery after the current ESI review. *See* Dkt. 122.

**LATHAM&WATKINS**LLP

Plaintiffs' request for documents unrelated to Potential Reach should be denied.

Respectfully submitted,

/s/ Elizabeth L. Deeley
Elizabeth L. Deeley (Counsel for Facebook, Inc.)
of LATHAM & WATKINS LLP

**LATHAM&WATKINS**LLP