LATHAM & WATKINS LLP
Elizabeth L. Deeley (CA Bar No. 230798)
   *elizabeth.deeley@lw.com*
Nicole C. Valco (CA Bar No. 258506)
   *nicole.valco@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA  94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095

Susan E. Engel (*pro hac vice*)
   *susan.engel@lw.com*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200
Facsimile: +1.202.637.2201

Hilary H. Mattis (CA Bar No. 271498)
   *hilary.mattis@lw.com*
140 Scott Drive
Menlo Park, CA  94025
Telephone: +1.650.328.4600
Facsimile: +1.650.463.2600

*Attorneys for Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIELLE A. SINGER, PROJECT THERAPY, LLC (d/b/a THERAPY THREADS), HOLLY DEAN, DZ RESERVE, and CAIN MAXWELL (d/b/a MAX MARTIALIS), individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | Case No. 3:18-cv-04978 JD<br><br>**DECLARATION OF NICOLE C. VALCO IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS' PROPOSED THIRD AMENDED CONSOLIDATED COMPLAINT**<br><br>Hon. James Donato |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

VALCO DECL. ISO PLAINTIFFS' ADMIN. MOT. TO
SEAL PORTIONS OF THIRD AM. COMPL.
CASE NO. 3:18-cv-04978 JD

I, Nicole C. Valco, declare as follows:

1.  I am a partner with the law firm Latham & Watkins LLP and am counsel for Defendant Facebook, Inc. ("Facebook"), in the above referenced litigation. I am licensed to practice law in the State of California and am admitted to practice before this Court. I have personal knowledge of the facts set forth herein or know of such facts from my review of the file in this case, and if called upon to do so could competently testify as follows.

2.  I submit this declaration pursuant to Civil Local Rule 79-5(e) in support of Plaintiffs' Administrative Motion to Provisionally File Under Seal Portions of Plaintiffs' Proposed Third Amended Consolidated Complaint (Dkt. 152) ("Motion").

3.  Pursuant to Civil Local Rule 79-5(e), Plaintiffs redact certain portions of their proposed Third Amended Consolidated Class Action Complaint (Dkts. 152-3, 152-4, 153-1) ("TACC"), which contain information Facebook produced to Plaintiffs in the course of discovery and designated as Highly Confidential – Attorneys' Eyes Only under the parties' Stipulated Protective Order (Dkts. 81, 85). Facebook requests that the Court maintain under seal certain highly confidential information in Plaintiffs' TACC, which specifically appears in the following paragraphs: Paragraphs 5, 61, 65, 66, 67, 69, 72, 76, 78, 79, 80, 81, 82, 84, 85, 87, 88, 89, 145, 146, 151.

4.  The redactions in Plaintiffs' TACC were submitted in connection with Plaintiffs' Motion. "Although the Ninth Circuit appears not to have explicitly stated what standard applies to the sealing of a complaint, many courts in this district and elsewhere have found that the compelling reasons standard applies."[1] *Ojmar US, LLC v. Security People, Inc.*, No. 16-cv-04948-HSG, 2016 WL 6091543, at *2 (N.D. Cal., Oct. 19, 2016); *see also Towers v. Iger*, No. 15-cv-04609-BLF, 2016 WL 6427898, at * 2 (N.D. Cal., Oct. 31, 2016) ("The sealing motion at issue is resolved under the compelling reasons standard because a complaint is more than tangentially related to the merits of this case"). The "compelling reasons" standard requires the party to "articulate[] compelling reasons supported by specific factual findings that outweigh the general

---

[1] In the event the Court applies the good cause standard, that standard is met here, because the higher compelling reasons standard also is satisfied.

1

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

VALCO DECL. ISO PLAINTIFFS' ADMIN. MOT. TO
SEAL PORTIONS OF THIRD AM. COMPL.
CASE NO. 3:18-cv-04978 JD

history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted). "'Compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Further, "while protecting the public's interest in access to the courts, [the court] must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Space Data Corp. v. X*, Case No. 16-cv-03260-BLF, 2017 WL 11503233, at *1 (N.D. Cal. Sept. 25, 2017) (quoting *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013)).

5.  Facebook respectfully requests that the below-referenced portions of the TACC be maintained under seal:

| Text to be Sealed | Reason for Designation |
| --- | --- |
| Page 2 ¶ 5, Line 12: Language between "noting that" and "Yet, as" | Internal assessment of Potential Reach estimates, their use, and associated potential costs and revenues from contemplated product changes (*see* Declaration of Nikki Stitt Sokol ("Sokol Declaration") ¶ 5) |
| Page 2 ¶ 5, Lines 13–14: Language between "put it" and "Facebook's conduct" | Internal assessment of Potential Reach estimates, their use, and associated potential costs and revenues from contemplated product changes (*see* Sokol Declaration ¶ 5) |
| Pages 15–16 ¶ 61, Lines 27–28 (Page 15), 1–2 (Page 16): Text after "documents that" | Internal assessment of Potential Reach estimates and their use (*see* Sokol Declaration ¶ 6) |
| Page 16 ¶ 65, Lines 12–13: Text after "employees conducted analysis" | Internal assessment of Potential reach estimates, including in response to third-party reports and communications; the estimate's underlying methodology and results (*see* Sokol Declaration ¶ 7) |
| Page 16 ¶ 66, Lines 17–21 | Internal assessment of Potential reach estimates, including in response to third-party reports and communications; the estimate's underlying methodology and results; |

| Text to be Sealed | Reason for Designation |
|---|---|
| | contemplated product changes and strategies (*see* Sokol Declaration ¶¶ 7, 8) |
| Page 16 ¶ 67, Lines 23—25: Text after "Officer) that" | Internal assessment of Potential reach estimates, including in response to third-party reports and communications; the estimate's underlying methodology and results; contemplated product changes and strategies (*see* Sokol Declaration ¶¶ 7, 8) |
| Page 17 ¶ 69, Lines 1–2: Text after "repeatedly acknowledged" | Internal assessment of Potential reach estimates, including in response to third-party reports and communications; the estimate's underlying methodology and results; contemplated product changes and strategies (*see* Sokol Declaration ¶¶ 7, 8) |
| Page 17 ¶ 72, Lines 11–22: Text after "up the problem." | Information about Facebook's draft disclosures and prepared remarks for earnings calls, including around its competitively sensitive metrics and contemplated product changes (*see* Sokol Declaration ¶ 9) |
| Page 18 ¶ 76, Lines 7–14: Text after "Facebook marketing employees" | Information about Facebook's product and marketing strategies, and strategies regarding disclosures and external communications about metrics (*see* Sokol Declaration ¶ 10) |
| Page 18 ¶ 78, Lines 19–20: Text after "including that" | Internal assessment of Potential reach estimates; the estimate's underlying methodology and results; contemplated product changes and strategies (*see* Sokol Declaration ¶ 8) |
| Page 18 ¶ 79, Lines 23–25 | Internal assessment of Potential reach estimates; the estimate's underlying methodology and results; contemplated product changes and strategies (*see* Sokol Declaration ¶ 8) |
| Page 19 ¶ 80, Lines 1–3: Text after "for Potential Reach)" | Internal assessment of Potential reach estimates; the estimate's underlying methodology and results; contemplated product changes and strategies (*see* Sokol Declaration ¶ 8) |
| Page 19 ¶ 81, Lines 4–7: Text after "2018, Fidler" | Internal assessment of Potential Reach estimates, their use, and associated potential costs and revenues from contemplated product changes (*see* Sokol Declaration ¶¶ 5, 8) |

| Text to be Sealed | Reason for Designation |
|---|---|
| Pages 19 ¶ 82, Lines 8–12: Text between "Fidler" and "Fidler wrote", and after "Fidler wrote" | Internal assessment of Potential Reach estimates, their use, and associated potential costs and revenues from contemplated product changes (*see* Sokol Declaration ¶ 5) |
| Page 19 ¶ 84, Lines 21–23: Text after "Alex Schultz" | Internal assessment of Potential reach estimates; the estimate's underlying methodology and results; contemplated product changes and strategies (*see* Sokol Declaration ¶ 8) |
| Pages 19–20 ¶ 85, Lines 26–28 (Page 19), Line 1 (Page 20) | Internal assessment of Potential reach estimates; the estimate's underlying methodology and results; contemplated product changes and strategies (*see* Sokol Declaration ¶ 8) |
| Page 20 ¶ 87, Lines 5–9: Text after "proposed to" | Internal assessment of Potential reach estimates; the estimate's underlying methodology and results; contemplated product changes and strategies (*see* Sokol Declaration ¶ 8) |
| Page 20 ¶ 88, Lines 10–12: Text after "Multiple Facebook employees" | Internal assessment of Potential Reach estimates, their use, and associated potential costs and revenues from contemplated product changes (*see* Sokol Declaration ¶¶ 5, 8) |
| Page 20 ¶ 89, Line 16: Text after "change" | Internal assessment of Potential reach estimates; the estimate's underlying methodology and results from product changes (*see* Sokol Declaration ¶ 11) |
| Page 28 ¶ 145, Lines 7–8: Text after "discussed" and "Facebook continues" | Internal assessment of Potential reach estimates, including in response to third-party reports and communications; the estimate's underlying methodology and results; contemplated product changes and strategies (*see* Sokol Declaration ¶ 7) |
| Page 28 ¶ 145, Lines 3–4: Text between "Sheryl Sandberg" and "In 2017" | Internal assessment of Potential reach estimates, including in response to third-party reports and communications; the estimate's underlying methodology and results; contemplated product changes and strategies (*see* Sokol Declaration ¶ 7) |
| Page 28 ¶ 145, Lines 5–6: Text between "communications that" and "Despite multiple" | Internal assessment of Potential reach estimates, including in response to third-party reports and communications; the estimate's underlying methodology and results; contemplated product changes and strategies (*see* Sokol Declaration ¶ 7) |

| Text to be Sealed | Reason for Designation |
|---|---|
| Page 28 ¶ 146, Lines 11–12: Text after "knew its advertising customers" | Internal assessment of Potential Reach estimates and their use (*see* Sokol Declaration ¶ 6) |
| Page 29 ¶ 151, Lines 1–3: Text after "CFO David Wehner" | Information about Facebook's draft disclosures and prepared remarks for earnings calls, including around its competitively sensitive metrics and contemplated product changes (*see* Sokol Declaration ¶ 9) |

6.   The information that Facebook is asking to seal generally comes from the following categories of material: information regarding Facebook's internal assessments and analyses of its advertising metrics, including Potential Reach, both independently and in response to advertiser communications and third party reports; Facebook business and marketing strategies and risks, including related to contemplated product changes; commercially sensitive details regarding Facebook's business revenues and the impact of contemplated product changes on revenue; and commercially sensitive details regarding potential disclosures, including during earnings calls and in external communications about its metrics. *See* Sokol Declaration ¶¶ 3, 5–12. There are compelling reasons to seal such "business information that might harm a litigant's competitive strategy." *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *1 (N.D. Cal. June 30, 2015) (quoting *Nixon v. Warner Comm'cns, Inc.*, 435 U.S. 589, 597 (1978)). This recognized protection is broad and extends to "confidential information regarding [a defendant's] products, services, and business practices." *Ojmar US, LLC v. Sec. People, Inc.*, No. 16-CV-04948-HSG, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016); *see also Apple Inc. v. Samsung Elecs. Co. Ltd.*, 727 F.3d 114, 1223–24 (Fed. Cir. 2013) (holding under Ninth Circuit's "compelling reasons" standard that district court erred in not sealing "product-specific information concerning such things as costs, sales, profits, and profit margins"); *Space Data Corp. v. X*, Case No. 16-cv-03260-BLF, 2017 WL 11503233, at *2 (N.D. Cal. Sept. 25, 2017) (granting motion to seal redline comparison of complaints that contained technical proprietary confidential information and business planning and financial information, including trade secrets, and budget and research development plans"); *Algarin v. Maybelline, LLC*, Civil No.

5

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

VALCO DECL. ISO PLAINTIFFS' ADMIN. MOT.
TO SEAL PORTIONS OF THIRD AM. COMPL.
CASE NO. 3:18-cv-04978 JD

12cv3000 AJB (DHB), 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) (granting motion to seal information in dispositive motion because disclosure of confidential business material, marketing strategies, and product development plans could result in improper use by competitors); *Rich v. Shrader*, No. 09cv652 AJB (BGS), 2013 WL 6028305, at *3–4 (S.D. Cal. Nov. 13, 2013) (granting application to seal business documents and financial projections, because such information could be utilized by competitors seeking to gain an advantage).

7. Disclosure here also would cause Facebook competitive harm by giving its competitors access to sensitive information associated with the Potential Reach estimates—which Facebook's competitors also provide in some form to advertisers—which they could use to gain an unfair advantage against Facebook by exploiting details about its ad products and contemplated product changes. *See* Sokol Declaration ¶¶ 4–12; *see also Kamakana*, 447 F.3d at 1179 (no right to public access to gratify spite or promote public scandal, or release trade secrets).

8. Facebook's proposed redactions, as described in Paragraph 5 and as reflected in the public redacted version of Plaintiffs' TACC (Dkt. 152-3, 153-1), are narrowly tailored to cover only sealable material. *See* N.D. Cal. Civil L.R. 79-5(b).

9. For all the reasons detailed in Paragraphs 4 through 7 and the concurrently filed Sokol Declaration, compelling reasons exist to shield the information at issue from public disclosure, and Facebook respectfully requests that the redactions described in Paragraph 5 and as reflected in the public redacted version of Plaintiffs' TACC be maintained under seal.

I declare under penalty of perjury that the foregoing is true and correct, and that I executed this Declaration on March 23, 2020, in San Francisco, California.

By: ___*/s/ Nicole C. Valco*___
Nicole C. Valco
*Attorney for Defendant Facebook, Inc.*

6

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

VALCO DECL. ISO PLAINTIFFS' ADMIN. MOT.
TO SEAL PORTIONS OF THIRD AM. COMPL.
CASE NO. 3:18-cv-04978 JD