LATHAM & WATKINS LLP
Elizabeth L. Deeley (CA Bar No. 230798)
    elizabeth.deeley@lw.com
Nicole C. Valco (CA Bar No. 258506)
    nicole.valco@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095

Susan E. Engel (*pro hac vice*)
    susan.engel@lw.com
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200
Facsimile: +1.202.637.2201

Hilary H. Mattis (CA Bar No. 271498)
    hilary.mattis@lw.com
140 Scott Drive
Menlo Park, CA 94025
Telephone: +1.650.328.4600
Facsimile: +1.650.463.2600

Attorneys for Defendant Facebook, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DANIELLE A. SINGER, PROJECT THERAPY, LLC (d/b/a THERAPY THREADS), HOLLY DEAN, DZ RESERVE, and CAIN MAXWELL (d/b/a MAX MARTIALIS), individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | Case No. 3:18-cv-04978 JD<br><br>**DECLARATION OF NIKKI STITT SOKOL IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS' PROPOSED THIRD AMENDED CONSOLIDATED COMPLAINT**<br><br>Hon. James Donato |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SOKOL DECL. ISO PLAINTIFFS' ADMIN. MOT. TO
SEAL PORTIONS OF THIRD AM. COMPL.
CASE NO. 3:18-cv-04978 JD

I, Nikki Stitt Sokol, declare as follows:

1. I am Associate General Counsel for Litigation for Defendant Facebook, Inc. ("Facebook"). As Associate General Counsel for Litigation, I interact with and advise employees on a regular basis on various matters and through my work have an understanding of Facebook's business practices and procedures. Through my work, I also have a personal understanding of the kind of information that Facebook keeps confidential and the reasons for doing so. I have personal knowledge of the facts set forth herein or know of such facts from my review of the file in this case, including Plaintiffs' proposed Third Amended Consolidated Class Action Complaint ("TACC," Dkts. 152-3, 152-4, 153-1) and the documents underlying certain of the allegations in that Complaint, and if called upon to do so could competently testify as follows.

2. I submit this declaration pursuant to Civil Local Rule 79-5(e) in support of Plaintiffs' Administrative Motion to File Under Seal Portions of Plaintiffs' Proposed Third Amended Consolidated Complaint (Dkt. 152).

3. Facebook requests to maintain under seal certain highly confidential information in Plaintiffs' TACC, which specifically appears in the following paragraphs: Paragraphs 5, 61, 65, 66, 67, 69, 72, 76, 78, 79, 80, 81, 82, 84, 85, 87, 88, 89, 145, 146, 151. The information that Facebook is asking to seal generally comes from the following categories of material: information regarding Facebook's internal assessments and analyses of its advertising metrics, including Potential Reach, both independently and in response to advertiser communications and third party reports; Facebook business and marketing strategies and risks, including related to contemplated product changes; commercially sensitive details regarding Facebook's business revenues and the impact of contemplated product changes on revenue; and commercially sensitive details regarding potential disclosures, including during earnings calls and in external communications about its metrics.

4. Facebook considers the information described in Paragraph 2 highly confidential for several reasons, as detailed herein. Among other things, disclosure of information about Facebook's advertising metrics and Facebook's internal assessments of those advertising metrics may cause competitive harm by revealing such sensitive details to Facebook's competitors.

1

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SOKOL DECL. ISO PLAINTIFFS' ADMIN. MOT. TO
SEAL PORTIONS OF THIRD AM. COMPL.
CASE NO. 3:18-cv-04978 JD

Facebook encourages employees to discuss issues and contemplated product changes openly and candidly to arrive at the best solutions, particularly as they analyze the effects of such product changes. That process may be impaired if people believe internal discussions will be published—or worse, mischaracterized—to competitors or in litigation. In addition, competitors may misuse disclosed incomplete information or preliminary discussions, which also may mislead advertisers and other stakeholders because they are incomplete snapshots of Facebook's internal discussions and deliberations. Facebook has undertaken, and does undertake, reasonable efforts to maintain the confidentiality of its proprietary and competitively sensitive information. I address the specific information that is the subject of Facebook's request below.

5. Paragraphs 5, 81, 82, and 88 of the TACC contain selective excerpts and characterizations of discussions in Facebook internal documents regarding Facebook's internal assessment of its competitively sensitive Potential Reach estimates for advertisers. These paragraphs reveal confidential information about contemplated product changes and discussions about any potential costs and revenue impact of those contemplated product changes, which also reflects Facebook's assessment of the Potential Reach estimate's uses. Facebook treats the details of this information as confidential and sensitive material, and believes that the public disclosure of this information would cause competitive harm. Specifically, disclosure would allow Facebook's competitors access to sensitive information associated with Facebook's Potential Reach estimate—which Facebook's competitors also provide in some form to advertisers—which they could use to gain an unfair advantage against Facebook by exploiting details about the product and contemplated product changes.

6. Paragraphs 61 and 146 of the TACC contain selective excerpts from and characterizations of a Facebook internal document that reveals confidential information and discussions about Facebook's assessment of its competitively sensitive Potential Reach estimates for advertisers. Facebook treats the details of this information as confidential and sensitive material, and believes that the public disclosure of this information would cause competitive harm. Specifically, disclosure would allow Facebook's competitors access to sensitive information about Facebook's assessment of the uses of the Potential Reach estimate—which Facebook's

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SOKOL DECL. ISO PLAINTIFFS' ADMIN. MOT.
TO SEAL PORTIONS OF THIRD AM. COMPL.
CASE NO. 3:18-cv-04978 JD

competitors also provide in some form to advertisers—which they could use to gain an unfair advantage against Facebook by exploiting details about its ads products.

7. Paragraphs 65, 66, 67, 69, and 145 of the TACC contain selective excerpts from and characterizations of Facebook internal documents that reveal confidential information and discussions about Facebook's internal assessment of its competitively sensitive Potential Reach estimates for advertisers, including in response to third-party reports and communications, and the Potential Reach estimate's underlying methodology and results. Facebook treats the details of this information as confidential and sensitive material, and believes that the public disclosure of this information would cause competitive harm. Specifically, disclosure would allow Facebook's competitors access to sensitive information about the methodology and results associated with Facebook's Potential Reach estimate—which Facebook's competitors also provide in some form to advertisers—which they could use to gain an unfair advantage against Facebook by exploiting details about its ads products.

8. Paragraphs 66, 67, 69, 78, 79, 80, 81, 84, 85, 87, 88, and 145 of the TACC contain selective excerpts from and characterizations of Facebook internal documents that reveal confidential information and discussions about Facebook's assessment of its competitively sensitive Potential Reach estimates for advertisers, the Potential Reach estimate's underlying methodology and results, and contemplated product changes and strategies, including potential revisions to the methodology. The paragraphs also reveal sensitive details about modeling related to potential revisions to the methodology. Facebook treats the details of this information as confidential and sensitive material, and believes that the public disclosure of this information would cause competitive harm. Specifically, disclosure would allow Facebook's competitors access to sensitive information about the methodology and results associated with Facebook's Potential Reach estimate and contemplated changes to the estimates—which Facebook's competitors also provide in some form to advertisers—which they could use to gain an unfair advantage against Facebook by exploiting details about its ads products.

9. Paragraphs 72 and 151 of the TACC contain selective excerpts and characterizations of Facebook internal documents that reveal confidential information about

3

Facebook's draft disclosures and prepared remarks for earnings calls, including around its competitively sensitive metrics and contemplated ads product changes. The information at issue reflects Facebook's analysis of business risks and relates to Facebook's investor relations strategies. Facebook believes that the public disclosure of this information would cause competitive harm to Facebook. Specifically, disclosure would allow Facebook's competitors access to sensitive information about Facebook, which they could use to gain an unfair advantage against Facebook by exploiting details about its ads products and contemplated product changes. In addition, disclosure would reveal sensitive information about how Facebook conducts its operations, prepares its earnings disclosures, and determines the information to provide therein.

10. Paragraph 76 of the TACC contains selective excerpts of a Facebook internal document that reveals confidential information about Facebook's product and marketing strategies, and strategies regarding disclosures and external communications about metrics. Facebook believes that the public disclosure of this information would cause competitive harm to Facebook. Specifically, disclosure would allow Facebook's competitors access to sensitive information about Facebook's external communications strategies in response to questions about metrics, which they could use to gain an unfair advantage against Facebook by exploiting details about Facebook's product offerings and Facebook's marketing and client management approaches. In addition, disclosure would reveal sensitive information about how Facebook conducts its operations and determines the information to provide to advertisers in response to inquiries, and about its analysis of the effect on its business of disclosures about its metrics.

11. Paragraph 89 of the TACC contains a selective characterization of Facebook internal documents that reveals confidential information and sensitive details about Facebook's assessment of the effects of revisions to the methodology for its competitively sensitive Potential Reach estimates for advertisers. Facebook treats this information as confidential and sensitive material, and believes that the public disclosure of this information would cause competitive harm. Specifically, disclosure would allow Facebook's competitors access to sensitive information about the methodology and results associated with Facebook's Potential Reach estimate—which

4

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SOKOL DECL. ISO PLAINTIFFS' ADMIN. MOT.
TO SEAL PORTIONS OF THIRD AM. COMPL.
CASE NO. 3:18-cv-04978 JD

Facebook's competitors also provide in some form to advertisers—which they could use to gain an unfair advantage against Facebook by exploiting details about its ads products.

12. Facebook believes the likelihood of competitive harm caused by the disclosure of information as described above in Paragraphs 4–11 is even more acute in this case, because Plaintiffs have selectively quoted from and characterized the information in the documents. Such disclosure of incomplete information, preliminary assessments, or misleading characterizations about Facebook's Potential Reach estimates could confuse advertisers and other stakeholders and be misused by Facebook's competitors. In addition, disclosure may chill free and open discussions and analyses of future issues and other contemplated product changes at Facebook, which could cause competitive harm by minimizing the likelihood that such discussions and analyses will take place.

I declare under penalty of perjury that the foregoing is true and correct, and that I executed this Declaration on March 23, 2020, in San Francisco, California.

By:  */s/ Nikki Stitt Sokol*
Nikki Stitt Sokol

5

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SOKOL DECL. ISO PLAINTIFFS' ADMIN. MOT.
TO SEAL PORTIONS OF THIRD AM. COMPL.
CASE NO. 3:18-cv-04978 JD

**ATTORNEY ATTESTATION**

I, Nicole C. Valco, attest that concurrence in the filing of this Declaration of Nikki Stitt Sokol has been obtained from the signatory. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 23rd day of March 2020, in San Francisco, California.

Dated: March 23, 2020

*/s/ Nicole C. Valco*
Nicole C. Valco
of LATHAM & WATKINS LLP

6

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SOKOL DECL. ISO PLAINTIFFS' ADMIN. MOT.
TO SEAL PORTIONS OF THIRD AM. COMPL.
CASE NO. 3:18-cv-04978 JD