1   LATHAM & WATKINS LLP
    Elizabeth L. Deeley (CA Bar No. 230798)
2       *elizabeth.deeley@lw.com*
    Nicole C. Valco (CA Bar No. 258506)
3       *nicole.valco@lw.com*
    505 Montgomery Street, Suite 2000
4   San Francisco, CA  94111-6538
    Telephone:  +1.415.391.0600
5   Facsimile:  +1.415.395.8095

6   Susan E. Engel (*pro hac vice*)
        *susan.engel@lw.com*
7   555 Eleventh Street, N.W., Suite 1000
    Washington, D.C.  20004-1304
8   Telephone:  +1.202.637.2200
    Facsimile:  +1.202.637.2201

9
    Hilary H. Mattis (CA Bar No. 271498)
10      *hilary.mattis@lw.com*
    140 Scott Drive
11  Menlo Park, CA  94025-1008
    Telephone:  +1.650.328.4600
12  Facsimile:  +1.650.463.2600

13  *Attorneys for Defendant Facebook, Inc.*

14

15                  **UNITED STATES DISTRICT COURT**

16                  **NORTHERN DISTRICT OF CALIFORNIA**

17                  **SAN FRANCISCO DIVISION**

18  DZ RESERVE and CAIN MAXWELL (d/b/a        Case No. 3:18-cv-04978 JD
    MAX MARTIALIS), individually and on
19  behalf of all others similarly situated,    **FACEBOOK, INC.'S NOTICE OF MOTION**
                                                 **AND MOTION TO DISMISS THE THIRD**
20                          Plaintiffs,          **AMENDED CONSOLIDATED CLASS**
                                                 **ACTION COMPLAINT; MEMORANDUM OF**
21              v.                               **POINTS AND AUTHORITIES IN SUPPORT**

22  FACEBOOK, INC.,
                                                 Date:   July 30, 2020
23                          Defendant.           Time:   10:00 a.m.
                                                 Court:  Courtroom 11, 19th Floor
24                                               Hon.    James Donato

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION TO DISMISS

**TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on July 30, 2020, at 10:00 a.m. in Courtroom 11 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Defendant Facebook, Inc. ("Facebook") will and hereby does move for an order dismissing Plaintiffs' Third Amended Consolidated Class Action Complaint ("Third Amended Complaint" or "TAC"), Dkt. 166.  This motion is made pursuant to Federal Rules of Civil Procedure Rules 9(b) and 12(b)(6), on the grounds that (1) the breach of the implied covenant of good faith and fair dealing and quasi-contract claims in the TAC fail to state a claim as a matter of law under Federal Rule of Civil Procedure 12(b)(6); (2) the breach of the implied covenant of good faith and fair dealing claim is time-barred to the extent it is based on ad campaigns begun before August 15, 2014; (3) Plaintiffs fail to state a claim for fraudulent misrepresentation or fraudulent concealment under Federal Rule of Civil Procedure 9(b) or 12(b)(6); (4) the quasi-contract claim is time-barred to the extent it is based on ad campaigns begun before August 15, 2016; and (5) the fraudulent misrepresentation and fraudulent concealment claims are time-barred to the extent they are based on ad campaigns begun before April 15, 2017.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, Facebook, Inc.'s Request for Judicial Notice in Support of Its Motion to Dismiss the Third Amended Consolidated Class Action Complaint ("Request for Judicial Notice") and the Declaration of Nicole C. Valco Support of Facebook, Inc.'s Motion to Dismiss the Third Amended Consolidated Class Action Complaint ("Valco Decl.") filed therewith, the pleadings and papers on file in this action, the arguments of counsel, and any other matter that the Court may properly consider.

## STATEMENT OF RELIEF SOUGHT

Facebook seeks an order pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) dismissing with prejudice Plaintiffs' claims for breach of the implied covenant of good faith and fair dealing, quasi-contract, fraudulent concealment, and fraudulent misrepresentation in their entirety and for failure to state a claim upon which relief can be granted.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

FACEBOOK'S MOT. TO DISMISS
THIRD AM. CONSOL. COMPL.
CASE NO. 3:18-cv-04978-JD

1    Dated:  May 14, 2020                    LATHAM & WATKINS LLP

2                                            By:    /s/ *Elizabeth L. Deeley*
                                                    Elizabeth L. Deeley (CA Bar No. 230798)
3                                                   Nicole C. Valco (CA Bar No. 258506)
                                                    505 Montgomery Street, Suite 2000
4                                                   San Francisco, CA  94111-6538
                                                    Telephone:  +1.415.391.0600
5                                                   Facsimile:  +1.415.395.8095
                                                    *elizabeth.deeley@lw.com*
6                                                   *nicole.valco@lw.com*

7                                                   Susan E. Engel (*pro hac vice*)
                                                    555 Eleventh Street, N.W., Suite 1000
8                                                   Washington, D.C. 20004-1304
                                                    Telephone:  +1.202.637.2200
9                                                   Facsimile:  +1.202.637.2201
                                                    *susan.engel@lw.com*
10

11                                                  Hilary H. Mattis (CA Bar No. 271498)
                                                    140 Scott Drive
12                                                  Menlo Park, CA 94025-1008
                                                    Telephone: +1.650.328.4600
13                                                  Facsimile: +1.650.463.2600
                                                    *hilary.mattis@lw.com*

14                                                  *Attorneys for Defendant Facebook, Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

FACEBOOK'S MOT. TO DISMISS
THIRD AM. CONSOL. COMPL.
CASE NO. 3:18-cv-04978-JD

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................. 1

II.    BACKGROUND .................................................................................................. 3

       A.    "Potential Reach" And "Estimated Daily Reach" Estimates ..................... 3

       B.    The Parties' Integrated Contract ............................................................... 4

       C.    Plaintiffs' Contract-Based Allegations ..................................................... 5

       D.    Plaintiffs' Fraud-Based Allegations .......................................................... 6

III.   ARGUMENT ....................................................................................................... 6

       A.    Plaintiffs Still Fail To State An Implied Covenant Claim. ....................... 6

             1.    Plaintiffs' implied covenant claim is a repackaged version
                   of their dismissed breach of contract claim that fails to
                   identify any specific contract term that was frustrated. ............ 6

             2.    The implied duty alleged by Plaintiffs would contravene
                   the express terms of the parties' contract. ................................. 8

       B.    Plaintiffs Still Fail To State A Quasi-Contract Claim. ............................. 8

             1.    The quasi-contract claim is barred by the parties' express
                   contract. ...................................................................................... 9

             2.    Plaintiffs do not allege that Facebook unjustly retained a
                   benefit. ...................................................................................... 10

       C.    Plaintiffs Fail To State A Claim For Fraudulent Misrepresentation. ................... 11

       D.    Plaintiffs Fail To State A Claim For Fraudulent Concealment ........................ 13

       E.    Claims Based On Ads Outside The Limitations Period Are Time-
             Barred ........................................................................................................ 15

IV.    CONCLUSION .................................................................................................. 15

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

FACEBOOK'S MOT. TO DISMISS
THIRD AM. CONSOL. COMPL.
CASE NO. 3:18-cv-04978-JD

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ahern v. Apple Inc.*,
411 F. Supp. 3d 541 (N.D. Cal. 2019) ...........................................................................3, 13, 14

*Balthazar v. Apple, Inc.*,
No. 10-cv-3231-JF, 2011 WL 588209 (N.D. Cal. Feb. 10, 2011) ...........................................12

*Berkla v. Corel Corp.*,
302 F.3d 909 (9th Cir. 2002) .....................................................................................................2

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*,
222 Cal. App. 3d 1371 (1990) ...................................................................................................7

*Deras v. Volkswagen Grp. of Am., Inc.*,
No. 17-CV-05452-JST, 2018 WL 2267448 (N.D. Cal. May 17, 2018) ...................................10

*Edwards v. Marin Park, Inc.*,
356 F.3d 1058 (9th Cir. 2004) .................................................................................................12

*Ellis v. JPMorgan Chase & Co.*,
752 F. App'x 380 (9th Cir. 2018) ...............................................................................................9

*In re Facebook, Inc. Internet Tracking Litig.*,
No. 17-17486, 2020 WL 1807978 (9th Cir. Apr. 9, 2020) ...............................................2, 6, 7

*FormFactor, Inc. v. MarTek, Inc.*,
No. 14-cv-01122-JD, 2015 WL 367653 (N.D. Cal. Jan. 28, 2015) ...........................................8

*Guz v. Bechtel Nat. Inc.*,
24 Cal. 4th 317 (2000) ...............................................................................................................8

*Hall v. SeaWorld Entm't, Inc.*,
747 F. App'x 449 (9th Cir. 2018) .............................................................................................13

*Hedging Concepts, Inc. v. First All. Mortg. Co.*,
41 Cal. App. 4th 1410 (1996) .....................................................................................................9

*Hodsdon v. Mars, Inc.*,
891 F.3d 857 (9th Cir. 2018) .........................................................................................3, 13, 14

*In Taiwan Civil Rights Litig. Org. v. Kuomintang Bus. Mgmt Comm.*,
No. C 10-00362 JW, 2011 WL 5023397 (N.D. Cal. Oct. 13, 2011) .......................................15

*In re iPhone 4s Cons. Litig.*,
637 Fed. App'x 414 (9th Cir. 2016) .........................................................................................11

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ..................................................................................3, 11, 12

*Knowles v. Arris Int'l PLC*,
  No. 17-CV-01834-LHK, 2019 WL 3934781 (N.D. Cal. Aug. 20, 2019)..............................13

*Lance Camper Mfg. Corp. v. Republic Indem. Co.*,
  44 Cal. App. 4th 194 (1996) .............................................................................................9

*Lectrodryer v. SeoulBank*,
  77 Cal. App. 4th 723 (2000) ...........................................................................................10

*Letizia v. Facebook Inc.*,
  267 F. Supp. 3d 1235 (N.D. Cal. 2017) ........................................................................9, 10

*Love v. Fire Ins. Exchange*,
  221 Cal. App. 3d 1136 (1990) .........................................................................................15

*Mirkin v. Wasserman*,
  5 Cal. 4th 1082 (1993) ...................................................................................................15

*Morawski v. Lightstorm Entm't, Inc.*,
  599 F. App'x 779 (9th Cir. 2015) .......................................................................................9

*Nein v. HostPro, Inc.*,
  174 Cal. App. 4th 833 (2009) ............................................................................................8

*Overton v. Uber Techs., Inc.*,
  333 F. Supp. 3d 927 (N.D. Cal. 2018) ..............................................................................10

*Pierry, Inc. v. Thirty-One Gifts, LLC*,
  No. 17-cv-03074-MEJ, 2017 WL 4236934 (N.D. Cal. Sept. 25, 2017) ..................................7

*Plastino v. Wells Fargo Bank*,
  873 F. Supp. 2d 1179 (N.D. Cal. 2012) ..............................................................................7

*Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*,
  522 F.3d 1049 (9th Cir. 2008) .........................................................................................15

*Richter v. CC-Palo Alto, Inc.*,
  176 F. Supp. 3d 877 (N.D. Cal. 2016) ..............................................................................15

*Robinson Helicopter Co. v. Dana Corp.*,
  34 Cal. 979 (2004) .........................................................................................................14

*Rojas v. Bosch Solar Energy Corp.*,
  386 F. Supp. 3d 1116 (N.D. Cal. 2019) ............................................................................11

*Sharp v. Nationstar Mortg., LLC*,
  701 F. App'x 596 (9th Cir. 2017) ...................................................................................6, 7

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

FACEBOOK'S MOT. TO DISMISS
THIRD AM. CONSOL. COMPL.
CASE NO. 3:18-cv-04978-JD

*Sloan v. Gen. Motors, LLC,*
    No. 16-cv-07244-EMC, 2020 WL 1955643 (N.D. Cal. Apr. 23, 2020)............................3, 14

*Sussex Fin. Enterprises, Inc. v. Bayerische Hypo-Und Vereinsbank AG,*
    460 F. App'x 709 (9th Cir. 2011) ...........................................................................................12

*Total Coverage, Inc. v. Cendant Settlement Serv. Group, Inc.,*
    252 F. App'x 123 (9th Cir. 2007) ..............................................................................................9

*Viacom Int'l, Inc. v. MGA Entm't, Inc.,*
    730 F. App'x 470 (9th Cir. 2018) ..............................................................................................6

*Vu Nguyen v. Aurora Loan Servs., LLC,*
    614 F. App'x 881 (9th Cir. 2015) ..........................................................................................2, 7

*Young v. Facebook, Inc.,*
    790 F. Supp. 2d 1110 (N.D. Cal. 2011) ...................................................................................6

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

FACEBOOK'S MOT. TO DISMISS
THIRD AM. CONSOL. COMPL.
CASE NO. 3:18-cv-04978-JD

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.      INTRODUCTION

Plaintiffs' Third Amended Consolidated Class Action Complaint ("Third Amended Complaint" or "TAC") is the fifth complaint filed in this action.  Plaintiffs continue to allege that Facebook overstated the Potential Reach estimates for their ad campaigns, misleading them into believing their ads might reach more people than they actually did.  This Court has already held that Facebook's contract with Plaintiffs "explicitly disclaims an audience reach or target guarantee."  Minute Entry for October 17, 2019 Hearing ("MTD II Order"), Dkt. 130 at 1.  Yet Plaintiffs still make no effort to explain how they could have believed that their ads would reach the Potential Reach estimates (that they purportedly saw but still have not identified).  Potential Reach is simply a free tool to estimate the number of people in an advertiser's entire "target audience," *i.e.*, the universe of people who might fall within the advertiser's targeting and placement choices.  TAC ¶ 36 & fig.4.  As Plaintiffs acknowledge, Facebook's Ads Manager interface disclosed that "[t]he number of people [Plaintiffs] ***actually end up reaching*** depends on [their] budget and performance."  *Id*. ¶ 36 (emphasis added).  Advertisers are not charged based on Potential Reach or Estimated Daily Reach[1] (together, "reach estimates"), Ex. A at 2,[2] and reach estimates do not affect the number of people to whom their ads are actually delivered, TAC ¶ 36 fig.4.  Advertisers are only "charged for the number of clicks or the number of impressions [their] ad received."  Ex. B at 2.  Despite this, Plaintiffs make no effort to cure the deficiencies previously identified in their implied covenant and quasi-contract claims, and they add two new fraud-based claims that also ignore basic pleading requirements.  Plaintiffs should not get a sixth bite at the apple nearly two years into this litigation; each of these claims should be dismissed with prejudice.

---

[1] Estimated Daily Reach estimates "give[] [advertisers] an idea of how many of the people in [their] target audience . . . [they] may be able to reach on a given day," TAC ¶¶ 3, 27, based on "factors like [their] bid and budget."  TAC Ex. 1, Dkt. 166-1 at 3.  Only Plaintiffs' implied covenant claim contains allegations related to Estimated Daily Reach.

[2] Each exhibit citation in this motion is to an exhibit attached to the Valco Decl. filed herewith, except for citations to "TAC Ex. 1," which is a citation to Exhibit 1 to the TAC, Dkt. 166-1.  *See* Request for Judicial Notice filed herewith.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

FACEBOOK'S MOT. TO DISMISS
THIRD AM. CONSOL. COMPL.
CASE NO. 3:18-cv-04978-JD

1    First, Plaintiffs' implied covenant claim fails because it is nothing more than a repackaged

2   version of their failed breach of contract claim, which this Court has dismissed.  MTD II Order,

3   Dkt. 130 at 1; *see also In re Facebook, Inc. Internet Tracking Litig.*, No. 17-17486, 2020 WL

4   1807978, at *15 (9th Cir. Apr. 9, 2020) (affirming dismissal of implied covenant claim where "the

5   allegations did not go beyond the [also dismissed] breach of contract theories asserted by

6   Plaintiffs").  The TAC still does not identify *any* contractual promise that Plaintiffs claim was

7   frustrated by Facebook.  Instead, Plaintiffs' implied covenant claim is still based on extra-

8   contractual reach estimates.  TAC ¶¶ 137-38.  But as the Court already held, the parties' contract

9   "does not create a contractual obligation as to the accuracy of the Potential Reach or Estimated

10   Daily Reach," and in fact "explicitly disclaims an audience reach or target guarantee."  MTD II

11   Order, Dkt. 130 at 1.  Without any contractual provision on which to hinge an implied duty, the

12   implied covenant claim should be dismissed.  *See Vu Nguyen v. Aurora Loan Servs., LLC*, 614 F.

13   App'x 881, 883 (9th Cir. 2015) (affirming dismissal of implied covenant claim for failure to

14   identify an express contract term that was frustrated).

15    Second, Plaintiffs' quasi-contract claim, which is substantially the same as the quasi-

16   contract claim the Court previously dismissed, fails again because the parties have an express

17   contract that governs their advertising relationship.  It is well settled under California law that

18   "'[t]here cannot be a valid, express contract and an implied contract, each embracing *the same*

19   *subject matter*, existing at the same time.'"  *Berkla v. Corel Corp.*, 302 F.3d 909, 918 (9th Cir.

20   2002) (citation omitted; emphasis added).  There is no dispute that there is a valid, express contract

21   that governs the parties' advertising relationship.  That is dispositive.  So too is Plaintiffs' failure

22   to address the flaws in their factual allegations that the Court previously identified in dismissing

23   the quasi-contract claim.  *See* Minute Entry for May 16, 2019 Hearing ("MTD I Order"), Dkt. 83

24   at 1 (dismissing quasi-contract claim on the ground that "[t]he allegations are not specific enough

25   on the elements of the claims, such as what the contract terms were, how they were breached, how

26   plaintiffs were damaged and in what amount.").  Instead of adding factual allegations to salvage

27   this claim, the only amendment Plaintiffs made was to label it as pleaded "in the alternative," TAC

28   ¶ 131.  That cannot save this claim from dismissal where Plaintiffs have admitted—and the Court

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

FACEBOOK'S MOT. TO DISMISS
THIRD AM. CONSOL. COMPL.
CASE NO. 3:18-cv-04978-JD

has held, *see* MTD II Order, Dkt. 130 at 1—that the parties have an express contract governing their claims.

Third, Plaintiffs' fraudulent misrepresentation claim fails because Plaintiffs do not allege the specific content of the misstatements or how and why the statements misled them into buying more ad campaigns or paying a higher price, much less with Rule 9(b) specificity. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-26 (9th Cir. 2009). Two years into the litigation, Facebook is entitled to know the specific Potential Reach estimates Plaintiffs allege are fraudulent. *See id.*

Finally, Plaintiffs' fraudulent concealment claim fails to satisfy Rule 9(b) for the same reasons as the misrepresentation claim, and it also fails for two independent reasons. Plaintiffs fail to allege, as required for a concealment claim, an omission of a fact that "relate[s] to the central functionality" of an ad campaign, *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 863 (9th Cir. 2018), and rendered Plaintiffs' ad campaigns "unusable," *see, e.g., Ahern v. Apple Inc.*, 411 F. Supp. 3d 541, 567 (N.D. Cal. 2019). In addition, the economic loss rule bars the claim. *See Sloan v. Gen. Motors, LLC*, No. 16-cv-07244-EMC, 2020 WL 1955643, at *24 (N.D. Cal. Apr. 23, 2020).

## II.   BACKGROUND

### A.   "Potential Reach" And "Estimated Daily Reach" Estimates

Facebook provides reach estimates for free to anyone who uses Ads Manager, an interactive online interface that allows potential advertisers to target ads to a particular audience based on a wide variety of criteria, including location, age, gender, and various demographics, interests, and behaviors. TAC ¶¶ 29-34. Potential Reach is an estimate of the number of people in an advertiser's entire "target audience," *i.e.*, the universe of people who might fall within the advertiser's targeting and placement choices. *Id.* ¶ 36 & fig.4. Potential Reach estimates "update[] in real time" in response to advertisers' changes to "targeting and placement choices," and help potential advertisers understand how their choices make that group narrower or broader. *Id.* Estimated Daily Reach "gives [advertisers] an idea of how many of the people in [their] target audience . . . [they] may be able to reach on a given day," *id.* ¶¶ 3, 27, based on "factors like [their] bid and budget," TAC Ex. 1 at 3. As described in the Facebook Advertiser Help Center page that Plaintiffs cite and rely upon, Potential Reach and Estimated Daily Reach are "estimations" that

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

3

FACEBOOK'S MOT. TO DISMISS
THIRD AM. CONSOL. COMPL.
CASE NO. 3:18-cv-04978-JD

1   "don't represent actual campaign reach or campaign reporting."  *See* Ex. A at 2 (cited at TAC ¶ 3

2   & n.5, ¶ 27 & n.21).

3          Facebook provides Potential Reach and Estimated Daily Reach before an advertiser makes

4   a purchase, TAC ¶¶ 3, 31, and regardless of whether a purchase is ever made.  Any user with a

5   Facebook account can go to Ads Manager, select targeting and placement criteria, and view

6   Potential Reach and Estimated Daily Reach for an ad campaign without making a purchase.  If a

7   potential advertiser decides to purchase an ad set, the advertiser is not charged based on Potential

8   Reach or Estimated Daily Reach, Ex. A at 2, and these estimates do not affect the number of people

9   to whom its ad is actually delivered, TAC ¶ 36 fig.4.  An advertiser is only "charged for the number

10  of clicks or the number of impressions [its] ad received."  Ex. B at 2.  Facebook does "not guarantee

11  the reach or performance that [advertisers'] ads will receive, such as the number of people who

12  will see your ads or the number of clicks your ads will get."  Ex. F § 8 (Self-Serve Ad Terms); *see*

13  *also* Ex. D (Terms of Service) §§ 4, 5 (incorporating Self-Serve Ad Terms).

14  **B.      The Parties' Integrated Contract**

15         Any time an advertiser purchases a Facebook advertisement, it agrees to Facebook's Terms

16  of Service ("TOS"), which contains an integration clause.  Ex. D (TOS) §§ 4, 5.  The TOS

17  expressly incorporates the terms that govern advertisers' use of Facebook's "self-serve advertising

18  interface[]," Ads Manager, *i.e.*, the Self-Service Ad Terms ("SSAT").  *Id.* § 5.  The SSAT applies

19  to the use of Ads Manager and all ad orders placed using it.  Ex. F § 1 (SSAT).  Plaintiffs admit

20  both that they purchased ads on Facebook and that the TOS and SSAT govern this action.  TAC

21  ¶ 8, p. 24 n.40 (alleging TOS requires application of California law and provide for venue in this

22  District); *see also* Oct. 17, 2019 Hr'g Tr., Dkt. 129 at 5:11-16 (stating that the TOS and the SSAT

23  are part of Plaintiffs' contract).  Neither the TOS nor the SSAT contain any promise relating to

24  Potential Reach or Estimated Daily Reach.  To the contrary, the SSAT expressly provides that

25  Facebook "do[es] not guarantee the reach or performance that your ads will receive, such as the

26  number of people who will see your ads or the number of clicks your ads will get."  Ex. F (SSAT)

27  § 8.  Facebook requires advertisers to dispute any "unauthorized or otherwise problematic

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

FACEBOOK'S MOT. TO DISMISS
THIRD AM. CONSOL. COMPL.
CASE NO. 3:18-cv-04978-JD

1   transaction" within 30 days of the charge.  Ex. G § 4.3 (Payment Terms); *see also* Ex. F (SSAT)

2   § 4.a (requiring advertisers to comply with the Payment Terms).

3           **C.      Plaintiffs' Contract-Based Allegations**

4           For the first year of this litigation, Plaintiffs tried through multiple complaints to make out

5   a breach of contract claim.  *See* Dkts. 1, 9, 55, 89.  Plaintiffs alleged that Facebook had a contractual

6   obligation to provide potential advertisers with accurate Potential Reach and Estimated Daily

7   Reach estimates, and that Facebook breached that obligation by providing Plaintiffs with

8   supposedly inaccurate estimates.   The Court dismissed Plaintiffs' contract and quasi-contract

9   claims in the Consolidated Amended Class Action Complaint ("CAC"), Dkt. 55, for failure to state

10  a claim because Plaintiffs had not plausibly alleged "what the contract terms were, how they were

11  breached, and how plaintiffs were damaged and in what amount."  MTD I Order, Dkt. 83 at 1.

12  Although the minute entry for the May 16, 2019 hearing did not specifically address Plaintiffs'

13  implied covenant claim, the Court took the implied covenant claim under submission following

14  the October 17, 2019 hearing.  *See* MTD II Order, Dkt. 130 at 1.

15          Plaintiffs purportedly filed the Second Amended Consolidated Class Action Complaint

16  ("SAC"), Dkt. 89, to cure the defects identified by the Court, but the only amendment Plaintiffs

17  made to their contract-based claims was to clarify that the quasi-contract claim is alleged in the

18  alternative in case the Court "determines that a contract did not exist between Plaintiffs and

19  Facebook."  SAC ¶ 127.  Plaintiffs did not amend their implied covenant claim.

20          Plaintiffs' Third Amended Complaint ("TAC") is substantially the same as the SAC, but

21  removes Plaintiffs' breach of contract claim.  The implied covenant and quasi-contract claims in

22  the TAC are identical to the SAC, and Plaintiffs did not amend or add new factual allegations to

23  support those claims.  *Compare* TAC ¶¶ 130-141, *with* SAC ¶¶ 126-138.  Plaintiffs do not allege

24  they ever disputed any charge pursuant to the contractually-required claim process.  Payment

25  Terms § 4.3 ("Unless you submit the claim to us within 30 days after the charge, you will have

26  waived, to the fullest extent permitted by law, all claims against us arising out of or otherwise

27  related to the transaction.").

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

FACEBOOK'S MOT. TO DISMISS
THIRD AM. CONSOL. COMPL.
CASE NO. 3:18-cv-04978-JD

1    **D.    Plaintiffs' Fraud-Based Allegations**

2        The TAC adds new claims for fraudulent misrepresentation and fraudulent concealment.

3    TAC ¶¶ 142-160.   In the fraudulent misrepresentation claim, Plaintiffs allege that Facebook

4    misrepresented: (1) the Potential Reach of Plaintiffs' advertisements and (2) that Potential Reach

5    estimates were the number of people (instead of accounts) in an ad set's target audience.   *Id.*

6    ¶¶ 143-44.  In the fraudulent concealment claim, Plaintiffs allege that Facebook failed to disclose

7    that Potential Reach estimates were inflated and misleading, that Potential Reach is inflated in part

8    because of duplicate and fake accounts, and that Potential Reach is calculated based on the number

9    of accounts (as opposed to people) in an ad set's target audience.  *Id.* ¶ 150.

10   **III.   ARGUMENT**

11      **A.    Plaintiffs Still Fail To State An Implied Covenant Claim.**

12        Despite numerous opportunities to salvage their implied covenant claim, Plaintiffs fail to

13   identify *any express contract term* that Facebook frustrated.  Instead, they still claim that Facebook

14   breach its implied covenant to "carry[] out its contractual obligations to provide Plaintiffs … with

15   accurate Potential Reach and Estimated Daily Reach."  TAC ¶ 137.  But this Court already held

16   the parties' contract does not "does not create a contractual obligation as to the accuracy of the

17   Potential Reach or Estimated Daily Reach" and "explicitly disclaims an audience reach or target

18   guarantee."  MTD II Order, Dkt. 130 at 1.  The Ninth Circuit has recently reiterated that where an

19   implied covenant claim does "not go beyond" an already-dismissed contract claim, it should be

20   dismissed.  *Internet Tracking Litig.*, 2020 WL 1807978, at *15; *see also Sharp v. Nationstar*

21   *Mortg., LLC*, 701 F. App'x 596, 598 (9th Cir. 2017) (affirming dismissal of implied covenant

22   claim "materially identical to the [dismissed] breach of contract claim").

23                      **1.    Plaintiffs' implied covenant claim is a repackaged version of their**
                               **dismissed breach of contract claim that fails to identify any specific**
24                             **contract term that was frustrated.**

25        To plead an implied covenant claim, Plaintiffs must identify the specific contractual

26   provision that was frustrated.  *See Viacom Int'l, Inc. v. MGA Entm't, Inc.*, 730 F. App'x 470, 471

27   (9th Cir. 2018) (holding that the implied covenant "cannot impose substantive terms and

28   conditions beyond those to which the contracting parties actually agreed"); *see also Young v.*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

FACEBOOK'S MOT. TO DISMISS
THIRD AM. CONSOL. COMPL.
CASE NO. 3:18-cv-04978-JD

1    *Facebook, Inc.*, 790 F. Supp. 2d 1110, 1117 (N.D. Cal. 2011) ("The implied covenant will not

2    apply where 'no express term exists on which to hinge an implied duty….'") (citation omitted).

3         The TOS is the contract between the parties, *see* MTD II Order, Dkt. 130 at 1, and is fully

4    integrated.  *See* Ex. D (TOS) § 4.5.  Plaintiffs have not alleged a specific term of the TOS that was

5    frustrated.  Instead, Plaintiffs' implied covenant claim continues to be premised on Facebook's

6    purported obligation to provide accurate Potential Reach and Estimated Daily Reach estimates

7    (TAC ¶¶ 137-38), which the Court already held Facebook does not have a contractual obligation

8    to provide.  *See* MTD II Order, Dkt. 130 at 1.  Accordingly, Plaintiffs' claim that Facebook failed

9    to carry out its purported contractual obligations as to Potential Reach and Estimated Daily Reach

10   estimates in good faith must be dismissed.  *See Vu Nguyen*, 614 F. App'x at 883 (affirming

11   dismissal of implied covenant claim for failure to identify an express contract term); *see also*

12   *Plastino v. Wells Fargo Bank*, 873 F. Supp. 2d 1179, 1191-92 (N.D. Cal. 2012) (same).

13        Plaintiffs' implied covenant claim is simply a repackaged version of their dismissed breach

14   of contract claim.  The Ninth Circuit has recently reaffirmed that where an implied covenant claim

15   "d[oes] not go beyond" the same theories alleged in the plaintiff's breach of contract claim, it

16   should be dismissed as duplicative and superfluous.  *Internet Tracking Litig.*, 2020 WL 1807978,

17   at \*15 (affirming dismissal of implied covenant claim based on the same alleged conduct and

18   obligation as in the plaintiffs' dismissed breach of contract claims); *Sharp*, 701 F. App'x at 598

19   (affirming dismissal of implied covenant claim that was "materially identical to the breach of

20   contract claim"); *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990)

21   (holding that if the implied covenant claim allegations do not go beyond the statement of a contract

22   breach, "they may be disregarded as superfluous").  Here, the implied covenant claim rests on the

23   same Potential Reach and Estimated Daily Reach estimates this Court held were not terms of the

24   parties' contract, and it alleges "the same breach[]" and "seek[s] the same damages" (the purported

25   "overpayment" for advertising services, TAC ¶ 140) as Plaintiffs' dismissed breach of contract

26   claim, and should be dismissed for the same reason.  *Sharp*, 701 F. App'x at 598; *Pierry, Inc. v.*

27   *Thirty-One Gifts, LLC*, No. 17-cv-03074-MEJ, 2017 WL 4236934, at \*4-5 (N.D. Cal. Sept. 25,

28   2017) (dismissing implied covenant claim as duplicative of contract claim).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

FACEBOOK'S MOT. TO DISMISS
THIRD AM. CONSOL. COMPL.
CASE NO. 3:18-cv-04978-JD

## 2. The implied duty alleged by Plaintiffs would contravene the express terms of the parties' contract.

Beyond Plaintiffs' failure to identify any contract term that was allegedly frustrated, Plaintiff's assertion of an implied duty to provide accurate Potential Reach and Estimated Daily Reach estimates contravenes the express language of the contract.  The implied covenant cannot, as a matter of law, "create an obligation inconsistent with an express term of the [contractual] agreement," *Nein v. HostPro, Inc.*, 174 Cal. App. 4th 833, 852 (2009) (citations omitted), or "impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement," *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 349-50 (2000).

As the Court acknowledged, the integrated TOS "explicitly disclaims an audience reach or target guarantee."  MTD II Order, Dkt. 130 at 1; *see also* Ex. F (SSAT) § 8 ("We do not guarantee the reach or performance that your ads will receive, such as the number of people who will see your ads or the number of clicks your ads will get.").  An advertiser cannot claim that Facebook had an implied duty as to the extra-contractual reach estimates where the contract specifically disclaimed any guarantee as to "the number of people who will see your ads."  Ex. F (SSAT) § 8; *see also FormFactor, Inc. v. MarTek, Inc.*, No. 14-cv-01122-JD, 2015 WL 367653, at *6 (N.D. Cal. Jan. 28, 2015) (dismissing implied covenant claim based on the defendant's failure to allow plaintiff "access" to source code, where the contract gave the defendant the right not to "provide" source code).  Because Plaintiffs' implied covenant claim would "create an obligation inconsistent with the express term[s] of the agreement," *Nein*, 174 Cal. App. 4th at 852, it must be dismissed.

## B. Plaintiffs Still Fail To State A Quasi-Contract Claim.

The TAC repeats the same quasi-contract claim that this Court previously dismissed. *Compare* TAC ¶¶ 130-134, *with* CAC ¶¶ 115-120.  The only change from the dismissed claim is the addition of the phrase "in the alternative."  TAC ¶ 131.  Plaintiffs have failed to address the flaws in their factual allegations that the Court previously identified in dismissing the quasi-contract claim. *See* MTD I Order, Dkt. 83 at 1 (dismissing quasi-contract claim on the ground that "[t]he allegations are not specific enough on the elements of the claims, such as what the contract terms were, how they were breached, how plaintiffs were damaged and in what amount.").  But

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

FACEBOOK'S MOT. TO DISMISS
THIRD AM. CONSOL. COMPL.
CASE NO. 3:18-cv-04978-JD

alternative pleading fails to cure (and cannot cure) that Plaintiffs' quasi-contract claim is still barred by the parties' express contract no matter whether the breach of contract claim is dismissed—a quasi-contract claim cannot stand where a contract covers *the same subject matter* as the quasi-contract claim. *See, e.g.*, *Letizia v. Facebook Inc.*, 267 F. Supp. 3d 1235, 1253 (N.D. Cal. 2017) (dismissing quasi-contract claim where the parties had a contract governing the same subject matter, even though plaintiff had no claim that the contract was breached). The claim is also still barred because Facebook did not unjustly retain a benefit at Plaintiffs' expense.

### 1. The quasi-contract claim is barred by the parties' express contract.

Plaintiffs amended their dismissed quasi-contract claim by adding the phrase "in the alternative" in the event that "a contract did not exist between Plaintiffs and Facebook." TAC ¶ 131. But there is no dispute that Plaintiffs have a contract with Facebook that governs their advertising relationship: Plaintiffs have conceded there is "no dispute that there's a contract."[3]

It is well-established that an action based on a "quasi-contract cannot lie where there exists between the parties a valid express contract covering the same subject matter." *Morawski v. Lightstorm Entm't, Inc.*, 599 F. App'x 779, 780 (9th Cir. 2015) (citing *Lance Camper Mfg. Corp. v. Republic Indem. Co.*, 44 Cal. App. 4th 194, 203 (1996)). Because Plaintiffs concede that they have an express contract with Facebook that governs their advertising relationship, their claims must be dismissed. *See Ellis v. JPMorgan Chase & Co.*, 752 F. App'x 380, 383-84 (9th Cir. 2018) (holding that a quasi-contract claim "is not available when a contract defines the rights of the parties"); *see also Hedging Concepts, Inc. v. First All. Mortg. Co.*, 41 Cal. App. 4th 1410, 1419 (1996) ("When parties have an actual contract covering a subject, a court cannot—not even under the guise of equity jurisprudence—substitute the court's own concepts of fairness regarding that subject in place of the parties' own contract."). Were it otherwise, a plaintiff could bring a quasi-contract claim anytime his breach of contract claim failed to identify a provision of the contract that was breached. That is not the law. *See, e.g.*, *Total Coverage, Inc. v. Cendant Settlement Serv.*

---

[3] *See* Oct. 17, 2019 Hr'g Tr., Dkt. 129 at 5:3-6 ("MR. GRABER: Your Honor, there's no dispute that there's a contract. The only dispute is whether plaintiffs have plausibly alleged that the Ads Manager is part of the contract…."); *id.* at 14-16 ("MR. GRABER: The contract is the terms of service . . . the self-serve ad terms, which they agree with; as well as the Ads Manager page, which is that's the page that every advertiser sees when they place their order.").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

FACEBOOK'S MOT. TO DISMISS
THIRD AM. CONSOL. COMPL.
CASE NO. 3:18-cv-04978-JD

*Group, Inc.*, 252 F. App'x 123, 126 (9th Cir. 2007) (denying plaintiff's attempt to plead quasi-contract in the alternative where "there is no dispute about the existence or validity of the express contract" that "governs the relationship between the parties").  Plaintiffs cannot avoid dismissal of the quasi-contact claim by arguing, as they did before, that the TOS and SSAT do not mention Potential Reach estimates and thus do not bar their quasi-contract claim.  Plaintiffs' Opposition to Motion to Dismiss SAC ("Plfs' Opp. to MTD SAC"), Dkt. 118 at 13-14.  Here, the contract addresses advertising reach, and as the Court held, the contract "does not create a contractual obligation as to the accuracy of Potential Reach or Estimated Daily Reach" and "explicitly disclaims an audience reach or target reach."  MTD II Order, Dkt. 130 at 1.  *See Letizia*, 267 F. Supp. 3d at 1253 ("The mere fact that Facebook's contracts do not expressly mention the two advertising metrics at issue here does not mean the contract does not govern the subject matter at issue here—*i.e.*, Facebook's advertising services.").

This case has been pending for almost two years with multiple complaints and ongoing discovery.  There is no basis to allow a quasi-contract claim "in the alternative" where Plaintiff has alleged and conceded that there is an express contract.  Moreover, the claim cannot be pleaded "in the alternative" where the Court has already decided the rights of the parties under that express contract governing their advertising relationship and that those rights expressly do not include any obligation relating to Potential Reach.  *See* MTD II Order, Dkt. 130 at 1.  Because there is a valid, express contract defining the rights of the parties, Plaintiffs' quasi-contract claim must be dismissed.  *See, e.g.*, *Overton v. Uber Techs., Inc.*, 333 F. Supp. 3d 927, 949 (N.D. Cal. 2018), *aff'd*, No. 18-16610, 2020 WL 1159269 (9th Cir. Mar. 10, 2020) (dismissing quasi-contract claim with prejudice where plaintiffs alleged the existence of a contract); *Deras v. Volkswagen Grp. of Am., Inc.*, No. 17-CV-05452-JST, 2018 WL 2267448, at *3 (N.D. Cal. May 17, 2018) (dismissing quasi-contract claim pleaded in the alternative where plaintiffs alleged an express contract).

### 2.    Plaintiffs do not allege that Facebook unjustly retained a benefit.

Dismissal of Plaintiffs' quasi-contract claim is also warranted because Plaintiffs have not alleged the "receipt of a benefit and unjust retention of the benefit at the expense of" Plaintiffs.  *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000) (citations omitted).  The TAC provides

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

FACEBOOK'S MOT. TO DISMISS
THIRD AM. CONSOL. COMPL.
CASE NO. 3:18-cv-04978-JD

the same conclusory assertion that Facebook "benefited from Plaintiffs' . . . purchase of []

advertising services," TAC ¶ 132, but Plaintiffs fail to allege any facts as to how Facebook

allegedly benefited at their expense.  Plaintiffs cannot make that showing because Potential Reach

estimates do not affect the pricing, payment or delivery of Facebook advertisements:  Facebook

did not charge Plaintiffs based on their Potential Reach estimates, *see* Ex. A at 2 ("You won't be

charged based on [Potential Reach estimates]…."); Ex. B at 2 ("[Y]ou'll only be charged for the

number of clicks or the number of impressions your ad received."), and Facebook did not promise

to deliver ads to a certain number of people, *see* MTD II Order, Dkt. 130 at 1; Ex. F (SSAT) § 8

(providing that Facebook "do[es] not guarantee the reach or performance that your ads will receive,

such as the number of people who will see your ads or the number of clicks your ads will get.").

Plaintiffs concede they were not charged for ads that were not delivered and that Facebook did not

promise that its ads would reach the number of people estimated.  *See* Plaintiffs' Opposition to

Motion to Dismiss CAC ("Plfs' Opp. to MTD CAC"), Dkt. 68 at 6 (conceding that Plaintiffs were

not charged for ads that were not delivered); Plfs' Opp. to MTD SAC, Dkt. 118 at 6 (conceding

that Facebook did not promise that its ads would reach the number of people estimated).  In short,

Facebook delivered the ads Plaintiffs paid for, so Facebook did not and cannot have benefited from

something Plaintiffs did not receive.  Plaintiffs' conclusory assertion of a benefit retained by

Facebook is not sufficient to state a quasi-contract claim.  *See, e.g., Rojas v. Bosch Solar Energy*

*Corp.*, 386 F. Supp. 3d 1116, 1131 (N.D. Cal. 2019) (dismissing quasi-contract claim based on

conclusory allegation of receipt and unjust retention of benefit).

### C.    Plaintiffs Fail To State A Claim For Fraudulent Misrepresentation.

The latest complaint adds a claim for fraudulent misrepresentation.  The new claim is

premised on two purported statements, neither of which is pleaded with the particularity that the

Ninth Circuit requires for a fraud claim.  *See, e.g., Kearns*, 567 F.3d at 1125-26 (holding that "a

party must state with particularity the circumstances constituting fraud...."); *In re iPhone 4s Cons.*

*Litig.*, 637 Fed. App'x 414, 415-16 (9th Cir. 2016) (same).

The first alleged misstatement is the Potential Reach estimates that each Plaintiff allegedly

read and relied upon when they purchased their ad campaigns.  TAC ¶ 143.  But two years into

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

11

FACEBOOK'S MOT. TO DISMISS
THIRD AM. CONSOL. COMPL.
CASE NO. 3:18-cv-04978-JD

1    this litigation, Plaintiffs still have not pleaded the specific content of the Potential Reach estimates

2    they claim misled them into purchasing ad campaigns.  This pleading failure alone requires

3    dismissal.  *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (affirming

4    dismissal of fraud claim under Rule 9(b) where plaintiff alleged a fraudulent legal notice but failed

5    to attach the notice or recite the "specific content of the false representation" in the notice).

6    Plaintiffs do not attach to this latest complaint any screenshot of the estimates *they* purportedly

7    relied upon or include any allegation as to their content.  Even worse, they do not allege any theory

8    as to how they could have reasonably relied on Potential Reach estimates in making their

9    purchasing decision.  They allege no connection between Potential Reach estimates and the price

10   they were charged for their ad campaigns.  Nor do they allege any surprise or dissatisfaction with

11   their actual advertising reach results, which would be expected if the Potential Reach estimates

12   mislead them into believing that they would reach more people that they could actually reach.  In

13   fact, Plaintiffs concede they "do not allege that inflation of the reach metrics 'affect[ed]' their

14   expected 'delivery' or that Plaintiffs did not receive 'results' they had been 'guaranteed. . . .'"

15   Plfs' Opp. to MTD CAC, Dkt. 68 at 6.  This is not a fact issue to be explored in discovery or at

16   summary judgment.  What Plaintiffs allegedly read and relied upon in making their purchasing

17   decisions is something that they should know and should have identified from the start.  The Ninth

18   Circuit has made clear that a plaintiff cannot just allege a range of statements that the defendant

19   made to *someone* (*i.e.*, hypothetical Potential Reach estimates that some advertiser might have

20   seen), but must plead with specificity the particulars of his own experience reviewing and relying

21   on a specific misstatement.  *See Kearns*, 567 F.3d at 1125-26.

22       The second alleged misstatement is Facebook's description of Potential Reach estimates

23   as a measure of people, rather than accounts.  TAC ¶ 144.  This too provides no basis for a fraud

24   claim, for the simple reason that the TAC does not allege that either of the two remaining Plaintiffs

25   relied on the people statement at all, let alone that they reasonably relied on it.  *Id*.  Reasonable

26   reliance is an element of a fraudulent misrepresentation claim.  *See, e.g.*, *Sussex Fin. Enters., Inc.*

27   *v. Bayerische Hypo-Und Vereinsbank AG*, 460 F. App'x 709, 712 (9th Cir. 2011); *Balthazar v.*

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

FACEBOOK'S MOT. TO DISMISS
THIRD AM. CONSOL. COMPL.
CASE NO. 3:18-cv-04978-JD

1  *Apple, Inc.*, No. 10-cv-3231-JF, 2011 WL 588209, at *3-4 (N.D. Cal. Feb. 10, 2011).  Plaintiffs'

2  pleading falls far short of Rule 9(b)'s particularity standard and requires dismissal.

3         **D.**       **Plaintiffs Fail To State A Claim For Fraudulent Concealment.**

4         Plaintiffs also add a fraudulent concealment claim, alleging that Facebook breached a duty

5  to disclose that Potential Reach estimates were inflated because Facebook calculated them using

6  accounts, not people, and included duplicate and fake accounts in the estimates.  TAC ¶¶ 150-51.

7  Plaintiffs also allege that Facebook failed to disclose information in a November 1, 2017 earnings

8  call about the impact of duplicate or fake accounts on Potential Reach estimates.  *Id.* ¶¶ 72-73,

9  151.[4]  This claim fails for three reasons:  (1) Facebook had no duty to disclose the allegedly omitted

10  information; (2) the economic loss rule bars it; and (3) just like the misrepresentation claim, it fails

11  to satisfy Rule 9(b).

12         First, for fraudulent concealment, a duty to disclose arises when an omitted fact "relate[s]

13  to the central functionality" of the at-issue product or service.  *Hodsdon*, 891 F.3d at 863; *see also*

14  *Hall v. SeaWorld Entm't, Inc*., 747 F. App'x 449, 451 (9th Cir. 2018) (affirming district court

15  denial of leave to amend fraudulent omission claim where alleged omissions about SeaWorld's

16  treatment of orcas did "not relate to the central functionality of SeaWorld's [entertainment]

17  services").  This duty only exists where the omission renders a product or service "unusable." *See,*

18  *e.g., Ahern*, 411 F. Supp. 3d at 568 (finding no duty to disclose a defect causing smudges to appear

19  on computer screens because the dark smudges did "not render Apple computers unusable," even

20  if they "may appear unreasonable to Plaintiffs"); *Knowles v. Arris Int'l PLC*, No. 17-CV-01834-

21  LHK, 2019 WL 3934781, at *16 (N.D. Cal. Aug. 20, 2019), *appeal pending* No. 19-17468 (Dec.

22  6, 2019) (finding no duty to disclose modem defect that did not render the modem "unusable").

23  The duty to disclose is narrow and "does not extend to situations where information may persuade

24  a consumer to make different purchasing decisions." *Hodsdon*, 162 F. Supp. 3d at 1026.

---

25  [4] Facebook contemporaneously reported information about "false" and "duplicate" accounts in its
26  securities filings.  *See, e.g.*, Facebook, Inc., Form 10-Q for the quarterly period ended Sept. 30,
   2017 (Nov. 2, 2017), at 4 ("we estimate that duplicate accounts may have represented
27  approximately 10% of our worldwide MAUs"; "we estimate that [false] accounts may have
   represented approximately 2-3% of our worldwide MAUs."), available at
28  https://www.sec.gov/Archives/edgar/data/1326801/000132680117000053/fb-09302017x10q.htm
   (last visited May 14, 2020).

                           13                           FACEBOOK'S MOT. TO DISMISS
THIRD AM. CONSOL. COMPL.
CASE NO. 3:18-cv-04978-JD

Here, Plaintiffs do not even attempt to claim that Potential Reach estimates relate to the central functionality of their ads campaigns—nor could they.  Facebook discloses that Potential Reach estimates are neither billable nor guarantees of results, and Plaintiffs concede that they got what they paid for:  "Plaintiffs nowhere allege reach metrics guarantee them a particular number of clicks or impressions," Plfs' Opp. to MTD SAC, Dkt. 118 at 6, and they "do not allege that inflation of the reach metrics 'affect[ed]' their expected 'delivery' or that Plaintiffs did not receive 'results' they had been 'guaranteed,'" Plfs' Opp. to MTD CAC, Dkt. 68 at 6.  Nothing about the allegations surrounding Potential Reach relates to a defect rendering the ads "unusable."  Indeed, Plaintiffs allege they continued to buy ad campaigns during the putative class period.  TAC ¶¶ 96, 103.  Instead, Plaintiffs claim that had they known the truth about Potential Reach, they would have made a different purchasing decision.  That is not sufficient to state a fraudulent concealment claim, which should be dismissed with prejudice.  *See Hodsdon*, 162 F. Supp. 3d at 1026.

Second, the economic loss rule bars a fraudulent concealment claim where, as here, a plaintiff does not allege personal injury or damage to property.  *See Sloan v. Gen. Motors, LLC*, No. 16-cv-07244-EMC, 2020 WL 1955643, at *24 (N.D. Cal. Apr. 23, 2020) (holding that economic loss rule applies to fraudulent concealment claim under California law); *see also* TAC ¶¶ 158-59.  The economic loss rule "requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise," as such a rule "'prevents the law of contract and the law of tort from dissolving one into the other.'"  *Sloan*, 2020 WL 1955643, at *24 (citing *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 979, 988 (2004)).  Here, because Plaintiffs do not and cannot allege personal injury or damage to property, but only allege loss related to their disappointed expectations relating to Potential Reach, this claim should be dismissed with prejudice.

Third, like the misrepresentation claim, the fraudulent concealment claim fails insofar as Plaintiffs fail to allege with particularity the circumstances of the fraud, including how they relied on any omission about Potential Reach estimates.  *See Ahern*, 411 F. Supp. 3d at 564 (holding that Rule 9(b) requires a plaintiff to plead the circumstances of the fraud for both a misrepresentation and concealment claim).  Particular to the concealment claim, Plaintiffs allege that Facebook

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

14

FACEBOOK'S MOT. TO DISMISS
THIRD AM. CONSOL. COMPL.
CASE NO. 3:18-cv-04978-JD

should have disclosed on the earnings call not just that duplicate and fake accounts have an impact on Monthly and Daily Active Users (MAU and DAU), which are disclosed metrics in Facebook's SEC filings, but also how they impact Potential Reach estimates for advertisers.  But Plaintiffs do not allege—and there is no plausible inference—that they were in the audience for the earnings call or otherwise would have learned of the allegedly omitted information, had Facebook disclosed it.  *See Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1093 (1993) (holding that to prove reliance on an omission, plaintiffs must "prove that, had the omitted information been disclosed one would have been aware of it and behaved differently."); *Richter v. CC-Palo Alto, Inc.*, 176 F. Supp. 3d 877, 898 (N.D. Cal. 2016) (dismissing fraudulent concealment claim where plaintiffs failed to show how they would have behaved differently had the information been disclosed).

### E.    Claims Based On Ads Outside The Limitations Period Are Time-Barred.

Plaintiffs filed this action August 15, 2018, but seek to bring claims on behalf of a putative class that purchased ads beginning January 1, 2013.  TAC ¶ 110.  To the extent any of these claims survive, the Court should dismiss Plaintiffs' (1) implied covenant claim based on ad campaigns begun before August 15, 2014, *see Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1144 n.4 (1990) (four-year statute of limitations for implied covenant claim); (2) quasi-contract claim based on campaigns begun before August 15, 2016, *see In Taiwan Civil Rights Litig. Org. v. Kuomintang Bus. Mgmt Comm.,* No. C 10-00362 JW, 2011 WL 5023397, at *2 (N.D. Cal. Oct. 13, 2011), *aff'd*, 486 F. App'x 671 (9th Cir. 2012) (two-year limitations period for quasi-contract); and (3) fraudulent misrepresentation and fraudulent concealment claims based on ad campaigns begun before April 15, 2017, *see Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008) (three-year statute of limitations for fraud and deceit).

## IV.    CONCLUSION

For these reasons, the Court should grant Facebook's motion to dismiss the TAC with prejudice pursuant to Rules 9(b) and 12(b)(6).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

FACEBOOK'S MOT. TO DISMISS
THIRD AM. CONSOL. COMPL.
CASE NO. 3:18-cv-04978-JD

1    Dated:  May 14, 2020                    LATHAM & WATKINS LLP

2
                                       By:    */s/ Elizabeth L. Deeley*
3                                             Elizabeth L. Deeley (CA Bar No. 230798)
                                              Nicole C. Valco (CA Bar No. 258506)
4                                             505 Montgomery Street, Suite 2000
                                              San Francisco, CA  94111-6538
5                                             Telephone:  +1.415.391.0600
                                              Facsimile:  +1.415.395.8095
6                                             *elizabeth.deeley@lw.com*
                                              *nicole.valco@lw.com*
7
                                              Susan E. Engel (*pro hac vice*)
8                                             555 Eleventh Street, N.W., Suite 1000
                                              Washington, D.C. 20004-1304
9                                             Telephone:  +1.202.637.2200
                                              Facsimile:  +1.202.637.2201
10                                            *susan.engel@lw.com*

11                                            Hilary H. Mattis (CA Bar No. 271498)
                                              140 Scott Drive
12                                            Menlo Park, CA 94025-1008
                                              Telephone: +1.650.328.4600
13                                            Facsimile: +1.650.463.2600
                                              *hilary.mattis@lw.com*
14
15                                            *Attorneys for Defendant Facebook, Inc.*

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

FACEBOOK'S MOT. TO DISMISS
THIRD AM. CONSOL. COMPL.
CASE NO. 3:18-cv-04978-JD