# COHENMILSTEIN

Geoffrey Graber
(202) 408-4600
ggraber@cohenmilstein.com

September 24, 2020

<u>Via ECF</u>

The Honorable James Donato
United States District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    *Singer, et al. v. Facebook, Inc.*, Case No. 3:18-cv-04978
**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

Dear Judge Donato:

    In light of newly produced documents and following the depositions of lower-level executives, Plaintiffs seek to depose Facebook COO Sheryl Sandberg about her unique, first-hand knowledge of facts central to Plaintiffs' claims. While Plaintiffs have previously sought Sandberg's custodial documents (ECF Nos. 133, 95), new evidence shows Sandberg ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[1] The Parties have met and conferred, and Facebook has refused to make Sandberg available for a deposition.

    When evaluating objections to apex depositions, courts consider whether the deponent has unique or special knowledge of relevant facts, and whether "other less burdensome avenues for obtaining the information sought have been exhausted." *In re Chase Bank USA, N.A. "Check Loan" Contract Litig.*, 2011 WL 5248158, at *1 (N.D. Cal. Nov. 3, 2011) (citations omitted). Facebook carries a "heavy burden" to prevent Sandberg's deposition. *See Google, Inc. v. Am. Blind & Wallpaper Factory Inc.*, 2006 WL 2578277, at *3 n.3 (N.D. Cal. Sept. 6, 2006). Plaintiffs need only make a "plausible prima facie showing" that Sandberg "may have relevant first-hand knowledge of relevant matters." *Hunt v. Cont'l Cas. Co.*, 2015 WL 1518067, at *3 (N.D. Cal. Apr. 3, 2015). Given the newly produced documents, and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ inability to testify about Sandberg's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ despite clear evidence of ▮▮▮▮▮▮▮▮▮▮, Plaintiffs meet this threshold.

    **1.  Ms. Sandberg Has Unique, First-Hand Knowledge of Facts Central to This Litigation.**

    By February, Plaintiffs knew Sandberg ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ FB-SINGER-00173288 at '89 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1

COHENMILSTEIN

Geoffrey Graber
(202) 408-4600
ggraber@cohenmilstein.com

███ ²; *see also* ECF No. 133 at 2. What Plaintiffs did not know is that Sandberg ███ FB-SINGER-00255387, at '88-89. According to ███ *Id.* Sandberg ███ *Id.* ███ *Id.* Sandberg ███ FB-SINGER-00093233. For instance, ███ *Id.*

███ Sandberg also ███ FB-SINGER-00081777. For instance, ███ Likewise, ███ FB-SINGER-00145935 at '36. Initially, ███. FB-SINGER-00284873. ███ *Id.*

███ As Plaintiffs noted before, Sandberg ███ FB-SINGER-00083058; FB-SINGER-00165792 ███ FB-SINGER-00272365 ███ *see also* ECF No. 133 at 2. But Plaintiffs now know that ███ Goldman Dep. Tr. at 31:4-32:20.

---

² Plaintiffs will separately seek leave to file the documents referenced herein as Exhibits.
³ ███

# COHENMILSTEIN

Geoffrey Graber
(202) 408-4600
ggraber@cohenmilstein.com

In sum, Facebook's documents show that Sandberg ███████████
████████████

### 2. Only Sandberg Can Testify to Decisions She Made for Facebook, as Plaintiffs Have Exhausted Other Avenues for Obtaining This Information.

Though exhaustion is not required, Plaintiffs already deposed two key lower-level executives before noticing Sandberg's deposition. *See Hunt*, 2015 WL 1518067, at *2 ("[E]xhaustion of other discovery methods is an important, but not dispositive, consideration"). ███████████████████████████████████████████████████████ though documents and testimony show that ██████████. *See* Goldman Dep. Tr. at 90:22-91:16, 105:18-106:7, 111:14-112:7, 141:5-18; Schultz Dep. Tr. at 69:25-70:15, 83:3-84:20, 110:17-22. Thus, only Sandberg can testify about ████████████████
████████████████████

### 3. The Burden of Preventing Sandberg's Deposition Lies with Facebook, And Plaintiffs Have Made a Prima Facie Showing that Sandberg Should Be Deposed

Precluding a requested deposition of an apex witness is an "extraordinary remedy." *Hunt*, 2015 WL 1518067, at *3. And Facebook bears the "heavy burden" of proving that it is entitled to that remedy. *See Google*, 2006 WL 2578277, at *3 n.3; *see also Hunt*, 2015 WL 1518067, at *1 n.1. Conversely, Plaintiffs need only make a plausible showing that Sandberg may personally know relevant information. *Hunt*, 2015 WL 1518067, at *3. Indeed, courts in this District have found that "where a corporate officer may have *any* first-hand knowledge of relevant facts, the deposition should be allowed." *Grateful Dead Prods. v. Sagan*, 2007 WL 2155693, at *1 n.5 (N.D. Cal. July 26, 2007) (emphasis original); *see also In re NCAA Student-Athlete Name & Likeness Litig.*, 2012 WL 174834, at *1 (N.D. Cal. Jan. 20, 2012) (allowing apex deposition because the witness "likely has first-hand knowledge of the relevant facts"). Here, it is evident from the documents that because Sandberg was directly involved in ████████████████████ ████████████████████████████████████████ she has first-hand knowledge of facts that are relevant to the case, including Plaintiffs' UCL and fraud claims. ███ ███████ the executives who worked with Sandberg testified that ██████████ ████████████████████████████████████████ Thus, Sandberg is the only person who can answer why ██████████████████████
███████ These facts more than suffice for a "plausible prima facie showing" that Sandberg "may have relevant first-hand knowledge of relevant matters." *Hunt*, 2015 WL 1518067, at *3. Therefore, the Court should order Facebook to make Sandberg available for a deposition.

Respectfully submitted,

/s/ Geoffrey Graber
Geoffrey Graber (counsel for Plaintiffs)

cc:   Counsel for All Parties (via ECF)

3