UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DZ RESERVE, et al.,

    Plaintiffs,

v.

FACEBOOK, INC.,

    Defendant.

Case No. 3:18-cv-04978-JD

**ORDER RE MOTIONS TO SEAL**
Re: Dkt. Nos. 141, 147, 152, 159, 165, 172, 183, 189, 191, 199, 201, 207, 216, 222, 228, 232, 239, 242, 247

    A hallmark of our federal judiciary is the "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Public access maintains confidence in the fair and impartial administration of justice, and protects the integrity and independence of the courts. This is why the business of the federal judiciary is done in open court.

    In limited circumstances, there may be grounds for curtailing public access. This is an exception to the rule, and so a party requesting that a document or evidence be sealed from the public needs to present a good reason explaining why. A particularized showing of good cause is required to seal documents related to non-dispositive motions, and a compelling reason supported by specific facts is needed before the Court will consider sealing records involving dispositive motions such as a summary judgment motion. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

    Both sides in this litigation have filed a slew of motions to seal nearly every kind of filing in this case: discovery letters, supporting declarations, motions, scheduling stipulations, and even the complaint itself. All told, the parties seek to seal a mountain of records that ordinarily would be accessible to the public. While the sheer breadth of the sealing requests prompts concerns, the

main problem is that the parties often made a sub-par effort to justify their motions. Each side frequently offered perfunctory claims that a document contained "commercially sensitive," "proprietary," or "confidential" information relating to "internal assessments and analyses," and other equally unilluminating statements. *See, e.g.*, Dkt. No. 169-1 ¶¶ 3-4. Such conclusory and unsupported formulations, which for example do not explain how a competitor would use the information to obtain an unfair advantage, are insufficient for sealing. *Ochoa v. McDonald's Corp.*, Case No. 14-cv-02098-JD, 2015 WL 13064913, at *1 (N.D. Cal. Apr. 13, 2015).

The sealing motions also violate our District's local rules. "A sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L-R 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material." *Id.* In this case, the parties ask to seal any document or record that even minutely touches upon Facebook's products, and with little discernable effort to limit sealing to genuinely protectable materials.

For purposes of illustration, the Court highlights an example of the questionable sealing requests. Facebook seeks to seal large portions of plaintiffs' Third Amended Complaint on the proffered ground that the reliability of Facebook's Potential Reach estimate for advertisers is "sensitive" and "confidential," and would cause competitive harm if publicly known. Dkt. No. 169-1 ¶¶ 5-8. Why that may be so is not explained. Facebook merely insists that unspecified competitors might "gain an unfair advantage against Facebook by exploiting details" about Facebook products. Dkt. No. 169-1 ¶¶ 5, 6, 7, 8, 9, 10, 11. These allegations stand at the heart of plaintiffs' claims, and sealing them would make this litigation virtually incomprehensible to the public. The fact that one or another party may have designated the Potential Reach information as confidential under the stipulated protective in this case merely begs the question of sealing. *See, e.g.*, *Foltz*, 331 F.3d at 1135; *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (a stipulated "blanket protective order" is "by its nature overinclusive," especially if no individualized "good cause" showing is made before party designates document as protectible).

This example is just the tip of the iceberg. The Court declines to expend its own resources on cataloguing the full extent of the sealing problems. The better approach is to return this to the parties for corrective action that follows our local rules, the Court's sealing practices, and governing law. The Court would be well within bounds to order everything filed in the public record, but it will give the parties a second chance to make a well-supported request to seal a discrete number of records.

If the parties would like to try again for other materials, they may file a single consolidated motion to seal identifying each document for sealing. The parties must meet and confer on any sealing disputes before filing the consolidated motion. For those documents that the parties agree should not be sealed, they must be filed on the public docket noting the docket number and pin cite of the previous sealing request. The parties must mail (<u>not</u> deliver) to Chambers a binder containing all of the documents proposed for sealing, with consecutive tab numbers for each document. Each tab should contain an unredacted version of the document with the proposed redactions highlighted in yellow. The highlighting must allow the Court to easily read the underlying text. If the parties propose to redact an entire document, they should make a note on the first page of the document and omit highlighting. For long documents, they should include only the pages with portions that the party wishes to seal. No other materials should be in this binder -- no arguments, declarations, or anything else. In addition, a full copy of each unredacted document with only the proposed redactions highlighted must be filed under seal on ECF.

Any renewed administrative motion to seal must be accompanied by a joint declaration that states with particularity, and in a non-conclusory fashion, the factual bases supporting sealing under the applicable legal standard. Any disagreements should be noted in the joint declaration. The parties must also provide a single proposed order in the table format specified in Civil Local Rule 79-5(d)(1)(B) as modified here: (i) the far left column should list the tab number for each document; (ii) the next column should specify the exact portions to be sealed; (iii) the next column should state succinctly the specific and particularized reason for sealing and give pin cites to the declaration paragraphs supporting the reasons to seal; and (iv) the rightmost column should provide a space for the Court to indicate whether the request is denied or granted.

1   These materials must be filed by February 1, 2021.  If no motion is filed, parties must file
2   unredacted copies of each of the documents previously sought to be sealed in the public docket by
3   February 19, 2020.
4   For any future motions to seal, the Court expects the parties will embrace this order and
5   use the same approach.  The Court advises the parties that it will restrict or bar the opportunity to
6   file future motions to seal if a party shows again an inability to conform to the governing
7   standards, the local rules, or the Court's orders.
8   **IT IS SO ORDERED.**
9   Dated: January 8, 2021

JAMES DONATO
United States District Judge