| | |
|---|---|
| Andrew N. Friedman (*pro hac vice*) | LATHAM & WATKINS LLP |
| Geoffrey Graber (SBN 211547) | Elizabeth L. Deeley (CA Bar No. 230798) |
| Julia Horwitz (*pro hac vice*) | *elizabeth.deeley@lw.com* |
| Karina G. Puttieva (SBN 317702) | Melanie M. Blunschi (CA Bar No. 234264) |
| **COHEN MILSTEIN SELLERS & TOLL PLLC** | *melanie.blunschi@lw.com* |
| 1100 New York Ave. NW, Fifth Floor | Nicole C. Valco (CA Bar No. 258506) |
| Washington, DC 20005 | *nicole.valco@lw.com* |
| Telephone: (202) 408-4600 | 505 Montgomery Street, Suite 2000 |
| Facsimile: (202) 408-4699 | San Francisco, CA 94111-6538 |
| afriedman@cohenmilstein.com | Telephone: +1.415.391.0600 |
| ggraber@cohenmilstein.com | Facsimile: +1.415.395.8095 |
| jhorwitz@cohenmilstein.com | |
| kputtieva@cohenmilstein.com | Susan E. Engel (*pro hac vice*) |
| | *susan.engel@lw.com* |
| Eric Kafka (*pro hac vice*) | 555 Eleventh Street, N.W., Suite 1000 |
| **COHEN MILSTEIN SELLERS & TOLL PLLC** | Washington, D.C. 20004 |
| 88 Pine Street, 14th Floor, | Telephone: +1.202.637.2200 |
| New York, NY 10005 | Facsimile: +1.202.637.2201 |
| Telephone: (212) 838-7797 | |
| Facsimile: (212) 838-7745 | Hilary H. Mattis (CA Bar No. 271498) |
| ekafka@cohenmilstein.com | *hilary.mattis@lw.com* |
| | 140 Scott Drive |
| Charles Reichmann (SBN 206699) | Menlo Park, CA 94025 |
| **LAW OFFICES OF CHARLES REICHMANN** | Telephone: +1.650.328.4600 |
| 16 Yale Circle | Facsimile: +1.650.463.2600 |
| Kensington, CA 94708-1015 | |
| Telephone: (415) 373-8849 | *Attorneys for Defendant Facebook, Inc.* |
| Charles.reichmann@gmail.com | |

*Counsel for Plaintiffs and Proposed Class*

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DZ Reserve and Cain Maxwell (d/b/a Max Martialis), individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FACEBOOK, INC., <br> Defendant. | Case No.: 3:18-cv-04978-JD <br><br> **JOINT ADMINISTRATIVE OMNIBUS MOTION TO SEAL, FILED PURSUANT TO JANUARY 8, 2021 ORDER, ECF NO. 253** <br><br> Hon. James Donato |

Pursuant to Civil Local Rules 7-11 and 79-5(d), and in response to the Court's Order re: Motions to Seal (ECF No. 253), Plaintiffs DZ Reserve and Cain Maxwell ("Plaintiffs") and Defendant Facebook, Inc. ("Facebook") (collectively, the "Parties") hereby move for an order sealing portions of the documents found at the following docket numbers: ECF. Nos. 152-4, 159-4, 165-4, 199-4, 201-4, 205-3, 216-4, 216-6, 228-14, 228-15, 228-16, 228-17, 228-18, 228-19, 228-20, 228-21, 228-22, 232-5, and 247-4. This Motion is uncontested as to ECF Nos. 228-16, 228-17, 228-19, 228-21, 228-22, 232-5, and 247-4. This Motion is contested by Plaintiffs as to part or all of ECF Nos. 152-4, 159-4, 165-4, 199-4, 201-4, 205-3, 216-4, 216-6, 228-14, 228-18, and 228-20. Each of these documents contains information that Plaintiffs or Facebook, respectively, produced to the opposing party in the course of discovery or in the course of correspondence between counsel, and that has been designated as Highly Confidential – Attorneys' Eyes Only or Highly Confidential – Source Code under this case's Stipulated Protective Order (Dkts. 81, 85), or otherwise is entitled to protection according to the proffering party.

## I.  LEGAL STANDARD

Two legal standards govern the Parties' sealing requests. First, ECF Nos. 152-4, 159-4, and 165-4 relate to Plaintiffs' Third Amended Consolidated Complaint ("TACC") and a request to seal the TACC. The standard for sealing materials in pleadings and dispositive motions is the "compelling reasons" standard.[1] *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006). The "compelling reasons" standard requires the party to "articulate[] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79 (internal quotation marks and citation omitted). "'Compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for

---

[1] "Although the Ninth Circuit appears not to have explicitly stated what standard applies to the sealing of a complaint, many courts in this district and elsewhere have found that the compelling reasons standard applies." *Ojmar US, LLC v. Security People, Inc.*, No. 16-cv-04948- HSG, 2016 WL 6091543, at *2 (N.D. Cal., Oct. 19, 2016); *see also Towers v. Iger*, No. 15-cv- 04609-BLF, 2016 WL 6427898, at *2 (N.D. Cal., Oct. 31, 2016) ("The sealing motion at issue is resolved under the compelling reasons standard because a complaint is more than tangentially related to the merits of this case").

1

1  improper purposes,' such as the use of records to gratify private spite, promote public scandal,
2  circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner*
3  *Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Further, "while protecting the public's interest in
4  access to the courts, [the court] must remain mindful of the parties' right to access those same
5  courts upon terms which will not unduly harm their competitive interest." *Space Data Corp. v. X*,
6  Case No. 16-cv-03260-BLF, 2017 WL 11503233, at *1 (N.D. Cal. Sept. 25, 2017) (quoting *Apple*
7  *Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013)).

8      The remaining documents relate to non-dispositive discovery motions. Redactions
9  submitted in connection with non-dispositive discovery motions are evaluated based on the "good
10 cause" standards of Federal Rule of Civil Procedure 26(c). *Kamakana*, 447 F.3d at 1180.

11     Finally, redactions must be narrowly tailored to cover only sealable material. Civil L.R.
12 79-5(b).

13 **II.  APPLICATION**

14     In accordance with the Court's January 8 Order (ECF No. 253), the Parties have submitted
15 a Joint Declaration setting forth the specific portions of each document at issue and the factual
16 bases that the Parties respectively contend support sealing under the applicable legal standards.
17 The Parties have noted any disagreements about sealing requests in the Joint Declaration.

18     For all these reasons, and subject to any Party's identified objections to the sealing of some
19 or all of the information at issue, the Parties submit that the aforementioned information is entitled
20 to protection under the law, satisfying the requirements of Civil Local Rule 79-5(b).

21

22 DATED: February 1, 2021            Respectfully submitted,

23                                   By: /s/ *Geoffrey Graber*
                                        Andrew N. Friedman (*pro hac vice*)
24                                      Geoffrey Graber (SBN 211547)
                                        Julia Horwitz (*pro hac vice*)
25                                      Karina G. Puttieva (SBN 317702)
                                        COHEN MILSTEIN SELLERS & TOLL PLLC
26                                      1100 New York Ave. NW, Fifth Floor
                                        Washington, DC 20005
27                                      Telephone: (202) 408-4600
                                        Facsimile: (202) 408-4699
28                                      afriedman@cohenmilstein.com

ggraber@cohenmilstein.com
jhorwitz@cohenmilstein.com
kputtieva@cohenmilstein.com

Eric Kafka (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
88 Pine Street, 14th Floor,
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
ekafka@cohenmilstein.com

*Attorneys for Plaintiffs DZ Reserve and Cain Maxwell d/b/a Max Martialis*

By: /s/ *Nicole C. Valco*
    Elizabeth L. Deeley (CA Bar No. 230798)
    Melanie M. Blunschi (CA Bar No. 234264)
    Nicole C. Valco (CA Bar No. 258506)
    505 Montgomery Street, Suite 2000
    San Francisco, CA 94111-6538
    Telephone: +1.415.391.0600
    Facsimile: +1.415.395.8095
    elizabeth.deeley@lw.com
    melanie.blunschi@lw.com
    nicole.valco@lw.com

Susan E. Engel (*pro hac vice*)
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200
Facsimile: +1.202.637.2201
susan.engel@lw.com

Hilary H. Mattis (CA Bar No. 271498)
140 Scott Drive
Menlo Park, CA 94025
Telephone: +1.650.328.4600
Facsimile: +1.650.463.2600
hilary.mattis@lw.com

*Attorneys for Defendant Facebook, Inc.*

**ATTORNEY ATTESTATION**

I, Nicole C. Valco, attest that concurrence in the filing of this Joint Administrative Omnibus Motion to Seal, Filed Pursuant to January 8, 2021 Order, ECF 253 has been obtained from the signatory. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 1st day of February 2021, in San Francisco, California.

*/s/ Nicole C. Valco*
Nicole C, Valco
of LATHAM & WATKINS LLP
