1    Andrew N. Friedman (*pro hac vice*)              LATHAM & WATKINS LLP
     Geoffrey Graber (SBN 211547)                      Elizabeth L. Deeley (CA Bar No. 230798)
2    Julia Horwitz (*pro hac vice*)                    *elizabeth.deeley@lw.com*
     Karina G. Puttieva (SBN 317702)                   Melanie M. Blunschi (CA Bar No. 234264)
3    **COHEN MILSTEIN SELLERS & TOLL PLLC**             *melanie.blunschi@lw.com*
     1100 New York Ave. NW, Fifth Floor                Nicole C. Valco (CA Bar No. 258506)
4    Washington, DC 20005                              *nicole.valco@lw.com*
     Telephone: (202) 408-4600                         505 Montgomery Street, Suite 2000
5    Facsimile: (202) 408-4699                         San Francisco, CA 94111-6538
     afriedman@cohenmilstein.com                       Telephone: +1.415.391.0600
6    ggraber@cohenmilstein.com                         Facsimile: +1.415.395.8095
     jhorwitz@cohenmilstein.com
7    kputtieva@cohenmilstein.com
                                                       Susan E. Engel (*pro hac vice*)
8                                                       *susan.engel@lw.com*
     Eric Kafka (*pro hac vice*)                       555 Eleventh Street, N.W., Suite 1000
9    **COHEN MILSTEIN SELLERS & TOLL PLLC**             Washington, D.C. 20004
     88 Pine Street, 14th Floor,                       Telephone: +1.202.637.2200
10   New York, NY 10005                                Facsimile: +1.202.637.2201
     Telephone: (212) 838-7797
11   Facsimile: (212) 838-7745
     ekafka@cohenmilstein.com                          Hilary H. Mattis (CA Bar No. 271498)
12                                                      *hilary.mattis@lw.com*
                                                       140 Scott Drive
13   Charles Reichmann (SBN 206699)                    Menlo Park, CA 94025
     **LAW OFFICES OF CHARLES REICHMANN**               Telephone: +1.650.328.4600
14   16 Yale Circle                                    Facsimile: +1.650.463.2600
     Kensington, CA 94708-1015
15   Telephone: (415) 373-8849                         *Attorneys for Defendant Facebook, Inc.*
     charles.reichmann@gmail.com
16
17   *Counsel for Plaintiffs and Proposed Class*
18

19              **UNITED STATES DISTRICT COURT FOR THE**
20                **NORTHERN DISTRICT OF CALIFORNIA**
                       **SAN FRANCISCO DIVISION**
21
     DZ Reserve and Cain Maxwell (d/b/a Max        Case No.: 3:18-cv-04978-JD
22   Martialis), individually and on behalf of others
     similarly situated,                          **JOINT DECLARATION OF PLAINTIFFS'**
23                                                  **AND DEFENSE COUNSEL IN SUPPORT**
                                                    **OF OMNIBUS MOTION TO SEAL,**
24                            Plaintiffs,           **FILED PURSUANT TO JANUARY 8, 2021**
     v.                                             **ORDER, ECF NO. 253**
25
     FACEBOOK, INC.,                                Hon. James Donato
26                            Defendant.
27
28

---

## JOINT DECLARATION IN SUPPORT OF CONSOLIDATED MOTION TO SEAL

Geoffrey Graber and Nicole Valco jointly declare as follows:

1. Geoffrey Graber is a partner at the law firm Cohen Milstein Sellers & Toll PLLC and counsel of record for Plaintiffs in the above-captioned matter. Mr. Graber is licensed to practice law in the State of California and is admitted to practice before this Court. He has personal knowledge of the facts set forth in the portion of this Joint Declaration pertaining to Plaintiffs' documents. If called as a witness, Mr. Graber could and would competently testify as to these facts under oath.

2. Nicole Valco is a partner at the law firm Latham & Watkins and counsel of record for Facebook, Inc. ("Facebook") in the above-captioned matter. Ms. Valco is licensed to practice law in the State of California and is admitted to practice before this Court. Ms. Valco has personal knowledge of the facts set forth in the portion of this Joint Declaration pertaining to Facebook's documents. If called as a witness, Ms. Valco could and would competently testify as to these facts under oath.

3. On January 8, 2021, the Court issued an Order re: Motions to Seal (ECF No. 253) regarding administrative motions to seal at ECF Nos. 141, 147, 152, 159, 165, 172, 183, 189, 191, 199, 201, 207, 216, 222, 228, 232, 239, 242, and 247.

4. Consistent with the Court's January 8 Order, the Parties submit this Consolidated Administrative Motion pursuant to Civil Local Rules 7-11 and 79-5(d)&(e), to seal documents (in part or in entirety) referenced in the Court's Order, noting disagreements between the Parties as applicable, and declare as follows.[1]

5. Plaintiffs seek to file under seal portions of two documents—ECF Nos. 232-5 and 247-4—which contain personally identifiable information (email addresses) and names of unrelated third

---

[1] The Parties **do not** continue to seek to seal the following documents, which will be filed on the public docket pursuant to this Court's January 8 Order: Facebook's Opposition to Plaintiffs' Administrative Motion for Leave, ECF No. 141-4; Facebook's Response to Plaintiffs' Discovery Dispute Letter, ECF No. 147-4; Facebook's Response to Plaintiffs' Discovery Dispute Letter, ECF No. 147-6; Plaintiffs' Response to Defendant's Declaration in Support of Filing Under Seal the Third Amended Consolidated Complaint, ECF No. 172-4; Plaintiffs' Opposition to Facebook's Motion to Dismiss the Third Amended Consolidated Complaint, ECF No. 183-4, 185-3; Plaintiffs' Discovery Dispute Letter re: Targeting Criteria, ECF No. 189-4; Declaration of Dr. Charles Cowan, ECF No. 191-4; Facebook's Discovery Dispute Letter, ECF No. 207-4; Ex. 1 to Facebook's Discovery Dispute Letter, ECF No. 207-5; Plaintiffs' Discovery Dispute Letter, ECF Nos. 222-4, 231-3; Facebook's Discovery Dispute Letter, ECF No. 232-3; Exs. 4-8 to Blunschi Decl. ISO Facebook's Discovery Dispute Letter, ECF No. 232-6 through 232-10; Plaintiffs' Motion to Modify Scheduling Order, ECF Nos. 241, 241-3, 241-5; Facebook's Opposition to Plaintiffs' Motion to Modify Scheduling Order & Exhibits, ECF Nos. 242-2, ECF Nos. 242-4, 242-6, 242-7, 242-8, and 242-10.

parties, as detailed below. Plaintiffs also do not oppose Facebook's requests to seal direct references to source code and personally identifiable information (email addresses) in 12 documents, as detailed below.

6.      Facebook seeks to file under seal portions or all of the following documents—ECF Nos. 152-4, 159-4, 165-4, 199-4, 201-4, 205-3, 216-4, 216-6, 228-14, 228-15, 228-16, 228-17, 228-18, 228-19, 228-20, 228-21, and 228-22—for the reasons detailed below.

7.      In the binder submitted per the Court's January 8 Order, the Parties' unopposed requests for sealing are highlighted in green. The Facebook sealing requests that Plaintiffs oppose are highlighted in yellow.

<u>Paragraph 8: Plaintiffs' Unopposed Sealing Requests</u>

| | | |
|---|---|---|
| ***Plaintiffs' <u>Unopposed</u> Sealing Requests*** | | |
| **Tab 1: *ECF No. 232-5, Ex. 3 to Facebook's Discovery Dispute Letter (Ziernicki Depo. Tr.)*** | | |
| **ECF No. 232-5 Page & Line** | **Summary of Sealable Material** | **Basis for Redaction** |
| 28:7 | Name of unrelated third party | Redaction is appropriate "to protect an individual's privacy interest and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) (citations omitted). This includes redacting the names of third parties. *E. & J. Gallo Winery v. Instituut voor Landbouw- en Visserijonderzoek,* 2018 WL 4090585, at *3 (E.D. Cal. Aug. 27, 2018); *Del Campo v. Am. Corrective Counseling Servs., Inc.,* 2010 WL 3744436, at *4 (N.D. Cal. Sept. 20, 2010). |
| 101:1 | Email address | Consistent with Ninth Circuit case law, Federal Rule of Civil Procedure 5-2 and the Northern District of California's guidelines for "Redacting Sensitive Information" redaction is warranted for privacy concerns, and to protect Plaintiff from risk of identity theft, harassment or other related harm. |
| 104:17, 23, 25 | Email addresses | Consistent with Ninth Circuit case law, Federal Rule of Civil Procedure 5-2 and the Northern District of California's guidelines for "Redacting Sensitive Information" redaction is warranted for privacy concerns, and to protect Plaintiff from risk of identity theft, harassment or other related harm. |
| 108:17-19 | Username/email address | Consistent with Ninth Circuit case law, Federal Rule of Civil Procedure 5-2 and the Northern |

| | | District of California's guidelines for "Redacting Sensitive Information" redaction is warranted for privacy concerns, and to protect Plaintiff from risk of identity theft, harassment or other related harm. |
|---|---|---|
| 114:23, 25 | Email addresses | Consistent with Ninth Circuit case law, Federal Rule of Civil Procedure 5-2 and the Northern District of California's guidelines for "Redacting Sensitive Information" redaction is warranted for privacy concerns, and to protect Plaintiff from risk of identity theft, harassment or other related harm. |
| 212:19, 24, 25 | Name of an unrelated third party | Redaction is appropriate "to protect an individual's privacy interest and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund*, 2007 WL 3232267, at *2. This includes redacting names of third parties. *E. & J. Gallo Winery*, 2018 WL 4090585, at *3; *Del Campo.*, 2010 WL 3744436, at *4. |
| 213: 2, 5, 19, 23, 24 | Name of an unrelated third party | Redaction is appropriate "to protect an individual's privacy interest and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund*, 2007 WL 3232267, at *2. This includes redacting names of third parties. *E. & J. Gallo Winery*, 2018 WL 4090585, at *3; *Del Campo.*, 2010 WL 3744436, at *4. |
| 214:6, 16, 19 | Name of an unrelated third party | Redaction is appropriate "to protect an individual's privacy interest and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund*, 2007 WL 3232267, at *2. This includes redacting names of third parties. *E. & J. Gallo Winery*, 2018 WL 4090585, at *3; *Del Campo.*, 2010 WL 3744436, at *4. |
| 215: 11, 13, 15, 16 | Name of an unrelated third party | Redaction is appropriate "to protect an individual's privacy interest and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund*, 2007 WL 3232267, at *2. This includes redacting names of third parties. *E. & J. Gallo Winery*, 2018 WL 4090585, at *3; *Del Campo.*, 2010 WL 3744436, at *4. |

**Tab 2:** *ECF No. 247-4, Ex. 2 to the Parties' Stipulation Re Case Management Schedule*

| ECF No. 247-4 Page & Line | Summary of Sealable Material | Basis for Redaction |
|---|---|---|
| Page 1<br><br>E-mail from F. Acott:<br><br>Bullet Point No. 2, Line 1; | Names of unrelated third parties | Redaction is appropriate "to protect an individual's privacy interest and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund*, 2007 WL 3232267, at *2. This includes redacting names of third parties. *E. & J. Gallo Winery*, 2018 WL 4090585, at *3; *Del Campo.*, 2010 WL 3744436, at *4. |

| | | |
|---|---|---|
| Bullet Point No. 3; Lines Nos. 1-3; and<br><br>Bullet Point No. 3, Line 1. | | |
| Page 10<br><br>E-mail from F. Acott:<br><br>Paragraph 4, Line 13 | Name of unrelated third party | Redaction is appropriate "to protect an individual's privacy interest and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund*, 2007 WL 3232267, at *2. This includes redacting names of third parties. *E. & J. Gallo Winery,* 2018 WL 4090585, at *3; *Del Campo.,* 2010 WL 3744436, at *4. |
| Page 11<br><br>E-mail from F. Acott:<br><br>Bullet Point No. 7, Line 1 | Names of unrelated third parties | Redaction is appropriate "to protect an individual's privacy interest and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund*, 2007 WL 3232267, at *2. This includes redacting names of third parties. *E. & J. Gallo Winery,* 2018 WL 4090585, at *3; *Del Campo.,* 2010 WL 3744436, at *4. |

Paragraph 9: Facebook's Unopposed Sealing Requests

| *Facebook's <u>Unopposed</u> Sealing Requests*[2] |
|---|
| **Tab 3:** *ECF No. 201-4, Declaration of Dr. Atif Hashmi* |

| **ECF No. 201-4 Page & Line** | **Summary of Sealable Material** | **Basis for Redaction** |
|---|---|---|
| Page 2, Par. 5, Lines 23-25<br><br>Page 3, Par. 5, Lines 1-4<br><br>Page 3, Par. 6, Lines 5-6, Line, 7, Line 9, Line 11, Line 12-14, and Line 16<br><br>Page 3, Par. 7, Line 21 | Detailed description of Facebook's source code files and how they operate based on source code review | These limited redactions protect from disclosure details of Facebook's non-public, confidential, and proprietary source code relating to Potential Reach. The redacted language describes in detail the structure, functionality, and revision history of the source code, including the methodology for calculating Potential Reach estimates, and code created for modeling and data logging purposes. It includes specific source code file names and values, in addition to detailed descriptions of the code itself.<br><br>All of Dr. Hashmi's knowledge of the source code is based on his review of that code in accordance with the parties' Protective Order (ECF No. 81 § 9). Information about the functionality of Facebook's Potential Reach estimate methodology, the names of source code files, and source code revision history |

---

[2] If a given document contains sealing requests that Plaintiffs both do not oppose and those that they oppose, Facebook details the unopposed portions in this chart and the opposed portions in the chart below titled "Facebook's Sealing Requests <u>Opposed</u> By Plaintiffs."

| | | | are protectable as a trade secret. *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, 2016 WL 3129215, at *15 (N.D. Cal. June 2, 2016). The harm from the disclosure of source code is self-evident, because proprietary source code is "confidential technical information" that creates "a heightened risk of inadvertent disclosure," *id.* at *14, and its disclosure would harm Facebook's competitive standing, *Opperman v. Path, Inc.*, Case No. 13-cv-00453-JST, 2017 WL 1036652, at *2-3 (N.D. Cal. Mar. 17, 2017). Courts in this District thus routinely seal information that describes confidential source code. *See, e.g.*, *M.A. Mobile Ltd. v. Indian Inst. of Tech. Kharagpur*, 400 F. Supp. 3d 867, 896 (N.D. Cal. 2019) (granting request to seal discussions of source code in documents); *Opperman*, 2017 WL 1036652, at *2-3; *Karl Storz*, 2016 WL 3129215, at *14-15 (same); *Finjan, Inc. v. Proofpoint, Inc.*, Case No. 13-cv- 05808-HSG, 2015 WL 12977038, at *2 (N.D. Cal. Dec. 4, 2015). |
| Page 2, fns 1-3<br><br>Page 3, fn 4<br><br>Page 4, fns 5-8 | File directories for Facebook source code | These limited redactions protect from disclosure the specific file paths and directories for Facebook's non-public, confidential, and proprietary source code reviewed by Dr. Hashmi.<br><br>All of Dr. Hashmi's knowledge of the source code is because of his review of that code in accordance with the parties' Protective Order (ECF. No 81 ¶ 9). Information about the paths to Facebook's source code files reveal its structure and are protectable as a trade secret. *Karl Storz*, 2016 WL 3129215 at *14. The harm from the disclosure of source code is self-evident, because proprietary source code is "confidential technical information" that creates "a heightened risk of inadvertent disclosure," *id.* at *14, and its disclosure would harm Facebook's competitive standing, *Opperman*, 2017 WL 1036652, at *2-3. Courts in this District thus routinely seal information that describes confidential source code. *See, e.g.*, *M.A. Mobile*, 400 F. Supp. 3d at 896; *Opperman*, 2017 WL 1036652, at *2-3; *Karl Storz*, 2016 WL 3129215, at *14-15; *Finjan*, 2015 WL 12977038, at *2. |

**Tab 4:** *ECF No. 199-4, as modified by ECF No. 205-3[3], Plaintiffs' Discovery Dispute Letter*

| ECF Nos. 199-4 and 205-3 Page & Line | Summary of Sealable Material | Basis for Redaction |
|---|---|---|
| Page 1, Par. 2, Line 6 | Discussions of Facebook's source code and contemplated changes to Potential Reach methodology | These limited redactions protect from disclosure details of Facebook's non-public, confidential, and proprietary source code relating to Potential Reach. The redacted language describes in detail the structure, functionality, and revision history of the source code, including the methodology for calculating Potential Reach estimates and code created for modeling and data logging purposes and potential changes to the Potential Reach methodology. The language Facebook seeks to seal discusses configuration files in its source code.<br><br>All of Dr. Hashmi's knowledge of the source code is based on his review of that code in accordance with the parties' Protective Order (ECF. 81 § 9). Information about the functionality of Facebook's Potential Reach estimate methodology is protectable as a trade secret. The harm from the disclosure of source code is self-evident, because proprietary source code is "confidential technical information" that creates "a heightened risk of inadvertent disclosure," *Karl Storz*, 2016 WL 3129215, at *14, and its disclosure would harm Facebook's competitive standing, *Opperman*, 2017 WL 1036652, at *2-3. Courts in this District thus routinely seal information that describes confidential source code. *See, e.g.*, *M.A. Mobile*, 400 F. Supp. 3d at 896; *Opperman*, 2017 WL 1036652, at *2-3; *Karl Storz*, 2016 WL 3129215, at *14-15; *Finjan*, 2015 WL 12977038, at *2. |

**Tab 5:** *ECF No. 216-4, Facebook's Response to Plaintiffs' Discovery Dispute Letter*

| ECF No. 216-4 Page & Line | Summary of Sealable Material | Basis for Redaction |
|---|---|---|
| Page 1, fn 1, lines 2, 3, 6<br><br>Page 2, fn 2, line 1&2 | Description of source code function, file names, structure, revision history. | These limited redactions protect from disclosure details of Facebook's non-public, confidential, and proprietary source code relating to Potential Reach. The redacted language describes in detail the structure and functionality of the source code, including code created for modeling and data logging |

---

[3] ECF Nos. 199-4 and 205-3 are the same document, except that ECF No. 205-3 reflects Facebook's original sealing request that narrowed Plaintiffs' proposed redactions.

purposes. It includes specific source code file names and values.

These descriptions derive from Dr. Hashmi's declaration (ECF No. 201-4), and all of Dr. Hashmi's knowledge of the source code is based on his review of that code in accordance with the parties' Protective Order (ECF. 81 § 9). Information about the functionality of Facebook's Potential Reach estimate methodology is protectable as a trade secret. The harm from the disclosure of source code is self-evident, because proprietary source code is "confidential technical information" that creates "a heightened risk of inadvertent disclosure," *Karl Storz*, 2016 WL 3129215, at *14, and its disclosure would harm Facebook's competitive standing, *Opperman*, 2017 WL 1036652, at *2-3. Courts in this District thus routinely seal information that describes confidential source code. *See, e.g.*, *M.A. Mobile*, 400 F. Supp. 3d at 896; *Opperman*, 2017 WL 1036652, at *2-3; *Karl Storz*, 2016 WL 3129215, at *14-15; *Finjan*, 2015 WL 12977038, at *2.

| Tab 6: *ECF No. 216-6, Declaration of Zoe Cai* | | |
| --- | --- | --- |
| **ECF No. 216-6 Page & Line** | **Summary of Sealable Material** | **Basis for Redaction** |
| Page 1, Line 9<br><br>Page 1, Line 11<br><br>Page 1, Line 22<br><br>Page 2, Line 3<br><br>Page 2, Line 6<br><br>Page 2, Lines 7-8<br><br>Page 2, Line 9<br><br>Page 2, Line 10<br><br>Page 2, Lines 13-14<br><br>Page 2, Lines 15-16 | Declaration summarizing operation of Facebook's source code | These limited redactions protect from disclosure details of Facebook's non-public, confidential, and proprietary source code relating to Potential Reach. The redacted language describes in detail the structure, functionality, and revision history of the source code, including the methodology for calculating Potential Reach estimates, and code created for modeling and data logging purposes. It includes specific source code file names and values, in addition to detailed descriptions of the code itself.<br><br>The language Facebook seeks to seal discusses specifics of the operation of Facebook's Potential Reach source code, including what it calculates or may calculate, Facebook's ability to log data, configuration files in its source code, and other outputs from the code. Information about the functionality of and source code for Facebook's Potential Reach estimate methodology, the names of source code files, and paths to source code files are protectable as a trade secret. *Karl Storz*, 2016 WL 3129215, at *14. Additionally, information about the structure and organization of the source code is |

7

| Page 3, Line 1 Page 3, Line 14 | | protectable as a trade secret. *See Finjan,* 2016 WL 7911646, at *2 (redacting portions of the exhibits and reply brief are narrowly tailored to sealable information, including source code directories as well as confidential information relating to product operations).The harm from the disclosure of source code is self-evident, because proprietary source code is "confidential technical information" that creates "a heightened risk of inadvertent disclosure," *Karl Storz,* 2016 WL 3129215, at *14, and its disclosure would harm Facebook's competitive standing, *Opperman,* 2017 WL 1036652, at *2-3. Courts in this District thus routinely seal information that describes confidential source code. *See, e.g., M.A. Mobile,* 400 F. Supp. 3d at 896 (granting request to seal discussions of source code in documents); *Opperman,* 2017 WL 1036652, at *2-3; *Karl Storz,* 2016 WL 3129215, at *14-15 (same); *Finjan,* 2015 WL 12977038, at *2 (same). |
| **Tab 7: *ECF No. 228-14, Attachment 1 to Plaintiffs' Motion for Leave*** | | |
| **ECF No. 228-14 Page** | **Summary of Sealable Material** | **Basis for Redaction** |
| Pages 1, 2, and 3 | Email addresses | Consistent with Ninth Circuit case law, Federal Rule of Civil Procedure 5-2 and the Northern District of California's guidelines for "Redacting Sensitive Information," redaction of email addresses is warranted for privacy concerns and to protect the participants from risk of identity theft, harassment, or other related harm. *Ehret v. Uber Techs., Inc.*, No. 14-CV-00113-EMC, 2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015) (granting motion to seal "e-mail addresses of Uber employees" because "[w]hile the Uber employees are employed by a party in this case, their specific e-mail addresses are not relevant to the merits of the motion of this case"). |
| **Tab 8: *ECF No. 228-15, Attachment 2 to Plaintiffs' Motion for Leave*** | | |
| **ECF No. 228-15 Page** | **Summary of Sealable Material** | **Basis for Redaction** |
| Page 2 | Email addresses | Consistent with Ninth Circuit case law, Federal Rule of Civil Procedure 5-2 and the Northern District of California's guidelines for "Redacting Sensitive Information," redaction of email addresses is warranted for privacy concerns, and to protect the participants from risk of identity theft, harassment, or other related harm. *Ehret*, 2015 WL 12977024, at *3. |

| Tab 9: *ECF No. 228-16, Attachment 3 to Plaintiffs' Motion for Leave* | | |
| --- | --- | --- |
| **ECF No. 228-16 Page** | **Summary of Sealable Material** | **Basis for Redaction** |
| Page 1 | Email addresses | Consistent with Ninth Circuit case law, Federal Rule of Civil Procedure 5-2 and the Northern District of California's guidelines for "Redacting Sensitive Information," redaction of email addresses is warranted for privacy concerns, and to protect the participants from risk of identity theft, harassment, or other related harm. *Ehret*, 2015 WL 12977024, at *3. |

| Tab 10: *ECF No. 228-17, Attachment 4 to Plaintiffs' Motion for Leave* | | |
| --- | --- | --- |
| **ECF No. 228-17 Page** | **Summary of Sealable Material** | **Basis for Redaction** |
| Pages 1, 2, and 3 | Email addresses | Consistent with Ninth Circuit case law, Federal Rule of Civil Procedure 5-2 and the Northern District of California's guidelines for "Redacting Sensitive Information," redaction of email addresses is warranted for privacy concerns, and to protect the participants from risk of identity theft, harassment, or other related harm. *Ehret*, 2015 WL 12977024, at *3. |

| Tab 11: *ECF No. 228-19, Attachment 6 to Plaintiffs' Motion for Leave* | | |
| --- | --- | --- |
| **ECF No. 228-19 Page** | **Summary of Sealable Material** | **Basis for Redaction** |
| Page 1 | Email addresses | Consistent with Ninth Circuit case law, Federal Rule of Civil Procedure 5-2 and the Northern District of California's guidelines for "Redacting Sensitive Information," redaction of email addresses is warranted for privacy concerns, and to protect the participants from risk of identity theft, harassment, or other related harm. *Ehret*, 2015 WL 12977024, at *3. |

| Tab 12: *ECF No. 228-20, Attachment 7 to Plaintiffs' Motion for Leave* | | |
| --- | --- | --- |
| **ECF No. 228-20 Page** | **Summary of Sealable Material** | **Basis for Redaction** |
| Pages 1, 2, 4, 5, 6 and 7 | Email addresses | Consistent with Ninth Circuit case law, Federal Rule of Civil Procedure 5-2 and the Northern District of California's guidelines for "Redacting Sensitive Information," redaction of email addresses is warranted for privacy concerns, and to protect the participants from risk of identity theft, harassment, or other related harm. *Ehret*, 2015 WL 12977024, at *3. |

| Tab 13: *ECF No. 228-21, Attachment 8 to Plaintiffs' Motion for Leave* | | |
|---|---|---|
| **ECF No. 228-21 Page** | **Summary of Sealable Material** | **Basis for Redaction** |
| Page 1 | Email addresses | Consistent with Ninth Circuit case law, Federal Rule of Civil Procedure 5-2 and the Northern District of California's guidelines for "Redacting Sensitive Information," redaction of email addresses is warranted for privacy concerns, and to protect the participants from risk of identity theft, harassment, or other related harm. *Ehret*, 2015 WL 12977024, at *3. |

| Tab 14: *ECF No. 228-22, Attachment 9 to Plaintiffs' Motion for Leave* | | |
|---|---|---|
| **ECF No. 228-22 Page** | **Summary of Sealable Material** | **Basis for Redaction** |
| Page 1 | Email addresses | Consistent with Ninth Circuit case law, Federal Rule of Civil Procedure 5-2 and the Northern District of California's guidelines for "Redacting Sensitive Information," redaction of email addresses is warranted for privacy concerns, and to protect the participants from risk of identity theft, harassment, or other related harm. *Ehret*, 2015 WL 12977024, at *3. |

Paragraph 10: Facebook's Sealing Requests Opposed by Plaintiffs

| ***Facebook's Sealing Requests <u>Opposed</u> By Plaintiffs*** | | |
|---|---|---|
| **Tab 15: ECF Nos. 152-4, 159-4, 165-4, *Plaintiffs' Third Amended Consolidated Complaint*[4]** | | |
| **ECF No. 152-4, 159-4, 165-4 Page, Par., Line** | **Summary of Sealable Material** | **Basis for Redaction** |
| Page 18 ¶ 79, Lines 23-24 | Internal non-validated assessment of Potential Reach estimates, the estimate's underlying methodology and results, and contemplated product changes and strategies | There are compelling reasons to seal "[s]ources of business information that might harm a litigant's competitive strategy." *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *1 (N.D. Cal. June 30, 2015) (quoting *Nixon v. Warner Comm'cns, Inc.*, 435 U.S. 589, 597 (1978)). This recognized protection is broad and extends to "confidential information regarding [a defendant's] products, services, and business practices." *Ojmar US, LLC v. Sec. People, Inc.*, No. 16-CV-04948-HSG, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016); *see also Algarin v. Maybelline, LLC*, Civil No. 12cv3000 AJB (DHB), 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, |

---

[4] ECF Nos. 152-4, 159-4, 165-4 are identical versions of Plaintiffs' Third Amended Consolidated Complaint. To avoid repetition and for ease of review, Facebook addresses all three documents in one table and has only included one printed copy in the binder. Facebook also has consolidated in its chart any quotes that repeat throughout the Third Amended Consolidated Complaint.

2014) (granting motion to seal information in dispositive motion because disclosure of confidential business material, marketing strategies, advertising data, and product development plans could result in improper use by competitors); *see also Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1223 (Fed. Cir. 2013)-; *Space Data Corp. v. X, No. 16-CV-03260-BLF, 2017 WL 11503233, at *2 (N.D. Cal. Sept. 25, 2017)*; *Algarin, LLC*, 2014 WL 690410, at *3; *Rich v. Shrader*, No. 09cv652 AJB (BGS), 2013 WL 6028305, at *3-4 (S.D. Cal. Nov. 13, 2013) (granting application to seal business documents, modeling, and financial projections, because such information could be utilized by competitors seeking to gain an advantage).

These limited redactions protect confidential information, which Plaintiffs have selectively excerpted and taken out of context, about (a) Facebook's internal assessment of its competitively sensitive Potential Reach estimates for advertisers; (b) contemplated changes to Potential Reach methodology and strategies for certain markets; and (c) modeling related to potential revisions to the methodology. The redacted language contains specific analyses, includes figures resulting from modeling, relating to the effects of contemplated changes to Potential Reach in certain markets to inform strategic decision-making. Disclosure would reveal information about Facebook's internal deliberative processes regarding product development decisions, which could be exploited by Facebook's competitors that also provide an estimation of audience size to advertisers, causing competitive harm. *See Edwards Lifesciences Corp. v. Meril Life Scis. PVT. Ltd.*, 2020 WL 6118533, at *11 (N.D. Cal. Oct. 16, 2020) (granting request to seal sensitive proprietary information about Meril's clinical and regulatory strategies for a product). This information, which comes from preliminary, untested, and non-validated modeling, is not publicly disclosed by Facebook. Disclosure of these untested, unvalidated figures would create a risk of confusion to the public by providing an incomplete view of traditionally confidential contemplated product changes. *See In re Incretin* 2015 WL 11658712, at *3.

| Tab 3: *ECF No. 201-4, Declaration of Dr. Atif Hashmi* | | |
| --- | --- | --- |
| **ECF No. 201-4 Page, Par., Line** | **Summary of Sealable Material** | **Basis for Redaction** |
| Page 2, Par. 5, Lines 19-25 to Page 3, Lines 1-4 | Detailed description of Facebook's source code files | These limited redactions protect from disclosure details of Facebook's non-public, confidential, and proprietary source code relating to Potential Reach. The redacted |

11

| Page 3, Par. 6, Lines 5-16<br><br>Page 3, Par. 7, Lines 17-23<br><br>Page 3, Par. 8, Lines 24-25 to Page 6, Line 1<br><br>Page 4, Par. 9, Lines 2-5 | and how they operate based on source code review | language describes in detail the structure, functionality, and revision history of the source code, including the methodology for calculating Potential Reach estimates, and code created for modeling and data logging purposes. It includes specific source code file names and values, in addition to detailed descriptions of the code itself.<br><br>All of Dr. Hashmi's knowledge of the source code is based on his review of that code in accordance with the parties' Protective Order (ECF No. 81 § 9). Information about the functionality of Facebook's Potential Reach estimate methodology, the names of source code files, and source code revision history are protectable as a trade secret. *Karl Storz*, 2016 WL 3129215, at *15. The harm from the disclosure of source code is self-evident, because proprietary source code is "confidential technical information" that creates "a heightened risk of inadvertent disclosure," *id.* at *14, and its disclosure would harm Facebook's competitive standing, *Opperman*, 2017 WL 1036652, at *2-3. Courts in this District thus routinely seal information that describes confidential source code. *See, e.g.*, *M.A. Mobile*, 400 F. Supp. 3d at 896; *Opperman*, 2017 WL 1036652, at *2-3; *Karl Storz*, 2016 WL 3129215, at *14-15 (same); *Finjan,*, 2015 WL 12977038, at *2. |

**Tab 4:** *ECF No. 199-4, as modified by ECF No. 205-3[5], Plaintiffs' Discovery Letter Brief*

| ECF Nos. 199-4 and 205-3<br>Page, Par., Line | Summary of Sealable Material | Basis for Redaction |
|---|---|---|
| Page 1, Par 2, Lines 6-7<br><br>Page 2, Par. 1, Lines 3-4<br><br>Page 2, Par. 1, Lines 4-6<br><br>Page 2, fn. 2, Lines 1-3 | Discussions of Facebook's source code and contemplated changes to Potential Reach methodology | These limited redactions protect from disclosure details of Facebook's non-public, confidential, and proprietary source code for the Potential Reach methodology, including what purports to be the functionality of the source code of and methodology for Facebook's Potential Reach estimate tool and contemplated changes thereto. The language Facebook seeks to seal discusses specifics of the operation of Facebook's Potential Reach source code, including what it calculates or may calculate, Facebook's ability to log data, configuration files in its source code, other outputs from the code, as well as the structure, functionality, and revision history of the source code. It includes specific source code file names and values, in addition to detailed descriptions of the code itself. |

---

[5] ECF Nos. 199-4 and 205-3 are the same document, except that ECF No. 205-3 reflects Facebook's original sealing request, which narrowed Plaintiffs' original proposed redactions.

| | | |
|---|---|---|
| | | Information about the functionality of Facebook's Potential Reach estimate methodology is protectable as a trade secret. The harm from the disclosure of source code is self-evident, because proprietary source code is "confidential technical information" that creates "a heightened risk of inadvertent disclosure," *Karl Storz*, 2016 WL 3129215, at *14, and its disclosure would harm Facebook's competitive standing, *Opperman*, 2017 WL 1036652, at *2-3. Courts in this District thus routinely seal information that describes confidential source code. *See, e.g.*, *M.A. Mobile*, 400 F. Supp. 3d at 896; *Opperman*, 2017 WL 1036652, at *2-3; *Karl Storz*, 2016 WL 3129215, at *14-15; *Finjan*, 2015 WL 12977038, at *2. |
| | | Further, the language at issue also is sensitive because it reflects (a) the Potential Reach estimate's methodology and results; and (b) contemplated product changes and strategies, including potential revisions to the methodology and Potential Reach code. Revealing such information publicly would harm Facebook's competitive strategy because Facebook's competitors provide a similar disclosure like Potential Reach to advertisers and they could use the mischaracterized, out-of-context quotes to mislead the public and exploit details about Potential Reach and Facebook's internal deliberations about contemplated product changes to their own advantage by comparing their advertising products more favorably. |

**Tab 5:** *ECF No. 216-4, Facebook's Response to Plaintiffs' Discovery Dispute Letter*

| ECF No. 216-4 Page and Line | Summary of Sealable Material | Basis for Redaction |
|---|---|---|
| Page 1, Line 11-16, 18-21, 23-24, and 26 | Internal assessment of potential impact of contemplated changes to Potential Reach estimates | There are compelling reasons to seal "[s]ources of business information that might harm a litigant's competitive strategy." *Music Grp. Macao*, 2015 WL 3993147, at *1. This recognized protection is broad and extends to "confidential information regarding [a defendant's] products, services, and business practices." *Ojmar*, 2016 WL 6091543, at *2; *see also* *Apple*, 727 F.3d at 1223-24; *Space Data Corp.*, 2017 WL 11503233, at *2; *Algarin, LLC*, 2014 WL 690410, at *3; *Rich v. Shrader*, No. 09cv652 AJB (BGS), 2013 WL 6028305, at *3-4 (S.D. Cal. Nov. 13, 2013) (granting application to seal business documents, modeling, and financial projections, because such information could be utilized by competitors seeking to gain an advantage). |

13

| | | | |
|---|---|---|---|
| | | | These limited redactions protect confidential information, which Plaintiffs have selectively excerpted and taken out of context, about (a) a Facebook employee's internal assessment of its competitively sensitive Potential Reach estimates for advertisers; and (b) contemplated changes to Potential Reach to incorporate new modeling methodologies. The redacted language contains information about specific analyses, including modeling, conducted by a Facebook employee about contemplated changes to Potential Reach to inform strategic decision-making. Disclosure would reveal information about Facebook's internal deliberative processes regarding product development decisions, which could be exploited by Facebook's competitors that also provide an estimation of audience size to advertisers, causing competitive harm. In addition, disclosure of untested, non-validated information about modeling, which was not vetted for public disclosure, would create a risk of confusion to the public by providing an incomplete view of traditionally confidential contemplated product changes. *See In re Incretin*, 2015 WL 11658712, at *3. |
| Page 1, fn 1, Lines 3-6<br><br>Page 2, fn 2 | Description of source code function, file names, structure, revision history | | These limited redactions protect from disclosure details of Facebook's non-public, confidential, and proprietary source code relating to Potential Reach. The redacted language describes in detail the structure and functionality of the source code, including code created for modeling and data logging purposes. It includes specific source code file names and values and revision history.<br><br>These descriptions derive from Dr. Hashmi's declaration (ECF No. 201-4), and all of Dr. Hashmi's knowledge of the source code is based on his review of that code in accordance with the parties' Protective Order (ECF. 81 § 9). Information about the functionality of Facebook's Potential Reach estimate methodology is protectable as a trade secret. The harm from the disclosure of source code is self-evident, because proprietary source code is "confidential technical information" that creates "a heightened risk of inadvertent disclosure," *Karl Storz*, 2016 WL 3129215, at *14, and its disclosure would harm Facebook's competitive standing, *Opperman*, 2017 WL 1036652, at *2-3. Courts in this District thus routinely seal information that describes confidential source code. *See, e.g., M.A. Mobile*, 400 F. Supp. 3d at 896; *Opperman*, 2017 WL 1036652, at *2-3; *Karl Storz*, 2016 |

| | | WL 3129215, at *14-15; *Finjan*, 2015 WL 12977038, at *2. |
|---|---|---|
| Page 3, Lines 9-13 and 15-16 | Explanation summarizing operation of Facebook's source code | These limited redactions protect from disclosure details of Facebook's non-public, confidential, and proprietary source code relating to Potential Reach. The redacted language describes in detail the structure, functionality, and revision history of the source code, including the methodology for calculating Potential Reach estimates, and code created for modeling and data logging purposes. It includes specific source code file names and values, in addition to detailed descriptions of the code itself. |
| | | The language Facebook seeks to seal, which derives from the Declaration of Zoe Cai (ECF No. 216-4), discusses specifics of the operation of Facebook's Potential Reach source code, including what it calculates or may calculate, Facebook's ability to log data, configuration files in its source code, and other outputs from the code. Information about the functionality of and source code for Facebook's Potential Reach estimate methodology, the names of source code files, and paths to source code files are protectable as a trade secret. *Karl Storz*, 2016 WL 3129215, at *14. Additionally, information about the structure and organization of the source code is protectable as a trade secret. *See Finjan*, 2016 WL 7911646, at *2 (redacting portions of the exhibits and reply brief are narrowly tailored to sealable information, including source code directories as well as confidential information relating to product operations). The harm from the disclosure of source code is self-evident, because proprietary source code is "confidential technical information" that creates "a heightened risk of inadvertent disclosure," *Karl Storz*, 2016 WL 3129215, at *14, and its disclosure would harm Facebook's competitive standing, *Opperman*, 2017 WL 1036652, at *2-3. Courts in this District thus routinely seal information that describes confidential source code. *See, e.g.*, *M.A. Mobile*, 400 F. Supp. 3d at 896 (granting request to seal discussions of source code in documents); *Opperman*, 2017 WL 1036652, at *2-3; *Karl Storz*, 2016 WL 3129215, at *14-15 (same); *Finjan*, 2015 WL 12977038, at *2 (same). |
| | | |

**Tab 6: *ECF No. 216-6, Declaration of Zoe Cai***

| ECF No. 216-6 Par. & Line | Summary of Sealable Material | Basis for Redaction |
|---|---|---|
| | | |

| Par. 1, Lines 4-5<br><br>Par. 7<br><br>Par. 9, Lines 19-26 | Declaration summarizing operation of Facebook's source code | These limited redactions protect from disclosure details of Facebook's non-public, confidential, and proprietary source code relating to Potential Reach. The redacted language describes in detail the structure, functionality, and revision history of the source code, including the methodology for calculating Potential Reach estimates, and code created for modeling and data logging purposes. It includes specific source code file names and values, in addition to detailed descriptions of the code itself.<br><br>The language Facebook seeks to seal discusses specifics of the operation of Facebook's Potential Reach source code, including what it calculates or may calculate, Facebook's ability to log data, configuration files in its source code, and other outputs from the code. Information about the functionality of and source code for Facebook's Potential Reach estimate methodology, the names of source code files, and paths to source code files are protectable as a trade secret. *Karl Storz*, 2016 WL 3129215, at *14. Additionally, information about the structure and organization of the source code is protectable as a trade secret. *See Finjan,* 2016 WL 7911646, at *2 (redacting portions of the exhibits and reply brief are narrowly tailored to sealable information, including source code directories as well as confidential information relating to product operations).The harm from the disclosure of source code is self-evident, because proprietary source code is "confidential technical information" that creates "a heightened risk of inadvertent disclosure," *Karl Storz*, 2016 WL 3129215, at *14, and its disclosure would harm Facebook's competitive standing, *Opperman*, 2017 WL 1036652, at *2-3. Courts in this District thus routinely seal information that describes confidential source code. *See, e.g., M.A. Mobile*, 400 F. Supp. 3d at 896 (granting request to seal discussions of source code in documents); *Opperman*, 2017 WL 1036652, at *2-3; *Karl Storz*, 2016 WL 3129215, at *14-15 (same); *Finjan*, 2015 WL 12977038, at *2 (same). |
| Par. 2<br><br>Par. 3<br><br>Par. 4<br><br>Par. 5: Page 1 Lines 24-27 and Page 2 Line 1<br><br>Par. 6 | Declaration summarizing operation of Facebook's source code, including file names | These limited redactions protect from disclosure details of Facebook's non-public, confidential, and proprietary source code for the Potential Reach methodology, including what purports to be the functionality of the source code of and methodology for Facebook's Potential Reach estimate tool and contemplated changes thereto. The language Facebook seeks to seal discusses specifics of the operation of Facebook's Potential Reach source code, including what it calculates or may calculate, which is a trade secret. *See Karl Storz*, 2016 WL 312915, at *14. |

| | | Further, the language at issue also is sensitive because it reflects (a) the Potential Reach estimate's methodology and results; (b) contemplated product changes and strategies, including potential revisions to the methodology and Potential Reach code; and (c) analyses of the potential impact from such changes. Facebook's competitors provide a similar disclosure like Potential Reach to advertisers and they could use mischaracterized, out-of-context information to exploit details about Potential Reach, Facebook's internal deliberations about contemplated product changes, and internal analyses of its advertising business that had not yet been validated to compare their own products and gain an unfair advantage. *See Edwards*, 2020 WL 6118533, at *11; *Uniloc*, 2020 WL 7626430, at *13. |

**Tab 7: *ECF No. 228-14, Attachment 1 to Plaintiffs' Motion for Leave***

| ECF No. 228-14 Page | Summary of Sealable Material | Basis for Redaction |
|---|---|---|
| Sept. 2017 Correspondence from Alex Schultz, Page 1 | Discussing details about calculating Facebook's Potential Reach estimates, ad and other metrics | The limited redactions protect information about (a) Facebook's internal assessment of its competitively sensitive Potential Reach estimates for advertisers; (b) the Potential Reach estimate's methodology and results, including specific information about underlying inputs into the methodology and how Facebook deals with location and targeting information; and (c) contemplated product changes and strategies, including potential revisions to the methodology. The proposed limited redactions also contain statements about product decisions and details about fake accounts on Facebook, such as its internal mechanisms to detect fake accounts and the distributions of fake accounts, and including unvetted statements about the number of fake accounts that is publicly reported in Facebook's securities filings. There is good cause to seal such "business information that might harm a litigant's competitive strategy." *Music Grp. Macao*, 2015 WL 3993147, at *1. Confidential financial information are routinely sealed as materials that may be used to harass or harm a party's competitive standing. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008).

Further, Facebook's competitors provide a similar disclosure like Potential Reach to advertisers and they could exploit details about Potential Reach, Facebook's internal deliberations about contemplated product changes, and internal analyses of its advertising business, and gain an unfair advantage. Disclosure of |

| | | preliminary discussions is particularly sensitive given the risk of harm to Facebook's advertising business. |

| **Tab 16:** *ECF No. 228-18, Attachment 5 to Plaintiffs' Motion for Leave* | | |
|---|---|---|
| **ECF No. 228-18 Page** | **Summary of Sealable Material** | **Basis for Redaction** |
| 9/8/2017 Document Titled "Ads XFN – Reach Estimation", Pages 1-4 | Portion of document including notes from a meeting discussing Potential Reach estimates, and names of third parties | The limited redactions protect information, that Plaintiffs take out of context, about (a) Facebook's internal, ongoing assessment of its competitively sensitive Potential Reach estimates for advertisers; (b) the Potential Reach estimate's methodology and results; and (c) contemplated product changes and strategies, including potential revisions to the methodology. There is good cause to seal such "business information that might harm a litigant's competitive strategy." *Music Grp.*, 2015 WL 3993147, at *1. This protection is broad and extends to "confidential information regarding [a defendant's] products, services, and business practices." *Ojmar*, 2016 WL 6091543, at *2. |
| | | Further, Facebook's competitors provide a similar disclosure like Potential Reach to advertisers and they could use the mischaracterized, out-of-context quotes to mislead the public and exploit details about Potential Reach, Facebook's internal deliberations about contemplated product changes, and internal analyses of its advertising business, and gain an unfair advantage. Disclosure of preliminary discussions is particularly sensitive given the risk of harm to Facebook's advertising business. |

| **Tab 12:** *ECF No. 228-20, Attachment 7 to Plaintiffs' Motion for Leave* | | |
|---|---|---|
| **ECF No. 228-20 Page** | **Summary of Sealable Material** | **Basis for Redaction** |
| Page 6: Email from Joel Jones | Email discussing draft language for public disclosures and internal modeling analyses | These limited redactions protect confidential information, which Plaintiffs have selectively excerpted and taken out of context, about a Facebook employee's internal assessment of users with multiple accounts on Facebook's platform and Facebook's estimates of such accounts in its user base. The redacted language reflects preliminary and speculative internal deliberative processes regarding product development decisions and the effect of contemplated changes in its modeling of users with multiple accounts, could be exploited by Facebook's competitors that also provide an estimation of audience size to advertisers, causing competitive |

|  |  | harm. In addition, disclosure of untested, non-validated information about modeling and user accounts, which was not vetted for public disclosure, would create a risk of confusion to the public by providing an incomplete view of traditionally confidential contemplated product changes. *See In re Incretin*, 2015 WL 11658712, at *3. |
|---|---|---|

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 1, 2021 in Washington, DC.

By: ___/s/ Geoffrey Graber_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 1, 2021 in San Francisco, CA.

By: ___/s/ Nicole C. Valco___

## **ATTORNEY ATTESTATION**

I, Nicole C. Valco, attest that concurrence in the filing of this Joint Declaration of Plaintiffs' and Defense Counsel in Support of Omnibus Motion to Seal, Filed Pursuant to January 8, 2021 Order, ECF 253, has been obtained from the signatory. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 1st day of February 2021, in San Francisco, California.

*/s/ Nicole C. Valco*
Nicole C, Valco
of LATHAM & WATKINS LLP