UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DZ RESERVE AND CAIN MAXWELL (D/B/A MAX MARTIALIS), individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>      v.<br><br>FACEBOOK, INC.,<br><br>            Defendant. | Case No.  3:18-cv-04978-JD<br><br>**ORDER RE MOTION TO DISMISS**<br><br>Re: Dkt. No. 177 |

        This order follows two rulings on motions to dismiss prior iterations of the complaint.  *See* Dkt. Nos. 83, 130.  Facebook asks to dismiss the fraud and contract-related claims in the third amended complaint (TAC), Dkt. No. 166[1], under Federal Rules of Civil Procedure 9(b) and 12(b)(6).  Dkt. No. 177.  This third, and the Court expects last, pleadings motion is granted and denied in part.

        The parties' familiarity with the governing legal standards and the Court's prior orders is assumed.  Facebook's request to dismiss the fraudulent misrepresentation and fraudulent concealment claims for lack of sufficient specificity under Rule 9(b) is denied.  The Court has already sustained the adequacy of the fraud allegations for purposes of the California Unfair Competition Law claim, Cal. Bus. & Prof. Code § 17200 *et seq*., *see* Dkt. No. 83, and the amended fraud claims are based on the same facts and course of conduct.  The allegations are "specific enough to give defendants notice of the particular misconduct…so that they can defend against the charge and not just deny that they have done anything wrong."  *Kearns v. Ford Motor*

_____

[1] The TAC is subject to a pending motion to seal.  Dkt. No. 254.  Until that motion is decided, the Court cites on an interim basis the redacted versions of the TAC and motion papers.

United States District Court<br>Northern District of California

1    *Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal citations and quotations omitted).  The concrete

2    and non-conclusory allegations supporting the fraud claims include statements that the Potential

3    Reach metric is inflated (Dkt. No. 166 ¶¶ 39-52), the inflation was material to potential users (*id.*

4    ¶¶ 53-59), Facebook knew of problems with Potential Reach and tried to hide them (*id.* ¶¶ 61-90),

5    and that plaintiffs relied upon the Potential Reach metric when purchasing ads (*id.* ¶¶ 97-99, 104-

6    106).  This is enough as a pleadings matter for the fraud claims to go forward.

7           The claim for breach of the implied covenant of good faith and fair dealing is dismissed

8    with prejudice.  In substance, the claim does not go beyond the breach of contract claim that the

9    Court dismissed with prejudice in a prior order.  *See* Dkt. No. 130.  As a general proposition, the

10   implied covenant does not exist "independent of its contractual underpinnings," *FormFactor, Inc.*

11   *v. MarTek, Inc.*, No. 14-cv-01122-JD, 2015 WL 367653, at *6 (N.D. Cal. Jan. 28, 2015), and is

12   not an avenue to re-plead a breach of contract claim that has been dismissed.  While there are

13   some rare situations when a breach of the covenant might be a plausible claim without a breach of

14   the contract itself, this is not one of them.

15          The quasi-contract claim is also dismissed with prejudice.  Plaintiffs allege that they

16   entered into a contract with Facebook for advertising services.  *See, e.g.,* Dkt. No. 166 ¶ 136.  An

17   "action based on an implied-in-fact or quasi-contract cannot lie where there exists between the

18   parties a valid express contract covering the same subject matter." *Lance Camper Mfg. Corp. v.*

19   *Republic Indem. Co.*, 44 Cal. App. 4th 194, 203 (1996).  Plaintiffs have not shown that the quasi-

20   contract claim is anything other than coterminous with the terms of the ad contract.

21          With respect to the time bar issue Facebook raised, plaintiffs agree they will not pursue the

22   fraud claims for events preceding August 15, 2015, which is three years prior to the filing of the

23   original complaint.  *See* Dkt. No. 182 at 15.  Facebook accepts this date, Dkt. No. 186 at 10, and

24   the claims will be so limited.

25          At this point, after multiple rounds of complaint amendments and motions to dismiss, the

26   pleadings are in final form.  The next stop for the parties is trial or possibly summary judgement,

27   if the requirements of Rule 56 can be satisfied.  To that end, the parties are reminded to take into

28

United States District Court
Northern District of California

2

account the Court's decision in *FTC v. D-Link Systems, Inc.*, No. cv-17-00039-JD, 2018 WL

6040192 (N.D. Cal. Nov. 5, 2018).

**IT IS SO ORDERED.**

Dated:  February 12, 2021

_____

JAMES DONATO
United States District Judge