LATHAM & WATKINS LLP
Elizabeth L. Deeley (CA Bar No. 230798)
  *elizabeth.deeley@lw.com*
Melanie M. Blunschi (CA Bar No. 234264)
  *melanie.blunschi@lw.com*
Nicole C. Valco (CA Bar No. 258506)
  *nicole.valco@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA  94111-6538
Telephone:  +1.415.391.0600
Facsimile:  +1.415.395.8095

Susan E. Engel (*pro hac vice*)
  *susan.engel@lw.com*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Telephone:  +1.202.637.2200
Facsimile:  +1.202.637.2201

Hilary H. Mattis (CA Bar No. 271498)
  *hilary.mattis@lw.com*
140 Scott Drive
Menlo Park, CA  94025-1008
Telephone: +1.650.328.4600
Facsimile: +1.650.463.2600

*Attorneys for Defendant Facebook, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DZ Reserve, and Cain Maxwell (d/b/a Max Martialis) individually and on behalf of others similarly situated,<br><br>                              Plaintiffs,<br><br>                    v.<br><br>FACEBOOK, INC.,<br><br>                              Defendant. | Case No. 3:18-cv-004978 JD<br><br>**FACEBOOK, INC.'S ANSWER TO THE THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Hon. James Donato |

LATHAM&WATKINS LLF
ATTORNEYS AT LAW
SAN FRANCISCO

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD

## ANSWER TO THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Defendant Facebook, Inc. ("Facebook"), by and through its undersigned counsel, hereby answers and asserts defenses to the claims and allegations made by Plaintiffs DZ Reserve, and Cain Maxwell (d/b/a Max Martialis) ("Plaintiffs") in their Third Amended Consolidated Class Action Complaint ("TAC"). Facebook denies all allegations in the Complaint, including all allegations contained in section headings, footnotes, or other portions of the TAC that are not contained within the specifically numbered paragraphs of the TAC, except as expressly admitted herein. Numbered paragraphs below correspond to the like-numbered paragraphs in the TAC.

### INTRODUCTION[1]

1.      Facebook admits that it is a platform that enables people to communicate with each other on mobile devices and personal computers. Facebook admits that the excerpted language in the first sentence of Paragraph 1 appears in Facebook, Inc.'s Form 10-K for the fiscal year ended December 31, 2017, but is incomplete and must be read in its entirety. Facebook refers to its Form 10-K for the fiscal year ended December 31, 2017 from which this language is excerpted for a true and complete statement of its contents, and denies all allegations inconsistent with the statements contained therein and the surrounding context. Facebook admits that it reported annual advertising revenue of $39.942 billion for the year ending on December 31, 2017. Except as specifically admitted, Facebook denies the allegations in Paragraph 1.

2.      Facebook admits that its products enable advertisers to reach many people within the Facebook user base. Facebook admits that, as of December 31, 2020, it reported 2.8 billion monthly active users globally. Except as specifically admitted, Facebook denies the allegations in Paragraph 2.

---

[1] The TAC contains section titles and other organizational headings to which no response is required. To the extent any such section titles or other organizational headings in the TAC are construed to contain substantive allegations to which a response is required, they are hereby denied. To the extent Facebook uses terms defined in the TAC in this Answer, such use is not an acknowledgement or admission of any characterization Plaintiffs seek to associate with any such defined term.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD

3.     Facebook admits that Potential Reach estimates how many people an ad could potentially reach depending on the targeting and ad placement options the advertiser selects while creating an ad.  Facebook admits that the excerpted language in the second sentence of Paragraph 3 appears in a Help Center article on its website, but is incomplete and must be read in its entirety.  Facebook refers to the article for a true and complete statement of its contents, and denies all allegations inconsistent with the statements contained therein and their surrounding context.  Facebook admits that, depending on the targeting and ad placement options the advertiser selects while creating an ad, the Potential Reach estimate may be greater than one million people.  Facebook admits that, if there is enough data available, Estimated Daily Reach estimates how many people an ad can reach per day if the advertiser spends its full budget (for a daily budget) or is scheduled to (for a lifetime budget), based on factors like past campaign performance data, the budget entered by the advertiser, and market data.  Facebook admits that the excerpted language in the last sentence of Paragraph 3 appears in a Help Center article on its website, but is incomplete and must be read in its entirety, and Facebook denies that the language in brackets appeared in the article.  Facebook refers to the Help Center article for a true and complete statement of its contents, and denies all allegations inconsistent with the statements contained therein and the surrounding context, including Plaintiffs' alterations to and characterizations of such statements.  Except as specifically admitted, Facebook denies the allegations in Paragraph 3.

4.     Facebook lacks knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations about unidentified "publicly available research," "publicly available data," and "Plaintiffs' own analysis," and on that basis denies them.  Facebook otherwise denies the allegations in Paragraph 4.

5.     Facebook admits that the excerpted language in the third and fourth sentences of Paragraph 5 appears in an internal document produced by Facebook in this litigation and written by the product manager for Potential Reach, but denies that the excerpted language accurately describes why Facebook did not implement certain changes to the Potential Reach methodology.  The excerpted language is incomplete and the document must be read in its entirety, and in the

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD

context of other documents, data, information, and discussions. Facebook refers to the document excerpted in the third and fourth sentences of Paragraph 5 for a true and complete statement of its contents, and denies all allegations inconsistent with the statements contained therein and the surrounding context, including Plaintiffs' characterizations of such statements. Facebook admits that Plaintiffs seek compensation and injunctive relief on behalf of themselves and the putative class, but denies that Plaintiffs are entitled to any relief or that this action can be properly maintained as a class action. Except as specifically admitted, Facebook denies the allegations in Paragraph 5.

## JURISDICTION

6.      Paragraph 6 states legal conclusions to which no response is required. To the extent a response is required, Facebook denies that the Court has subject matter jurisdiction because Plaintiffs lack Article III standing and denies that this matter is suitable for class treatment. Facebook otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and on that basis denies them.

7.      Facebook admits that it is headquartered and conducts business in California. The remaining allegations are legal conclusions to which no response is required. For the avoidance of doubt, Facebook does not dispute this Court's personal jurisdiction over it in this action.

8.      Paragraph 8 states legal conclusions to which no response is required. For the avoidance of doubt, Facebook does not dispute venue in this Court for this action. Facebook reserves all rights to challenge venue should Plaintiffs seek to advance claims on behalf of putative class members outside the United States.

## PARTIES

9.      Facebook is informed and believes that DZ Reserve is incorporated and headquartered in the state of Colorado.

10.      Facebook is informed and believes that Cain Maxwell lives in Ohio.

11.      Facebook admits that it is incorporated under the laws of the State of Delaware and has its corporate headquarters and principal place of business in Menlo Park, California.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD

**FACTUAL ALLEGATIONS**

12.    Facebook admits that it is a platform that enables people to communicate with each other on mobile devices and personal computers, and that it offers a number of products, including Facebook, Instagram, and WhatsApp.  Except as specifically admitted, Facebook denies the allegations in Paragraph 12.

13.    Facebook admits that, as of December 31, 2017, it reported annual advertising revenue of $39.942 billion in 2017.  Except as specifically admitted, Facebook denies the allegations in Paragraph 13.

14.    Facebook admits that, as of December 31, 2017, it reported 2.13 billion monthly active users globally.  Except as specifically admitted, Facebook denies the allegations in Paragraph 14.

15.    Facebook admits that on March 12, 2019, it publicly announced "Updates to Potential Reach" in a Help Center article referenced in footnote 10.  Facebook refers to the referenced article for a true and complete statement of its contents, and denies all allegations inconsistent with the statements contained therein and the surrounding context, including Plaintiffs' characterizations of such statements.  Facebook admits that, since this update, a campaign's estimated potential reach is based on how many people have been shown an ad on a Facebook Product in the past 30 days who match the desired audience and placement criteria.  Facebook admits that, before this update, it based estimates on people who were active users in the past 30 days.  Except as specifically admitted, Facebook denies the allegations in Paragraph 15.

16.    Facebook admits that it defined Monthly Active Users ("MAU") in Facebook, Inc.'s Form 10-K for the fiscal year ended December 31, 2017 as a "registered Facebook user who logged in and visited Facebook through our website or a mobile device, or used our Messenger application (and is also a registered Facebook user), in the last 30 days as of the date of measurement.  MAUs are a measure of the size of our global active user community."  The excerpted language is incomplete and must be read in its entirety, and Facebook refers to its Form 10-K for the fiscal year ended December 31, 2017 for a true and complete statement of its

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

4

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD

contents, and denies all allegations inconsistent with the statements contained therein and the surrounding context. Except as specifically admitted, Facebook denies the allegations in Paragraph 16.

17. Facebook denies the allegations in Paragraph 17.

18. Facebook admits that the excerpted language in Paragraph 18 appears in the Video Advertising Bureau Report "Facebook's Reach (on Reach), Miscalculations in the Age of Precision" referenced in footnote 14 ("VAB Report"), except that the TAC includes a typographical error (*i.e.*, "plain" should read "plan"), and refers to the VAB Report for a true and complete statement of its contents. Except as specifically admitted, Facebook denies the allegations in Paragraph 18.

19. Facebook denies the allegations in Paragraph 19.

20. Facebook admits that the excerpted language in Paragraph 20 appears in an online article "4 Reasons Why You Can't Ignore Facebook Advertising" referenced in footnote 16, and refers to the referenced article for a true and complete statement of its contents. Except as specifically admitted, Facebook denies the allegations in Paragraph 20.

21. Facebook admits that the excerpted language in Paragraph 21 appears without the added emphasis in an online article "Why Facebook Has To Be Included in Your Marketing Plan" referenced in footnote 17, and refers to the referenced article for a true and complete statement of its contents. Except as specifically admitted, Facebook denies the allegations in Paragraph 21.

22. Facebook denies the allegations in Paragraph 22, and refers to the article referenced in footnote 18 for a true and complete statement of its contents.

I.    **Facebook's Representations to Advertisers**

23. Facebook admits that the excerpted language in Paragraph 23 appears on its website at the link referenced in footnote 19, but is incomplete and must be read in its entirety. Facebook refers to the referenced website link for a true and complete statement of its contents, and denies all allegations inconsistent with the statements contained therein and the surrounding

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD

context, including Plaintiffs' characterizations of such statements.  Except as specifically admitted, Facebook denies the allegations in Paragraph 23.

24.    Facebook admits that the excerpted language in Paragraph 24 appeared on its website at the link referenced in footnote 20, but is incomplete and must be read in its entirety. Facebook refers to the referenced website link as it appeared on the date of the TAC for a true and complete statement of its contents, and denies all allegations inconsistent with the statements contained therein and the surrounding context, including Plaintiffs' characterizations of such statements.  Except as specifically admitted, Facebook denies the allegations in Paragraph 24.

25.    Facebook admits that Ads Manager is a unified ad creation tool where advertisers can create and publish ads to Facebook, Instagram, Messenger, or Audience Network.  Except as specifically admitted, Facebook denies the allegations in Paragraph 25.

26.    Paragraph 26 contains allegations relating to Plaintiffs' breach of contract claim, which the Court dismissed in its Order dated February 12, 2021, Dkt. No. 255, and to which no response is required.  To the extent a response is required, Facebook denies the allegations in Paragraph 26.

27.    Facebook admits that the excerpted language in the last sentence of Paragraph 27 appeared in a Help Center article on its website, but is incomplete and must be read in its entirety, and Facebook denies that the language in brackets appears in the referenced article.  Facebook refers to the article for a true and complete statement of its contents, and denies all allegations inconsistent with the statements contained therein and the surrounding context, including Plaintiffs' alteration to or characterizations of such statements.  Except as specifically admitted, Facebook denies the allegations in Paragraph 27.

28.    Paragraph 28 contains allegations relating to Plaintiffs' breach of contract claim, which the Court dismissed in its Order dated February 12, 2021, Dkt. No. 255, and to which no response is required.  To the extent a response is required, Facebook admits that Potential Reach and Estimated Daily Reach estimates are available for free on Ads Manager to anybody who uses Ads Manager, whether they purchase advertisements or not.  Except as specifically admitted, Facebook denies the allegations in Paragraph 28.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD

29.    Facebook admits that there are various options available to advertisers when choosing a target audience for their ad sets on Ads Manager, including, for example, location, age, gender, language, detailed targeting (for including or excluding people from an audience based on criteria such as demographics, interests, or behaviors), connections, and Custom Audiences.  Facebook lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Figure 1, including the criteria allegedly selected by Cohen Milstein attorney Brian Johnson to create the screenshot, and on that basis denies them.  Except as specifically admitted, Facebook denies the allegations in Paragraph 29.

30.    Facebook admits that Potential Reach estimates update in real time during the ad creation experience, reflecting the ad targeting placement options selected by the advertiser. Facebook lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Figure 2, including the criteria allegedly selected by an unidentified person to create the screenshot, and on that basis denies them.  Except as specifically admitted, Facebook denies the allegations in Paragraph 30.

31.    Facebook admits that Potential Reach estimates are available for free on Ads Manager to anybody who uses Ads Manager, whether they purchase advertisements or not. Facebook admits that Potential Reach estimates update in real time during the ad creation experience, reflecting the ad targeting placement options selected by the advertiser.  Facebook lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Figure 2, including the criteria allegedly selected by an unidentified person to create the screenshot, and on that basis denies them.  Except as specifically admitted, Facebook denies the allegations in Paragraph 31.

32.    Facebook admits that Potential Reach estimates how many people an ad could potentially reach depending on the targeting and ad placement options an advertiser selects while creating an ad.  Except as specifically admitted, Facebook denies the allegations in Paragraph 32.

33.    Facebook admits that Potential Reach and Estimated Daily Reach estimates appear on Ads Manager, including, when available, on the page where advertisers set budget and schedule for their ad sets.  Facebook admits that Ads Manager is a Facebook tool that lets

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD

advertisers create and manage their Facebook ads and allows them to view, make changes and see results for all their Facebook campaigns, ad sets and ads. Facebook lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Exhibit 1, including the criteria allegedly selected by an unidentified person to create the screenshot, and on that basis denies them. Except as specifically admitted, Facebook denies the allegations in Paragraph 33.

34.     Facebook admits that the excerpted language in Paragraph 34 appeared without the added emphasis on its website when an advertiser hovered over the "i" icon next to Potential Reach, but is incomplete and must be read in its entirety. Facebook refers to the referenced website as it appeared on the date of the TAC for a true and complete statement of its contents, and denies all allegations inconsistent with the statements contained therein and the surrounding context. Facebook admits that the excerpted language in Figure 3 appeared on its website, but is incomplete and must be read in its entirety. Facebook refers to the referenced website for a true and complete statement of its contents, and denies all allegations inconsistent with the statements contained therein and the surrounding context. Except as specifically admitted, Facebook denies the allegations in Paragraph 34.

35.     Facebook denies the allegations in Paragraph 35.

36.     Facebook admits that the excerpted language in Paragraph 36 appeared without the added emphasis on its website, and that the portion omitted from Paragraph 36 with ellipses stated that "This estimation is a unique calculation by Facebook (more on our methodology below) and isn't intended to align with third party calculations or population census data." The excerpted language in Paragraph 36 is incomplete and must be read in its entirety. Facebook refers to the referenced website as it appeared on the date of the TAC for a true and complete statement of its contents, and denies all allegations inconsistent with the statements contained therein and the surrounding context. Facebook admits that the excerpted language in Figure 4 appeared on its website, but is incomplete and must be read in its entirety. Facebook refers to the referenced website for a true and complete statement of its contents, and denies all allegations

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD

inconsistent with the statements contained therein and the surrounding context. Except as specifically admitted, Facebook denies the allegations in Paragraph 36.

37. Facebook admits that the excerpted language in Paragraph 37 appeared in a Help Center article on its website referenced in footnote 23, but is incomplete and must be read in its entirety. Facebook refers to the referenced website as it appeared on the date of the TAC for a true and complete statement of its contents, and denies all allegations inconsistent with the statements contained therein and the surrounding context. Except as specifically admitted, Facebook denies the allegations in Paragraph 37.

## II.    Facebook's Potential Reach is Inflated

38. Facebook admits that the United States Census Bureau's "American Fact Finder" referenced in footnote 24 estimated that in 2017, the U.S. population included over 325 million individuals, with over 250 million adults over 18 years old, and refers to the U.S. Census Bureau's "American Fact Finder" for a true and complete statement of its contents. Except as specifically admitted, Facebook denies the allegations in Paragraph 38.

39. Facebook lacks knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 39 regarding the Potential Reach estimate displayed for users over the age of 18 in the U.S. on an undisclosed date with an undisclosed selection of placement criteria, and on that basis denies them. Facebook otherwise denies the allegations in Paragraph 39.

40. Facebook admits that Pew Research Center published a report titled "Social Media Use in 2018," as referenced in Paragraph 40 and footnote 26, and refers to that report for a true and complete statement of its contents. Facebook otherwise denies the allegations in Paragraph 40.

41. Facebook lacks knowledge or information necessary to form a belief as to the truth of the allegations regarding the Potential Reach estimate displayed for certain states on an undisclosed date with an undisclosed selection of targeting and placement criteria, and on that basis denies them. Facebook otherwise denies the allegations in Paragraph 41

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD

42.     Facebook lacks knowledge of information sufficient to form a belief as to the truth of the allegations regarding what is important to an undefined group of advertisers in Paragraph 42, and on that basis denies them.  Facebook otherwise denies the allegations in Paragraph 42.

43.     Facebook admits that the United States Census Bureau's "American Fact Finder" referenced in footnote 30 estimated that in 2017, the U.S. population included under 76 million individuals aged between 18-34, and refers to the U.S. Census Bureau's "American Fact Finder" for a true and complete statement of its contents.  Facebook lacks knowledge or information sufficient to form a belief as to the truth of the allegations about the Potential Reach estimate displayed for 18-34 year olds in the United States on an undisclosed date with an undisclosed selection of targeting and placement criteria, and on that basis denies them.  Except as specifically admitted, Facebook denies the allegations in Paragraph 43.

44.     Facebook lacks knowledge or information necessary to form a belief as to the truth of the allegations regarding the Potential Reach estimate for 18-34 year-old non-resident travelers in the United States on an undisclosed date and with an undisclosed selection of targeting and placement criteria, and on that basis denies them.  Facebook otherwise denies the allegations in Paragraph 44 and Figure 5, and refers to the VAB Report excerpted in Figure 5 for a true and complete statement of its contents.

45.     Facebook denies the allegations in Paragraph 45 and Figure 6, and refers to the VAB Report excerpted in Figure 6 for a true and complete statement of its contents.

46.     Facebook denies the allegations in Paragraph 46, and notes that Paragraph 46 refers to, but does not include, a chart.

47.     Facebook lacks knowledge or information necessary to form a belief as to the truth of the allegations regarding the Potential Reach estimates displayed for various cities in September 2017 with an undisclosed selection of targeting and placement criteria, and on that basis denies them.  Facebook otherwise denies the allegations in Paragraph 47, and refers to the VAB Report excerpted in Paragraph 47 and referenced in footnote 34 for a true and complete statement of its contents.

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD

48.    Facebook denies the allegations in Paragraph 48.

49.    Facebook lacks knowledge or information necessary to form a belief as to the truth of the allegations regarding Plaintiffs' survey and regarding the Potential Reach estimate displayed for Chicago in September 2017 with an undisclosed selection of targeting and placement criteria, and on that basis denies them.  Facebook otherwise denies the allegations in Paragraph 49, and refers to the VAB Report referenced in footnote 35 for a true and complete statement of its contents.

50.    Facebook lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' survey and regarding the Potential Reach estimate displayed for 18-34 year olds in Chicago in September 2017 with an undisclosed selection of targeting and placement criteria, and on that basis denies them.  Facebook otherwise denies the allegations in Paragraph 50.

51.    Facebook lacks knowledge or information necessary to form a belief as to the truth of the allegations regarding the Potential Reach estimate displayed for 18-54 year olds in the Kansas City metropolitan area on an undisclosed date with an undisclosed selection of targeting and placement criteria, and on that basis denies them.  Facebook otherwise denies the allegations in Paragraph 51.

52.    Facebook lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' survey, and on that basis denies them.  Facebook otherwise denies the allegations in Paragraph 52.

III.    **Facebook's User Base Inflation is Material**

53.    Facebook denies the allegations in Paragraph 53.

54.    Facebook denies the allegations in Paragraph 54.

55.    Facebook denies the allegations in Paragraph 55.

56.    Facebook denies the allegations in Paragraph 56.

57.    Facebook denies the allegations in Paragraph 57.

58.    Facebook denies the allegations in Paragraph 58.

59.    Facebook denies the allegations in Paragraph 59.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD

**NEW FACTUAL ALLEGATIONS**

60.     Facebook denies the allegations in Paragraph 60.

61.     Facebook admits that the excerpted language in the second sentence and block quote in Paragraph 61 appears without the added emphasis in an internal document produced by Facebook in this litigation, but is incomplete and the document must be read in its entirety, and in the context of other documents, data, information, and discussions.  Facebook refers to the document excerpted in Paragraph 61 for a true and complete statement of its contents, and denies all allegations inconsistent with the statements contained therein and the surrounding context, including Plaintiffs' alterations to and characterizations of such statements.   Except as specifically admitted, Facebook denies the allegations in Paragraph 61.

62.     Facebook denies the allegations in Paragraph 62.

63.     Facebook admits that the UK Advertising Standards Authority communicated with Facebook employees about Facebook's Potential Reach estimate in December 2016. Except as specifically admitted, Facebook denies the allegations in Paragraph 63.

64.     Facebook admits that, in September 2017, the Video Advertising Bureau published "Facebook's Reach (on Reach), Miscalculations in the Age of Precision" ("VAB Report"), and refers to the VAB Report for a true and complete statement of its contents and denies all allegations inconsistent with the statements contained therein and the surrounding context, including Plaintiffs' characterizations of such statements.   Facebook admits that Plaintiffs cite the VAB Report in their Second Amended Complaint and Third Amended Complaint.  Except as specifically admitted, Facebook denies the allegations in Paragraph 64.

65.     Facebook admits that the excerpted language in the first sentence of Paragraph 65 appears in an internal document produced by Facebook in this litigation, but is incomplete and the document must be read in its entirety, and in the context of other documents, data, information, and discussions. Facebook refers to the document excerpted in the first sentence of Paragraph 65 for a true and complete statement of its contents, and denies all allegations inconsistent with the statements contained therein and the surrounding context, including

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD

Plaintiffs' characterizations of such statements. Except as specifically admitted, Facebook denies the allegations in Paragraph 65.

66. Facebook admits that the excerpted language in the block quote in Paragraph 66 appears in an internal document produced by Facebook in this litigation, but is incomplete and the document must be read in its entirety, and in the context of other documents, data, information, and discussions. Facebook refers to the document excerpted in Paragraph 66 for a true and complete statement of its contents, and denies all allegations inconsistent with the statements contained therein and the surrounding context, including Plaintiffs' characterizations of such statements. In particular, Facebook denies Plaintiffs' implication that the excerpted document indicates that Ms. Sandberg knew about "problems" with Potential Reach —and specifically the "problems" that Plaintiffs allege—and failed to act on them. The referenced email refers to challenges stemming from the accuracy of self-reported age data from users. Except as specifically admitted, Facebook denies the allegations in Paragraph 66.

67. Facebook admits that the excerpted language in Paragraph 67 appears in an internal document produced by Facebook in this litigation, but is incomplete and the document must be read in its entirety, and in the context of other documents, data, information, and discussions. Facebook refers to the document excerpted in Paragraph 67 for a true and complete statement of its contents, and denies all allegations inconsistent with the statements contained therein and the surrounding context, including Plaintiffs' characterizations of such statements. In particular, Facebook denies Plaintiffs' implication that a Facebook Vice President or its executives believed Facebook over reported its Potential reach metric and failed to act. Except as specifically admitted, Facebook denies the allegations in Paragraph 67.

68. Facebook admits that Potential Reach estimates how many people an ad could potentially reach depending on the targeting and ad placement options an advertiser selects while creating an ad. Except as specifically admitted, Facebook denies the allegations in Paragraph 68.

69. Facebook admits that the excerpted language in Paragraph 69 appears in an internal document produced by Facebook in this litigation, but denies that the excerpted language was stated by an "executive" or "repeatedly." This excerpted language is incomplete and the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD

document must be read in its entirety, and in the context of other documents, data, information, and discussions, and Facebook refers to the document excerpted in Paragraph 69 for a true and complete statement of its contents, and denies all allegations inconsistent with the statements contained therein and the surrounding context, including Plaintiffs' characterizations of such statements and the author of the excerpted statement. Except as specifically admitted, Facebook denies the allegations in Paragraph 69.

70.    Facebook denies the allegations in Paragraph 70.

71.    Facebook denies the allegations in Paragraph 71.

72.    Facebook admits that the excerpted language in the block quote in Paragraph 72 appears in an internal document produced by Facebook in this litigation, but is incomplete and the document must be read in its entirety, and in the context of other documents, data, information, and discussions. Facebook refers to the document excerpted in Paragraph 72 for a true and complete statement of its contents, and denies all allegations inconsistent with the statements contained therein and the surrounding context, including Plaintiffs' characterizations of such statements. Except as specifically admitted, Facebook denies the allegations in Paragraph 72.

73.    Facebook admits that Mr. Wehner has not specifically discussed Facebook's Potential Reach calculation on an earnings call. Except as specifically admitted, Facebook denies the allegations in Paragraph 73.

74.    Facebook admits that the first excerpted language in the last sentence of Paragraph 74 appears without the language in brackets in an internal document produced by Facebook in this litigation, but denies that this excerpted language is referring to the Monthly Active Users metric reported in Facebook's SEC filings. Facebook admits that the second excerpted language in the last sentence of Paragraph 74 appears in an internal document produced by Facebook in this litigation, but denies that this excerpted language is referring to the Monthly Active Users metric reported in Facebook's SEC filings. The excerpted language is incomplete and the two documents in which they appear must be read in their entirety, and in the context of other documents, data, information, and discussions, and Facebook refers to the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD

two documents excerpted in the last sentence of Paragraph 74 for a true and complete statement of their contents, and denies all allegations inconsistent with the statements contained therein and the surrounding context, including Plaintiffs' alterations to and characterizations of such statements.  In particular, Facebook denies the implication that its Potential Reach estimates are based on the same data as its Monthly Active User metric (they are not) or use the same calculation methodology as its Monthly Active User metric (they do not).  Except as specifically admitted, Facebook denies the allegations in Paragraph 74.

75.    Facebook admits that the excerpted language in the second sentence in Paragraph 75 appears in an internal document produced by Facebook in this litigation, but is incomplete and the document must be read in its entirety, and in the context of other documents, data, information, and discussions.  Facebook refers to the document excerpted in Paragraph 75 for a true and complete statement of its contents, and denies all allegations inconsistent with the statements contained therein and the surrounding context, including Plaintiffs' characterizations of such statements.  In particular, Facebook denies the implication that its Potential Reach estimates are based on the same data as its Monthly Active User metric (they are not) or use the same calculation methodology as its Monthly Active User metric (they do not).  Except as specifically admitted, Facebook denies the allegations in Paragraph 75.

76.    Facebook admits that the excerpted language in the second sentence and block quote in Paragraph 76 appears without the bracketed language in an internal document produced by Facebook in this litigation, but is incomplete and the document must be read in its entirety, and in the context of other documents, data, information, and discussions.  Facebook refers to the document excerpted in Paragraph 76 for a true and complete statement of its contents, and denies all allegations inconsistent with the statements contained therein and the surrounding context, including Plaintiffs' alterations to and characterizations of such statements.  Except as specifically admitted, Facebook denies the allegations in Paragraph 76.

77.    Facebook denies the allegations in Paragraph 77.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD

78.     Facebook admits that Facebook employees discussed Potential Reach at meetings in 2018, including at a meeting on April 19, 2018.  Except as specifically admitted, Facebook denies the allegations in Paragraph 78.

79.     Facebook admits that the excerpted language in the block quote in Paragraph 79 appears without the bracketed language and alterations in an internal document produced by Facebook in this litigation, but denies that the preliminary information included in this excerpt reflected the results of "extensive analysis" or reflected that proposed changes "would" generate more reliable Potential Reach estimates.  The excerpted language is incomplete and the document must be read in its entirety, and in the context of other documents, data, information, and discussions, and Facebook refers to the document quoted in Paragraph 79 for a true and complete statement of its contents, and denies all allegations inconsistent with the statements contained therein and the surrounding context, including Plaintiffs' alterations to and characterizations of such statements.  Except as specifically admitted, Facebook denies the allegations in Paragraph 79.

80.     Facebook admits that Yaron Fidler was the former Product Manager for Potential Reach.  Facebook admits that the excerpted language in the second sentence in Paragraph 80 appears in an internal document produced by Facebook in this litigation, but denies that the preliminary information in the excerpted language accurately reflects the impact of removing duplicate accounts from Potential Reach estimates.  The excerpted language is incomplete and the document must be read in its entirety, and in the context of other documents, data, information, and discussions, and Facebook refers to the document excerpted in Paragraph 80 for a true and complete statement of its contents, and denies all allegations inconsistent with the statements contained therein and the surrounding context, including Plaintiffs' characterizations of such statements.  Except as specifically admitted, Facebook denies the allegations in Paragraph 80.

81.     Facebook denies the allegations in Paragraph 81.

82.     Facebook admits that the excerpted language in the block quote in Paragraph 82 appears without emphasis in an internal document produced by Facebook in this litigation, but

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD

denies that the proposed changes represented a "solution" and further denies that the excerpted language accurately describes "one [of] the main [] objections" to any proposed change to Potential Reach estimation. The excerpted language is incomplete and the document must be read in its entirety, and in the context of other documents, data, information, and discussions, and Facebook refers to the document excerpted in Paragraph 82 for a true and complete statement of its contents, and denies all allegations inconsistent with the statements contained therein and the surrounding context, including Plaintiffs' alterations to and characterizations of such statements. Except as specifically admitted, Facebook denies the allegations in Paragraph 82.

83. Facebook admits that the excerpted language in Paragraph 83 appears without emphasis in an internal document produced by Facebook in this litigation, but is incomplete and the document must be read in its entirety, and in the context of other documents, data, information, and discussions. Facebook refers to the document excerpted in Paragraph 83 for a true and complete statement of its contents, and denies all allegations inconsistent with the statements contained therein and the surrounding context, including Plaintiffs' alterations to and characterizations of such statements. Except as specifically admitted, Facebook denies the allegations in Paragraph 83.

84. Facebook admits that Mr. Fidler attended a meeting with the Central Metrics XFN relating to Potential Reach estimates on April 12, 2018. Facebook admits that the excerpted language in the last sentence of Paragraph 84 appears in an internal document produced by Facebook in this litigation, but denies that the proposals described represented a viable "fix" for any alleged problems with Potential Reach. The excerpted statement is incomplete and the document must be read in its entirety, and in the context of other documents, data, information, and discussions, and Facebook refers to the document quoted in the last sentence of Paragraph 84 for a true and complete statement of its contents, and denies all allegations inconsistent with the statements contained therein and the surrounding context, including Plaintiffs' characterizations of such statements. Except as specifically admitted, Facebook denies the allegations in Paragraph 84.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD

85.    Facebook admits that the excerpted language in the block quote in Paragraph 85 appears without emphasis or alteration in an internal document produced by Facebook in this litigation and was sent by a Central Metrics XFN member, but the quoted language is incomplete and the document must be read in its entirety, and in the context of other documents, data, information, and discussions.  Facebook refers to the document excerpted in Paragraph 85 for a true and complete statement of its contents, and denies all allegations inconsistent with the statements contained therein and the surrounding context, including Plaintiffs' alterations to and characterizations of such statements.  Except as specifically admitted, Facebook denies the allegations in Paragraph 85.

86.    Facebook admits that the excerpted language in the last sentence of Paragraph 86 appears in an internal document produced by Facebook in this litigation, but the excerpted language is incomplete and the document must be read in its entirety, and in the context of other documents, data, information, and discussions.  Facebook refers to the document excerpted in the last sentence of Paragraph 86 for a true and complete statement of its contents, and denies all allegations inconsistent with the statements contained therein and the surrounding context, including Plaintiffs' characterizations of such statements.  Except as specifically admitted, Facebook denies the allegations in Paragraph 86.

87.    Facebook admits that the excerpted language in the second and third sentences of Paragraph 87 appears in an internal document produced by Facebook in this litigation, but the excerpted language is incomplete and the document must be read in its entirety, and in the context of other documents, data, information, and discussions.  Facebook refers to the document excerpted in the second and third sentences of Paragraph 87 for a true and complete statement of its contents, and denies all allegations inconsistent with the statements contained therein and the surrounding context, including Plaintiffs' characterizations of such statements.  Except as specifically admitted, Facebook denies the allegations in Paragraph 87.

88.    Facebook admits that the excerpted language in Paragraph 88 appears in an internal document produced by Facebook in this litigation, but denies that the internal document reflects agreement by multiple employees.  The excerpted language is incomplete and the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD

document must be read in its entirety, and in the context of other documents, data, information, and discussions, and Facebook refers to the document excerpted in Paragraph 88 for a true and complete statement of its contents, and denies all allegations inconsistent with the statements contained therein and the surrounding context, including Plaintiffs' characterizations of such statements.  Except as specifically admitted, Facebook denies the allegations in Paragraph 88.

89.     Facebook admits that on March 12, 2019, it publicly announced that it had made a change to the Potential Reach methodology in a Help Center article on Facebook's website, but denies that this change was based on a discovery that Potential Reach included users who were never served advertisements.  Except as specifically admitted, Facebook denies the allegations in Paragraph 89.

90.     Facebook denies the allegations in Paragraph 90.

91.     Facebook admits that the excerpted language in the second sentence of Paragraph 91 appears in an instant message conversation in a document produced by Facebook in this litigation, but denies that the excerpted language is referring to Facebook's Potential Reach calculation.  The excerpted language is incomplete and the document must be read in its entirety, and in the context of other documents, data, information, and discussions, and Facebook refers to the document excerpted in the second sentence of Paragraph 91 for a true and complete statement of its contents, and denies all allegations inconsistent with the statements contained therein and the surrounding context, including Plaintiffs' alterations to and characterizations of such statements.  Facebook admits that Mr. Fidler voluntarily left Facebook effective in or about November 2018.  Except as specifically admitted, Facebook denies the allegations in Paragraph 91 and footnote 39.

92.     Facebook admits that it provides Potential Reach estimates of how many people an ad could potentially reach depending on the targeting and ad placement options an advertiser selects while creating an ad.  Except as specifically admitted, Facebook denies the allegations in Paragraph 92.

## PLAINTIFFS' EXPERIENCES

93.     Facebook denies the allegations in Paragraph 93.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD

**DZ Reserve**

94.    Facebook is informed and believes that DZ Reserve is incorporated and headquartered in the state of Colorado.

95.    Facebook is informed and believes that DZ Reserve operates several e-commerce stores.

96.    Facebook admits that Plaintiff DZ Reserve ran advertising campaigns on Facebook and Instagram between at least December 2017 and December 2018, but denies that Dan Ziernicki's advertising campaigns on Facebook and Instagram were limited to that date range; Dan Ziernicki placed ads on Facebook and Instagram both before December 2017 and after December 2018.  Except as specifically admitted, Facebook denies the allegations in Paragraph 96.

97.    Facebook admits that, from December 2017 and December 2018, Plaintiff DZ Reserve spent over $1 million dollars on Facebook advertising. Except as specifically admitted, Facebook denies the allegations in Paragraph 97.

98.    Facebook denies the allegations in Paragraph 98.

99.    Facebook denies the allegations in Paragraph 99.

100.    Facebook admits that Plaintiff DZ Reserve has run advertising campaigns at the national level, but denies that DZ Reserve ran campaigns targeted at specific cities in the United States, including Los Angeles or New York City.  Except as specifically admitted, Facebook denies the allegations in Paragraph 100.

101.    Facebook denies the allegations in Paragraph 101.

**Cain Maxwell**

102.    Facebook is informed and believes that Cain Maxwell lives in Ohio.

103.    Facebook admits that Plaintiff Maxwell ran advertising campaigns on Facebook, Instagram, and Messenger between September 2018 and May 2019.  Except as specifically admitted, Facebook denies the allegations in Paragraph 103.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD

104.    Facebook admits that, between September 2018 and May 2019, Plaintiff Maxwell paid less than $400 for Facebook advertisements.  Except as specifically admitted, Facebook denies the allegations in Paragraph 104.

105.    Facebook denies the allegations in Paragraph 105.

106.    Facebook denies the allegations in Paragraph 106.

107.    Facebook admits that Plaintiff Maxwell has run advertising campaigns targeted to people living in or recently in the United States, as well as targeted to other criteria, including, for example, people interested in Amazon.com, Tactical Shooter, Concealed Carry, and Every Day Carry.  Except as specifically admitted, Facebook denies the allegations in Paragraph 107.

108.    Facebook denies the allegations in Paragraph 108.

## CLASS ALLEGATIONS

109.    Facebook hereby incorporates by reference its answers to Paragraphs 1-108 of the TAC.

110.    Paragraph 110 sets forth Plaintiffs' proposed class definition and does not require a response.  Facebook denies that this action can be properly maintained as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

111.    Paragraph 111 states legal conclusions to which no response is required. Facebook denies that this action can be properly maintained as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.  To the extent a response is required, Facebook denies the allegations in Paragraph 111.

112.    Paragraph 112 states legal conclusions to which no response is required. Facebook denies that this action can be properly maintained as a class action.  To the extent a response is required, Facebook denies the allegations in Paragraph 112.  Facebook reserves all rights to challenge any expansion, subdivision, or modification of the class.

113.    Paragraph 113 states legal conclusions to which no response is required. Facebook denies that this action can be properly maintained as a class action.  To the extent a response is required, Facebook denies the allegations in Paragraph 113.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

21

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD

114.    Paragraph 114 states legal conclusions to which no response is required. Facebook denies that this action can be properly maintained as a class action. To the extent a response is required, Facebook denies the allegations in Paragraph 114

115.    Paragraph 115 states legal conclusions to which no response is required. Facebook denies that this action can be properly maintained as a class action. To the extent a response is required, Facebook denies the allegations in Paragraph 115.

116.    Paragraph 116 states legal conclusions to which no response is required. Facebook denies that this action can be properly maintained as a class action. To the extent a response is required, Facebook denies the allegations in Paragraph 116.

117.    Paragraph 117 states legal conclusions to which no response is required. Facebook denies that this action can be properly maintained as a class action. To the extent a response is required, Facebook denies the allegations in Paragraph 117.

118.    Paragraph 118 states legal conclusions to which no response is required. Facebook denies that this action can be properly maintained as a class action. To the extent a response is required, Facebook denies the allegations in Paragraph 118.

119.    Paragraph 119 states legal conclusions to which no response is required. Facebook denies that this action can be properly maintained as a class action. To the extent a response is required, Facebook denies the allegations in Paragraph 119.

120.    Paragraph 120 states legal conclusions to which no response is required. Facebook denies that this action can be properly maintained under Rule 23(b)(3) of the Federal Rules of Civil Procedure. To the extent a response is required, Facebook denies the allegations in Paragraph 120.

### FIRST CAUSE OF ACTION
### CALIFORNIA UNFAIR COMPETITION LAW,
### CAL. BUS. & PROF. CODE § 17200, et seq.

121.    Facebook hereby incorporates by reference its answers to Paragraphs 1-120 of the TAC.

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD

122. Paragraph 122 states legal conclusions to which no response is required. To the extent a response is required, Facebook denies the allegations in Paragraph 122.

123. Paragraph 123 states legal conclusions to which no response is required. To the extent a response is required, Facebook denies the allegations in Paragraph 123.

124. Paragraph 124 states legal conclusions to which no response is required. To the extent a response is required, Facebook denies the allegations in Paragraph 124.

125. Paragraph 125 states legal conclusions to which no response is required. To the extent a response is required, Facebook denies the allegations in Paragraph 125.

126. Paragraph 126 states legal conclusions to which no response is required. To the extent a response is required, Facebook denies the allegations in Paragraph 126.

127. Facebook denies the allegations in Paragraph 127.

128. Paragraph 128 states legal conclusions to which no response is required. To the extent a response is required, Facebook denies the allegations in Paragraph 128.

129. Facebook admits that Plaintiffs seek equitable relief on behalf of themselves and the putative class, but denies that Plaintiffs are entitled to any relief. Except as specifically admitted, Facebook denies the allegations in Paragraph 129.

## SECOND CAUSE OF ACTION
## QUASI-CONTRACT CLAIM FOR RESTITUTION

130. Facebook hereby incorporates by reference its answers to Paragraphs 1-129 of the TAC.

131. Paragraph 131 contains allegations relating to Plaintiffs' quasi-contract claim, which the Court dismissed in its Order dated February 12, 2021, Dkt. No. 255, and to which no response is required. To the extent a response is required, Facebook denies the allegations in Paragraph 131.

132. Paragraph 132 relates to Plaintiffs' quasi-contract claim, which the Court dismissed in its Order dated February 12, 2021, Dkt. No. 255, and to which no response is required. To the extent a response is required, Facebook denies the allegations in Paragraph 132.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

23

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD

133.    Paragraph 133 relates to Plaintiffs' quasi-contract claim, which the Court dismissed in its Order dated February 12, 2021, Dkt. No. 255, and to which no response is required.  To the extent a response is required, Facebook denies the allegations in Paragraph 133.

134.    Paragraph 134 relates to Plaintiffs' quasi-contract claim, which the Court dismissed in its Order dated February 12, 2021, Dkt. No. 255, and to which no response is required.  To the extent a response is required, Facebook denies the allegations in Paragraph 134.

## THIRD CAUSE OF ACTION
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

135.    Facebook hereby incorporates by reference its answers to Paragraphs 1-134 of the TAC.

136.    Paragraph 136 relates to Plaintiffs' implied covenant of good faith and fair dealing claim, which the Court dismissed in its Order dated February 12, 2021, Dkt. No. 255, and to which no response is required.  To the extent a response is required, Facebook denies the allegations in Paragraph 136.

137.    Paragraph 137 relates to Plaintiffs' implied covenant of good faith and fair dealing claim, which the Court dismissed in its Order dated February 12, 2021, Dkt. No. 255, and to which no response is required.  To the extent a response is required, Facebook denies the allegations in Paragraph 137.

138.    Paragraph 138 relates to Plaintiffs' implied covenant of good faith and fair dealing claim, which the Court dismissed in its Order dated February 12, 2021, Dkt. No. 255, and to which no response is required.  To the extent a response is required, Facebook denies the allegations in Paragraph 138.

139.    Paragraph 139 relates to Plaintiffs' implied covenant of good faith and fair dealing claim, which the Court dismissed in its Order dated February 12, 2021, Dkt. No. 255, and to which no response is required.  To the extent a response is required, Facebook denies the allegations in Paragraph 139.

140.    Paragraph 140 relates to Plaintiffs' implied covenant of good faith and fair dealing claim, which the Court dismissed in its Order dated February 12, 2021, Dkt. No. 255,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD

and to which no response is required. To the extent a response is required, Facebook denies the allegations in Paragraph 140.

141. Paragraph 141 relates to Plaintiffs' implied covenant of good faith and fair dealing claim, which the Court dismissed in its Order dated February 12, 2021, Dkt. No. 255, and to which no response is required. To the extent a response is required, Facebook denies the allegations in Paragraph 141.

## FOURTH CAUSE OF ACTION
## FRAUDULENT MISREPRESENTATION

142. Facebook hereby incorporates by reference its answers to Paragraphs 1-141 of the TAC.

143. Facebook denies the allegations in Paragraph 143.

144. Facebook denies the allegations in Paragraph 144.

145. Facebook denies the allegations in Paragraph 145.

146. Facebook denies the allegations in Paragraph 146.

147. Paragraph 147 states legal conclusions to which no response is required. To the extent a response is required, Facebook denies the allegations in Paragraph 147.

148. Facebook admits that Plaintiffs seek compensatory and punitive damages on behalf of themselves and the putative class, but denies that Plaintiffs are entitled to any relief. Except as specifically admitted, Facebook denies the allegations in Paragraph 148.

## FIFTH CAUSE OF ACTION
## FRAUDULENT CONCEALMENT

149. Facebook hereby incorporates by reference its answers to Paragraphs 1-148 of the TAC.

150. Facebook denies the allegations in Paragraph 150.

151. Facebook admits that Mr. Wehner has not specifically discussed Facebook's Potential Reach calculation on an earnings call. Facebook otherwise denies the allegations in Paragraph 151. In particular, Facebook denies the implication that its Potential Reach estimates

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

25

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD

are based on the same data as its Monthly Active User metric (they are not) or use the same calculation methodology as its Monthly Active User metric (they do not).

152.    Facebook denies the allegations in Paragraph 152.

153.    Paragraph 153 states legal conclusions to which no response is required.  To the extent a response is required, Facebook denies the allegations in Paragraph 153.

154.    Paragraph 154 states legal conclusions to which no response is required.  To the extent a response is required, Facebook denies the allegations in Paragraph 154.

155.    Paragraph 155 states legal conclusions to which no response is required.  To the extent a response is required, Facebook denies the allegations in Paragraph 155.

156.    Facebook denies the allegations in Paragraph 156.

157.    Facebook denies the allegations in Paragraph 157.

158.    Facebook denies the allegations in Paragraph 158.

159.    Facebook denies the allegations in Paragraph 159.

160.    Facebook admits that Plaintiffs seek compensatory and punitive damages on behalf of themselves and the putative class, but denies that Plaintiffs are entitled to any relief. Except as specifically admitted, Facebook denies the allegations in Paragraph 160.

## AFFIRMATIVE DEFENSES

Facebook asserts the following separate affirmative defenses to Plaintiffs' Third Amended Consolidated Class Action Complaint, without assuming the burden of proof on such defenses that would otherwise fall on Plaintiffs.  Facebook reserves the right to supplement or amend these defenses as discovery is conducted, and does not knowingly or intentionally waive any applicable affirmative defense.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Third Amended Consolidated Complaint, and each and every claim alleged therein, fail to state facts sufficient to constitute a cause of action upon which relief may be granted.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

26

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

Named Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, because they have not suffered injury in fact and have not lost money or property because of the acts or practices complained of.

## THIRD AFFIRMATIVE DEFENSE

### (Limitation of Liability)

The named Plaintiffs and each and every member of the purported class are barred from recovery based upon the terms of their contract with Facebook, which expressly makes no guarantee about the reach, performance, or activity that advertisements will receive or that Facebook's products will function without imperfections.  The named Plaintiffs and each and every member of the purported class are barred from recovering any alleged damages that exceed the limitations of liability as set forth in their contracts with Facebook.

## FOURTH AFFIRMATIVE DEFENSE

### (Not Suitable for Class Treatment)

This action is not suitable for class action treatment under Federal Rule of Civil Procedure 23 for any requested form of relief.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The named Plaintiffs and each and every member of the purported class are barred from recovery, in whole or in part, by the applicable statute of limitations periods. *See* CAL. BUS. & PROF. CODE § 17208 (four year statute of limitations period for claims brought under the Unfair Competition Law); CAL. C. CIV. P. § 338(d) (three year statute of limitations period for claims brought based on fraud); *see also* Dkt. 255 (Order on Facebook's Motion to Dismiss the Third Amended Complaint), at 2.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

27

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD

## SIXTH AFFIRMATIVE DEFENSE

### (No Reliance)

Named Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, because they did not rely on any representations or statements alleged to have been made by Facebook or any actionable omission attributed to Facebook.

## SEVENTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

Named Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, because Facebook's conduct was not the proximate cause of any damage or injury allegedly suffered by Plaintiffs and each and every member of the purported class.

## EIGHTH AFFIRMATIVE DEFENSE

### (Consent)

Named Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, by the doctrine of consent.  Every person who places ads through Facebook's self-service ads interfaces and APIs accepts Facebook's Self-Serve Ad Terms, which expressly make no guarantee about the reach, performance, or activity of advertisers' campaigns, and thereby consents to the conduct alleged in the Complaint.  Upon information and belief, named Plaintiffs and members of the purported class so consented to the conduct alleged in the Complaint.  Further, upon information and belief, named Plaintiffs and members of the purported class consented to the conduct alleged in the Complaint because they continued to purchase Facebook advertisements after being put on notice of the fact that Potential Reach estimates did not align with census or other third party population data.  Therefore, upon information and belief, each of the claims asserted by named Plaintiffs is barred because named Plaintiffs and members of the purported class consented to the activities of which they now complain.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

Named Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, by the equitable doctrine of waiver.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

28

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Named Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, by the equitable doctrine of estoppel if, for example, Plaintiffs and/or members of the purported class made previous statements or took actions tantamount to a failure to object to the results of the advertising campaigns, upon which Facebook relied to its detriment.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Named Plaintiffs' claims, and potentially those of the purported class, are barred, in whole or in part, by the equitable doctrine of unclean hands.  For example, named Plaintiff DZ Reserve brought claims despite violating Facebook's integrated Terms of Service by purchasing advertising through the accounts of others and attempting to do so through covert means.

## TWELFTH AFFIRMATIVE DEFENSE

### (Laches)

Named Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, by the equitable doctrine of laches if, for example, Plaintiffs and/or members of the purported class unreasonably delayed before pursuing their purported rights.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Satisfy Requirements for an Injunction)

The named Plaintiffs and each and every member of the purported class are not entitled to injunctive relief because they have not and cannot set forth sufficient facts to support such a claim.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

The named Plaintiffs, and each and every member of the purported class, are not entitled to punitive damages because Facebook did not act with malice, fraud, or oppression and such an

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

29

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD

award would be contrary to the Due Process Clauses of the U.S. Constitution and California Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Insufficient Facts to Support a Damages Claim)

The named Plaintiffs, and each and every member of the purported class, are not entitled to recover money damages, statutory damages, punitive damages, interest or attorneys' fees because they have not and cannot set forth sufficient facts to support such a claim.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Justification)

Named Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, because to the extent Facebook engaged in any of the alleged acts, omissions, or conduct, it did so with justification.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Contract)

Named Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, from recovery based upon the terms of their contracts with Facebook, as set forth in the integrated Terms of Service, which do not obligate Facebook to provide advertisers with any metrics and also contain a reservation of rights.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Contract)

Named Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, from recovery based upon the terms of their contracts with Facebook, as set forth in the integrated Terms of Service, which disclaims liability for, among other things, errors, disruptions, delays or imperfections in Facebook's products and services.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Named Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, by the doctrine of assumption of risk.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

30

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD

## TWENTIETH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Named Plaintiffs' claims, and those of the purported class, for damages are barred because they would be unjustly enriched if they recovered any monetary relief.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Notify Under Contract)

Named Plaintiffs' claims, and potentially those of the purported class, are barred because they did not comply with the duty to notify Facebook, including about any disagreement over advertising charges which may be disputed through the platform, pursuant to the Payment Terms in their contracts with Facebook.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Economic Loss Rule)

Named Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, by the economic loss rule.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Satisfy Requirements for Restitution)

Plaintiffs' Third Amended Complaint and the alleged claims in it are barred, in whole or in part, because the restitution sought by named Plaintiffs and the purported class is speculative and remote and impossible to ascertain.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Set-off / Recoupment)

Facebook is not liable for the full amount of the purported class member claims to the extent Facebook is entitled to set-off or recoup the amounts any member of the purported class is delinquent on any payments owed to Facebook.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees Unavailable)

Plaintiffs' request for attorneys' fees in this action is barred because it lacks any basis in law or contract.

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

31

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Ordinary Course of Business)

Named Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, because at all relevant times, Facebook's actions were within the ordinary course of business.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Named Plaintiffs' claims, and those of the purported class, for equitable relief are barred to the extent there is an adequate remedy at law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

If the named Plaintiffs or any member of the purported class has been injured or damaged, which Facebook denies, the named Plaintiffs and each and every member of the purported class are barred from recovery in whole or in part by their failure to mitigate injury and their failure to mitigate damages.  Named Plaintiffs and members of the purported class failed to mitigate any damages by failing to cancel their Facebook advertising campaigns and/or by continuing to purchase Facebook advertising.

## RESERVATION OF ADDITIONAL DEFENSES

Facebook reserves the right to raise any additional defenses, affirmative or otherwise, and any counterclaims which may become apparent through discovery in the course of this action.

## PRAYER FOR RELIEF

Facebook generally denies that Plaintiffs or members of the purported class are entitled to any of the relief requested by the paragraph and sub-paragraphs referencing Plaintiffs' prayer for relief.  Facebook prays for the following:

  a.  Dismissal of Plaintiffs' claims on the merits with prejudice;

  b.  A finding that Facebook is not liable to Plaintiffs, or that Plaintiffs' claims are barred, in whole or in part, based on one or more of the affirmative defenses asserted herein;

  c.  An award to Facebook of its costs and expenses; and

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

32

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD

d.  Such other and further relief as the Court deems just.

## JURY DEMAND

Facebook demands a trial by jury on all issues so triable.

Dated:  March 15, 2021

LATHAM & WATKINS LLP


By:  /s/ *Elizabeth L. Deeley*
Elizabeth L. Deeley (CA Bar No. 230798)
Melanie M. Blunschi (CA Bar No. 234264)
Nicole C. Valco (CA Bar No. 258506)
505 Montgomery Street, Suite 2000
San Francisco, CA  94111-6538
Telephone:  +1.415.391.0600
Facsimile:  +1.415.395.8095
*elizabeth.deeley@lw.com*
*melanie.blunschi@lw.com*
*nicole.valco@lw.com*

Susan E. Engel (*pro hac vice*)
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Telephone:  +1.202.637.2200
Facsimile:  +1.202.637.2201
*susan.engel@lw.com*

Hilary H. Mattis (CA Bar No. 271498)
140 Scott Drive
Menlo Park, CA 94025-1008
Telephone:  +1.650.328.4600
Facsimile:  +1.650.463.2600
*hilary.mattis@lw.com*


*Attorneys for Defendant Facebook, Inc.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

33

FACEBOOK'S ANSWER TO THIRD
AMENDED COMPLAINT
CASE NO. 3:18-CV-04978 JD