1   LATHAM & WATKINS LLP
    Elizabeth L. Deeley (CA Bar No. 230798)
2     *elizabeth.deeley@lw.com*
    Nicole C. Valco (CA Bar No. 258506)
3     *nicole.valco@lw.com*
    Melanie M. Blunschi (CA Bar. No. 234264)
4     *melanie.blunschi@lw.com*
    505 Montgomery Street, Suite 2000
5   San Francisco, CA  94111-6538
    Telephone:  +1.415.391.0600
6   Facsimile:  +1.415.395.8095

7   Susan E. Engel (*pro hac vice*)
      *susan.engel@lw.com*
8   555 Eleventh Street, N.W., Suite 1000
    Washington, D.C.  20004-1304
9   Telephone:  +1.202.637.2200
    Facsimile:  +1.202.637.2201

10
    Hilary H. Mattis (CA Bar No. 271498)
11    *hilary.mattis@lw.com*
    140 Scott Drive
12  Menlo Park, CA  94025-1008
    Telephone: +1.650.328.4600
13  Facsimile: +1.650.463.2600

14  *Attorneys for Defendant Facebook, Inc.*

15

16              **UNITED STATES DISTRICT COURT**

17            **NORTHERN DISTRICT OF CALIFORNIA**

18               **SAN FRANCISCO DIVISION**

19  | DZ RESERVE and CAIN MAXWELL (d/b/a | Case No. 3:18-cv-04978 JD |
20  MAX MARTIALIS), individually and on
    behalf of all others similarly situated,

21                          Plaintiffs,

22              v.

23  FACEBOOK, INC.,

24                          Defendant.

25

26

27

28

| DZ RESERVE and CAIN MAXWELL (d/b/a MAX MARTIALIS), individually and on behalf of all others similarly situated, Plaintiffs, v. FACEBOOK, INC., Defendant. | Case No. 3:18-cv-04978 JD **FACEBOOK, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** Date:   April 22, 2021 Time:  10:00 a.m. Court:  Courtroom 11, 19th Floor Hon.   James Donato |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FACEBOOK'S MOT. FOR JUDGMENT
ON THE PLEADINGS
CASE NO. 3:18-cv-04978-JD

1    <u>**NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS**</u>

2    **TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:**

3        PLEASE TAKE NOTICE that on April 22, 2021, at 10:00 a.m. in Courtroom 11 of the

4    United States District Court for the Northern District of California, located at 450 Golden Gate

5    Avenue, San Francisco, California, Defendant Facebook, Inc. ("Facebook") will and hereby does

6    move for judgment on the pleadings as to Plaintiffs DZ Reserve and Cain Maxwell's ("Plaintiffs")

7    claim for relief under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et*

8    *seq.* ("UCL").  This Motion for Judgment on the Pleadings ("Motion") is made pursuant to Federal

9    Rule of Civil Procedure 12(c).

10       Under the Ninth Circuit's recent decision in *Sonner v. Premier Nutrition Corp.*, 971 F.3d

11    834 (9th Cir. 2020), judgment on the pleadings is proper as to Plaintiffs' UCL claim because

12    Plaintiffs have not properly alleged that their remedies at law are inadequate or that they suffered

13    irreparable harm.  They are therefore not entitled to bring a UCL claim seeking equitable relief.

14    This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and

15    Authorities, the pleadings and papers on file in this action, the arguments of counsel, and any other

16    matter that the Court may properly consider.

17                  **STATEMENT OF RELIEF SOUGHT**

18       Facebook seeks an order pursuant to Federal Rule of Civil Procedure 12(c) entering

19    judgment on the pleadings with respect to Plaintiffs' claim under California's Unfair Competition

20    Law, Cal. Bus. & Prof. Code § 17200 *et seq.*

21

22    Dated:  March 15, 2021                LATHAM & WATKINS LLP

23                            By:   <u>*/s/ Elizabeth L. Deeley*</u>
                               Elizabeth L. Deeley (CA Bar No. 230798)

24                                Nicole C. Valco (CA Bar No. 258506)
                               Melanie M. Blunschi (CA Bar. No. 234264)

25                                505 Montgomery Street, Suite 2000
                               San Francisco, CA  94111-6538

26                                Telephone: +1.415.391.0600

27                                Facsimile: +1.415.395.8095
                               *elizabeth.deeley@lw.com*

28                                *nicole.valco@lw.com*
                               *melanie.blunschi@lw.com*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

FACEBOOK'S MOT. FOR JUDGMENT
ON THE PLEADINGS
CASE NO. 3:18-cv-04978-JD

Susan E. Engel (*pro hac vice*)
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200
Facsimile: +1.202.637.2201
*susan.engel@lw.com*

Hilary H. Mattis (CA Bar No. 271498)
140 Scott Drive
Menlo Park, CA 94025-1008
Telephone: +1.650.328.4600
Facsimile: +1.650.463.2600
*hilary.mattis@lw.com*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FACEBOOK'S MOT. FOR JUDGMENT
ON THE PLEADINGS
CASE NO. 3:18-cv-04978-JD

# <u>TABLE OF CONTENTS</u>

**Page**

I.   INTRODUCTION ..................................................................................................... 1

II.  BACKGROUND .................................................................................................... 2

III. LEGAL STANDARD.............................................................................................. 3

IV.  ARGUMENT ......................................................................................................... 4

    A.   *Sonner* Precludes Restitution Under the UCL in This Case ................................. 5

    B.   *Sonner* Also Bars Injunctive Relief Under the UCL Here.................................... 8

V.   CONCLUSION..................................................................................................... 12

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

FACEBOOK'S MOT. FOR JUDGMENT
ON THE PLEADINGS
CASE NO. 3:18-cv-04978-JD

1

## TABLE OF AUTHORITIES

2

Page(s)

3

### CASES

4   *Abend v. MCA, Inc.,*
    863 F.2d 1465 (9th Cir. 1988) ........................................................................11
5

6   *Amoco Prod. Co. v. Village of Gambell, AK,*
    480 U.S. 531 (1987)........................................................................................11

7   *Anderson v. Apple Inc.,*
    20-cv-02328-WHO, 2020 WL 6710101 (N.D. Cal. Nov. 16, 2020) ......................6, 8
8

9   *Arcamuzi v. Cont'l Air Lines, Inc.,*
    819 F.2d 935 (9th Cir. 1987) ...........................................................................11

10  *Arreola v. California Dept. of Corrections and Rehab.,*
    2017 WL 1196802 (N.D. Cal. Mar. 31, 2017)....................................................3, 4
11

12  *Big Horn County Elec. Co-op., Inc. v. Adams,*
    219 F.3d 944 (9th Cir. 2000) ............................................................................5

13  *Blocktree Properties, LLC v. Pub. Util. Dist. No. 2 of Grant Cty. Washington,*
    783 F. App'x 769 (9th Cir. 2019) ....................................................................11
14

15  *Cal. Physicians Servs., Inc. v. Healthplan Servs., Inc.,*
    2021 WL 879797 (N.D. Cal. Mar. 9, 2021)..........................................................9

16  *Conkright v. Frommert,*
    556 U.S. 1401 (2009)......................................................................................11
17

18  *Cottonwood Env't Law Ctr. v. U.S. Forest Serv.,*
    789 F.3d 1075 (9th Cir. 2015) ..........................................................................12

19  *Davidson v. Kimberly-Clark Corp.,*
    889 F.3d 956 (9th Cir. 2018) .........................................................................4, 12
20

21  *Dworkin v. Hustler Magazine, Inc.,*
    867 F.2d 1188 (9th Cir. 1989) ...........................................................................3

22  *eBay Inc. v. MercExchange, L.L.C.,*
    547 U.S. 388 (2006)...........................................................................1, 5, 7, 9
23

24  *Edmo v. Corizon, Inc.,*
    935 F.3d 757 (9th Cir. 2019) ...........................................................................11

25  *Gibson v. Jaguar Land Rover N.A., LLC,*
    20-cv-00769-CJC, 2020 WL 5492990 (C.D. Cal. Sept. 9, 2020)........................8, 10
26

27  *Guaranty Trust Co. of N.Y. v. York,*
    326 U.S. 99 (1945).........................................................................................6

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

FACEBOOK'S MOT. FOR JUDGMENT
ON THE PLEADINGS
CASE NO. 3:18-cv-04978-JD

*Hassell v. Uber Techs., Inc.*,
20-cv-04062-PJH, 2020 WL 7173218 (N.D. Cal. Dec. 7, 2020) ..............................2, 7, 11, 12

*Heredia et al v. Sunrise Senior Living LLC.*,
18-cv-01974-JLS, 2021 WL 819159 (C.D. Cal. Feb. 10, 2021)...............................10

*Hinojos v. Kohl's Corp.*,
718 F.3d 1098 (9th Cir. 2013) ....................................................................12

*Huynh v. Quora, Inc.*,
18-cv-07597-BLF, 2020 WL 7495097 (N.D. Cal. Dec. 21, 2020)...........................8, 10

*IntegrityMessageBoards.com v. Facebook, Inc.*,
18-cv-05286-PJH, 2020 WL 6544411 (N.D. Cal. Nov. 6, 2020)..........................8, 10

*Julian v. TTE Tech., Inc.*,
20-cv-02857-EMC, 2020 WL 6743912 (N.D. Cal. Nov. 17, 2020)..........................7, 8

*Ketayi v. Health Enrollment Group*,
20-cv-1198-GPC, 2021 WL 347687 (S.D. Cal. Feb. 2, 2021) ...............................10

*Klein v. City of San Clemente*,
584 F.3d 1196 (9th Cir. 2009) ....................................................................11

*Leiva-Perez v. Holder*,
640 F.3d 962 (9th Cir. 2011) ......................................................................11

*Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*,
634 F.2d 1197 (9th Cir. 1980) ....................................................................12

*In re MacBook Keyboard Litig.*,
18-cv-02813-EJD, 2020 WL 6047253 (N.D. Cal. Oct. 13, 2020)...........................2, 5, 8, 10

*Maffick LLC v. Facebook, Inc.*,
2020 WL 5257853 (N.D. Cal. Sept. 3, 2020) ..................................................11

*McKesson HBOC, Inc. v. N.Y. State Com. Ret. Fund, Inc.*,
339 F.3d 1087 (9th Cir. 2003) ....................................................................7

*Mullins v. Premier Nutrition Corp.*,
2018 WL 510139 (N.D. Cal. Jan. 23, 2018), *aff'd sub nom. v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020) ........................................................7

*O'Shea v. Littleton*,
414 U.S. 488 (1974)................................................................................7, 10

*Philip Morris USA Inc. v. Scott*,
561 U.S. 1301 (2010)...............................................................................11

*Rent-A-Center, Inc. v. Canyon TV and Appliance Rental, Inc.*,
944 F.2d 597 (9th Cir. 1991) ....................................................................1, 11, 12

*Rhynes v. Stryker Corp.*,
10-cv-5619-SC, 2011 WL 2149095 (N.D. Cal. May 31, 2011) ............................7

*Roper v. Big Heart Pet Brands, Inc.*,
   19-cv-00406-DAD, 2020 WL 7769819 (E.D. Cal. Dec. 30, 2020)....................................8, 10

*Sampson v. Murray*,
   415 U.S. 61 (1974)..........................................................................................................11

*Schertz v. Ford Motor Co.*,
   20-cv-03221-TJH, 2020 WL 5919731 (C.D. Cal. July 27, 2020) .....................................9, 10

*Schroeder v. United States*,
   569 F.3d 956 (9th Cir. 2009) ...........................................................................................7

*Sharma v. Volkswagen AG*,
   20-cv-02394-JST, 2021 WL 912271 (N.D. Cal. Mar. 9, 2021)..........................................8

*Sims Snowboards, Inc. v. Kelly*,
   863 F.2d 643 (9th Cir. 1988) ...........................................................................................9

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) .................................................................................... *passim*

*Teresa Adams v. Cole Haan, LLC*,
   20-cv-00913-JVS, 2020 WL 5648605 (C.D. Cal. Sept. 3, 2020)................................ *passim*

*Weinberger v. Romero-Barcelo*,
   456 U.S. 305 (1982).....................................................................................................8, 9

*Winter v. Nat. Res. Def. Council, Inc.*,
   555 U.S. 7 (2008) ............................................................................................................9

*Zaback v. Kellogg Sales Co.*,
   20-cv-00268-BEN, 2020 WL 6381987 (S.D. Cal. Oct. 29, 2020) ....................................8

*Zeiger v. WELLPET LLC*,
   2021 WL 756109 (N.D. Cal. Feb. 26, 2021) ...................................................................10

**STATUTES**

Cal. Bus. & Prof. Code § 17200 *et seq.* .....................................................................................1

Cal. Civ. Code § 1750 *et seq.*....................................................................................................5

**RULES**

Fed. R. Civ. P. 12(b)(6)..............................................................................................................2

Fed. R. Civ. P. 12(c) .................................................................................................................3

**CONSTITUTIONAL PROVISIONS**

U.S. CONST., amend. VII ............................................................................................................8

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

FACEBOOK'S MOT. FOR JUDGMENT
ON THE PLEADINGS
CASE NO. 3:18-cv-04978-JD

1 <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2 **I.     INTRODUCTION**

3      A recent Ninth Circuit decision, issued after this Court sustained Plaintiffs' claim under

4 California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), and after

5 Defendant Facebook, Inc. filed its last motion to dismiss in this case, requires dismissal of one of

6 Plaintiffs' three remaining claims.  Facebook therefore brings this motion for judgment on the

7 pleadings asserting only the dispositive legal rule that the Ninth Circuit adopted in *Sonner v.*

8 *Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020)—nothing else.  Facebook does not seek

9 reconsideration of any of the Court's prior rulings.

10      In *Sonner*, the Ninth Circuit held for the first time "that the traditional principles governing

11 equitable remedies in federal courts" apply to UCL claims, regardless of whether California

12 authorizes its own courts to provide equitable relief without satisfying those federal principles.

13 *Sonner*, 971 F.3d at 844-45.  That rule "safeguard[s] the constitutional right to a trial by jury in

14 federal court."  *Id.* at 842.  Because the UCL provides only for equitable remedies, a plaintiff

15 bringing a UCL claim in federal court must now adequately plead that "she lacks an adequate legal

16 remedy" and satisfies the other *federal* requirements for equitable relief.  *Id.* at 839 n.2, 844-45.

17 Under *Sonner*, Plaintiffs' UCL claim cannot go forward. The injury that Plaintiffs allege—

18 overpaying for ads—is just the sort of economic injury for which remedies available at law, *i.e.*,

19 monetary damages, provide adequate relief.  *See id.* at 844.  Indeed, this Court recently sustained

20 the two fraud claims that Plaintiffs added to the complaint, Dkt. 255, both of which seek monetary

21 damages to compensate for precisely the same alleged financial harm of overpaying for ads.  Dkt.

22 166.  And federal requirements for injunctive relief are even more stringent, requiring that

23 Plaintiffs also show irreparable harm.  *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391

24 (2006).  Mere "economic injury," however, "does not support a finding of irreparable harm."  *Rent-*

25 *A-Center, Inc. v. Canyon TV and Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991).

26      Because Plaintiffs do not and cannot allege that they are entitled to equitable relief under

27 these federal principles, their UCL claim should be dismissed in full, including Plaintiffs' requests

28 for restitution and injunctive relief.  *See Sonner*, 971 F.3d at 843-44.  Several courts in this district

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

FACEBOOK'S MOT. FOR JUDGMENT
ON THE PLEADINGS
CASE NO. 3:18-cv-04978-JD

have already applied *Sonner* to dismiss UCL claims in their entirety.  *See, e.g.*, *Hassell v. Uber Techs., Inc.*, 20-cv-04062-PJH, 2020 WL 7173218, at \*9-10 (N.D. Cal. Dec. 7, 2020); *In re MacBook Keyboard Litig.*, 18-cv-02813-EJD, 2020 WL 6047253, at \*4 (N.D. Cal. Oct. 13, 2020).

Having received this Court's order sustaining Plaintiffs' new fraud claims, and having just now filed its answer to the operative complaint, Facebook respectfully requests judgment on the pleadings as to Plaintiffs' UCL claim based on the Ninth Circuit's intervening decision in *Sonner*.

## II.      BACKGROUND

This putative class action seeks monetary recovery for an alleged economic injury. Plaintiffs allege that Facebook overstates the Potential Reach estimates shown to advertisers on its Ads Manager, causing Plaintiffs "to purchase[] more advertising from Facebook than they otherwise would have" and to "pa[y] a higher price than they otherwise would have" for those ads. Pls.' Third Am. Consolidated Class Action Compl. ("TAC") ¶ 159, Dkt. 166; *see also, e.g.*, *id.* ¶¶ 5, 57, 58, 128, 132, 140, 147.  Throughout this litigation, Plaintiffs have sought "damages" for that alleged overpayment under various theories, including breach of contract, breach of the implied covenant of good faith and fair dealing, and—most recently—fraudulent misrepresentation and fraudulent concealment.  *See, e.g.*, TAC ¶¶ 141, 148, 160; Pls.' Second Am. Consolidated Class Action Compl. ("SAC"), ¶¶ 125, 138, Dkt. 89; Pls.' First Am. Consolidated Class Action Compl. ("FAC"), ¶¶ 132, 146, Dkt. 55.  Plaintiffs also seek equitable remedies— restitution and injunctive relief—under the UCL.  *See, e.g.*, TAC ¶¶ 121-29.

On February 7, 2019, Facebook filed its motion to dismiss the FAC, arguing *inter alia*, that Plaintiffs lacked Article III standing to bring a UCL claim and failed to state a claim under Rule 12(b)(6).  Def.'s Mot. to Dismiss FAC, Dkt. 65.  On May 16, 2019, the Court issued an order denying Facebook's motion to dismiss Plaintiffs' UCL claim.  Order on Def.'s Mot. to Dismiss FAC ("FAC Order") at 1, Dkt. 83.  This motion does not challenge that ruling.  In the same order, the Court also dismissed with leave to amend Plaintiffs' breach-of-contract claim, quasi-contract claim, and claim for breach of implied duty to perform with reasonable care.  *See id.*

On July 19, 2019, Facebook moved to dismiss the SAC as to all claims, additionally arguing that the newly added plaintiff, Cain Maxwell, could not pursue a UCL claim.  Def.'s Mot.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

FACEBOOK'S MOT. FOR JUDGMENT
ON THE PLEADINGS
CASE NO. 3:18-cv-04978-JD

1  to Dismiss SAC, Dkt. 103.  On October 17, 2019, the Court granted Facebook's motion on the

2  breach-of-contract claim with prejudice, reserved judgment on Plaintiffs' quasi-contract and

3  breach of covenant of good faith and fair dealing claims, and stated that Facebook should not have

4  sought dismissal of the UCL claim after raising it in a prior motion to dismiss.  Order on Def.'s

5  Mot. to Dismiss SAC ("SAC Order") at 1, Dkt. 130.

6        On April 15, 2020, Plaintiffs filed their TAC, the operative complaint, re-pleading contract-

7  based claims and adding two new claims for fraudulent misrepresentation and fraudulent

8  concealment.  On May 14, 2020, Facebook moved to dismiss all of the claims in the TAC—except

9  for Plaintiffs' UCL claim.  Def.'s Mot. to Dismiss TAC, Dkt. 177.  Last month, on February 12,

10  2021, the Court denied Facebook's motion to dismiss the fraud claims but granted it with prejudice

11  on all other grounds.  *See* Order on Def.'s Mot. to Dismiss TAC ("TAC Order") at 1-2, Dkt. 255.

12  That February 12 order leaves only three claims pending: Plaintiffs' two fraud claims and their

13  UCL claim.  *See id.*; SAC Order at 1 (dismissing breach-of-contract claim).

14        The Court noted that it anticipated that its February 12 order would be its "last" on a

15  "pleadings motion."  TAC Order at 1.  But the Ninth Circuit's intervening decision in *Sonner* was

16  issued on June 17, 2020, after this Court had already sustained Facebook's UCL claim and after

17  Facebook had filed its most recent motion to dismiss.  Moreover, the Court's February 12 order

18  leaves no doubt that Plaintiffs have an adequate remedy at law—namely, their remaining fraud

19  claims—and that *Sonner* therefore forecloses their UCL claim.  This Motion is brought now,

20  immediately following the filing of Facebook's answer to the operative complaint, and consistent

21  with the procedural requirement that a motion for judgment on the pleadings cannot be brought

22  until the complaint is answered.

23  **III.**    **LEGAL STANDARD**

24        "A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c)

25  challenges the legal sufficiency of the claims asserted in the complaint."  *Arreola v. California*

26  *Dept. of Corrections and Rehab.*, 16-cv-03133-JD, 2017 WL 1196802, at *2 (N.D. Cal. Mar. 31,

27  2017).  "The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is"

28  that the latter comes after the defendant has filed an answer.  *Dworkin v. Hustler Magazine, Inc.*,

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
SAN FRANCISCO

3

FACEBOOK'S MOT. FOR JUDGMENT
ON THE PLEADINGS
CASE NO. 3:18-cv-04978-JD

1  867 F.2d 1188, 1192 (9th Cir. 1989). "Judgment on the pleadings is therefore appropriate when,

2  taking all the [non-conclusory] allegations in the complaint as true, the moving party is entitled to

3  judgment as a matter of law." *Arreola*, 2017 WL 1196802, at *2.

4  **IV.   ARGUMENT**

5        After this Court's order sustaining Plaintiffs' UCL claim, the Ninth Circuit decided *Sonner*.

6  That intervening decision added a threshold hurdle for pleading a UCL claim that Plaintiffs cannot

7  clear.  Under *Sonner*, plaintiffs bringing a UCL claim in federal court must satisfy the stringent

8  *federal* requirements for equitable relief, no matter what state law says to the contrary.  971 F.3d

9  at 843-44.  On that basis alone, Facebook now seeks judgment on the pleadings.[1]

10       Before *Sonner*, a federal court considered two things in deciding whether a state law claim

11  for equitable relief should survive past the pleading stage.  First, the court would determine federal

12  subject-matter jurisdiction by assessing (among other things) whether the complaint plausibly

13  alleged Article III standing as to "each form of relief requested."  *Davidson v. Kimberly-Clark*

14  *Corp.*, 889 F.3d 956, 967 (9th Cir. 2018).  Second, the court would decide on the merits whether,

15  under state law, the complaint stated a claim for relief.  *See, e.g.*, *id.* at 964-66.  With respect to

16  Plaintiffs' UCL claim, this Court rejected Facebook's arguments on both points.  *See* FAC Order

17  at 1 (denying motion to dismiss "in all other respects"); Def.'s Mot. to Dismiss FAC at 3-9, 14-15

18  (challenging UCL claim on both Article III and state law grounds).

19       The present motion concerns a separate and independent issue.  After *Sonner*, federal courts

20  must address a third threshold question for state law claims seeking equitable relief:  whether the

21  plaintiff's allegations satisfy "the traditional principles governing equitable remedies in federal

22  courts."  971 F.3d at 844.  State law cannot remove those federal requirements—even if a state

23  loosens them in state court for particular claims.  Chief among those federal requirements is that

24  the plaintiff "must establish that [it] lacks an adequate remedy at law."  *Id.* at 843-44.  In addition,

25  as to injunctive relief, federal equitable principles require that a plaintiff allege not just "that

26  remedies available at law, such as monetary damages, are inadequate to compensate for [its]

27

28  [1]  Mindful of the Court's desire to reach "the next stop" of "trial or possibly summary judgment," TAC Order at 2, Facebook has raised this straightforward legal issue as expeditiously as possible following the Court's February 12, 2021 order and Facebook's answer to the operative complaint.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

FACEBOOK'S MOT. FOR JUDGMENT
ON THE PLEADINGS
CASE NO. 3:18-cv-04978-JD

1    injury," but also (among other things) that the plaintiff "has suffered an *irreparable* injury." *eBay*,

2    547 U.S. at 391 (emphasis added) (applying "well-established principles of equity" to Patent Act).

3          Plaintiffs' UCL claim for restitution and injunctive relief does not pass this now-governing

4    federal test.  All relief provided under the UCL claim is equitable in nature.  *Sonner*, 971 F.3d at

5    839 n.2.  Yet Plaintiffs seek money damages through their fraud claims for the economic harm

6    they allegedly suffered in the past and claim they will suffer in the future, *i.e.*, allegedly being

7    misled into buying too many ads at too high a price.  The availability of money damages—a classic

8    legal remedy—precludes *any* relief under the UCL.  *See, e.g.*, *In re MacBook*, 2020 WL 6047253,

9    at *3-4 (applying *Sonner*).  And Plaintiffs' request for injunctive relief is doubly barred because

10   they do not and cannot allege irreparable harm.  *See, e.g.*, *Teresa Adams v. Cole Haan, LLC*,

11   20-cv-00913-JVS, 2020 WL 5648605, at *3 (C.D. Cal. Sept. 3, 2020) (applying *Sonner*).

12   Plaintiffs' UCL claim thus fails in its entirety.  Facebook seeks judgment on the pleadings given

13   this critical "intervening change in the law."  *Big Horn County Elec. Co-op., Inc. v. Adams*, 219

14   F.3d 944, 954 (9th Cir. 2000).

15          A.    ***Sonner* Precludes Restitution Under the UCL in This Case**

16          *Sonner* disposes of Plaintiffs' UCL claim for restitution.  That was the precise relief sought

17   by the plaintiff in *Sonner*—and barred by "federal equitable principles" there.  971 F.3d at 845.

18          In *Sonner*, the defendant allegedly exaggerated the "health benefits" its product provided

19   purchasers, causing the plaintiff to overpay for the product.  *See id.* at 838.  Based on that alleged

20   misrepresentation, the plaintiff brought (among other causes of action) a claim in equity for

21   restitution under the UCL and a claim at law for money damages under the Consumer Legal

22   Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA").  *Sonner*, 971 F.3d at 838.  The *Sonner*

23   plaintiff argued that, because her claims arose "under California law" and federal "jurisdiction

24   rest[ed] in diversity, state law alone decide[d] whether she must show a lack of an adequate legal

25   remedy before obtaining restitution."  *Id.* at 839.  The Ninth Circuit rejected that argument, citing

26   fundamental constraints on the federal courts' equitable powers that state law may not relax.  *Id.*

27   at 843-44.  Specifically, the Ninth Circuit held that, while "'a State may authorize its courts to give

28   equitable relief unhampered by' the 'restriction[]' that an adequate remedy at law be unavailable,"

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

FACEBOOK'S MOT. FOR JUDGMENT
ON THE PLEADINGS
CASE NO. 3:18-cv-04978-JD

1    state law "'cannot remove th[at] fetter[] from the federal courts.'"  *Id.* (alterations in original)

2    (quoting *Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 105-06 (1945)).[2]

3         The plaintiff in *Sonner* "fail[ed] to establish that she lack[ed] an adequate remedy at law."

4    971 F.3d at 844.  For one, "the operative complaint d[id] not allege that" the plaintiff "lack[ed] an

5    adequate legal remedy," a deficit that *Sonner* held must be pled in the complaint, not just proved

6    at trial.  *Id.*; *see also Anderson v. Apple Inc.*, 20-cv-02328-WHO, 2020 WL 6710101, at *7 (N.D.

7    Cal. Nov. 16, 2020) (holding that, under *Sonner*, plaintiffs may not plead equitable claims under

8    the UCL in the alternative to legal claims, notwithstanding prior contrary practice).  For another,

9    the *Sonner* plaintiff sought in restitution "the same amount of money for the exact same harm" that

10   she had previously "requested in [money] damages" under another cause of action.  971 F.3d at

11   844.  The Ninth Circuit thus affirmed the dismissal of the UCL claim.  *Id.* at 845.

12        This case is cut from the same cloth.  Plaintiffs allege that Potential Reach estimates

13   Facebook provided to advertisers were overstated and that, as a result, Plaintiffs purchased more

14   and overpaid for ads.  *See, e.g.*, TAC ¶¶ 5, 58, 128, 132, 159.  Plaintiffs here have sought both

15   restitution under the UCL and damages under their fraud claims.  *See id.* ¶¶ 129, 148, 160.  But

16   this Court's "equitable authority," no less than the district court's in *Sonner*, "remains cabined to

17   the traditional powers exercised by English courts of equity, even for claims arising under state

18   law."  971 F.3d at 840.  So Plaintiffs "must establish" that they "lack[] an adequate remedy at law"

19   before securing equitable restitution for past harm under the UCL."  *Id.* at 844.

20        Plaintiffs have not done so, and they cannot do so.  Nowhere does the thirty-two page

21   operative complaint allege that Plaintiffs "lack[] an adequate legal remedy."  *Id.*  Worse still,

22   Plaintiffs seek restitution to compensate for the "exact same harm" for which they seek money

23   damages through their fraud claims—*i.e.*, being induced to buy more ads and overpay for them.

24   *Id.  Compare* TAC ¶¶ 128-129 (seeking "money" under the UCL on a theory that "Plaintiffs would

25   not have bought as much advertising services if Facebook had not disseminated an inflated

26   Potential Reach statistic, and Plaintiffs would have paid a lower price for the advertising services

27   they did purchase"), *with id.* ¶¶ 147-148 (seeking "damages" for fraudulent misrepresentation

28

---

[2]  The Ninth Circuit joined "several other circuits" in so holding.  *See Sonner*, 971 F.3d at 843.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

FACEBOOK'S MOT. FOR JUDGMENT
ON THE PLEADINGS
CASE NO. 3:18-cv-04978-JD

1  under same theory) *and id.* ¶¶ 159-160 (same for fraudulent concealment).  Such claims for

2  "monetary damages" are prime examples of "remedies available at law," *eBay*, 547 U.S. at 391,

3  and thus preclude restitution under the UCL, *see Sonner*, 971 F.3d at 844.  *See also Julian v. TTE*

4  *Tech., Inc*., 20-cv-02857-EMC, 2020 WL 6743912, at *5 (N.D. Cal. Nov. 17, 2020) (dismissing

5  UCL claim under *Sonner* because "what Plaintiffs claim for damages and restitution [we]re not

6  really different").

7      That conclusion is even more clearly correct here than it was in *Sonner*.  Even "*potential*

8  legal claims" foreclose equitable relief, regardless of whether a plaintiff "chooses to pursue" them

9  or would ultimately recover if it did.  *McKesson HBOC, Inc. v. N.Y. State Com. Ret. Fund, Inc.*,

10  339 F.3d 1087, 1093 (9th Cir. 2003) (emphasis added); *see also, e.g.*, *Schroeder v. United States*,

11  569 F.3d 956, 963–64 (9th Cir. 2009); *Hassell*, 2020 WL 7173218, at *9.  Thus, in *Sonner* it didn't

12  matter that the plaintiff voluntarily dismissed her damages claim, leaving only her equitable claim

13  for restitution in dispute.  971 F.3d at 838.  This case is even more straightforward.  Claims seeking

14  legal relief in the form of money damages remain alive—*i.e.*, Plaintiffs' fraud claims.  Regardless

15  of their merit, "the relevant test" for present purposes "is whether an adequate damages remedy is

16  available, not whether [Plaintiffs] will be successful in that pursuit."  *Mullins v. Premier Nutrition*

17  *Corp.*, 13-cv-01271-RS, 2018 WL 510139, at *2 (N.D. Cal. Jan. 23, 2018), *aff'd sub nom. Sonner*,

18  971 F.3d 834 (9th Cir. 2020); *see also, e.g.*, *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974); *Rhynes*

19  *v. Stryker Corp.*, 10-cv-5619-SC, 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011).  That claims

20  for money damages remain pending puts beyond all doubt that legal remedies are available to

21  Plaintiffs.  After *Sonner*, it is now clear that federal law bars restitution under the UCL in such

22  circumstances.  *See* 917 F.3d at 844.

23      *Sonner*'s "admittedly unique procedural history"[3] underscores a central reason why federal

24  law constrains so uncompromisingly the equitable powers of federal courts: to "protect[] the

25

26  [3] *Adams*, 2020 WL 5648605, at *2.  Years into the *Sonner* litigation, the plaintiff strategically
dropped her damages claim so she could "request that the district court judge award the class
27  $32,000,000 as restitution, rather than having to persuade a jury to award this amount as damages."
*Sonner*, 971 F.3d at 838.  That has not happened here.  But the procedural shenanigans in *Sonner*
28  "did not play a role" in the Ninth Circuit's "analysis of the traditional division between law and
equity."  *Adams*, 2020 WL 5648605, at *2.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
7
FACEBOOK'S MOT. FOR JUDGMENT
ON THE PLEADINGS
CASE NO. 3:18-cv-04978-JD

1    constitutional right to a trial by jury" guaranteed by the Seventh Amendment in federal actions at

2    law, but not in equity.  *Id.* at 842; *see also* U.S. Const. amend. VII ("In suits at common *law . . .* the

3    right of trial by jury shall be preserved.") (emphasis added).   Any other rule would eviscerate

4    defendants' Seventh Amendment rights, regardless of whether the plaintiff has "maneuver[ed]" to

5    avoid a jury trial.  *Sonner*, 971 F.3d at 837.  Courts have thus repeatedly rejected any suggestion

6    that *Sonner*'s generally applicable rule depends upon a plaintiff's idiosyncratic pleading decisions

7    or a case's particular procedural posture.  *See, e.g.*, *Adams*, 2020 WL 5648605, at *2; *Zaback v.*

8    *Kellogg Sales Co.*, 20-cv-00268-BEN, 2020 WL 6381987, at *4 (S.D. Cal. Oct. 29, 2020); *Julian*,

9    2020 WL 6743912, at *4; *Anderson*, 2020 WL 6710101, at *7; *IntegrityMessageBoards.com v.*

10   *Facebook, Inc.*, 18-cv-05286-PJH, 2020 WL 6544411, at *4 (N.D. Cal. Nov. 6, 2020).

11            **B.**    ***Sonner* Also Bars Injunctive Relief Under the UCL Here**

12           The rigid restraints on a federal court's equitable powers recognized in *Sonner* plainly

13   preclude not just restitution under the UCL but Plaintiff's request for injunctive relief as well.

14   "It goes without saying that an injunction is an equitable remedy," and there is no good reason

15   why fundamental restraints on the equitable powers of federal courts would suddenly dissolve

16   for injunctions.  *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311 (1982).  So even though

17   injunctive relief was "not at issue" when *Sonner* went up on appeal, 971 F.3d at 842, the *Sonner*

18   rule covers injunctive relief under the UCL, just as it does restitution.  Court after court applying

19   *Sonner* agrees.  *See, e.g.*, *IntegrityMessageBoards.com*, 2020 WL 6544411, at *4 (holding that

20   *Sonner* "unequivocally applies to any request for equitable relief"); *Sharma v. Volkswagen AG*,

21   20-cv-02394-JST, 2021 WL 912271, at *7 (N.D. Cal. Mar. 9, 2021); *In re MacBook*, 2020 WL

22   6047253, at *3; *Adams*, 2020 WL 5648605, at *2-3; *Roper v. Big Heart Pet Brands, Inc.*, 19-cv-

23   00406-DAD, 2020 WL 7769819, at *9 (E.D. Cal. Dec. 30, 2020); *Huynh v. Quora, Inc.*, 18-cv-

24   07597-BLF, 2020 WL 7495097, at *19 (N.D. Cal. Dec. 21, 2020); *Gibson v. Jaguar Land Rover*

25   *N.A., LLC*, 20-cv-00769-CJC, 2020 WL 5492990, at *3-4 (C.D. Cal. Sept. 9, 2020); *Schertz v.*

26   *Ford Motor Co.*, 20-cv-03221-TJH, 2020 WL 5919731, at *2 (C.D. Cal. July 27, 2020).

27           Nor does *Sims Snowboards, Inc. v. Kelly*, 863 F.2d 643 (9th Cir. 1988), counsel otherwise.

28   In *Sims*, the Ninth Circuit held that "equitable powers of federal courts should not enable a party

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

8

FACEBOOK'S MOT. FOR JUDGMENT
ON THE PLEADINGS
CASE NO. 3:18-cv-04978-JD

suing in diversity to obtain an injunction if state law clearly rejects the availability of that remedy." *Id.* at 647.  Or as the Ninth Circuit put it in *Sonner*, the *Sims* decision holds merely that plaintiffs asserting a claim under state law may not "exploit[] the federal judiciary to access a remedy that [state law] 'clearly rejects.'"  *Sonner*, 971 F.3d at 842 (quoting *Sims*, 863 F.2d at 647); *see also Cal. Physicians Servs., Inc. v. Healthplan Servs., Inc.*, 18-cv-03730-JD, 2021 WL 879797, at *6 (N.D. Cal. Mar. 9, 2021).  What *Sims* did not decide is whether plaintiffs may exploit state statutes to obtain an injunction that federal courts have no power to issue.  As to that question, *Sonner* holds that the answer is no, because "the rigid restrictions on a federal court's equitable powers" do not bend to state law.  *Id.*  No matter how freely California lets *its own courts* issue permanent injunctions under the UCL, California cannot expand *federal courts'* sharply circumscribed power to award equitable relief.  *Id.* at 843-44.

And when it comes to injunctions, the "rigid restrictions" federal law imposes on the equitable powers of federal courts do not loosen.  They tighten.  An injunction "is not a remedy which issues as of course" in federal courts.  *Weinberger*, 456 U.S. at 311 (citations omitted); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (describing an injunction "as an extraordinary remedy").  "According to well-established principles of equity"—*i.e.*, the federal principles undergirding the Ninth Circuit's decision in *Sonner*—"a plaintiff seeking a permanent injunction must" do more than show "that remedies available at law . . . are inadequate."  *eBay*, 547 U.S. at 391.  The plaintiff must also allege "that it has suffered an irreparable injury."  *Id.* Plaintiffs' UCL claim satisfies neither of these two necessary conditions for injunctive relief under federal law.  *See Weinberger*, 456 U.S. at 312 (noting that "the basis for injunctive relief in the federal courts has always been irreparable injury *and* the inadequacy of legal remedies") (emphasis added).  *Sonner* now makes clear that this double-barreled deficiency forbids a federal court from issuing injunctive relief under the UCL, even in cases where state law might let a state court award it.  *See* 971 F.3d at 843-44.

As discussed, Plaintiffs have available—indeed, are actively pursuing—claims for money damages and thus have an adequate remedy at law.  *See supra* at 6-7.  That is enough to foreclose not just restitution but also injunctive relief under the UCL, even though the former equitable

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

FACEBOOK'S MOT. FOR JUDGMENT
ON THE PLEADINGS
CASE NO. 3:18-cv-04978-JD

1   remedy is backward-looking and the latter is forward-looking.  *See Sonner*, 971 F.3d at 843-44.

2   In *O'Shea*, for example, the Supreme Court held that plaintiffs alleging discriminatory practices

3   in the criminal justice system could not obtain injunctive relief to guard against future

4   discriminatory treatment because they would have legal remedies "available" if they were ever

5   charged with a crime, including "direct appeal" and "federal habeas relief."  414 U.S. at 502.  In

6   other words, the *future* availability of a legal remedy for *future* harm forecloses injunctive relief

7   under federal law.  *See id.*  And that is just what most district courts have held when applying

8   *Sonner* to injunctive relief.  *See, e.g.*, *In re MacBook*, 2020 WL 6047253, at *3 (holding that *Sonner*

9   barred injunctive relief under the UCL because "monetary damages are an adequate remedy" for

10  whatever harm plaintiffs might suffer in the future); *Gibson*, 2020 WL 5492990, at *3-4; *Huynh*,

11  2020 WL 7495097, at *19; *Schertz*, 2020 WL 5919731, at *2; *Adams*, 2020 WL 5648605, at *3.

12          While a few other district court cases conclude that a plaintiff seeking injunctive relief

13  under the UCL necessarily lacks an adequate remedy at law when damages for future harm cannot

14  be proved and collected in advance,[4] that position cannot be right under the Supreme Court's

15  decision in *O'Shea*.  But even following these district court decisions, the end result is the same

16  here.  None of those cases suggest that injunctive relief may issue without satisfying a *second*

17  necessary condition for injunctive relief under federal law—irreparable harm.  To the contrary, the

18  same judge who concluded that the plaintiff in *IntegrityMessageBoards.com* had no adequate

19  remedy at law for future injury subsequently held that another plaintiff *was still required* (and had

20  failed) to demonstrate "irreparable harm."  *Compare IntegrityMessageBoards.com*, 2020 WL

21  6544411, at *8 n.4 (sustaining UCL claim for injunctive relief on finding that irreparable-harm

22  argument was forfeited), *with Hassell*, 2020 WL 7173218, at *9 (same judge rejecting UCL claim

23  for injunctive relief because the plaintiff did not "plausibly allege irreparable harm").

24          Federal law thus bars injunctive relief here for the additional reason that Plaintiffs have not

25  pled and cannot prove that, absent an injunction, they will suffer irreparable harm.  The nature of

---

[4] *See Zeiger v. WELLPET LLC*, 17-cv-04056-WHO, 2021 WL 756109, at *21-22 (N.D. Cal. Feb. 26, 2021); *Heredia et al v. Sunrise Senior Living LLC*., 18-cv-01974-JLS, 2021 WL 819159, at *7 (C.D. Cal. Feb. 10, 2021); *Ketayi v. Health Enrollment Group*, 20-cv-1198-GPC, 2021 WL 347687, at *20 n.16 (S.D. Cal. Feb. 2, 2021); *Roper*, 2020 WL 7769819, at *8-9; *IntegrityMessageBoards.com*, 2020 WL 6544411, at *6-8;

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

FACEBOOK'S MOT. FOR JUDGMENT
ON THE PLEADINGS
CASE NO. 3:18-cv-04978-JD

their alleged injury is purely economic.  Plaintiffs allege that Facebook has caused (and will cause) them "to purchase[] more advertising from Facebook than they otherwise would have" bought and "to pa[y] a higher price than they otherwise would have" paid.  TAC ¶ 159; *see also, e.g.*, *id.* ¶¶ 5, 57, 58, 128, 147.  It is well established, however, that "economic injury alone does not support a finding of irreparable harm."  *Rent-A-Center*, 944 F.2d at 603; *accord Arcamuzi v. Cont'l Air Lines, Inc.*, 819 F.2d 935, 938 (9th Cir. 1987); *Maffick LLC v. Facebook, Inc.*, 20-cv-05222-JD, 2020 WL 5257853, at *3 (N.D. Cal. Sept. 3, 2020) (holding that an alleged 50% drop in "monetization from [Facebook] pages" did "not constitute irreparable harm").  Irreparable harm means injuries that, by their nature, cannot be undone or compensated in full later on—things like exposure to physical danger, restriction of constitutional rights, infliction of severe psychological distress, destruction of natural resources, and so on.[5]  Economic harms like those alleged by Plaintiffs are just the opposite.  Someone allegedly facing future financial injury "can be compensated adequately" at a later date "by monetary compensation," because money can always be repaid with interest.  *Abend v. MCA, Inc.*, 863 F.2d 1465, 1479 (9th Cir. 1988) (holding that a permanent injunction was improper because economic harm is not an "irreparable injury").[6]

In short, money could make Plaintiffs whole.  That makes their asserted injury—again, just losing money—anything but irreparable.[7]  *See, e.g.*, *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980).  And because *Sonner* holds that federal requirements for obtaining equitable relief apply even to a state-law claim, *Sonner* forecloses

---

[5] *See Leiva-Perez v. Holder*, 640 F.3d 962, 969 (9th Cir. 2011) (physical danger); *Klein v. City of San Clemente*, 584 F.3d 1196, 1208 (9th Cir. 2009) (constitutional rights); *Edmo v. Corizon, Inc.*, 935 F.3d 757, 797 (9th Cir. 2019) (psychological distress); *Amoco Prod. Co. v. Village of Gambell, AK*, 480 U.S. 531, 545 (1987) (environmental damage).  Some "intangible injuries," like harm to business "goodwill," are very "difficult to valuate" even after they occur and are thus *potentially* irreparable.  *Rent-A-Center*, 944 F.2d at 603.  But this case is nothing like that.  Plaintiffs have neither alleged an "intangible injury" (asserting instead the economic harm of overpaying for ads) nor argued that damages are incalculable (and in fact have experts calculating their alleged losses).

[6] *See also, e.g.*, *Sampson v. Murray*, 415 U.S. 61, 90 (1974); *Philip Morris USA Inc. v. Scott*, 561 U.S. 1301, 1304 (2010) (Scalia, J., in chambers); *Conkright v. Frommert*, 556 U.S. 1401, 1403 (2009) (Ginsburg, J., in chambers); *Blocktree Properties, LLC v. Pub. Util. Dist. No. 2 of Grant Cty. Washington*, 783 F. App'x 769, 770-71 (9th Cir. 2019).

[7] Not to mention that all Facebook advertisers may dispute charges on Facebook's platform for any ad purchases for which they believe they were unfairly charged.  *See* Facebook's Answer to the TAC at 31, Dkt. 269.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

11

FACEBOOK'S MOT. FOR JUDGMENT
ON THE PLEADINGS
CASE NO. 3:18-cv-04978-JD

1    injunctive relief under the UCL here.  *See, e.g.*, *Adams*, 2020 WL 5648605, at *3 (concluding

2    under *Sonner* that "lost money" from overpaying for a product was not an "irreparable injury");

3    *Hassell*, 2020 WL 7173218, at *9 (similar).

4            That result, which flows inevitably from *Sonner*, is consistent with this Court's decision

5    rejecting Facebook's argument that Plaintiffs have not pled an "actual and imminent" threat of

6    future harm.  *See* FAC Order at 1 (denying motion to dismiss "in all other respects"); Def.'s Mot.

7    to Dismiss FAC at 14-15 (making this Article III standing argument).  That ruling concerned

8    whether Plaintiffs had adequately pled "Article III standing to seek injunctive relief," *Davidson*,

9    889 F.3d at 967, *not* whether they deserved an injunction under "the traditional principles

10   governing equitable remedies in federal courts," *Sonner*, 971 F.3d at 844.  Those two inquiries are

11   distinct, and only the latter is at issue here.  While an alleged risk of "los[ing] money" in the future

12   may qualify as an injury-in-fact under Article III, *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104

13   (9th Cir. 2013) (citation omitted), such economic harm falls far short of an *irreparable* injury under

14   traditional principles of equity, *see, e.g.*, *Rent-A-Center*, 944 F.2d at 603.  One can thus have

15   Article III standing but be still barred from obtaining an injunction.  *See, e.g.*, *Cottonwood Env't*

16   *Law Ctr. v. U.S. Forest Serv.*, 789 F.3d 1075, 1083, 1092 (9th Cir. 2015) (holding that plaintiffs

17   seeking an injunction had Article III standing but hadn't shown irreparable harm).  This is just

18   such a case.  A future risk of overpaying for ads might be an Article III injury, but it is emphatically

19   not an irreparable one.

20           That *Sonner* independently precludes injunctive relief (as well as restitution) similarly

21   accords with this Court's prior ruling that Plaintiffs have plausibly stated a claim under the UCL.

22   *See* TAC Order at 1.  Again, the *Sonner* bar is a creature of *federal* law; the standard for stating a

23   claim under the UCL comes from *state* law.  Under *Sonner*, Plaintiffs' UCL claim fails in its

24   entirety, no matter what California law says to the contrary.

25   **V.    CONCLUSION**

26           For these reasons, Facebook's motion for judgment on the pleadings should be granted as

27   to Plaintiffs' UCL claim.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

FACEBOOK'S MOT. FOR JUDGMENT
ON THE PLEADINGS
CASE NO. 3:18-cv-04978-JD

1   Dated:  March 15, 2021                    LATHAM & WATKINS LLP

2                                      By:   */s/ Elizabeth L. Deeley*
                                             Elizabeth L. Deeley (CA Bar No. 230798)
3                                            Nicole C. Valco (CA Bar No. 258506)
                                             Melanie M. Blunschi (CA Bar. No. 234264)
4                                            505 Montgomery Street, Suite 2000
                                             San Francisco, CA  94111-6538
5                                            Telephone:  +1.415.391.0600
                                             Facsimile:  +1.415.395.8095
6                                            *elizabeth.deeley@lw.com*
                                             *nicole.valco@lw.com*
7                                            *melanie.blunschi@lw.com*

8                                            Susan E. Engel (*pro hac vice*)
                                             555 Eleventh Street, N.W., Suite 1000
9                                            Washington, D.C. 20004-1304
                                             Telephone:  +1.202.637.2200
10                                           Facsimile:  +1.202.637.2201
                                             *susan.engel@lw.com*
11
                                             Hilary H. Mattis (CA Bar No. 271498)
12                                           140 Scott Drive
                                             Menlo Park, CA 94025-1008
13                                           Telephone: +1.650.328.4600
                                             Facsimile: +1.650.463.2600
14                                           *hilary.mattis@lw.com*

15                                           *Attorneys for Defendant Facebook, Inc.*

16

17

18

19

20

21

22

23

24

25

26

27

28