# Exhibit 1

| | |
|---|---|
| **From:** | Blunschi, Melanie (Bay Area) |
| **Sent:** | Monday, May 24, 2021 8:09 PM |
| **To:** | Geoffrey Graber; Eric Kafka |
| **Cc:** | Deeley, Elizabeth (Bay Area); Mattis, Hilary (Bay Area); Valco, Nicole (Bay Area) |
| **Subject:** | RE: DZ Reserve - experts at class cert hearing |

Geoff,

  We have been clear from the start that we believe three of Facebook's four rebuttal experts should testify (specifically, Drs. Tadelis, Tucker, and Reibstein, all of whom I identified in my May 3 email and every proposal since).  To the extent there is any variation in the proposals, it comes from Facebook's efforts to guess at Plaintiffs' preferences while Plaintiffs refused to meaningfully engage.

  You've again ignored the question we've been asking for three weeks, i.e., whether Plaintiffs will agree to request ***any*** type of evidentiary hearing.  Each response from your camp simply picks at a particular detail or pushes back the timing of our efforts to work this out, without engaging on the threshold question or offering any suggestions, even as to which of Plaintiffs' seven experts they would offer to present their positions.

  This is not an unorthodox proposal.  Evidentiary hearings are increasingly common at class certification (as reflected in the examples we cited to you), and with the recent *Olean* decision emphasizing the importance of resolving expert disputes at the class certification stage, we believe an evidentiary hearing (whether traditional or in the form of a hot tub) will help the Court make this decision.  Nor is this a wide-ranging "mini trial"; the experts would simply address the portions of their opinions necessary to resolve the class certification motion.

  We have been more than willing to discuss the specific parameters, but we are out of time given the hearing date and the absence of any meaningful engagement from Plaintiffs.  We already held off on filing last week as a courtesy given that Plaintiffs were unable to meet and confer live until this morning—but as I have repeatedly emphasized (including in my Friday email and throughout today), we needed to at least know Plaintiffs' position on the basic question of whether there should be any live expert testimony at all.

  We remain hopeful that Plaintiffs will consider the proposal, and we are available to meet and confer in the coming days; if we are able to reach agreement, we can promptly withdraw the motion and present the Court with a stipulated proposal.

Best regards,
Melanie


**Melanie M. Blunschi**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8129

---

**From:** Geoffrey Graber <GGraber@cohenmilstein.com>
**Sent:** Monday, May 24, 2021 6:17 PM
**To:** Blunschi, Melanie (Bay Area) <Melanie.Blunschi@lw.com>; Eric Kafka <EKafka@cohenmilstein.com>
**Cc:** Deeley, Elizabeth (Bay Area) <Elizabeth.Deeley@lw.com>; Mattis, Hilary (Bay Area) <Hilary.Mattis@lw.com>; Valco,

Nicole (Bay Area) <Nicole.Valco@lw.com>
**Subject:** RE: DZ Reserve - experts at class cert hearing
**Importance:** High

Melanie,

I need to interject here.  When you first made this proposal it apparently entailed some subset of the parties' experts who would participate in an evidentiary hearing.  What you are now proposing is very different.  It appears that Facebook is proposing to have all of its rebuttal experts at the class certification hearing to explain their positions, and perhaps even provide a "tutorial" on the issues.  This sounds like a mini-trial, at which Facebook will present its case through its rebuttal experts.  And, contrary to your prior proposals, Plaintiffs would be free to bring some – or none – of their experts to explain their views.

This is very different than what you had proposed before.  While your proposal is admittedly unorthodox, we would appreciate the professional courtesy to have a few hours to consider it.  It is now 9:15pm on the East Coast.  Please let us consider this, and we will get back to you no later than 9:00am Pacific Time tomorrow.

We trust you will extend us this courtesy.  But, if you choose to unilaterally file, please include this correspondence.

Thank you,

-Geoff

**Geoffrey Graber**
Partner

**COHEN**MILSTEIN

**Cohen Milstein Sellers & Toll PLLC**
1100 New York Ave. NW  | Fifth Floor
Washington, DC 20005
phone 202.408.4600
fax 202.408.4699

**website**  | map

**Powerful Advocates. Meaningful Results.**

This e-mail was sent from Cohen Milstein Sellers & Toll PLLC. It may contain information that is privileged and confidential. If you suspect that you were not intended to receive it, please delete it and notify us as soon as possible.

---

**From:** Melanie.Blunschi@lw.com <Melanie.Blunschi@lw.com>
**Sent:** Monday, May 24, 2021 8:58 PM
**To:** Eric Kafka <EKafka@cohenmilstein.com>; Geoffrey Graber <GGraber@cohenmilstein.com>
**Cc:** Elizabeth.Deeley@lw.com; Hilary.Mattis@lw.com; Nicole.Valco@lw.com
**Subject:** RE: DZ Reserve - experts at class cert hearing

Hi Eric,
   Again, the decision on which of Plaintiffs' experts to offer is ultimately Plaintiffs'.  We've outlined who we think makes sense to appear if we make a joint request for a hot tub format.  We expect Drs. Tucker, Tadelis, and Reibstein to explain their side of the disagreement with Plaintiffs' experts and assume that Plaintiffs would counter with the experts we listed.

As we have been trying to do since May 3, we would like to know Plaintiffs' position on the threshold issue:  do you agree to an evidentiary hearing (whether traditional or by hot tub)?  Or is that threshold issue something that Plaintiffs are still considering at this point?

If the threshold question of whether there should be an evidentiary hearing at all is still up in the air as of 7 pm PT tonight, Facebook will move forward with a request for guidance from the Court because, as you know, the June 10 hearing date that Plaintiffs set (without consulting us) is fast approaching, and we need to get an answer on whether it will include evidence from the experts.  This is why we first raised this issue with you three weeks ago, and we still do not seem to have agreement on the key point.

We will, of course, remain willing to discuss this issue in hopes that we can follow up on Facebook's request with an agreed-upon proposal.

Best,
Melanie

**Melanie M. Blunschi**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8129

---

**From:** Eric Kafka <EKafka@cohenmilstein.com>
**Sent:** Monday, May 24, 2021 5:25 PM
**To:** Blunschi, Melanie (Bay Area) <Melanie.Blunschi@lw.com>
**Cc:** Geoffrey Graber <GGraber@cohenmilstein.com>; Deeley, Elizabeth (Bay Area) <Elizabeth.Deeley@lw.com>; Mattis, Hilary (Bay Area) <Hilary.Mattis@lw.com>; Valco, Nicole (Bay Area) <Nicole.Valco@lw.com>
**Subject:** Re: DZ Reserve - experts at class cert hearing

Thanks, Melanie.

I think we are talking past each other. We are trying to understand which of Plaintiffs' experts you want to attend the class certification hearing. In the proposed stipulation, you lay out that Facebook's experts have specific disagreements with four of Plaintiffs' experts (Cowan, Allenby, Roughgarden and McFarlane). Are you asking for these four experts to attend the class certification hearing?

Also, our understanding is that an expert cannot go into the Hot Tub alone; that the Hot Tub consists of two experts speaking with each other. We are still unclear on what other pairs of experts you are suggesting should go into the Hot Tub together, of if you are now only interested in calling Facebook's experts.

Thanks,
Eric

> On May 24, 2021, at 8:08 PM, Melanie.Blunschi@lw.com wrote:
>
> Thanks, Eric.
>
> As far as the roster, for our part, we would offer Drs. Tadelis, Tucker, and Reibstein to explain why we believe that the Rule 23 requirements are not satisfied here.  Who Plaintiffs would offer in response is ultimately up to you all; in the interest of putting together a joint stipulation, we included our best guesses, but I wouldn't consider that "new information" so much as our effort to draft a joint proposal.
>
> The "optional" tutorial suggestion need not be a hold-up here.  We included that as a suggestion in case Judge Donato would like a walk-through of the process for placing ads on Ads Manager.

Can you confirm whether Plaintiffs agree to jointly request an evidentiary hearing? If we still don't have agreement on that foundational point, we will need to go ahead and make our request but are happy to continue discussing in hopes that we can withdraw it in favor of a stipulated proposal.

Best regards,
Melanie

**Melanie M. Blunschi**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8129

---

**From:** Eric Kafka <EKafka@cohenmilstein.com>
**Sent:** Monday, May 24, 2021 4:54 PM
**To:** Blunschi, Melanie (Bay Area) <Melanie.Blunschi@lw.com>
**Cc:** Geoffrey Graber <GGraber@cohenmilstein.com>; Deeley, Elizabeth (Bay Area) <Elizabeth.Deeley@lw.com>; Mattis, Hilary (Bay Area) <Hilary.Mattis@lw.com>; Valco, Nicole (Bay Area) <Nicole.Valco@lw.com>
**Subject:** Re: DZ Reserve - experts at class cert hearing

Hi Melanie:

Thank you for sending this over. It is very helpful, as it includes some new information about what Facebook envisions for the class certification hearing.

We are evaluating as quickly as possible, but the draft stipulation raised new questions.

First, are the seven experts that Facebooks seeks to have testify at the class certification hearing Tucker, Tadelis, Reibstein, Cowan, Allenby, Roughgarden, and McFarlane? You had not mentioned wanting McFarlane to attend before. Does Facebook have no interest in Hashmi, Porter, Chiagouris, or Levy attending?

Second, could you explain what Facebook is envisioning for the Ads Manager tutorial? You had not mentioned this before, so we do not understand what you are proposing.

To be clear, we are NOT at impasse. We look forward to your answers to these questions.

Thanks!

> On May 24, 2021, at 4:59 PM, Melanie.Blunschi@lw.com wrote:
>
> Hi Geoff & Eric,
>    Attached is our effort to embody the proposals from our email chain below and call in a stipulation. Please let us know your thoughts.
>
>    As I've explained, given the timing of the hearing and the implications for witnesses' schedules, we do believe that it is important to reach a decision promptly. Please let us know by **5 pm PT today** whether you are amenable to the stipulation. (I regret the short turnaround at this point, but this is the same proposal we've outlined before—just

4

formalized in stipulation form—so we assume Plaintiffs have been considering the substance of it already.)  Otherwise, we will plan to file a request consistent with this proposal—but, of course, we would remain open to further discussions in hopes that we can follow up with a joint proposal.

Best,
Melanie

**Melanie M. Blunschi**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8129

---

**From:** Blunschi, Melanie (Bay Area)
**Sent:** Monday, May 24, 2021 12:30 PM
**To:** 'Eric Kafka' <EKafka@cohenmilstein.com>; 'Geoffrey Graber' <GGraber@cohenmilstein.com>
**Cc:** Deeley, Elizabeth (Bay Area) <Elizabeth.Deeley@lw.com>; Mattis, Hilary (Bay Area) <Hilary.Mattis@lw.com>; Valco, Nicole (Bay Area) <Nicole.Valco@lw.com>
**Subject:** RE: DZ Reserve - experts at class cert hearing

Hi Geoff & Eric,
  Thanks again for taking the time to connect this morning.  We are working on a proposed stipulation for your consideration, but just to recap the proposal in the meantime:

- Our proposed stipulation (or, if necessary, unilateral request) will track the proposal from my May 3 and 19 emails, i.e., live expert testimony from the experts whose opinions are necessary to resolving the class certification motion, either in an ordinary evidentiary hearing or "hot tub."  In our view, that would involve Drs. Tadelis, Tucker and Reibstein on behalf of Facebook.  We assume Plaintiffs would at least want to call Drs. Cowan and Allenby.

- In response to Eric's question about whether Dr. Tadelis would address auction issues as well—yes, we anticipate he would, so while we defer to you, that may suggest that Plaintiffs may want to call Dr. Roughgarden too.

- In response to the question Geoff raised about *Daubert* motions by Plaintiffs, we can add a note in the proposed stipulation that Plaintiffs reserve the right to file such motions against Facebook's proffered experts.  Again, our view is that this testimony would be helpful to the class certification motion, regardless of whether the Court decides to address *Dauberts* at the same time.  But I won't rehash the parties' dispute over the timing of *Dauberts* here.

Best,
Melanie

**Melanie M. Blunschi**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8129

5

**From:** Blunschi, Melanie (Bay Area)
**Sent:** Friday, May 21, 2021 4:40 PM
**To:** 'Eric Kafka' <EKafka@cohenmilstein.com>; 'Geoffrey Graber' <GGraber@cohenmilstein.com>
**Cc:** Deeley, Elizabeth (Bay Area) <Elizabeth.Deeley@lw.com>; Mattis, Hilary (Bay Area) <Hilary.Mattis@lw.com>; Valco, Nicole (Bay Area) <Nicole.Valco@lw.com>
**Subject:** RE: DZ Reserve - experts at class cert hearing

Hi Eric,

Looks like today has come and gone—so looking forward to connecting on Monday. Mindful that the hearing is fast approaching and that the proposal for expert testimony at the hearing necessarily implicates not merely lawyers' time but the Court's and witnesses' as well, I do want to be clear that we believe that it's important to get to agreement on Monday if we're going to have a joint approach. That's of course our preference, but if we can't timely get there, Facebook will make its own proposal to the Court. That proposal will be consistent with what we raised back on May 3 and again this week, i.e., an evidentiary hearing or hot tub, depending on the Court's preference, involving Drs. Tadelis, Reibstein, and Tucker for Facebook and suggesting Drs. Cowan and Allenby for Plaintiffs. I flag this not to rush anyone but to be transparent in hopes that it makes our call as productive as possible.

Best,
Melanie

**Melanie M. Blunschi**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8129

**From:** Blunschi, Melanie (Bay Area)
**Sent:** Thursday, May 20, 2021 10:47 PM
**To:** 'Eric Kafka' <EKafka@cohenmilstein.com>; Geoffrey Graber <GGraber@cohenmilstein.com>
**Cc:** Deeley, Elizabeth (Bay Area) <Elizabeth.Deeley@lw.com>; Mattis, Hilary (Bay Area) <Hilary.Mattis@lw.com>; Valco, Nicole (Bay Area) <Nicole.Valco@lw.com>
**Subject:** RE: DZ Reserve - experts at class cert hearing

Thanks, Eric, fair enough—I'll send an invite for 9 am Monday. If something happens to open up for tomorrow/Friday, please let us know—we'll prioritize making time to connect in hopes that we can make any proposals to the Court with as much lead time as possible, especially given how soon the hearing is. But either way, hope you have a nice weekend and get a little downtime.

Best,
Melanie

**Melanie M. Blunschi**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8129

**From:** Eric Kafka <EKafka@cohenmilstein.com>
**Sent:** Thursday, May 20, 2021 3:45 PM
**To:** Blunschi, Melanie (Bay Area) <Melanie.Blunschi@lw.com>; Geoffrey Graber <GGraber@cohenmilstein.com>
**Cc:** Deeley, Elizabeth (Bay Area) <Elizabeth.Deeley@lw.com>; Mattis, Hilary (Bay Area) <Hilary.Mattis@lw.com>; Valco, Nicole (Bay Area) <Nicole.Valco@lw.com>
**Subject:** RE: DZ Reserve - experts at class cert hearing

I'm sorry, Melanie, when I looked for times tomorrow, I just don't have anything that will work. I can talk to you first thing on Monday, and I will work around your schedule any time on Monday. I appreciate your flexibility and patience.

**From:** Melanie.Blunschi@lw.com <Melanie.Blunschi@lw.com>
**Sent:** Thursday, May 20, 2021 6:41 PM
**To:** Eric Kafka <EKafka@cohenmilstein.com>; Geoffrey Graber <GGraber@cohenmilstein.com>
**Cc:** Elizabeth.Deeley@lw.com; Hilary.Mattis@lw.com; Nicole.Valco@lw.com
**Subject:** RE: DZ Reserve - experts at class cert hearing

Thanks, Eric – your earlier email mentioned tomorrow too.  Is there anything that would work tomorrow?

**Melanie M. Blunschi**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8129

**From:** Eric Kafka <EKafka@cohenmilstein.com>
**Sent:** Thursday, May 20, 2021 3:33 PM
**To:** Blunschi, Melanie (Bay Area) <Melanie.Blunschi@lw.com>; Geoffrey Graber <GGraber@cohenmilstein.com>
**Cc:** Deeley, Elizabeth (Bay Area) <Elizabeth.Deeley@lw.com>; Mattis, Hilary (Bay Area) <Hilary.Mattis@lw.com>; Valco, Nicole (Bay Area) <Nicole.Valco@lw.com>
**Subject:** RE: DZ Reserve - experts at class cert hearing

Melanie:

Monday from 9 am Pacific Time to 2 pm Pacific Time all work for me.

Thanks,
Eric


**From:** Melanie.Blunschi@lw.com <Melanie.Blunschi@lw.com>
**Sent:** Thursday, May 20, 2021 6:25 PM
**To:** Eric Kafka <EKafka@cohenmilstein.com>; Geoffrey Graber <GGraber@cohenmilstein.com>
**Cc:** Elizabeth.Deeley@lw.com; Hilary.Mattis@lw.com; Nicole.Valco@lw.com
**Subject:** RE: DZ Reserve - experts at class cert hearing

Hi Eric,

7

Just checking in to see if that time frame works for you? If not, let me know if there's something better.

Thanks,
Melanie

**Melanie M. Blunschi**

**LATHAM & WATKINS** LLP
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8129

---

**From:** Blunschi, Melanie (Bay Area) <Melanie.Blunschi@lw.com>
**Sent:** Thursday, May 20, 2021 12:06 PM
**To:** Eric Kafka <EKafka@cohenmilstein.com>; Geoffrey Graber <GGraber@cohenmilstein.com>
**Cc:** Deeley, Elizabeth (Bay Area) <Elizabeth.Deeley@lw.com>; Mattis, Hilary (Bay Area) <Hilary.Mattis@lw.com>; Valco, Nicole (Bay Area) <Nicole.Valco@lw.com>
**Subject:** RE: DZ Reserve - experts at class cert hearing

Thanks so much, Eric! Could we shoot for something between 8-11:30 PT / 11-2:30 ET tomorrow?

**Melanie M. Blunschi**
**LATHAM & WATKINS** LLP
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8129

---

**From:** Eric Kafka <EKafka@cohenmilstein.com>
**Date:** Thursday, May 20, 2021, 10:41 AM
**To:** Blunschi, Melanie (Bay Area) <Melanie.Blunschi@lw.com>, Geoffrey Graber <GGraber@cohenmilstein.com>
**Cc:** Deeley, Elizabeth (Bay Area) <Elizabeth.Deeley@lw.com>, Mattis, Hilary (Bay Area) <Hilary.Mattis@lw.com>, Valco, Nicole (Bay Area) <Nicole.Valco@lw.com>
**Subject:** RE: DZ Reserve - experts at class cert hearing

Melanie:

I hope you are doing well, and you are enjoying a bit of a breather, now that the class certification briefing and the Daubert briefing are both in Plaintiffs' court.

I also appreciate your further explanation of Facebook's position. We are giving some further thought to your proposal. Meanwhile, today is a particularly difficult day for us to confer because of the two *Daubert* opposition briefs that we are filing this evening.

Are there times tomorrow or on Monday next week when you are available to discuss further?

Thank you,
Eric

**Eric Kafka**
Associate

**Cohen Milstein Sellers & Toll PLLC**

88 Pine Street | 14th Floor
New York, NY 10005

phone 212.838.7797
fax 212.838.7745

website | map

**Powerful Advocates. Meaningful Results.**

*This e-mail was sent from Cohen Milstein Sellers & Toll PLLC. It may contain information that is privileged and confidential. If you suspect that you were not intended to receive it, please delete it and notify us as soon as possible.*

---

**From:** Melanie.Blunschi@lw.com <Melanie.Blunschi@lw.com>
**Sent:** Wednesday, May 19, 2021 12:44 PM
**To:** Eric Kafka <EKafka@cohenmilstein.com>; Geoffrey Graber <GGraber@cohenmilstein.com>
**Cc:** Elizabeth.Deeley@lw.com; Hilary.Mattis@lw.com; Nicole.Valco@lw.com
**Subject:** RE: DZ Reserve - experts at class cert hearing

Hi Eric,

We understand the *Capacitors* hot tub was at a different stage of the proceeding. Our point was that the format Judge Donato outlined there could work well for an evidentiary hearing or hot tub here—sorry if that introduced confusion.

We fully appreciate that we have a difference of opinion as to when *Dauberts* should be heard—but given the complexity of the issues on class certification, we believe it would be helpful for the Court to hear from the experts at the class certification hearing, regardless of whether *Daubert* motions are heard at the same time. As you probably know, the district court in *Olean* held evidentiary hearings in connection with class certification, as have others (*e.g.*, *Cole's Wexford Hotel, Inc. v. Highmark, Inc.*, before Judge Conti in W.D. Pa.), and the Ninth Circuit's opinion in *Olean* underscores the need for the Court to resolve the conflict between our experts as to whether there are too many uninjured class members to move forward.

Do you think we can find a time to hop on the phone later this afternoon (I'm free after 12:30 PT / 3:30 ET) or tomorrow (anytime except 10:30-12:30 PT / 1:30-3:30 ET, although if that's the only time that works for you, I can likely move what I have scheduled then) to discuss whether we might find some common ground to jointly approach the Court with the suggestion that certain of the parties experts testify at the hearing, whether in the traditional format or a "hot tub"?

Best,
Melanie


**Melanie M. Blunschi**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8129

9

**From:** Eric Kafka <EKafka@cohenmilstein.com>
**Sent:** Friday, May 7, 2021 12:59 PM
**To:** Blunschi, Melanie (Bay Area) <Melanie.Blunschi@lw.com>; Geoffrey Graber <GGraber@cohenmilstein.com>
**Cc:** Deeley, Elizabeth (Bay Area) <Elizabeth.Deeley@lw.com>; Mattis, Hilary (Bay Area) <Hilary.Mattis@lw.com>; Valco, Nicole (Bay Area) <Nicole.Valco@lw.com>
**Subject:** RE: DZ Reserve - experts at class cert hearing

Melanie:

Thank you for reaching out.

We have reviewed the docket in *In re Capacitors Antitrust Litig.*, and the "Hot Tub" occurred in that case in connection with the *Daubert* motions, not in connection with class certification. Plaintiffs have yet to file their *Daubert* motions, and *Daubert* briefing will go into mid-July. We do not believe it would be helpful for the Court to hold a hearing with the experts regarding *Daubert* briefing on an incomplete record.

As far as the "Hot Tub" format, it is up to the Court whether it wants to hear from the experts, and in what format. If the Court wants to hold a hearing with the experts, then we'll be happy to work with you to coordinate, pursuant to the instructions provided by Judge Donato.

Thanks,
Eric


**Eric Kafka**
Associate

**Cohen Milstein Sellers & Toll PLLC**

88 Pine Street | 14th Floor
New York, NY 10005

phone 212.838.7797
fax 212.838.7745

**website** | map

**Powerful Advocates. Meaningful Results.**

This e-mail was sent from Cohen Milstein Sellers & Toll PLLC. It may contain information that is privileged and confidential. If you suspect that you were not intended to receive it, please delete it and notify us as soon as possible.

**From:** Melanie.Blunschi@lw.com <Melanie.Blunschi@lw.com>
**Sent:** Monday, May 3, 2021 4:50 PM
**To:** Geoffrey Graber <GGraber@cohenmilstein.com>; Eric Kafka <EKafka@cohenmilstein.com>
**Cc:** Elizabeth.Deeley@lw.com; Hilary.Mattis@lw.com; Nicole.Valco@lw.com
**Subject:** DZ Reserve - experts at class cert hearing

Hi Geoff & Eric,

We've reviewed Plaintiffs' class certification brief and think that the Court would benefit from holding an evidentiary hearing to evaluate Plaintiffs' motion for class certification and the parties' competing evidence related to Rule 23.  We are hopeful that the parties can reach an agreement and submit a stipulation to Judge Donato with a joint proposal.

As I'm sure you're experiencing too, evidentiary hearings are increasingly common to assess the adequacy of plaintiffs' Rule 23 showing for class certification, and the Ninth Circuit's recent decision in *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 2021 WL 1257845 (9th Cir. Apr. 9, 2021), underscores their importance.  Judge Donato also has indicated a preference for expert "hot tubs" in complex cases.  The protocol he followed in the *In re Capacitors* MDL would appear to be a good fit here.  In that case, Judge Donato directed the parties' experts to confer and prepare a joint statement listing the top issues of disagreement and relevant portions of the expert reports, by descending order of importance, and then hold a discussion of those issues moderated by the Court.  *See* April 16, 2019 Transcript, *In re Capacitors Antitrust Litig.*, Case No. 17-md-02801 (Apr. 16, 2019) (Dkt. 1281); Order re: Concurrent Expert Witness Proceeding, *In re Capacitors Antitrust Litig.*, Case No. 17-md-02801 (Aug. 5, 2019) (Dkt. 828).

We think it makes sense for the Court to hear from Dr. Tadelis, Dr. Tucker, and Dr. Reibstein from our side, as well as at least Dr. Allenby and Dr. Cowan from yours, but of course welcome your thoughts on a full proposed witness list and schedule.

Happy to hop on the phone to discuss live.  Would love to get this resolved ahead of our submission of our opposition on May 14.

Thanks,
Melanie


**Melanie M. Blunschi**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8129 | M: +1.213.880.3504


_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.