Andrew N. Friedman (*pro hac vice*)
Geoffrey Graber (SBN 211547)
Julia Horwitz (*pro hac vice*)
Karina G. Puttieva (SBN 317702)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
afriedman@cohenmilstein.com
ggraber@cohenmilstein.com
jhorwitz@cohenmilstein.com
kputtieva@cohenmilstein.com

Eric Kafka (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor,
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
ekafka@cohenmilstein.com

Charles Reichmann (SBN 206699)
**LAW OFFICES OF CHARLES REICHMANN**
16 Yale Circle
Kensington, CA 94708-1015
Telephone: (415) 373-8849
Charles.reichmann@gmail.com

*Counsel for Plaintiffs and Proposed Class*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| DZ Reserve and Cain Maxwell (d/b/a Max Martialis), individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | Case No.: 3:18-cv-04978-JD<br><br>**PLAINTIFFS' RESPONSE TO FACEBOOK'S ADMINISTRATIVE MOTION FOR AN EVIDENTIARY HEARING ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION OR, IN THE ALTERNATIVE, FOR A CONCURRENT EXPERT WITNESS PROCEEDING**<br><br>Hon. James Donato |

## I.  INTRODUCTION

Facebook makes an extraordinary demand: the Court should hold a full trial on the merits at the June 10, 2021 class certification hearing, with Facebook's rebuttal experts serving as the star witnesses. Facebook seeks to present its rebuttal experts' findings on (1) misstatements, (2) reliance/deception, (3) injury, and (4) damages, as well as a possible "tutorial" on Ads Manager—all before class certification is decided and weeks before the parties' dispositive and *Daubert* motions are even due. Facebook demands a full merits bench trial now, and, if it loses, it will present the same evidence to a jury for a second trial in December. If the Court believes live testimony from Plaintiffs' experts would be helpful, Plaintiffs are happy to have their experts testify at the format and at the time of the *Court's choosing*. But Facebook's proposed "mini-trial" on the merits is improper and its Administrative Motion ("Motion") should be denied. *See Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 477, (2013).

Facebook's request is premised on a gross misreading of *Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC*, 993 F.3d 774 (9th Cir. 2021). In fact, *Olean* never discusses or endorses evidentiary hearings. In *Olean*, the parties presented competing statistical models: the plaintiffs' model found that 5.5% of class members had not paid inflated prices, but the defendants' model found that 28% of class members had not paid inflated prices (and were not injured). *Id.* at 782-83. The Ninth Circuit asked the district court "to resolve the competing claims on the *reliability* of Plaintiffs' statistical model" in order to evaluate the percentage of uninjured class members to determine predominance. *Id.* at 791-92 (emphasis added).

Here, by contrast, Facebook's experts have not put forth competing statistical models to dispute the reliability of Plaintiffs' experts. Instead, Facebook mostly offers run-of-the-mill criticisms of Plaintiffs' experts' inputs, data, and assumptions — none of which go to reliability. *See Bally v. State Farm Life Ins. Co.*, 335 F.R.D. 288, 299 (N.D. Cal. 2020) (granting class certification); *see also In re Capacitors Antitrust Litig. (No. III)*, 2018 WL 5980139, at *6 (N.D. Cal. Nov. 14, 2018) (Donato, J.) (data used in model is for a jury to evaluate). Indeed, much of Facebook's motion is based on the criticisms of its rebuttal expert, Dr. Tadelis, whose entire attack on Dr. Cowan involves alternative "███████." Tadelis' main argument is that Cowan used the wrong inflation data inputs.

1  That is a question for the jury. *Bally*, 335 F.R.D. at 299; *Capacitors*, 2018 WL 5980139, at *6.

2  Moreover, the Tadelis' data input criticisms are outlandish. For example, while Cowan relies on Facebook's own internal data regarding fake accounts, Tadelis claims ████████████ ████████████████████████████████████████████████. *See* ECF 298-1 at ¶¶ 78-79. ████████████████████ is, at best, a question for jury. To find alternative data inputs, Tadelis also ████████████████ ████████. *See, e.g.*, ECF 298-1 ¶ 214 n.432. Tadelis then uses ████████████ ████████████████████████████████████████████████ ████████████████████████████████. ECF No. 317-13 at 182:19-184:3. This type of "attempted spoon-feeding of client-prepared and lawyer-orchestrated 'facts' to a hired expert who then 'relies' on the information to express an opinion" has been labeled "[o]ne of the worst abuses in civil litigation," and it does not justify an evidentiary hearing here. *Therasense, Inc. v. Becton, Dickinson & Co.*, 2008 WL 2323856, at *1 (N.D. Cal. May 22, 2008).

In sum, the arguments of Facebook's rebuttal experts raise, at most, fact questions for the jury, and do not implicate class certification issues, much less the particular concerns addressed in *Olean*. Facebook's motion should be denied.

## II. FACEBOOK'S CRITICISMS OF PLAINTIFFS' EXPERT EVIDENCE DO NOT IMPLICATE THE ISSUES RAISED IN *OLEAN*

Facebook's proposed bench trial at the class certification stage will waste judicial resources as none of Facebook's "competing" evidence implicates the issues raised in *Olean*.

**Misstatement.** While Cowan's methodology showed *to a statistical certainty* that every advertiser in the class received inflated Potential Reach numbers, Facebook claims that its expert, Tadelis, "demonstrates" that most advertisers saw non-existent or *de minimis* inflation. Motion at 3. As an initial matter, *Olean* is not implicated because Cowan's analysis does not use sampling. *See Maldonado v. Apple, Inc.*, 2021 WL 1947512, at *6 (N.D. Cal. May 14, 2021). And, unlike in *Olean*, Tadelis does not put forth a competing statistical model or take serious issue with the reliability of Cowan's model; Facebook did not even move to exclude Cowan's opinion under *Daubert*.

Instead, Tadelis merely challenges the data "████████████" used by Cowan. ECF No.

298-1 at Table 6 (page 64). Tadelis makes this clear in the very table that Facebook cites to support its administrative motion, where Tadelis describes his analysis as ███████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ██████████." ECF 298-1 at Table 6 (page 64) (emphasis added). Tadelis also confirmed at his deposition that his Table 6 "████████████████████████████████████████████████." ECF No. 317-7 at 100:25-101:5. Tadelis' criticisms do not go to the reliability of Cowan's statistical analysis. *Bally*, 335 F.R.D. at 299 ("[A] factual dispute over the correct input that [an expert] should have used in his model, rather than a criticism of the model itself . . . does not go against [an expert's] reliability . . . ."); *see also Capacitors*, 2018 WL 5980139, at *6. *Olean* is therefore not implicated. The Court's time should not be wasted with an evidentiary hearing regarding issues for the factfinder.

*Reliance/Deception (Materiality).* Citing to its criticisms of Dr. Allenby, Facebook asks for an evidentiary hearing on "reliance/deception." Motion at 3. This is a disguised request for an evidentiary hearing on materiality because, under California law, "[r]eliance may be presumed where materiality is found." *Walker v. Life Ins. Co. of the Sw.*, 2012 WL 7170602, at *15 (C.D. Cal. Nov. 9, 2010); *accord In re Tobacco II Cases*, 207 P.3d 20, 39 (Cal. 2009). Underscoring Facebook's true aim to have a mini-trial on materiality, Facebook seeks to call Dr. Catherine Tucker who will testify about how supposedly most advertisers are not concerned with Potential Reach. Motion 3-4. However, materiality is a common issue to be evaluated on the merits by the factfinder. *Hadley v. Kellogg Sales Co.*, 324 F. Supp. 3d 1084, 1115-16 (N.D. Cal. Aug. 17, 2018); *Amgen*, 568 U.S. at 466-68. And the Supreme Court has unequivocally rejected "mini-trials on the issue of materiality at the class-certification stage." *Amgen*, 568 at 477. Facebook's proposed evidentiary hearing on materiality, reliance, and deception is improper.

Facebook also rehashes its *Daubert* criticisms of Allenby in its Administrative Motion. As explained in Plaintiffs' Opposition to Facebook's *Daubert* motion, Facebook's criticisms are mistaken, and go to the weight of the evidence—and not admissibility—under Ninth Circuit precedent. Facebook's *Daubert* motion against Allenby does not warrant an evidentiary hearing in conjunction with class certification because "whatever the failings of the class's statistical analysis, they affect every class member's claims uniformly" so that their "claims rise and fall together." *Stockwell v. City*

3

& Cty. of S.F., 749 F.3d 1107, 1115 (9th Cir. 2014). Finally, Facebook's citation to a 21% figure from Allenby's analysis is both factually incorrect, and legally irrelevant. Factually, 9.3% of advertisers increased their budgets despite Potential Reach inflation, **not** 21%. See ECF No. 282-68 ¶ 47; *see also* ECF 289-1 at ¶ 127, Table 7. And legally, courts repeatedly reject the argument that class certification should be denied due to a "large minority" (or even a majority) of survey respondents not preferring the product with the misrepresentation. *See Broomfield v. Craft Brew Alliance*, 2018 WL 4952519, at *17-18 (Sept. 25, 2018); *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, 326 F.R.D. 592, 602 (N.D. Cal. 2018); *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 1019 (C.D. Cal. 2015).

**Injury and Damages.** In Facebook's opposition to class certification, Facebook lodges a few criticisms against Dr. Roughgarden, none of which merit an evidentiary hearing. Facebook complains that, "Roughgarden's price premium is an average and varies across class members." Motion at 23. R Roughgarden does not average the expected price premium amongst class members. Rather, he calculates an expected price premium (and a distribution based on randomness), which "is exactly the same for every advertiser." ECF No. 317-13 at 104:15-105:23. In any event, *Olean* finds that the use of averages to calculate damages does not defeat class certification. 993 F.3d at 790 (individualized damages "diverg[ing] from the average overcharge" does not defeat class certification (citation omitted)). This is consistent with a long line of Ninth Circuit authority. *See Nguyen v. Nissan N. Am., Inc.*, 932 F.3d 811, 821 (9th Cir. 2019) (approving damages model based on "average cost of repair."); *Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1140-41 (9th Cir. 2016); *Vaquero v. Ashley Furniture Indus., Inc.*, 824 F.3d 1150, 1155 (9th Cir. 2016). Facebook cannot use *Olean* to justify an evidentiary hearing regarding the supposed use of averages by Roughgarden when *Olean* expressly permits their usage for damages.

Tadelis also provides an alternative data input for Roughgarden's auction simulation based solely on ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. ECF 298-1 ¶ 214 n.432. But Tadelis admitted ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. ECF No. 317-7 at 125:9-127:4;

4

ECF No. 317-13 at 182:19-184:3. The data from this purported off-the-record conversation also conflicts with Facebook's corporate designee testimony that ███████████████████ ███████████████████. ECF No. 317-12 at 93:9-24; *see also* ECF No. 317-13 at 184:4-23. Once again, disagreements about an experts' data inputs do not undermine an expert's reliability and do not provide a basis to deny class certification. *Bally*, 335 at 299; *Capacitors*, 2018 WL 5980139, at *6.

Finally, Facebook asserts in passing, in an apparent reference to Roughgarden, that "Levy and McFarlane rely on averages that improperly sweep in uninjured class members." Motion at 4. Facebook raises this "uninjured class member" argument against Roughgarden (and perhaps Levy and McFarlane) for the first time in its Administrative Motion. This is clearly improper. Facebook cannot use an administrative motion as a vehicle to supplement its Opposition to Class Certification or its *Daubert* Motions. Regardless, Facebook offers no basis for this bald assertion.

***Ads Manager "Tutorial."*** While Plaintiffs are, of course, willing to provide any information the Court requests, Plaintiffs do not believe an Ads Manager tutorial is necessary. The core facts regarding Ads Manager are straightforward and undisputed – Facebook displays Potential Reach to every class member on Ads Manager, at the point of purchase where the budget for an ad campaign is set. ECF No. 282-4. Facebook also does not explain who would provide its Ads Manager tutorial. If Facebook intends to call a Facebook employee as a witness to testify about Facebook's Ads Manager, such live testimony of fact witnesses is better reserved for trial.

### III.   CONCLUSION

For the reasons discussed above, Facebook's administrative motion should be denied.

DATED: May 28, 2021                                  Respectfully submitted,

By: /s/ *Geoffrey Graber*

Geoffrey Graber (SBN 211547)
Andrew N. Friedman (*pro hac vice*)
Julia Horwitz (*pro hac vice*)
Karina G. Puttieva (SBN 317702)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005

Telephone: (202) 408-4600
Facsimile: (202) 408-4699
ggraber@cohenmilstein.com
afriedman@cohenmilstein.com
jhorwitz@cohenmilstein.com
kputtieva@cohenmilstein.com

Eric Kafka (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor,
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
ekafka@cohenmilstein.com

Charles Reichmann (SBN 206699)
**LAW OFFICES OF CHARLES REICHMANN**
16 Yale Circle
Kensington, CA 94708-1015
Telephone: (415) 373-8849
Charles.reichmann@gmail.com