```
                                              Pages 1 - 10

              UNITED STATES DISTRICT COURT

            NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable James Donato, Judge

DZ RESERVE and CAIN MAXWELL    )
(d/b/a MAX MARTIALIS),         )
individually and on behalf of  )
all others similarly situated, )
                               )
          Plaintiffs,          )
                               )
  VS.                          )  NO. C 18-04978 JD
                               )
FACEBOOK, INC.,                )
                               )
          Defendant.           )
_____)

                                 San Francisco, California
                                 Thursday, June 10, 2021

    TRANSCRIPT OF REMOTE ZOOM VIDEO CONFERENCE PROCEEDINGS


APPEARANCES VIA ZOOM:

For Plaintiffs:
                    COHEN MILSTEIN SELLERS TOLL, PLLC
                    1100 New York Avenue, NW
                    Suite 500, West Tower
                    Washington, D.C. 20005
               BY:  GEOFFREY A. GRABER, ATTORNEY AT LAW

                    COHEN MILSTEIN SELLERS TOLL, PLLC
                    88 Pine Street, 14th Floor
                    New York, New York 10005
               BY:  ERIC A. KAFKA, ATTORNEY AT LAW



          (APPEARANCES CONTINUED ON FOLLOWING PAGE)


Reported Remotely By:  Ana Dub, RDR, RMR, CRR, CCRR, CRG, CCG
                       CSR No. 7445, Official U.S. Reporter
```

```
 1   APPEARANCES VIA ZOOM:   (CONTINUED)

 2   For Defendant:
                             LATHAM & WATKINS LLP
 3                           505 Montgomery Street, Suite 2000
                             San Francisco, California 94111
 4                    BY:    ELIZABETH L. DEELEY, ATTORNEY AT LAW
                             MELANIE M. BLUNSCHI, ATTORNEY AT LAW
 5
                             LATHAM & WATKINS LLP
 6                           555 11th Street, NW
                             Suite 1000
 7                           Washington, D.C. 20004
                      BY:    ANDREW B. CLUBOK, ATTORNEY AT LAW
 8
                             LATHAM & WATKINS LLP
 9                           140 Scott Drive
                             Menlo Park, California 94025
10                    BY:    HILARY H. MATIS, ATTORNEY AT LAW
                               (Telephonically)
11

12   Also Present (Telephonically):

13                           Nikki Sokol, Director
                             Associate General Counsel
14                           Facebook

15

16

17

18

19

20

21

22

23

24

25
```

```
 1   Thursday - June 10, 2021                              11:06 a.m.
 2                        P R O C E E D I N G S
 3                              ---o0o---
 4       THE CLERK:  Okay.  Calling Civil 18-4978, DZ Reserve
 5   versus Facebook.
 6       Counsel for plaintiff?
 7       MR. GRABER:  Good morning, Your Honor.  Geoffrey Graber on
 8   behalf of plaintiffs.  Also with me here is my colleague Eric
 9   Kafka.
10       MS. DEELEY:  Good morning, Your Honor.  Elizabeth Deeley
11   from Latham & Watkins on behalf of Facebook.  And I'm joined by
12   my partner Andrew Clubok and my partner Melanie Blunschi.
13       Also on the line, Hilary Mattis from Latham & Watkins and
14   Nikki Sokol, director and associate general counsel of
15   Facebook.
16       THE COURT:  Okay.  All right.  We are just -- we're going
17   to bring order to chaos here.  That's all we're doing today.
18   I'm not doing anything substantive.
19       This case is about to spin off past the orbit of Pluto,
20   and I cannot figure out why.  I have 16 motions from you all.
21   16 motions on my docket.  I have had multiple multi-district
22   litigation cases where there aren't 16 motions in the entire
23   case.  So we've got to get this house in order because it's out
24   of control.
25       So an enormous number of those 16 motions are requests to
```

 1  seal.  Now, here's what we're going to do.  I am terminating
 2  all of those requests without prejudice.  You two are going to
 3  submit one single joint filing of the materials that you want
 4  me to consider for sealing.
 5       If you have read my prior orders on sealing -- and I
 6  presume you have -- you will know that it is a rare day when
 7  the citizens of this country are excluded from seeing the
 8  business of the Court.  And that's what sealing does.  It
 9  excludes people from seeing the business of the Court.
10       So you are going to have to account very carefully for
11  current standards.  So I expect to see a discussion of at least
12  two of these cases:  *Center for Auto Safety*, it's 809 F.3d
13  1092; and *Kamakana*, 447 F.3d 1172.
14       Please do not be under the misunderstanding that
15  *Center for Auto Safety* in any way reversed *Kamakana*.  It did
16  not.  They're both three-panel decisions, and *Center for Auto*
17  *Safety*, as a panel, has no authority to reverse *Kamakana*.
18  Don't be misled by any cases that you see to the contrary.  I
19  do not read them that way.  They are harmonious.
20  *Center for Auto Safety* builds on *Kamakana*.  It does not
21  supplant it.
22       So you do that.  And then you're going to give a chart for
23  me and it's to have some columns in it.
24       At the far right -- far left of the chart, you have the
25  docket number and the page of the thing you want to seal.

1    In the middle, you have the exact language that you want
2 me to consider for sealing.  If it's a whole document, you can
3 just say "Whole document"; you don't have to repeat the whole
4 thing.  But if it's a couple of lines or a paragraph, put that
5 there.
6    And then, in the far right, you give me your statement
7 under those prevailing cases on why this is subject to being
8 sealed.
9    And you do that as a chart.  Okay?  I don't need anything
10 else.  This is your omnibus filing.  You have a cover sheet and
11 then this chart.
12    I will take a very dim view of requests to seal that are
13 inappropriate.  So please use your discretion.  All right?
14    And I will give you -- how much do you want for that?
15 Three weeks?  Four weeks?
16    **MS. DEELEY:**  Your Honor, I believe we were already working
17 towards that goal and hope to submit it, certainly, within that
18 time.
19    **THE COURT:**  Which one?  Do you want 30 days or --
20    **MS. DEELEY:**  No.  Within three weeks, Your Honor.
21    **THE COURT:**  All right.  Plaintiffs?
22    **MR. GRABER:**  That'd be fine, Your Honor.
23    **THE COURT:**  All right. I'm going to give you four, just
24 in case.  All right?  And then I'll take it from there.
25    So please handle this in the spirit of government in the

1  sunshine, because that's what we do in the judiciary.
2      Now, what is this request for more time, plaintiffs, on
3  the *Daubert* motions?
4      **MR. GRABER:**  Well, Your Honor, with regard to the *Daubert*
5  motions, they're fully briefed now.  So I think that motion is
6  actually -- is moot.  We're prepared to argue those motions
7  today, if the Court so pleases.
8      **THE COURT:**  No.
9      **MR. GRABER:**  We had filed that --
10     **THE COURT:**  You're not doing that today.  I cannot do this
11 until probably -- look, I've got an enormous overhang from
12 2020, and you're in the middle of it as a 2018 case.  This
13 thing has just gone on forever with this torrent of motions.
14     So I can have you in -- probably the earliest I'm going to
15 be able to have you in is the second week of -- with my trial
16 calendar coming up -- and that takes precedence.  These are
17 criminal trials that just constitutionally and for other
18 reasons, due process reasons, have to come first, starting on
19 July 12th.  I just did one two weeks ago, and I've got another
20 one coming up and others back to back after that.  Now, some of
21 those go away, but I can't count on that.  All right?  And I
22 can't predict which ones are going to go away.
23     So I can probably have you in the second week of November.
24 And we'll do everything then.  We'll do, I guess, class cert
25 and these *Daubert* challenges.  Now, I may not even have to have

1   you in.  I'll set that date.
2       My approach to *Daubert* motions is, there is a,
3   quote/unquote, gatekeeper function.  We all know what that is.
4   But if the *Daubert* motion is basically nothing but a list of
5   cross-examination questions, it's going to get denied.  And I
6   don't know if that's the case here or not.  I haven't looked at
7   it.  And I certainly don't have any views on that yet.  I want
8   to get the benefits of your filings, of course, first.  But if
9   that's the case, I'm not going to have you in.  I'll just issue
10  a written order.  And class certification, it's 50-50 whether I
11  need to have you come in or not.
12      So that's where we're going to be.  Now, everything else
13  is closed.  Right?  Fact discovery is closed?
14      All that's done, Mr. Kafka?
15      **MR. GRABER:**  Yes.  This is Geoff Graber.
16      Yes.
17      **THE COURT:**  All right.
18      **MR. GRABER:**  Sorry.  Fact discovery is closed, Your Honor.
19      There is an August 5th hearing on one of Facebook's
20  motions, their motion for judgment on the pleadings.  So is
21  that going to go forward, or should we --
22      **THE COURT:**  Motion on the pleadings?
23      **MS. DEELEY:**  Your Honor, just to -- sorry to interrupt.
24      That motion, the motion for judgment on the pleadings, is
25  based on a recent decision from the Ninth Circuit in *Sonner*,

1  and it relates to the UCL claim.  And that's fully briefed and
2  on calendar for August --
3      **THE COURT:**  I will take that under submission.  That
4  sounds like a good thing for a 701(b).  So consider that
5  hearing date vacated.  If it's just the UCL issue, I'll get
6  that out when I can.
7      Were there other things there, Mr. Graber?
8      **MR. GRABER:**  Yes, Your Honor.  We have a -- I believe a
9  trial date set for December 6.
10     **THE COURT:**  I'm going to vacate all that --
11     **MR. GRABER:**  Okay.
12     **THE COURT:**  -- for two reasons.
13     You're behind the ball on getting this done because it's
14 just been a torrent of stuff; and secondly, I just can't do it.
15     We've got a post-pandemic overhang that's going to take me
16 through -- even if I did back-to-back trials between now and
17 the end of next year, I don't even know if I can get you in.
18 So you're a little bit ahead on 2018, but I've got cases -- a
19 number of cases from that year; and as I said, there are
20 subsequent cases that require priority because of criminal
21 issues or something else.  So --
22     **MS. DEELEY:**  Your Honor, would that also vacate the
23 summary judgment motion scheduled?  Because those would be
24 coming in shortly as well.
25     **THE COURT:**  Well, why don't you do this.  Why don't you

```
 1  two get together -- okay? -- and you just propose a new -- an
 2  amended scheduling order.  I would work backward from a trial,
 3  let's say -- let's be optimistic -- in the third quarter of
 4  2022.  All right?  Sometime in the third quarter of 2022;
 5  earlier in the third quarter, like September of 2022.  And you
 6  can work back from that.
 7       I'm not going to reopen discovery.  All right?  I'm not
 8  going to do that.  I'm not reopening amending pleadings.  I'm
 9  not reopening any deadlines.  You just pace whatever is still
10  left to be done -- don't reopen anything; but whatever is still
11  left to be done, you can make a proposal.
12       Now, I don't know who's going to bring summary judgment.
13  Rule 56 exists for a reason, and it has its place.  But before
14  you file anything, take a hard look at my decision in
15  *FTC v. D-Link*, D, dash, Link.  It will tell you my approach to
16  summary judgment, as is the approach of many of my colleagues
17  on the bench.
18       And in a nutshell, it is this:  No matter how much time
19  and effort and how much of your client's money you spend on
20  summary judgment, if there are genuine disputes of material
21  fact, you will get a one-paragraph -- literally a one-paragraph
22  denial.  Do not be surprised.  All right?  This is just like in
23  the Sopranos.  You can't say you didn't know.
24       So if you get that order and your client says, "I don't
25  understand why I spent $150,000 on this and I got a
```

1  one-paragraph order from the judge," you can cite this
2  transcript.  Okay?
3      Be aware of that.  Don't waste my time, your opponent's
4  time, and most importantly, in some respects, your client's
5  time and money by telling me:  Oh, just look at my view of the
6  facts.  You all know that, but it bears repeating because, for
7  whatever reason, the lesson doesn't sink in very well.  Okay?
8      So that's where we are now.
9      All right.  Mr. Graber, anything else for today?
10     **MR. GRABER:**  No, nothing further, Your Honor.
11     **THE COURT:**  All right.  Ms. Deeley?
12     **MS. DEELEY:**  I think that does it, Your Honor.  Thank you.
13     **THE COURT:**  Okay.  All right.  Thanks very much.
14          (Proceedings adjourned at 11:16 a.m.)
15                        ---o0o---

### CERTIFICATE OF REPORTER

18     I certify that the foregoing is a correct transcript
19  from the record of proceedings in the above-entitled matter.

21  DATE:  Tuesday, June 15, 2021

            *Ana Dub*
        _____
24     Ana Dub, CSR No. 7445, RDR, RMR, CRR, CCRR, CRG, CCG
              Official United States Reporter