UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DZ RESERVE, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>META PLATFORMS, INC.,<br><br>  Defendant. | Case No. 3:18-cv-04978-JD<br><br>**ORDER RE MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 270 |

Defendant Meta Platforms, Inc. (Meta), formerly known as Facebook, asks for judgment on the Third Amended Complaint, Dkt. No. 332, under Federal Rule of Civil Procedure 12(c). Dkt. No. 270. The parties' familiarity with the record is presumed, and the motion is granted in part.

1. <u>Restitution</u>: *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020), requires plaintiffs to show they lack an adequate remedy at law in order to seek equitable relief, and plaintiffs have not done so for the claim of restitution under the UCL. Plaintiffs say they have alleged a lack of adequate legal remedy, Dkt. No. 274 at 6, but they do not point to any such allegations in the complaint. Plaintiffs' UCL claims are coextensive with their common law fraud claims, as both seek a remedy for Meta's alleged misrepresentations of potential reach of advertisements. Plaintiffs attempt to distinguish *Sonner* by suggesting that the UCL and common law fraud claims seek different amounts in restitution and damages because the statute of limitations will bar some class members from recovering for common law fraud claims. *Id*. at 8. Even assuming that were true for present purposes, the fact that some class members' claims may be barred by the statute of limitations does not mean that the legal remedies available to them are inadequate. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Failure to comply with a remedy at law does not make it inadequate so as to require the district court to exercise its equitable jurisdiction."). And while plaintiffs aptly note that *Sonner* does not necessarily preclude a plaintiff from setting out alternative claims for recovery, *see, e.g.*, Fed. R. Civ. P. 8(d)(2), that

does not excuse plaintiffs from showing they lack an adequate legal remedy. Consequently, Meta's motion for judgment on the pleadings is granted for the restitution claims.

2.   <u>Injunctive Relief</u>:  Plaintiffs claims for injunctive relief under the UCL warrant a different conclusion.  The requirements of *Sonner* that plaintiffs show they lack an adequate remedy at law in order to seek equitable relief apply equally to all forms of equitable relief.  *Sonner*, 971 F.3d at 841-42 (referring to "equitable principles" generally).  Plaintiffs say that, although they intend to purchase additional advertisements from Meta they will be unable to trust Meta's representations going forward if Meta continues to inflate potential reach estimates.  *See* Dkt. No. 274 at 11; Dkt. No. 332 at ¶¶ 101, 108.  Unlike restitution, this is not a quantifiable harm that can be remedied by an award of damages.  That is also true for the future availability of remedies for future harms.  *See* Dkt. No. 270 at 10.  Plaintiffs' alleged harm is not that they will incur additional damages if Meta's activities continue but that they will be unable to trust Meta's representations going forward.  *Milan v. Clif Bar& Co.*, 489 F. Supp. 3d 1004, 1007 (N.D. Cal. 2020) (citing *Davison v. Kimberly-Clark Corp.*, 889 F.3d 956, 971-72 (9th Cir. 2018)); *see also Cepelak v. HP Inc.*, No. 20-cv-2450-VC, 2021 WL 5298022, at *3 (N.D. Cal. Nov. 15, 2021).  Consequently, Meta's motion for judgment on the pleadings is denied for the injunctive relief claims.

While Rule 12(c) does not expressly mention the possibility of amending a complaint, the option is available.  *See Gregg v. Hawaii*, 870 F.3d 883, 889 (9th Cir. 2017).  At this stage in the case, after plaintiffs have already amended their complaint three times, plaintiffs' class certification motion is pending, and dispositive motions are due to be filed in the coming months, the Court declines to grant leave to file another amended complaint.

**IT IS SO ORDERED.**

Dated: January 20, 2022

JAMES DONATO
United States District Judge