Andrew N. Friedman (*pro hac vice*)
Geoffrey Graber (SBN 211547)
Karina G. Puttieva (SBN 317702)
Paul Stephan (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
afriedman@cohenmilstein.com
ggraber@cohenmilstein.com
kputtieva@cohenmilstein.com
pstephan@cohenmilstein.com

Eric Kafka (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor,
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
ekafka@cohenmilstein.com

Charles Reichmann (SBN 206699)
**LAW OFFICES OF CHARLES REICHMANN**
16 Yale Circle
Kensington, CA 94708-1015
Telephone: (415) 373-8849
Charles.reichmann@gmail.com

*Class Counsel*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| DZ Reserve and Cain Maxwell (d/b/a Max Martialis), individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Meta Platforms, Inc. (f/k/a Facebook, Inc.),<br><br>Defendant. | Case No.: 3:18-cv-04978-JD<br><br>**PLAINTIFFS' MOTION FOR APPROVAL OF CLASS NOTICE PLAN**<br><br>Date: June 9, 2022<br>Time: 10:00 am<br>Court: Courtroom 11, 19th Floor<br>Hon. James Donato |

# TABLE OF CONTENTS

NOTICE OF MOTION ................................................................................................................ iv

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1

I.    INTRODUCTION ...............................................................................................................1

II.    ARGUMENT .......................................................................................................................2
    A.    Direct Notice.............................................................................................................3
    B.    The Supplemental Notice Plan ................................................................................5
    C.    The Proposed Form and Content of the Notices Are Easy to Read and Understand, and Thus Comport with Rule 23 and Due Process .............................6

III.    CONCLUSION ....................................................................................................................8

# TABLE OF AUTHORITIES

**Cases**                                                                                                        **Page(s)**

*Briseno v. ConAgra Foods, Inc.*,
   844 F.3d 1121 (9th Cir. 2017) *cert. denied*, _U.S._, 138 S. Ct. 313 (2017) ........................2, 6

*Browning v. Yahoo! Inc.*,
   2006 WL 3826714 (N.D. Cal. Dec. 27, 2006) .......................................................................4

*Eisen v. Carlisle & Jacquelin*,
   417 U.S. 156 (1974) ............................................................................................................2

*Evans v. Linden Research, Inc.*,
   2013 WL 5781284 (N.D. Cal. Oct. 25, 2013) .......................................................................6

*In re Facebook Biometric Info. Priv. Litig.*,
   522 F. Supp. 3d 617 (N.D. Cal. 2021), *appeal dismissed*, No. 21-15555, 2021
   WL 2660668 (9th Cir. June 22, 2021) ............................................................... 2, 3, 5, 7

*Flanagan v. Allstate Ins. Co.*,
   2007 WL 3085903 (N.D. Ill. Oct. 18, 2007) .......................................................................8

*Fraser v. Asus Comput. Int'l*,
   2013 WL 621929 (N.D. Cal. Feb. 19, 2013) .......................................................................6

*G. F. v. Contra Costa Cty.*,
   2015 WL 7571789 (N.D. Cal. Nov. 25, 2015) ....................................................................4

*Johns v. Bayer Corp.*,
   2013 WL 435201 (S.D. Cal. Feb. 1, 2013) ..........................................................................8

*Lane v. Facebook, Inc.*,
   696 F.3d 811 (9th Cir. 2012) ...............................................................................................4

*In re Linkedin User Privacy Litig.*,
   309 F.R.D. 573 (N.D. Cal. 2015) .........................................................................................4

*Mark v. Gawker Media LLC*,
   2015 WL 2330079 (S.D.N.Y. Mar. 5, 2015) .......................................................................4

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
   339 U.S. 306 (1950) .............................................................................................................6

*Palma v. Metropcs Wireless, Inc.*,
   2014 WL 235478 (M.D. Fla. Jan. 22, 2014) .......................................................................4

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797 (1985) .............................................................................................................7

*In re Pool Prods. Distribution Mkt. Antitrust Litig.*,
    310 F.R.D. 300 (E.D. La. 2015) ............................................................................... 4

*Silber v. Mabon*,
    18 F.3d 1449, 1453 (9th Cir. 1994) ........................................................................... 2

*Smith v. Generations Healthcare Servs LLC*,
    2017 WL 2957741 (S.D. Ohio July 11, 2017) ........................................................... 4

*Tadepalli v. Uber Techs., Inc.*,
    2016 WL 1622881 (N.D. Cal. Apr. 25, 2016) ............................................................ 6

*In re Wal-Mart Stores, Inc. Wage & Hour Litig.*,
    2008 WL 1990806 (N.D. Cal. May 5, 2008) ............................................................. 8

*Woods v. Vector Mktg. Corp.*,
    2015 WL 1198593 (N.D. Cal. Mar. 16, 2015) ........................................................... 4

**Rules and Other Authorities**

Brian Walters, "Best Notice Practicable" in the Twenty-First Century,
    2003 UCLA J.L. & TECH ........................................................................................... 4

Fed. R. Civ. P. 23 ............................................................................................................ passim

*Proposed Amendments to Rules of Civil Procedure for the United States District
    Courts*, 39 F.R.D. 69, 107 (1966) ............................................................................. 2

# NOTICE OF MOTION

TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on June 9, 2022, at 10:00 a.m., or on such other date deemed appropriate by the Court, before the Honorable James Donato, United States District Judge, at the United States District Court, Northern District of California, San Francisco Division, 450 Golden Gate Avenue, Courtroom 11, 19th Floor, San Francisco, California 94102, plaintiffs DZ Reserve and Cain Maxwell (d/b/a Max Martialis) will move this Court for an order, pursuant to Federal Rule of Civil Procedure 23, approving the Class Notice Plan proposed herein (the "Notice Plan"). This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support Thereof, the Declarations of Geoffrey Graber and Eric Schachter and the [Proposed] Order filed herewith, all pleadings and papers filed herein, arguments of counsel, and any other matters properly before the Court

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On March 29, 2022, the Court granted plaintiffs' motion for class certification and certified the following Class:

> All United States residents (including natural persons and incorporated entities) who, from August 15, 2014, to the present ("Class Period"), paid for the placement of at least one advertisement on Facebook's platforms, including the Facebook and Instagram platforms, which was purchased through Facebook's Ads Manager or Power Editor.
>
> Excluded from the class are: (1) advertisements purchased pursuant to agreements other than Facebook's Terms of Service or Statement of Rights and Responsibilities; (2) advertisements purchased using only non-lookalike Custom Audiences as the targeting criteria; (3) advertisements purchased using Reach and Frequency buying; (4) advertisements purchased with the objectives of canvas app engagement, canvas app installs, offer claims, event responses, page likes, or external; and (5) advertisements for which Facebook provided a Potential Reach lower than 1000.
>
> Also excluded from the Class are Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, legal representatives, successors, subsidiaries, and assigns. Further excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

ECF Nos. 282, 388. In light of the Court's ruling on defendant's motion for judgment on the pleadings, the Rule (b)(3) class period commences on August 14, 2015. *See* ECF No. 366. Trial is currently set for October 3, 2022. Plaintiffs now respectfully request that the Court, pursuant to Rule 23, approve the Notice Plan proposed herein. The proposed Notice Plan consists of the following:

1. An electronic banner post on Facebook's Ads Manager;
2. Jewel notification via Facebook's Business Manager/Business Suite;
3. E-mail notification;
4. Publication notice;
5. A targeted online advertisement campaign; and
6. A dedicated case website.

The proposed Notice Plan satisfies the requirements of Rule 23 and due process. This Notice Plan takes to heart this Court's recent admonition in another case involving alleged misconduct by Facebook, that "the old methods of U.S. Mail and a print ad [a]re not going to cut it" in 2022. *See In re Facebook Biometric Info. Priv. Litig.*, 522 F. Supp. 3d 617, 624 (N.D. Cal. 2021), appeal dismissed, No. 21-15555, 2021 WL 2660668 (9th Cir. June 22, 2021), and aff'd, No. 21-15553, 2022 WL 822923 (9th Cir. Mar. 17, 2022) ("*Facebook Biometric*"). The proposed Notice Plan mirrors this Court's "best practices for online notice" and is tailored to reach as many Class members as possible. *See Facebook Biometric*, Case No. 15-cv-03747-JD, ECF No. 474 at 7. Specifically, the Notice Plan includes "direct email, Facebook's 'jewel' … notifications, publication in a leading … newspaper, a dedicated [case] website, and an internet ad campaign on non-Facebook platforms." *See Facebook Biometric*, 522 F. Supp. 3d at 624; Declaration of Eric Schachter Regarding Notice Administration ("Schachter Decl.").

**II.  ARGUMENT**

Rule 23 and due process require "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1128-29 (9th Cir. 2017) *cert. denied*, _U.S._, 138 S. Ct. 313 (2017). The purpose of such notice is "to fulfill requirements of due process to which the class action procedure is of course subject." *Proposed Amendments to Rules of Civil Procedure for the United States District Courts*, 39 F.R.D. 69, 107 (1966). Due process requires that notice is "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174 (1974).

Notice plans are not expected to reach every class member (*see Silber v. Mabon*, 18 F.3d 1449, 1453 (9th Cir. 1994)), and courts generally hold notice plans that reach a minimum of 70% of the class are adequate and comply with Rule 23 and due process. Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide, Federal Judicial Center (2010), at 3, https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf (last visited April 28, 2022). This Notice Plan takes into account that the alleged fraudulent conduct in this case, "happened

online"—specifically on Facebook's Ads Manager interface— "and the class is composed entirely of online users." *Facebook Biometric*, Case No. 15-cv-03747-JD, ECF No. 474 at 7. Facebook expects that it possesses e-mail addresses for over 90% of the class. Declaration of Geoffrey Graber ("Graber Decl.") at ¶ 4[1]. The e-mail notice alone (which is only one of three forms of direct notice) far exceeds the 70% threshold for adequate notice. Thus, the Notice Plan's "combination of direct email notices to Facebook users, jewel notifications . . . and the activation of the web page dedicated to the lawsuit and offering electronic opt-out for class members constitutes best practicable notice to individual class members under the circumstances of this case." Case No. 15-cv-03747-JD, ECF No. 402 at 2.

### A.    Direct Notice

Plaintiffs' proposed notice plan includes three forms of direct notice: (1) an electronic banner post on Facebook's Ads Manager, (2) a jewel notification via Facebook's Business Manager/Business Suite, and (3) an e-mail notification.

First, Facebook will post an electronic banner on Class members' Ads Manager (i.e., the interface through which Facebook advertisers can purchase and place advertisements on Facebook or Instagram). When Class members hover on the Ads Manger banner, additional information regarding this Action will appear, including a link to the case website. Schachter Decl. ¶ 9, Ex. 2. The banner notification will appear for both mobile and browser-based users.

Second, Facebook will also disseminate jewel notifications to Class members' Business Manager and/or Business Suite[2] accounts (i.e., a tool for businesses that use Facebook that centralizes Facebook, Instagram, and messaging tools in one place). *Id*. The notification will include a link to more detailed information about this Action.

---

[1] The parties have been working cooperatively to ascertain the technological feasibility of the various forms of direct notice. Graber Decl. at ¶ 3.

[2] All advertisers who have an Ads Manager account also have Business Manager or Business Suite access. Business Suite is the latest version of Business Manager, but not all advertisers have transitioned to it (and some preferred the old version), so the Notice Plan includes notifications for both. Because Business Manager/ Business Suite also include other business tools (e.g., tools for page management or managing businesses' Instagram accounts), it may offer broader or different coverage than notifications on Ads Manager alone, as some advertisers may log into Business Manager/Business Suite there for other reasons than ads management.

Third, using Facebook's database of email addresses for Class members, A.B. Data will directly email the short-form notice to all identified Class members. *See* Schachter Decl. ¶¶ 10-11, Ex. 3. The short-form notice in the e-mail will include a link to the dedicated case website created by A.B. Data. *Id.* at ¶ 10.

Courts nationwide have adopted email notice as "an inexpensive and appropriate means of delivering notice of an action to a class." *Palma v. Metropcs Wireless, Inc.*, 2014 WL 235478, at *2 (M.D. Fla. Jan. 22, 2014); *see also, e.g., Smith v. Generations Healthcare Servs LLC*, 2017 WL 2957741, at *6 (S.D. Ohio July 11, 2017) ("email notice 'appears to be in line with the current nationwide trend'"). Email notice is well-suited to this case, given the online nature of Facebook's services. *See Browning v. Yahoo! Inc.*, 2006 WL 3826714, at *8 (N.D. Cal. Dec. 27, 2006) (approving email notice because the class members' "allegations arise from their visits to Defendants' Internet websites, demonstrating that [class members] are familiar and comfortable with email and the Internet"); *In re Linkedin User Privacy Litig.*, 309 F.R.D. 573, 586 (N.D. Cal. 2015) (approving notice plan which primarily called for direct notice by email to addresses used by class members in connection with their accounts on defendant's website).

Furthermore, where, as here, the defendant's website is essential to its relationship with the Class members or the allegations in the case, courts frequently endorse similar common-sense approaches to electronic notice.[3] This Court has endorsed this type of online notice in *In Re*

---

[3] *See, e.g., Lane v. Facebook, Inc.*, 696 F.3d 811, 818 (9th Cir. 2012) (where the "settlement class consisted of all Facebook members who had visited the website of a Beacon participant," affirming the approval of a notice plan that required Facebook to post notice in the "'Updates'" section of members' personal Facebook accounts); *G. F. v. Contra Costa Cty.*, 2015 WL 7571789, at *7 (N.D. Cal. Nov. 25, 2015) (finally approving class action settlement where defendants "posted the Notice and proposed Agreement in prominent places on their respective websites"); *Mark v. Gawker Media LLC,* 2015 WL 2330079, at *1 (S.D.N.Y. Mar. 5, 2015) (explaining that "use of social media notice" should "mirror the more traditional forms of notice" and "contain private, personalized notifications sent to potential plaintiffs whose identities were known and would may not be reachable by other means"). Courts have also found notifications on Facebook to be a feasible and customary substitute to individual postal mailings even where class members are not known Facebook members, but their demographic "is particularly likely to maintain a social networking presence." *Woods v. Vector Mktg. Corp.,* 2015 WL 1198593, at *4-*5 (N.D. Cal. Mar. 16, 2015); *see also In re Pool Prods. Distribution Mkt. Antitrust Litig.,* 310 F.R.D. 300, 317-18 (E.D. La. 2015) (concluding that posting notice to Google and Facebook in the relevant region adequately made up for the lack of individual notice); Brian Walters, "Best Notice Practicable" in the Twenty-First Century, 2003 UCLA J.L. & TECH. 4, 1, 7-16 (arguing that the Internet, not newspapers, provides the "best notice practicable").

*Facebook Biometric Information Privacy Litigation*, noting that "the alleged violations happened online, and the class is composed entirely of online users." Case No. 15-cv-03747-JD, ECF No. 474 at 7. This Court also found that using notification on Facebook's platform "fit the reality of our online lives" and will "maximize[] outreach to class members by leveraging Facebook's direct access to users…." *See Facebook Biometric,*, 522 F. Supp. 3d 617, 624, 622 (N.D. Cal. 2021).

Facebook is particularly well-suited to notify Class members directly: Class member advertisers all are or were Facebook users, and their allegations stem from purchasing advertisements from Facebook using Facebook's Ads Manager. The alleged misrepresentation at-issue in this litigation was displayed on Facebook's Ads Manager interface. And, as this Court noted in *Facebook Biometric*, "It is safe to say that if any defendant can provide notice likely to reach online users, it is Facebook." Case No. 15-cv-03747-JD, ECF No. 474 at 7. As this Court previously observed, a combination of jewel notification and a posting on Facebook's website reliably notified over 9 million class members involved in the *Facebook Biometric* settlement. *See* 522 F. Supp. 3d 617, 625 (N.D. Cal. 2021). Thus, giving notice to the Class members via Facebook's Ads Manager and Business Manager is an especially effective method for ensuring actual notice in this case.

**B.     The Supplemental Notice Plan**

In addition to the direct notice, Plaintiffs' proposed notice plan includes three forms of supplemental notice: (1) publication notice, (2) a targeted online advertisement campaign, and (3) a dedicated case website.

A.B. Data has designed the supplemental publication notice and targeted online advertisement campaign. Schachter Decl. ¶¶ 12-14. Notice will be published in *Wall Street Journal* and *Advertising Age* (or other appropriate publications). *Id.* at ¶ 12. The supplemental campaign will also include a digitally optimized press release published on *PR Newswire*'s US1 and Hispanic Newslines, as well as A.B. Data's and *PR Newswire*'s Twitter pages. *Id.* at ¶ 13. Finally, A.B. Data will also run banner advertisements on the social media platform LinkedIn. *Id.* at ¶ 14, Ex. 5.

In addition, each of the various forms of notice will direct Class members to a case-specific website, which will be created and maintained by A.B. Data. *Id.* at ¶ 18. The case website will contain (among other things), a summary of the case, the long-form notice, functionality for Class members to submit a request for exclusion online, all relevant documents, important dates, and any pertinent updates concerning the case. *Id.* at ¶ 18; *see, e.g., Tadepalli v. Uber Techs., Inc.*, 2016 WL 1622881, at *3 (N.D. Cal. Apr. 25, 2016) (email notice and a case-specific website); *Evans v. Linden Research, Inc.,* 2013 WL 5781284, at *5 (N.D. Cal. Oct. 25, 2013) (email notice, thirty-day publication to Facebook website, and case-specific website); *Fraser v. Asus Comput. Int'l,* 2013 WL 621929, at *3 (N.D. Cal. Feb. 19, 2013) (publication notice to defendant's website and Facebook page and a "'push' notification directly to the [class members'] TF201 devices through an electronic notification system"). A.B. Data will also set up a toll-free number through which Class members can access additional settlement information, request notice packets and obtain contact information for Class Counsel and A.B. Data. Schachter Decl. at ¶ 17.

If the names and addresses of Class members cannot be determined by reasonable efforts, notice by publication is sufficient to satisfy the requirements of Rule 23 and due process. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317-18 (1950); *see also Briseno*, 844 F.3d at 1129 ("Courts have routinely held that notice by publication in a periodical, on a website, or even at an appropriate physical location is sufficient to satisfy due process."). Here, Facebook expects that it possesses e-mail addresses for over 90% of the class, and two other forms of direct notice will be provided on Facebook's website. Under these circumstances, Plaintiffs' supplemental notice plan is more than sufficient for the small percentage of Class members who cannot be contacted through any of the three forms of direct notice.

### C. The Proposed Form and Content of the Notices Are Easy to Read and Understand, and Thus Comport with Rule 23 and Due Process

Plaintiffs' proposed notice plan includes the text for (1) a proposed long-form notice that will be posted on the dedicated case website, *see* Ex. 4 to Schachter Decl.; (2) a short-form notice that will be disseminated to Class members via e-mail notice, *see* Ex. 3 to Schachter Decl.; and (3) a proposed in-application notice that will be disseminated through a banner on Facebook's

Ads Manager and a jewel notification on Facebook's Business Manager/Suite, *see* Ex. 2 to Schachter Decl.

The text of these forms of notice also satisfy Rule 23 and due process with respect to their content. Rule 23(c)(2)(B) requires that class notice include the following:

> [C]learly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Due process requires that class members "be provided with an opportunity to remove [themselves] from the class by executing and returning an 'opt out' or 'request for exclusion' form to the court." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). Each of the notices in the Notice Plan satisfy these requirements. *See* Schachter Decl., Exs. 2-4. They adequately describe this action, identify the Class and its specific definition and provide instructions on how to request exclusion in clear, easy-to-read language that is understandable to the average Class member. Moreover, the email (short-form) and proposed long-form notice are based upon the question-and-answer format suggested by the Federal Judicial Center[4], and are modeled after this Court's approved pre-trial notices in *Facebook Biometric*. *See* Case No. 15-cv-03747-JD, ECF No. 402-1.

The form of plaintiffs' proposed notices, which provide Class members with a 45 day opt-out period, which is based on and consistent with the Federal Judicial Center's notices, satisfies the requirements of Rule 23 and due process. *See* Fed. R. Civ. P. 23(b)(3) advisory committee note on 2003 amendments ("The Federal Judicial Center has created illustrative clear-notice forms that provide a helpful starting point for actions similar to those described in the forms.");

---

[4] *See* "Illustrative Forms of Class Action Notices: Overview." Federal Judicial Center, https://www.fjc.gov/content/301253/illustrative-forms-class-action-notices-introduction (last visited April 28, 2022); *see also* "Illustrative Forms of Class Action Notices: Detailed Discussion of Methodology." The Federal Judicial Center, https://www.fjc.gov/content/detailed-discussion-methodology (last visited April 28, 2022).

*Johns v. Bayer Corp.*, 2013 WL 435201, at *2 (S.D. Cal. Feb. 1, 2013) (finding that "the form and information contained within the notice is based on and consistent with the Federal Judicial Center's notices, and satisfy the requirements of Rule 23 and due process"); *In re Wal-Mart Stores, Inc. Wage & Hour Litig.,* 2008 WL 1990806, at *7 (N.D. Cal. May 5, 2008) ("The inclusion of plaintiffs' concise yet informative statement concerning Class Counsel's experience is consistent with Rule 23's notice requirements. Indeed, plaintiffs' proposed language on Class Counsel's experience is identical to the language employed in the Federal Judicial Center's 'Illustrative' Form of Class Action Notice for Employment Discrimination cases."); *Flanagan v. Allstate Ins. Co.,* 2007 WL 3085903, at *1 (N.D. Ill. Oct. 18, 2007) ("We begin by adopting, generally, defendant's template, since it is taken directly from the Federal Justice Center's archive of sample Notice forms.").

Finally, Plaintiffs' proposed notice plan includes deadlines for the notice to be disseminated as soon as practical. Within 14 days of the entry of the order, or by May 31, 2022, whichever occurs later, Defendant shall produce the email addresses to the notice administrator, and direct notice to class members via Facebook Business Manager and Business Suite, and Facebook Ads Manager. Also, within 14 days of the entry of the order, or by May 31, 2022, whichever occurs later, the notice administrator will create the case website. Within ten days of its receipt of the Defendant's email list, the notice administrator will commence dissemination of the email notice, publication notice, and the targeted online advertising campaign (the "Notice Date.") Class members will have 45 days after the Notice Date to submit Requests for Exclusion, and Plaintiffs Class Counsel will file all Exclusion Requests with the Court within 75 days of the Notice Date.

### III.     CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court approve the Notice Plan.

DATED: April 29, 2022                    Respectfully submitted,

                                         By: */s/ Geoffrey Graber*

Geoffrey Graber (SBN 211547)
Andrew N. Friedman (*pro hac vice*)
Karina G. Puttieva (SBN 317702)
Paul Stephan (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
afriedman@cohenmilstein.com
ggraber@cohenmilstein.com
kputtieva@cohenmilstein.com
pstephan@cohenmilstein.com

Eric Kafka *(pro hac vice)*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor,
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
ekafka@cohenmilstein.com

Charles Reichmann (SBN 206699)
**LAW OFFICES OF CHARLES REICHMANN**
16 Yale Circle
Kensington, CA 94708-1015
Telephone: (415) 373-8849
Charles.reichmann@gmail.com

*Class Counsel*