LATHAM & WATKINS LLP
Elizabeth L. Deeley (CA Bar No. 230798)
  *elizabeth.deeley@lw.com*
Melanie M. Blunschi (CA Bar No. 234264)
  *melanie.blunschi@lw.com*
Nicole C. Valco (CA Bar No. 258506)
  *nicole.valco@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: +1.415.391.0600

Andrew B. Clubok (*pro hac vice*)
  *andrew.clubok@lw.com*
Susan E. Engel (*pro hac vice*)
  *susan.engel@lw.com*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DZ RESERVE and CAIN MAXWELL (d/b/a MAX MARTIALIS), individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:18-cv-04978 JD<br><br>**META PLATFORMS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR APPROVAL OF CLASS NOTICE PLAN**<br><br>Date: June 9, 2022<br>Time: 10:00 a.m.<br>Court: Courtroom 11, 19th Floor<br>Hon. James Donato |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

META PLATFORMS, INC.'S OPPOSITION TO
PLAINTIFFS' MOT. FOR APPROVAL
OF CLASS NOTICE PLAN
CASE NO. 3:18-CV-04978 JD

# I. INTRODUCTION

Consistent with this Court's directive, the parties worked together to submit a notice plan "on a joint basis, to the fullest extent possible." Dkt. 388 at 17. Meta Platforms, Inc. ("Meta") agrees that the forms of notice proposed by Plaintiffs—which include two types of in-product notifications, as well as email, traditional, and online media advertising campaigns—provide the "best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

However, the parties did not reach agreement on the content of the proposed notifications because Plaintiffs have refused to include *any* statement of Meta's defenses at all, other than a blanket denial of the allegations. That is not the law. When issuing Rule 23 class notice, courts should convey objective, neutral information about the nature of the class claims, including the defendant's defenses. *See Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989) ("[C]ourts must take care to avoid even the appearance of judicial endorsement of the merits of the action."); *see also* Fed. R. Civ. P. 23(c)(2)(B)(iii). Yet Plaintiffs are proposing a notice that recites their allegations in detail but limits Meta's position to a boilerplate, "Meta denies the allegations." That is not evenhanded, and it defeats the entire purpose of the notice to allow class members to evaluate adverse viewpoints in determining whether to opt out or be bound. This problem plagues both the in-app banner and the long- and short-form notices.[1] Each should be modified to be neutral, including by stripping Plaintiffs' one-sided language from the in-app banner notice or by adding Meta's defenses to the long- and short-form notices.

In addition, the Parties have conferred further regarding the timing for dissemination of class notice and agree that notice should occur on the later of 14 calendar days after the Court rules on Plaintiffs' motion or July 15, 2022. This will to allow time for the Ninth Circuit to consider

---

[1] Meta does not object to the language proposed for the in-app jewel notification, which is neutral, succinct, and should serve as a model for the in-app banner notice. By "banner" notice, Meta refers to both a "banner" that will appear at the top of the Ads Manager page and the text that appears in a box when an advertiser hovers over the banner. The text in the hover box is an extension of the banner text.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

META PLATFORMS, INC.'S OPPOSITION TO
PLAINTIFFS' MOT. FOR APPROVAL
OF CLASS NOTICE PLAN
CASE NO. 3:18-CV-04978 JD

whether to take up Meta's Rule 23(f) petition and avoid the risk of confusing class members with premature notice while still allowing for notice sufficiently ahead of the trial date.[2]

## II. BACKGROUND

The parties initially met and conferred regarding the forms and content of notice on April 19, 2022, and continued to have detailed discussions over the next 10 days about the best way to reach the most potential class members, including numerous emails regarding the feasibility and expected efficacy of potential forms of notice and their content.

After several requests from Meta, Plaintiffs first provided their proposed language for the in-product, short-form, and long-form notices on April 27, two days before the deadline to submit the notice proposal (and twelve days after Meta first requested it). The parties conferred the next morning with a focus on the in-product notifications, and Meta followed up with edits and comments to that notice the same day. On April 29, the parties continued to correspond about the content of the notices. Plaintiffs provided additional edits to the in-product notifications, and Meta followed up that afternoon with details about the technical feasibility of Plaintiffs' proposal, further edits to the in-product notifications, and targeted edits to the short-form and long-form notices that reflected the parties' correspondence to date and this Court's approach to (pre-settlement) class notice in the *Facebook Biometrics* litigation. After sending its proposed edits, Meta repeatedly followed up to discuss the language of the notices with Plaintiffs, but they declined to have a further call and ignored Meta's request that they identify any remaining areas of dispute before filing their motion.

Specifically, Meta requested: (1) to add language to the notices to set out Meta's defenses; and (2) to edit the expanded banner language that appears when users hover their mouse on the banner, in order to make it neutral. Plaintiffs refused to make those proposed changes, and submitted their motion regarding class notice without further conferring with Meta about the content of the notices.

---

[2] If the Court takes up Meta's 23(f) notice, the Parties will meet and confer within two business days regarding whether the notice plan should be altered and will make a proposal to the Court on a joint basis, to the fullest extent possible.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

META PLATFORMS, INC.'S OPPOSITION TO
PLAINTIFFS' MOT. FOR APPROVAL
OF CLASS NOTICE PLAN
CASE NO. 3:18-CV-04978 JD

## III. ARGUMENT

### A. Plaintiffs' Proposed Long-Form and Short-Form Notices and In-Product Banner Are Not Neutral And Should Be Modified To Avoid Confusion

Rule 23 requires that any class notice include a statement of the "class claims, issues, or defenses," Fed. R. Civ. P. 23(c)(2)(B)(iii), which courts have explained "must be neutral." *Adoma v. Univ. of Phoenix, Inc.*, No. CIV. S-10-0059 LKK, 2010 WL 4054109, at *2 (E.D. Cal. Oct. 15, 2010) (citing *Hoffman-La Roche*, 493 U.S. at 174 ("courts must be scrupulous to respect judicial neutrality" in "oversee[ing] the notice-giving process")). "To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffman-La Roche*, 493 U.S. at 174. An evenhanded statement of the case is necessary for class members to determine whether or not they should opt out of the class. *See In re NVIDIA GPU Litig.*, 539 F. App'x 822, 825 (9th Cir. 2013) (notice is only "satisfactory" if it provides "sufficient detail to alert" class members as to whether they have "adverse viewpoints"); *Camp v. Alexander*, 300 F.R.D. 617, 621 (N.D. Cal. 2014) ("The best practicable notice envisioned by Rule 23 'conveys objective, neutral information about the nature of the claim and the consequence of proceeding as a class.'" (citation omitted)). Plaintiffs' long- and short-form notices, as well as the in-product banner notification, run afoul of this neutrality requirement.

#### 1. Plaintiffs' Long- and Short-Form Notices Are Inappropriately One-Sided

Plaintiffs refused to incorporate language describing Meta's defenses into the long- and short-form notices, insisting instead on a one-sided description of their claims that violates the neutrality required for class notice and risks confusing Meta's advertising customers. Plaintiffs' proposed language recites their allegations of fraud in detail without including *any* description of Meta's position, other than a boilerplate statement that Meta "denies all of Plaintiffs' allegations." Indeed, the proposed long-form notice includes a header that says "What is Facebook's Response?" but Plaintiffs refused to include the response Meta provided. For the notices to "avoid even the appearance of judicial endorsement of the merits of the action," *Hoffman-La Roche*, 493 U.S. at 174, Meta's description of its defenses (set forth below) must be included.

Consistent with this principle of neutrality, courts routinely approve class notices only where the notice includes sections explaining *both* plaintiffs' claims and defendants' specific responses to them. For example, in *In re Facebook Biometrics Information Privacy Litigation*, following class certification but before settlement, this Court approved a class notice that included a statement of Meta's (then Facebook's) defenses:

> Facebook denies Plaintiffs' claims in their entirety. Facebook denies that its technology is regulated by BIPA. It also contends that it gave the Class Members adequate notice and obtained their consent to use facial recognition technology on their photos. Facebook denies that any Class Member has been aggrieved by its alleged conduct. It denies that any Class Member may recover damages.

No. 3:15-CV-03747-JD (N.D. Cal.) (Dkt. 393-1). Likewise, this Court has approved of defense language in other cases involving consumer fraud and UCL claims where notice was sent out before a settlement or trial. *See Milan et al v. Clif Bar & Company*; No. 3:18-cv-02354-JD (N.D. Cal Dec. 6, 2021) (Donato, J.) (Dkt. 218-1) (form notice included defendant's arguments that the statements are true and not misleading, that there is no price premium attached to challenged statements, and that class members are not entitled to any relief); *Meek v. Skywest, Inc. et al.*, No 3:17-cv-01012-JD (N.D. Cal.) (Donato, J.) (Dkt. 173-1) (providing a lengthy summary of UCL defenses). This is standard. Yet without giving any reason, Plaintiffs included a robust description of their allegations, but rejected Meta's request to respond substantively at all. *See* Dkt. 411 at 2.

To remedy the current imbalance in both the long- and short-form notice, Meta proposes adding the following statement regarding its defenses (Ex. 1 at 2, 4, 6):

> Facebook denies all of Plaintiffs' allegations. Facebook maintains that it provides accurate and informative disclosures about Potential Reach. Facebook has also explained to its advertisers (who understand) that despite Facebook's efforts to de-duplicate accounts, there are some users who have multiple accounts which may impact Potential Reach estimates. Facebook does not charge advertisers based on Potential Reach estimates, but instead charges based on actual results which are provided in real time to advertisers. Facebook denies that any Class Member has been damaged because advertisers do not set their budgets in reliance upon "Potential Reach" estimates, but rather based on estimated and actual results.

2. Plaintiffs' Expanded In-Product Banner Notification Is Inappropriately One-Sided And Unclear

Plaintiffs' proposed in-product banner notification is both impermissibly one-sided and too long and unwieldy for an in-product banner notification. Banner notifications are not designed to

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

META PLATFORMS, INC.'S OPPOSITION TO
PLAINTIFFS' MOT. FOR APPROVAL
OF CLASS NOTICE PLAN
CASE NO. 3:18-CV-04978 JD

replace short- and long-form notifications, but rather to direct potential class members to those more robust descriptions of the claims and defenses. For that reason, courts recognize that in-app banners do not need to include everything normally required by the standard Rule 23(c) requirements for class notice. *See McCabe v. Six Continents Hotels, Inc.*, No. 12-CV-04818 NC, 2015 WL 3990915, at *12 (N.D. Cal. June 30, 2015) ("Those notices [including banners] that are too small to contain all of the necessary information required by Rule 23 have links to the class website, which does contain all of the information."); *see also Hilsley v. Ocean Spray Cranberries, Inc.*, No. 17CV2335-GPC, 2019 WL 718807, at *3 (S.D. Cal. Feb. 5, 2019) ("[U]sing Defendant's website to host banners about the class certification *and* directing individuals to the appropriate class website complies with Rule 23(c)." (emphasis added)). Rather, the banner notification is meant to alert class members to the litigation and encourage them to review a long form notice that does include everything specified by Rule 23. Consistent with the practice of this Court and others in this District, Meta's proposed banner language (set forth below) is succinct and directs class members to the class administration website and the detailed long-form notice. In addition, because technical limitations limit Meta's ability to break up the text in the banner by paragraph or to include bolding without undertaking extensive and time-consuming engineering work (that may not be successful), the succinct banner language will be significantly easier for class members to read, understand, and act on if they choose.

This Court and others in this District routinely allow concise web-based banner notifications at the point of sale in order to alert potential class members to the litigation and direct them to another website with a more detailed form notice. For example, in *Milan et. al v. Clif Bar*, No. 18-cv-2354-JD (N.D. Cal. Dec. 6, 2021) (Donato, J.), the on-website banner notice stated only: "If you purchased Clif Bar or Clif Kid Z Bar products in New York [during a certain time period], you may be a member of a Class that was recently certified. Learn More [clickable link]." *Id.* (Dkt. 218-4); *see also Schneider v. Chipotle Mexican Grill, Inc.*, No. 16-cv-02200-HSG, 2019 WL 1512265, at *5 (N.D. Cal. Apr. 8, 2019) (approving banner that stated: "If you bought Chipotle food containing meat and/or dairy in a Chipotle store in California, Maryland or New York in 2015 or 2016, your rights may be affected by a class action lawsuit."). Other approved banners are even

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

META PLATFORMS, INC.'S OPPOSITION TO
PLAINTIFFS' MOT. FOR APPROVAL
OF CLASS NOTICE PLAN
CASE NO. 3:18-CV-04978 JD

shorter. *See, e.g.*, Dkt. 52-4 at 96, *In re Google Referrer Header Priv. Litig.*, No. 5:10-CV-04809 EJD (N.D. Cal. Mar. 26, 2014) (Dkt. 52-4 at 10, 96) ("Court Authorized Notice | Did you use Google Search?" with link to case website); *In re Google Referrer Header Priv. Litig.*, No. 5:10-CV-04809 EJD, 2014 WL 1266091, at *7 (N.D. Cal. Mar. 26, 2014) (approving banners). Courts have also recognized that, particularly at this early stage of proceedings before an adjudication on the merits, point of sale notices that are not sufficiently neutral can "interfere with [a] Defendant's reputation and business." *Fraser v. Wal-Mart Stores, Inc.*, No. 2:13-CV-00520-TLN-DB, 2016 WL 6208367, at *8 (E.D. Cal. Oct. 24, 2016).

Plaintiffs' expanded banner language is neither concise nor neutral. It is six sentences long, compared to the usual one sentence used in other banners, would be hard to read, and includes language that, like Plaintiffs' other proposed notices, details Plaintiffs' allegations but improperly omits Meta's defenses.[3] Neither the Court nor a jury has yet ruled on the merits of Plaintiffs' allegations, yet Plaintiffs insisted on including an inflammatory assertion that "Facebook's Potential Reach metric is fraudulent because it is inflated and not based on people," even though they refused to include language explaining Meta's defense to their fraud allegations. Plaintiffs' six-sentence banner is one-sided and, because it will be displayed at the point-of-sale, risks confusing advertisers and improperly harming Meta's reputation and business. This Court should reject Plaintiffs' "expanded" banner language, in favor of a brief banner that follows the same

---

[3] Plaintiffs' proposed expanded banner says:
> **Court notice**: You may be a class member in a lawsuit over Facebook's Potential Reach. Learn more.
> For more information, you can visit [www.WEBSITE.com].
> You may be a Class Member in a lawsuit against Facebook claiming that Facebook's Potential Reachmetric is fraudulent because it is inflated and not based on people.
> The Court has not decided whether Facebook did anything wrong, and Facebook denies the allegations.
> The lawsuit affects your legal rights, and you have a choice to make now about whether to remain in the Class or request to exclude yourself from it.
> A Federal Court authorized this notice.

The expanded banner's inclusion of a "Learn more" link is redundant, as there is already a link to the external class administration website. In addition, Plaintiffs' proposed text is repetitive, because two sentences both start with the phrase "You may be a class member in a lawsuit …".

product, court notice, and clickable link format used in other cases (Ex. 1 at 1 (Proposal 1); Ex. 3 at 2):

> **Court notice:** You may be a class member in a lawsuit over Facebook's Potential Reach. Find out more at [www.[WEBSITE].com]. A Federal Court authorized this notice.

Directly to the right of this text in a different-colored button in the banner will be a clickable link that says "Go to [website]," which was edited from "Learn more" to be more direct and to distinguish the button from links in Ads Manager to Meta's Business Help Center that also use the "Learn more" language.

In the event that the Court believes that the current "expanded" banner language is appropriate and that its length or appearance is not an issue, Meta alternatively proposes that the banner include a summary of Facebook's defenses in equal measure to Plaintiffs' allegations (Ex. 1 at 1 (Proposal 2); Ex. 3 at 3):

> **Court notice:** You may be a class member in a lawsuit over Facebook's Potential Reach. Find out more at [www.[WEBSITE].com].
>
> Plaintiffs have brought a lawsuit against Facebook claiming that Facebook's Potential Reach metric is fraudulent because it is inflated and not based on people. Facebook denies all of Plaintiffs' allegations. Facebook maintains that it provides accurate and informative disclosures about Potential Reach. Facebook has also explained to its advertisers (who understand) that despite Facebook's efforts to de-duplicate accounts, there are some users who have multiple accounts which may impact Potential Reach estimates. Facebook does not charge advertisers based on Potential Reach estimates, but instead charges based on actual results which are provided in real time to advertisers. Facebook denies that any Class Member has been damaged because advertisers do not set their budgets in reliance upon "Potential Reach" estimates, but rather based on estimated and actual results.
>
> The lawsuit affects your legal rights, and you have a choice to make now about whether to remain in the Class or request to exclude yourself from it.
>
> A Federal Court authorized this notice.

Again, directly to the right of this text in a different-colored button in the banner will be a clickable link that says "Go to [website]."

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

META PLATFORMS, INC.'S OPPOSITION TO
PLAINTIFFS' MOT. FOR APPROVAL
OF CLASS NOTICE PLAN
CASE NO. 3:18-CV-04978 JD

### B. The Parties Agree Notice Should Be Disseminated Within 14 Days After The Court Rules On The Notice Or July 15, 2022, Whichever Occurs Later

Since Plaintiffs filed their motion, the parties continued to confer regarding the timing of the notice to the class. Instead of Plaintiffs' original proposed order, the parties have agreed that notice should not be disseminated until the later of 14 calendar days after the Court rules on Plaintiffs' notice motion or July 15, 2022.

Meta filed a 23(f) petition on April 12, 2022, following this Court's class certification order. That petition is fully briefed and the Ninth Circuit is likely to resolve it by July. *See* Jean-Claude Andre, David Carpenter, and Paula Salazar, *Rule 23(f) Petitions in the Ninth Circuit: A Data-Driven Analysis*, The Recorder (Aug. 20, 2020), available at https://www.sidley.com/-/media/publications/the-recorder_rule-23f-petitions-in-the-ninth-circuita-datadriven-analysis.pdf?la=en (finding that the Ninth Circuit typically takes around three months to resolve a Rule 23(f) petition). The parties have agreed that, if the Ninth Circuit grants the Rule 23(f) petition, the parties will meet-and-confer within 2 business days to discuss whether the timing of the notice plan should be altered, however, all deadlines in the notice plan (including July 15, 2022) will remain in place if the Ninth Circuit has not ruled on Meta's petition by July 15, 2022.

Courts in this Circuit frequently hold notice until after a Rule 23(f) petition is resolved because "premature notice risks harm to class members who are likely to be confused if certification is reversed," even if "any notice explains that certification is potentially subject to appeal." *Bally v. State Farm Life Ins. Co.*, 2020 WL 3035781, at *14 (N.D. Cal. June 5, 2020) (pending Rule 23(f) petition warranted stay of class notice); *see also Reyes v. Educ. Credit Mgmt. Corp.*, 2017 WL 4640418, at *3 (S.D. Cal. Oct. 17, 2017) ("[T]he Court finds that there is potential irreparable harm to the class if notice is prematurely disseminated."); *Willcox v. Lloyds TSB Bank, PLC*, No. CV 13-00508 ACK-RLP, 2016 WL 917893, at *7 (D. Haw. Mar. 7, 2016) (finding that class notice should not be issued until Rule 23(f) petition is resolved because of "the potential harm to the putative class"); *Altamura v. L'Oreal, USA, Inc.*, No. CV 11-1067 CAS JCX, 2013

WL 4537175, at *3 (C.D. Cal. Aug. 26, 2013) (finding "action should be stayed pending the resolution of L'Oréal's Rule 23(f) appeal").[4]

Here, there is ample time between July 15, 2022, and any decision on the merits, even accounting for the 45-day opt out period. *See Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995) ("The purpose of Rule 23(c)(2) is to ensure that the plaintiff class receives notice of the action well *before* the merits of the case are adjudicated."); *Owino v. CoreCivic, Inc.*, No. 17-CV-1112 JLS, 2020 WL 1550218, at *3 (S.D. Cal. Apr. 1, 2020) (Rule 23 amendments were designed to ensure that "class would be identified before trial on the merits" (quoting *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 547 (1974)). The risk of confusing class members strongly favors allowing the Ninth Circuit an opportunity to consider Meta's 23(f) petition before sending notice.

## IV. CONCLUSION

Meta respectfully requests that the Court (i) modify the content of the proposed long- and short-form notices and "expanded" banner notice, and (ii) set a notice dissemination deadline of the later of 14 calendar days after the Court rules on Plaintiffs' motion or July 15, 2022.

Dated: May 13, 2022

LATHAM & WATKINS LLP

By: /s/ *Elizabeth L. Deeley*
Elizabeth L. Deeley (CA Bar No. 230798)
Melanie M. Blunschi (CA Bar No. 234264)
Nicole C. Valco (CA Bar No. 258506)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: +1.415.391.0600
*elizabeth.deeley@lw.com*
*melanie.blunschi@lw.com*
*nicole.valco@lw.com*

Andrew B. Clubok (*pro hac vice*)
Susan E. Engel (*pro hac vice*)
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200
*andrew.clubok@lw.com*
*susan.engel@lw.com*

---

[4] The majority of these decisions granted motions to stay the proceedings in their entirety. Here, Meta does not request a stay of proceedings, and no notice plan has yet been approved, so it is within the court's discretion to set a later notice dissemination date without issuing a formal stay.

*Attorneys for Defendant Meta Platforms, Inc.*

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

10

META PLATFORMS, INC.'S OPPOSITION TO
PLAINTIFFS' MOT. FOR APPROVAL
OF CLASS NOTICE PLAN
CASE NO. 3:18-CV-04978 JD