<pre>
 1                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
 2                      SAN FRANCISCO DIVISION

 3      ------------------------------------------------------------
                                     )
 4      DZ Reserve and Cain Maxwell   )   File No.
        (d/b/a Max Martialis),        )   3:18-cv-4978-JD
 5      individually and on behalf of )
        others similarly situated,    )
 6                                     )   San Francisco,
                 Plaintiffs,           )   California
 7                                     )   May 26, 2022
        vs.                            )   22:59 p.m.
 8                                     )
        Meta Platforms, Inc., (f/k/a)  )
 9      Facebook, Inc.,

10               Defendant.
        ------------------------------------------------------------
11

12

13

14
                     BEFORE THE HONORABLE JAMES DONATO
15               UNITED STATES DISTRICT COURT JUDGE
                            (STATUS CONFERENCE)
16

17

18

19

20

21

22         Proceedings recorded by digital recording; transcript
        produced with computer.
23

24

25
</pre>

LYNNE M. KRENZ, RMR, CRR, CRC
(651)848-1226

```
 1    APPEARANCES:

 2      For the Plaintiffs:        Cohen Milstein Sellers Toll PLLC
                                    Ted Leopold, ESQ.
 3                                  11780 U.S. Highway One
                                    Suite N500
 4                                  Palm Beach Gardens, FL 33408

 5                                  Cohen Milstein Sellers Toll PLLC
                                    Geoffrey Aaron Graber, ESQ.
 6                                  Eric Kafka, ESQ.
                                    88 Pine Street
 7                                  14th Floor
                                    New York, NY 10005
 8
                                    Law Offices of Charles Reichmann
 9                                  Charles Philip Reichmann, ESQ.
                                    16 Yale Circle
10                                  Kensington, CA 94708

11      For the Defendant:         Latham & Watkins LLP
                                    Melanie Blunschi, ESQ.
12                                  Elizabeth Deeley, ESQ.
                                    Francis Acott, ESQ.
13                                  505 Montgomery Street
                                    Suite 2000
14                                  San Francisco, CA 94111

15                                  Latham & Watkins LLP
                                    Andrew Clubok, ESQ.
16                                  555 Eleventh Street, NW
                                    Suite 1000
17                                  Washington, DC 20004-1304

18      Court Reporter:            Lynne M. Krenz, RMR, CRR, CRC
                                    Suite 146
19                                  316 North Robert Street
                                    St. Paul, Minnesota 55101
20

21

22

23

24

25
```

1                           **P R O C E E D I N G S**

2                           **IN OPEN COURT**

3                   THE CLERK:  Calling civil 18-4978, DZ Reserve, et

4       al., versus Meta Platforms, Inc.

5                   MR. GRABER:  Good morning, Your Honor.  Geoffrey

6       Graber on behalf of the plaintiff class.

7                   MR. REICHMANN:  Good morning, Your Honor.  Charles

8       Reichmann on behalf of plaintiffs.

9                   MR. LEOPOLD:  Good morning, Your Honor.  Ted

10      Leopold on behalf of plaintiffs.  Nice to be here with you.

11                  MR. KAFKA:  Eric Kafka, on behalf of the

12      plaintiffs as well.

13                  MS. DEELEY:  Good morning, Your Honor.  Liz Deely

14      on behalf of Meta.

15                  THE COURT:  Meta.  Okay.

16                  MR. CLUBOK:  Good morning, Your Honor.  Andrew

17      Clubok also on behalf of Meta.

18                  MS. BLUMSCHI:  Good morning, Your Honor.  Melanie

19      Blunschi also on behalf of Meta.

20                  MR. ACOTT:  Good morning, Your Honor.  Francis

21      Acott on behalf of Meta.

22                  THE COURT:  Okay.  Well, I have to be candid, I

23      can't remember why we're here.

24                  Did I ask for this or?

25                  MR. GRABER:  You did, Your Honor.

1                    THE COURT:  Okay.

2                    MR. GRABER:  It was to discuss a trial date.

3                    THE COURT:  What were we thinking for the --

4        usually I do this because --

5                    (Court reporter interrupted.)

6                    MR. GRABER:  I'm sorry, Geoffrey Graber on behalf

7        of plaintiffs.

8                    Your Honor, in the Court's classification order

9        this Court set a status conference to discuss a trial date.

10                   THE COURT:  Oh, that's right.  Okay.  Is that

11       because we need to set dates?

12                   MR. GRABER:  Your Honor, there actually was a date

13       set for October 3rd and --

14                   THE COURT:  October 3rd.

15                   MR. GRABER:  And the parties are in agreement that

16       that date should hold.

17                   THE COURT:  Okay.  All right.  What about these

18       *Daubert* -- I saw there's some issue about *Daubert*s?

19                   MR. GRABER:  Well, Your Honor, Facebook refiled

20       the *Daubert*s that the Court had ruled on previously.

21                   THE COURT:  Oh.

22                   MR. GRABER:  And we've tried to reach agreement to

23       have those withdrawn, unfortunately we haven't been able to

24       reach agreement.

25                   THE COURT:  Are they the same *Daubert*s or?

1          MS. BLUMSCHI:  Your Honor, Melanie Blunschi on

2     behalf of Meta.

3          They're not quite the same *Daubert*s.  So Facebook

4     originally filed *Daubert*s in connection with the class

5     certification briefing and unfortunately the Court didn't

6     have an opportunity to rule on those before *Daubert*s --

7          THE COURT:  Okay.  So these are for trial now, is

8     that the --

9          MS. BLUMSCHI:  Yes, so --

10         THE COURT:  All right.

11         MS. BLUMSCHI:  And these take into consideration

12    the impact of the class certification order and rulings on

13    the prior *Daubert*s for trial.

14         THE COURT:  Oh, good.  So you basically updated

15    them?

16         MS. BLUMSCHI:  Exactly.

17         THE COURT:  That's --

18         MR. GRABER:  Your Honor, respectfully --

19         THE COURT:  That doesn't seem like a problem; does

20    it?

21         MR. GRABER:  Well, they are essentially identical

22    except for one important respect, in the reply brief

23    Facebook added in entirely new arguments essentially arguing

24    the motion in limine that the Court directed Facebook to

25    file before trial.  We had no opportunity to respond to

1      that.  Other than to bring new argument that they raised for

2      the first time in their reply brief, they are essentially

3      identical.

4                  THE COURT:  Well, you want a sur-reply, is that

5      what you're saying?

6                  MR. GRABER:  Well, Your Honor, if -- we think the

7      Court should disregard the new arguments, but if the Court

8      wants to entertain those, we'd be -- yes, we would want an

9      opportunity to respond.

10                 MS. BLUMSCHI:  Your Honor, we don't believe that

11     there are any truly new arguments in the reply other than to

12     take into consideration the Court's guidance in the class

13     certification order and the *Daubert*s.

14                 THE COURT:  Well, I guess, you know, I set one

15     date for -- typically I just set one day for, you know,

16     Rule 702 motions.  So if I already ruled on these, well, why

17     am I looking at it again?

18                 MS. BLUMSCHI:  Your Honor, so with respect to the

19     McFarlane *Daubert* --

20                 THE COURT:  Did I actually -- I'm sorry to ask,

21     but did I actually rule on these?

22                 MR. REICHMANN:  Yes.

23                 THE COURT:  I did.

24                 MS. BLUMSCHI:  Yes.

25                 THE COURT:  I didn't just divert them?

1          MS. BLUMSCHI:  Okay.  Yes.  There were two

2      different dates, yeah, so, there was a deadline you

3      mentioned on the class certification.

4          THE COURT:  I had two different sets.

5          MS. BLUMSCHI:  Yes.

6          THE COURT:  I see.  Okay.  All right.  Well, you

7      filed a whole new set, right?

8          MS. BLUMSCHI:  They --

9          THE COURT:  I don't have to look at the old ones,

10     you filed a whole new self-standing -- freestanding

11     documents.

12         MS. BLUMSCHI:  Yes.

13         THE COURT:  Okay.  And you filed an opposition,

14     plaintiffs?

15         MR. GRABER:  We did file an opposition.  We

16     pointed out they were duplicative.  Of course we didn't

17     respond to the arguments that they raised for the first time

18     later in their reply brief.

19         THE COURT:  Okay.  So the issue is new things in

20     the reply brief?

21         MR. GRABER:  There are new things in the reply

22     brief and we believe that other than the arguments that were

23     raised the first time on reply they are essentially

24     identical to what they filed.

25         THE COURT:  Just at a high level, what are the new

1    arguments in the reply brief?

2             MR. GRABER:  Your Honor, the -- when the Court

3    ruled on the *Daubert* against Mr. McFarlane, the Court

4    directed Facebook to -- with respect to a different --

5             THE COURT:  I have to be honest.  I have over

6    500 -- who's Mr. -- I don't remember anything about this.

7    This is your case.  I know you're a mile deep in it, we

8    judges are not, so I have no idea what I did.  I can't

9    remember that I actually did this.  But just tell me,

10   thematically so that when I read the reply I can be on the

11   lookout from your perspective, what is it that's new?

12   What's the new argument?  Just at a high level.

13            MR. GRABER:  At a high level in one of the two

14   *Daubert* motions with respect to Mr. McFarlane they

15   separately move to limit Dr. Roughgarden who's a separate

16   expert -- our auction expert.

17            THE COURT:  And it wasn't raised at all in the

18   opening brief?

19            MR. GRABER:  It was raised the same way it was

20   raised in the original brief that they filed many, many

21   months ago.  And when Your Honor ruled on that same motion

22   in connection with class certification the Court -- the

23   Court granted the motion with respect to McFarlane and then

24   deferred ruling on Dr. Roughgarden until the motion in

25   limine stage because Dr. Roughgarden relies on a document

1    that was produced by Facebook.

2              THE COURT:  I'm starting to remember.  Now,

3    McFarlane was this kind of a business guy --

4              MR. GRABER:  Correct.

5              THE COURT:  And the other -- Roughgarden?

6              MR. GRABER:  Roughgarden is the auctioneer --

7              THE COURT:  Partially relied McFarlane.

8              MR. GRABER:  He did not rely on McFarlane.  That

9    wasn't -- he did not rely on McFarlane he relied on a

10   document from Facebook and the Court directed Facebook to

11   file a motion in limine with respect to that document.

12             THE COURT:  Oh, okay.

13             MR. GRABER:  And they put that motion in limine

14   into the reply brief.

15             THE COURT:  All right.  Okay.  So that's -- any

16   other things that you think were new in the reply brief?

17             MR. GRABER:  Other than that, it's essentially

18   identical.

19             THE COURT:  Okay.  So that's just mainly it?  So I

20   don't think I need anything more on that; do I?  I don't

21   like sur-replies and I'm just trying to figure out with

22   you --

23             MR. GRABER:  Your Honor, if the Court wishes to

24   entertain that argument, we believe it should just be

25   disregarded and they should file the motion in limine as the

1          Court directed.  We can address it then.

2                    But if the Court is going to entertain those

3          arguments about Dr. Roughgarden then we would ask for an

4          opportunity to respond.

5                    THE COURT:  Okay.  But that's it -- that's it for

6          the new --

7                    MR. GRABER:  Yes.

8                    THE COURT:  -- things?  All right.

9                    MS. BLUMSCHI:  If I may.

10                   THE COURT:  Well, I just have to read it, that's

11         all.

12                   MS. BLUMSCHI:  Yeah.

13                   THE COURT:  Yes.  Anything you wanted to add?

14                   MS. BLUMSCHI:  Yes.  Obviously there is a hearing

15         set for this on July 23rd -- or June 23rd and we're happy to

16         address it in greater detail there, but we'd just submit

17         that the arguments regarding Dr. Roughgarden are not new.

18         They're clearly set forth in the motion that he does not

19         have any basis for his opinion other than Mr. McFarlane's

20         opinion.

21                   Plaintiffs set forth for the first time in their

22         opposition that Dr. Roughgarden purportedly relied on a

23         document that he did not cite and testified in his

24         deposition that he never saw before.

25                   So in the reply, we respond to Plaintiffs'

1         argument in the opposition.  It is not new.  It is simply a

2         more detailed explication of why Dr. Roughgarden's opinion,

3         which is challenged in the motion, should be excluded.

4               THE COURT:  What happened with Judge Hixson?

5               MR. GRABER:  Your Honor, we had a conference with

6         Magistrate Judge Hixson on Monday, I think it was.

7               MS. BLUMSCHI:  Yes.  It was on Monday.

8               MR. GRABER:  Yes.  And we set a settlement

9         conference for July 12th.

10              THE COURT:  July 12?

11              MR. GRABER:  Yes.

12              THE COURT:  Okay.  And you have everything you

13         need for that?  I assume you do at this point.

14              MR. GRABER:  Yes, we do.

15           And as we stated in the joint settlement

16         conference -- sorry, joint status conference statement, the

17         parties have held private mediation, as well.

18              THE COURT:  Oh, you have?

19              MR. GRABER:  Yes.  They've not been successful to

20         date but --

21              THE COURT:  So now you're going to start in

22         with -- you're going to supplement that with Judge Hixson;

23         is that right?

24              MR. GRABER:  Yes, Your Honor.

25              THE COURT:  That will be good.  All right.

1          MS. BLUMSCHI:  That's right.

2          THE COURT:  Okay.  Well, anything else today for

3    plaintiffs.

4          MS. BLUMSCHI:  I think we had one issue on the --

5    on the trial schedule, which is --

6          THE COURT:  Oh, yes.  September 22nd and then

7    October 3rd.

8          MS. BLUMSCHI:  October 3rd.  And that is that

9    October 5th is Yom Kippur and we would want to jointly

10   request that the Court would be dark on Yom Kippur.

11         THE COURT:  The whole day?  How many lawyers are

12   affected by that?

13         MS. BLUMSCHI:  Several in our team and our class

14   representative -- I'm sorry, the client representative.

15         THE COURT:  Okay.

16         MS. BLUMSCHI:  And that would also --

17         THE COURT:  Let's just take it up at the pretrial

18   conference.  I think that's probably the better way to do

19   it.

20         Okay.  All right.  Anything else by the

21   plaintiffs?

22         MR. GRABER:  So just to be clear, is the Court --

23   should we go forward with the October 3rd trial date?

24         THE COURT:  Oh, I'm not moving anything.

25         MR. GRABER:  Great.


                    LYNNE M. KRENZ, RMR, CRR, CRC
                          (651)848-1226

1              THE COURT:  Okay.  Anything else?

2              MR. GRABER:  No.

3              THE COURT:  Nothing?  Okay.  Thank you.

4              MR. GRABER:  Thank you.

5              MS. BLUNSCHI:  Thank you, Your Honor.

6              THE COURT:  Okay.  All right.  We'll talk.

7              (Court adjourned at 1:09 p.m.)

8              *                    *                    *

9                        REPORTER'S CERTIFICATE

10

11

                    I certify the foregoing pages of typewritten
12      material constitute a full, true and correct transcript of
        my original stenograph notes, as they purport to contain, of
13      the proceedings reported by me at the time and place
        hereinbefore mentioned.

14

15                 /s/Lynne M. Krenz
                   Lynne M. Krenz, RMR, CRR, CRC
16

17

18

19

20

21

22

23

24

25