Geoffrey Graber (SBN 211547)
Andrew N. Friedman (*pro hac vice*)
Karina G. Puttieva (SBN 317702)
Madelyn Petersen (*pro hac vice*)
Jenna Waldman (SBN 341491)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, 8th Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
ggraber@cohenmilstein.com
afriedman@cohenmilstein.com
kputtieva@cohenmilstein.com
mpetersen@cohenmilstein.com
jwaldman@cohenmilstein.com

Charles Reichmann (SBN 206699)
**LAW OFFICES OF CHARLES REICHMANN**
16 Yale Circle
Kensington, CA 94708-1015
Telephone: (415) 373-8849
charles.reichmann@gmail.com

Eric Kafka (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor,
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
ekafka@cohenmilstein.com

Theodore J. Leopold (*pro hac vice*)
Leslie M. Kroeger (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
11780 US Highway One, Ste. 500
Palm Beach Gardens, FL 33408
Telephone: (516) 515-1400
Facsimile: (516) 515-1401
lkroeger@cohenmilstein.com
tleopold@cohenmilstein.com

*Class Counsel*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DZ Reserve and Cain Maxwell (d/b/a Max Martialis), individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:18-cv-04978-JD<br><br>**DECLARATION OF ERIC SCHACHTER REGARDING NOTICE ADMINISTRATION** |

I, Eric Schachter, hereby declare as follows:

1. I am a Vice President with A.B. Data, Ltd. ("A.B. Data"). A.B. Data has been selected by Plaintiffs as the Notice Administrator in this case after a competitive process in which we were asked to submit more than one proposal. I am fully familiar with the facts contained herein based upon my personal knowledge, and if called as a witness, could and would testify competently thereto.

2. In consultation with Class Counsel, I have prepared a proposed notice and administration plan for this litigation. This Declaration will describe the proposed notice plan and how it will meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and provide due process to the Class Members. This Declaration is based upon my personal knowledge and upon information provided to me by Class Counsel, my associates, and A.B. Data staff members.

3. I have implemented and coordinated some of the largest and most complex class action notice and administration plans in the country. The scope of my work includes notification, claims processing, and distribution plans in all types of class actions, including but not limited to consumer, antitrust, securities, ERISA, insurance, and government agency settlements.

4. A.B. Data has also been appointed as notice, claims, and/or settlement administrator in hundreds of high-volume consumer, civil rights, insurance, antitrust, ERISA, securities, and wage and hour class action cases. A profile of A.B. Data's background and capabilities, including representative case and client lists, is included as **Exhibit 1**.

5. The objective of the proposed notice plan is to provide the best practicable notice under the circumstances to potential Class Members. The Class, subject to certain exclusions, is generally defined as follows:

> All United States residents (including natural persons and incorporated entities) who, from August 15, 2015, to the present, paid for the placement of at least one advertisement on Facebook's platforms, including the Facebook and Instagram platforms, which was purchased through Facebook's Ads Manager or Power Editor.

6. I understand that in light of the Court's ruling on defendant's motion for judgment on the pleadings, the Rule (b)(3) class period commences on August 15, 2015. See ECF No. 366.

2

I also understand that the class period ends on October 27, 2021. Graber Decl. ¶ 6. Therefore, the Class Period for this notice plan is from August 15, 2015 to October 27, 2021.

**NOTICE PLAN**

7. I understand from Class Counsel that the Defendant will facilitate a combination of a "jewel" notification through the Business Manager and Business Suite interface and a banner on the landing page of Class Member's Ads Manager (collectively, "In-App Notifications"). I also understand that the Defendant will be providing A.B. Data with email addresses for almost 75% of all Class Members within 14 days of the entry of the Court's Order approving the class notice plan or by April 28, 2025, whichever occurs later, such that A.B. Data will send direct notice by email. Given the Class was engaged in commerce with Facebook, it is fair to expect that Class Members are digitally sophisticated such that notice by electronic means within the app and by email is the best notice practicable under the circumstances. A.B. Data will commence dissemination of the email notice, publication notice, and the targeted online advertising campaign within 30 days of receiving the Class Member email addresses from Defendant ("Notice Date").

8. Within 14 days of the entry of the Court's Order approving the class notice plan or by April 28, 2025, whichever occurs later direct notice will be provided via a Short Form Notice, attached as **Exhibit 3**, that will be emailed directly to Class Members (the "Email Notice") and used for the media advertisements detailed below; and the more detailed Long-Form Notice, attached as **Exhibit 4**, that will be available on the case-specific website.

9. Direct notice will also be provided via In-App Notifications, attached as **Exhibit 2**; the Ads Manager banner text will appear as shown in Exhibit 2, and the jewel notification text will be the same as or substantially similar to the text in Exhibit 2. I understand that Defendant will direct In-App notice to class members with active accounts via Facebook Business Manager and Business Suite, and Facebook Ads Manager, provided, however, that such notice shall not be provided until the case website has been created, but no later than 7 days after the case website has been created.

10. Under the proposed notice plan, the In-App Notifications will reach Class Members directly within Meta's platforms. More specifically, a notification will appear in Class Member's

DECLARATION OF ERIC SCHACHTER REGARDING NOTICE ADMINISTRATION
CASE NO. 3:18-cv-04978-JD

Business Manager or Business Suite interface with a URL to more detailed information about the Action. Additionally, a banner will appear on Class Members' Ads Manager interface directly linking to the case website.

11.    The Email Notice sent directly to potential Class Members by email will include summary information concerning the Action, including: that this is a class action; the Class definition in plain and engaging language ("If You Purchased Facebook or Instagram Advertisements Between August 15, 2015 and October 27, 2021, A Class Action Lawsuit May Affect Your Rights"); that the Plaintiffs allege fraud claims; that a Class Member may appear through an attorney if the member wants; that Class Members can be excluded; the time and manner for requesting exclusion; and the binding effect of a class judgment. The Email Notice will also include a hyperlink to the more detailed Long-Form Notice.

12.    For email, A.B. Data implements several best practices to maximize deliverability when sending email notice, such as: running the list of recipient email addresses through a deliverability analysis to ensure the email addresses are valid; working with our consultants and contacts at the email service providers to develop sending strategies to achieve optimal deliverability; formatting the content of the email notice as embedded HTML to increase readability; ensuring no inclusion of words or phrases known to trigger SPAM or junk filters; not including attachments to the emails; and sending the emails in tranches over a period of days.

13.    To supplement the direct notice efforts, A.B. Data will also cause the Short-Form Notice to be published once in the *Wall Street Journal* and once in *Advertising Age* (or similar publications). The *Wall Street Journal* provides broad reach to companies that are likely to be Class Members. *Advertising Age* reaches marketing departments of major brands that are also likely to be Class Members.

14.    A.B. Data will also disseminate the Short-Form Notice formatted as a press release over *PR Newswire*'s US1 and Hispanic Newslines. After the press release is disseminated, both A.B. Data and *PR Newswire* will post the press release on their respective X pages.

15.    A.B. Data will also cause digital banner ads to be delivered on the social media platform LinkedIn. Utilizing the known contact information and demographics of the Class, the

digital banner ads will be specifically targeted to Class Members and likely Class Members. A sample of these internet banner ads is attached to this Declaration as **Exhibit 5**.

16.    These digital means of providing notice are the best practicable under the circumstances for reasons of outreach and efficiency, and the cost of email notice is far less than the high cost of noticing the entire Class through traditional forms of notice such as U.S. mail.

## WEBSITE AND TELEPHONE

17.    To assist potential Class Members in understanding the Action and their rights, A.B. Data will establish a case-specific toll-free telephone number and a case-specific website.

18.    The toll-free telephone number will be equipped with an automated interactive voice response system in both English and Spanish. The toll-free telephone number will appear on the Short-Form Notice and Long-Form Notice. The automated interactive voice response system will present callers with a series of choices to hear prerecorded information concerning the Action.

19.    A.B. Data will also implement and maintain a case-specific website for this matter, and will create the website within 14 days of the entry of the order, or by April 28, 2025, whichever occurs later. The website URL will appear on the jewel notice, Short-Form Notice, Long-Form Notice and digital media campaign. The website will provide, among other things, a summary of the case, functionality for Class Members to submit a request for exclusion online, the Long-Form Notice and other relevant pleadings, important dates, and any pertinent updates concerning the Action.

## EXCLUSION PROCESSING

20.    The notices provide that Class Members may request exclusion by submitting a mailed or online request. I understand from Class Counsel that the deadline for Class Members to request exclusion from the Class is 60 days after the Notice Date. A.B. Data will receive and process all requests for exclusion. A.B. Data will also promptly provide the parties with copies of all such requests and a report that tracks each request and whether the required information was included.

DECLARATION OF ERIC SCHACHTER REGARDING NOTICE ADMINISTRATION
CASE NO. 3:18-cv-04978-JD

## **CONCLUSION**

21.     It is my opinion, based on my individual expertise and experience and that of my A.B. Data colleagues, that the proposed notice plan described herein is designed to effectively reach potential Class Members, will deliver plain language notices that will capture potential Class Members' attention, and provide them with the information in an informative and easy to understand manner that is necessary to effectively understand their rights and options. This proposed notice plan conforms to the standards employed by A.B. Data in similar notification plans. For all these reasons, in my opinion, the proposed notice plan is the best practicable under the circumstances and satisfies the requirements of Rule 23 and due process.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 13th day of March 2025 in Milwaukee, Wisconsin.

Eric Schachter

# EXHIBIT 1



Class
Action
Administration

**Headquarters**
600 A.B. Data Drive
Milwaukee, WI 53217
P:  866-217-4470
F:  414-961-3099

**New York**
One Battery Park Plaza
32nd Floor
New York, NY 10004
P:  646-290-9137

**Washington DC**
915 15th St., NW, Ste. 300
Washington, DC 20005
P:  202-618-2900
F:  202-462-2085

**Florida**
5080 PGA Boulevard, Ste. 209
Palm Beach Gardens, FL 33418
P:  561-336-1801
F:  561-252-7720

**Israel**
19 Weissburg Street
Tel Aviv 69358
Israel
P:  +972 (3) 720-8782

**London**
71-75 Shelton Street
Covent Garden
London, WC2H 9JQ
P: +44 20 4586 1892



# CAPABILITIES

## About A.B. Data

Founded in 1981, **A.B. Data has earned a reputation** for expertly managing the complexities of class action administration in consumer, antitrust, securities, Securities and Exchange Commission (SEC) enforcement actions, and ERISA, Attorneys General, employment, civil rights, insurance, environmental, wage and hour, and other class action cases. **A.B. Data's work in all aspects of class action administration** has been perfected by decades of experience in hundreds of class action cases involving billions of dollars in total settlements. Dedicated professionals deliver **A.B. Data's all-inclusive services,** working in partnership with its clients to administer their class action cases effectively, efficiently, and affordably, regardless of size or scope.

**A.B. Data offers unmatched resources and capacity** and is capable of expertly administering any class action notice, settlement, and/or fund administration. Whether notifying millions of class members in the United States or throughout the world, processing millions of claims, distributing payments digitally via A.B. Data's Digital PayPortal℠, or printing and distributing millions of checks, **A.B. Data matches its talent and technology** to the specific needs of its clients, delivering unparalleled service on time and on budget without ever compromising quality.

## Location, Ownership Structure

**A.B. Data is an independently owned**, more than 40-year-old, Milwaukee, Wisconsin-based company that prides itself on its vast expertise and industry-leading innovations. We like to remind our clients and partners that we're not just a class action administration company, but a group of experienced, dedicated professionals who believe that relationships are just as important as the accurate and timely management of class action administrations. In other words, we are people who do business with people.

## Services

**Every A.B. Data client is deserving of the best job we can put forward**. A.B. Data makes class action administration easy for our clients with clarity, convenience, and efficiency. Our priority is to navigate the intricacies of our clients' matters and deliver successful results by using our solid expertise, advanced technology, and top-quality products and services. We pay attention to the details and get it right the first time.

We aim to provide our clients the full experience of a truly collaborative working relationship. It is why we believe much of our success originates from our philosophy of "people doing business with people."



# Services

## All Digital — From Notice to Distribution

**A.B. Data is uniquely positioned to design, implement, and maintain notice and settlement administration programs** using an innovative, "all-digital" approach that replaces the more traditional and less efficient methods of administration, such as newspaper ads, mailed notices, and paper checks. Many of our recent proposed notice plans and claim programs utilize the latest technologies such as microtargeted digital ads for notice, streamlined online claims, and distributing settlement funds electronically using a digital paywall. These methods provide significant cost savings, are consistent with the amendments to Rule 23 that are now in effect, and importantly provide much-needed alignment of class action notice and administration with current consumer behaviors.

## Pre-Settlement Consultation

**The pre-settlement consultation is a collaborative session** designed to help A.B. Data clients prepare a stronger case. Our support teams simplify the task of sorting through a maze of documents during investigation and discovery, streamlining the process and preserving fund assets. From there, we assist with fully interactive media packages for court presentations and settlement negotiations. A.B. Data works closely with our clients, offering expert testimony on documents, processing, class and notice manageability, and proposed plans of allocation.

## Media Services

**A.B. Data continues to earn our reputation** as the early innovator in integrating advanced micro-targeting techniques, including contextual targeting, behavioral targeting, and predictive modeling. Coupled with inventive digital media strategies to drive claims, case-specific banner ad development, class member research, and comScore analysis services, our multi-tiered media programs are designed to cost-effectively deliver notice to potential class members and increase claims rates.

## Notice Administration

**In A.B. Data, clients have a comprehensive resource** with a depth of experience in direct notice. Our compliance and understanding of Rule 23 of the Federal Rules of Civil Procedure are crucial in meeting the "plain language" legal requirements for any campaign. From our sophisticated digital media capabilities and extensive global experience with class member research, our experts create notice documents that are easily understandable and cost-efficient to produce. We consult with our clients to deliver notice documents from multi-page, mailed, or emailed notice packets to concise postcards that establish the most influential and cost-effective means of communicating with potential claimants.



## Claims Processing

**A.B. Data continues to bring game-changing technologies** to improve the speed and precision in claims processing. Our robust system for online claims submissions allows us to meticulously verify data and documentation, preserve and authenticate claims, and calculate and verify settlement amounts. In addition, our data network infrastructure includes on-site data storage, backup, contingency plans, and security for electronic and hard copy claim filings. It is all part of a total commitment to be the most innovative and comprehensive resource in the industry. At A.B. Data, we take pride in having the in-house capacity to process millions of pages, as well as the organizational integrity to treat every claim as if it were the only one.

## Contact Center

**A.B. Data's Contact Center is comprised of a full staff** that is trained on and equipped with online and telecommunication systems to monitor and connect with class members. Associates routinely monitor class member communication for all class action administrations, including antitrust, consumer, and securities.

Utilizing monitoring software, associates watch multiple social media channels simultaneously, allowing for instantaneous routing of inquiries and interaction with claimants. Detailed and concise analytical reports outlining Contact Center activities are always provided.

Our Contact Center and case websites are capable of handling millions of class member engagements, as recently displayed in a campaign which garnered over 1.2 million website visits in two months and had more than 72,500 Facebook engagements. Facebook comments and threads are monitored and claimants are guided to the website for more information. Google AdWords and display advertising have also brought hundreds of thousands of visitors to various case websites.

A.B. Data's Contact Center also has Spanish language associates in-house and we can accommodate any language, given proper lead time. Traditional call center facilities are also available, if needed.

## Case Websites

**We offer a state-of-the-art technology platform** that supports every step of our class action administration process. Our expert marketing professionals design customized case-specific websites that provide potential class members easy access to case information, critical documents, important deadlines, as well as the capability to file claim forms and register for future mailings about the case. Claimants can use the website to elect to receive their settlement payments by mail or by one of several digital payment options, all accessible by mobile devices.

## Settlement Fund Distribution

**From complete escrow services to establishment of qualified settlement funds**, check printing and mailing, electronic cash or stock distribution and tax services, A.B. Data has always provided a full-service solution to Settlement Fund Distribution. Our IT team has decades of experience in developing and implementing fast, secure databases and claims administration systems that ensure class members receive the correct amount in their settlement disbursement. Today's digital capabilities allow even greater convenience for class members. In certain instances, claimants can now elect to

instantaneously receive settlement payments through popular digital-payment options, such as PayPal, Amazon, and virtual debit cards.

# A.B. Data's Leadership

 **A.B. Data's administration team** is composed of the following key executives, who collectively have decades of experience settling and administering class actions:

**Bruce A. Arbit, Co-Managing Director** and one of the founders of the A.B. Data Group, serves as Chairman of the Board and oversees the day-to-day operations of the A.B. Data Group of companies, employing almost 400 people in the United States and Israel. Mr. Arbit is also  Chairman of the Board of Integrated Mail Industries, Ltd. and has served as a member of the Board of Directors of University National Bank and State Financial Bank. He is the past Chairman of Asset Development Group, Inc., Home Source One, and American Deposit Management and is a member of the National Direct Marketing Association, the Direct Marketing Fundraising Association, and the American Association of Political Consultants. He was named 1996 Direct Marketer of the Year by the Wisconsin Direct Marketing Association.

A.B. Data's work in class action litigation support began with the Court selecting A.B. Data to oversee the restitution effort in the now-famous Swiss Banks Class Action Case, the International Commission on Holocaust Era Insurance Claims, and every other Holocaust Era Asset Restitution program, in which it was the company's job to identify, contact, and inform survivors of the Holocaust. A.B. Data delivered by reaching out to millions of people in 109 countries who spoke more than 30 languages. Since those days, Mr. Arbit has guided the class action division through phenomenal growth and success. Today, A.B. Data manages hundreds of administrations annually that distributes billions of dollars to class members.

**Thomas R. Glenn, President**, Mr. Glenn's management of A.B. Data's Class Action Administration Company includes designing and implementing notice plans and settlement administration programs for antitrust, securities, and Securities and Exchange Commission settlements and SEC disgorgement fund distributions, as well as consumer, employment, insurance, and civil rights class actions. Mr. Glenn previously served as Executive Vice President at Rust Consulting and has more than 30 years of executive leadership experience.

**Eric Miller, Senior Vice President**, as a key member of A.B. Data's Class Action Administration Leadership Team, oversees the Case Management Department and supervises the operations and procedures of all of A.B. Data's class action administration cases. Mr. Miller is recognized in the class action administration industry as an expert on securities, SEC, consumer, product recall, product liability, general antitrust, pharmaceutical antitrust, and futures contract settlements, to name a few settlement types. Prior to joining A.B. Data, Mr. Miller served as the Client Service Director for Rust Consulting, responsible there for its securities practice area. He has more than 20 years of operations, project management, quality assurance, and training experience in the class action administration industry. In addition, Mr. Miller manages A.B. Data's office in Palm Beach Gardens, Florida.

**Eric Schachter, Senior Vice President**, is a member of A.B. Data's Class Action Administration Leadership Team. He has over 15 years of experience in the legal settlement administration services industry. Mr. Schachter's responsibilities include ensuring successful implementation of claims administration services for A.B. Data's clients in accordance with settlement agreements, court orders, and service agreements. He also works closely with Project Managers to develop plans of administration to provide the highest level of effective and efficient delivery of work product. A frequent speaker on claims administration innovation and best practices at industry events nationwide, Mr. Schachter has a bachelor's degree in sociology from Syracuse University, earned his law degree at Hofstra University School of Law, and was previously an associate at Labaton Sucharow LLP in New York City.

**Elaine Pang, Vice President, Media**, oversees the Media Department and is responsible for the direction, development, and implementation of media notice plans for A.B. Data's clients. Ms. Pang brings more than 15 years of experience in developing and implementing multifaceted digital and traditional media for high profile complex legal notice programs. She uses her experience in class actions and advertising to provide the best practicable notice plans for large scale campaigns across domestic and international regions, and she leverages her expertise to better understand the evolving media landscape and utilize cutting-edge technology and measurement tools. Prior to entering the class action industry, Ms. Pang worked with many leading reputable brands, including General Mills, Air Wick, Jet-Dry, Comedy Central, Madison Square Garden, Radio City Music Hall, and Geox. She earned her MBA from Strayer University and holds a BS in Marketing from Pennsylvania State University.  Ms. Pang's credentials include Hootsuite Social Marketing Certification, Google Adwords and Analytics Certification, and IAB Digital Media Buying and Planning Certification.

**Paul Sauberer, Vice President of Quality**, is responsible for overseeing quality assurance and process management, working diligently to mitigate risk, ensure exceptional quality control, and develop seamless calculation programming. Mr. Sauberer brings more than 20 years of experience as a quality assurance specialist with a leading claims-processing company where he developed extensive knowledge in securities class action administration. He is recognized as the class action administration industry's leading expert on claims and settlement administrations of futures contracts class actions.

**Justin Parks, Vice President**, is a member of A.B. Data's Class Action Administration Leadership Team. Mr. Parks brings extensive experience in client relations to A.B. Data's business development team. Mr. Parks has over 15 years of experience in the legal settlement administration services industry and has successfully managed and consulted on notice plans and other administrative aspects in hundreds of cases. Mr. Parks is uniquely experienced in Data Privacy matters, having consulted with clients on numerous matters stemming from data breaches as well as violations of the Illinois Biometric Information Privacy Act (BIPA), including some of the first ever Biometric Privacy related settlements in history. Mr. Parks' knowledge and understanding of the class action industry, as well as his client relationship skills, expand A.B. Data's capacity to achieve its business development and marketing goals effectively.

**Steve Straub, Vice President, Operations**, started with A.B. Data in 2012 as a Claims Administrator. He moved through the ranks within the company where he spent the past five years as Senior Project Manager managing many of the complex commodities cases such as *In re LIBOR-Based Financial Instruments Antitrust Litigation*, *In re London Silver Fixing, Ltd. Antitrust Litigation*, and *Laydon v. Mizuho Bank, Ltd., et al*. Mr. Straub's performance in these roles over the past ten years, along with his comprehensive knowledge of company and industry practices and first-person experience leading the project management team, has proven him an invaluable member of the A.B. Data team.

In his role as Vice President of Operations, his responsibilities include developing efficiencies within the operations center, which includes mailroom, call center, and claims processing areas. His areas of expertise include business process development, strategic/tactical operations planning and implementation, risk analysis, budgeting, business expansion, growth planning and implementation, cost reduction, and profit, change, and project management. Mr. Straub is well-versed in the administration of securities, consumer, and antitrust class action settlements. He earned his Juris Doctor degree from Seton Hall University School of Law in Newark, New Jersey.

**Jack Ewashko, Director of Client Services**, brings twenty years of industry and brokerage experience to his role with A.B. Data. He is an accomplished client manager adept at facilitating proactive communications between internal and outside parties to ensure accurate and timely deliverables. Mr. Ewashko previously held positions at two claim administration firms where he oversaw the securities administration teams and actively managed numerous high-profile matters, including the $2.3 billion foreign exchange litigation. He notably served as Vice President, FX and Futures Operations at Millennium Management, a prominent global alternative investment management firm. As he progressed through trading, analytic, management, and consultancy roles at major banks and brokerage firms, Mr. Ewashko gained hands-on experience with vanilla and exotic securities products, including FX, commodities, mutual funds, derivatives, OTC, futures, options, credit, debt, and equities products. In the financial sector, he also worked closely with compliance and legal teams to ensure accuracy and conformity with all relevant rules and regulations regarding the marketing and sale of products, as well as the execution and processing of trades. He has held Series 4, Series 6, Series 7, and Series 63 licenses, and has been a member of the Futures Industry Association (FIA) and Financial Industry Regulatory Authority (FINRA). Mr. Ewashko earned his Bachelor of Business Administration from Long Island University, Brooklyn, New York.

**Brian Devery, Director of Client Services**, brings more than a decade of experience in class action administration and project management, as well as over two decades of experience as an attorney (ret.). Mr. Devery currently focuses on consumer, antitrust, employment, and other non-securities based administrations. In addition to driving project administration, he is focused on the implementation of process improvement, streamlining, and automation. Mr. Devery is admitted to practice law in State and Federal Courts of New York with his Juris Doctorate earned from the Maurice A. Deane School of Law at Hofstra University, Hempstead, New York.

**Adam Walter, PMP, Director of Client Services**, has nearly fifteen years of experience managing the administration of securities class action settlements and SEC disgorgements totaling more than $4 billion. He has managed settlement programs in engagements involving some of the largest securities class action settlements and is a key contributor to the development of administration strategies that meet the evolving needs of our clients. His responsibilities include developing case administration strategies to ensure that all client and court requirements and objectives are met, overseeing daily operations of case administrations, ensuring execution of client deliverables, providing case-related legal and administration support to class counsel, overseeing notice dissemination programs, implementing complex claims-processing and allocation methodologies, establishing quality assurance and quality control procedures, and managing distribution of settlement funds. Mr. Walter holds a bachelor's degree in business administration from Florida Atlantic University, Boca Raton, Florida. He also has been an active member of the Project Management Institute since 2010 and is PMP®-certified.

**Eric Nordskog, Director of Client Services**, started with A.B. Data in 2012 on the operations team, managing dozens of team leads and claims administrators in the administration of legal cases and actions. In 2017, Mr. Nordskog was promoted to Project Manager, due in part to his proven ability to add consistency and efficiency to the e-claim filing process with new streamlined processes and audit practices. Today, as Senior Project Manager, he directs many of A.B. Data's securities, insurance, and

consumer cases. He regularly oversees the administration of large insurance cases, such as two recent Cigna Insurance matters that involved complex calculations and over one million class members each. He is also the primary hiring and training manager for new project managers and coordinators. Mr. Nordskog earned his Juris Doctor degree from Marquette University Law School, Milwaukee, in 2001.

**Eric Schultz, MCSE, Information Technology Manager and Security Team Chairperson**, has been with A.B. Data for more than 19 years, and is currently responsible for overseeing all information technology areas for all A.B. Data divisions across the United States and abroad, including network infrastructure and architecture, IT operations, data security, disaster recovery, and all physical, logical, data, and information systems security reviews and audits required by our clients or otherwise. As a Microsoft Certified Systems Engineer (MCSE) with more than 25 years of experience in information technology systems and solutions, Mr. Schultz has developed specializations in network security, infrastructure, design/architecture, telephony, and high-availability network systems.

## Secure Environment

 **A.B. Data's facilities provide the highest level of security** and customization of security procedures, including:

- A Secure Sockets Layer server
- Video monitoring
- Limited physical access to production facilities
- Lockdown mode when checks are printed
- Background checks of key employees completed prior to hire
- Frequency of police patrol – every two hours, with response time of five or fewer minutes
- Disaster recovery plan available upon request

## Data Security

**A.B. Data is committed to protecting the confidentiality, integrity, and availability of personal identifying information** and other information it collects from our clients, investors, and class members and requires that its employees, subcontractors, consultants, service providers, and other persons and entities it retains to assist in distributions do the same. A.B. Data has developed an Information Security Policy, a suite of policies and procedures intended to cover all information security issues and bases for A.B. Data, and all of its divisions, departments, employees, vendors, and clients. A.B. Data has also recently taken the necessary, affirmative steps toward compliance with the EU's General Data Protection Regulation and the California Consumer Privacy Act.

A.B. Data has a number of high-profile clients, including the Securities and Exchange Commission (SEC), the United States Department of Justice, the Attorneys General of nearly all 50 states, other agencies of the United States government, and the Government of Israel, as well as direct banking and payment services companies with some of the most recognized brands in United States financial services and some of the largest credit card issuers in the world.

We are therefore frequently subjected to physical, logical, data, and information systems security reviews and audits. We have been compliant with our clients' security standards and have also been determined to be compliant with ISO/IEC 27001/2 and Payment Card Industry (PCI) data-security standards, the Gramm-Leach-Bliley Act (GLB) of 1999, the National Association of Insurance Commissioners (NAIC) Regulations, the Health Insurance Portability and Accountability Act (HIPAA) of 1996, and the Health Information Technology for Economic and Clinical Health Act (HITECH).

The Government of Israel has determined that A.B. Data is compliant with its rigorous security standards in connection with its work on Project HEART (Holocaust Era Asset Restitution Taskforce).

A.B. Data's fund distribution team has been audited by EisnerAmper LLP and was found compliant with class action industry standards and within 99% accuracy. EisnerAmper LLP is a full-service advisory and accounting firm and is ranked the 15th-largest accounting firm in the United States.

In addition, as part of PCI compliance requirements, A.B. Data has multiple network scans and audits from third-party companies, such as SecurityMetrics and 403 Labs, and is determined to be compliant with each of them.

## Fraud Prevention and Detection



**A.B. Data is at the forefront of class action fraud prevention.**

A.B. Data maintains and utilizes comprehensive proprietary databases and procedures to detect fraud and prevent payment of allegedly fraudulent claims.

We review and analyze various filing patterns across all existing cases and claims. Potential fraudulent filers are reported to our clients as well as to the appropriate governmental agencies where applicable.

## Representative Class Action Engagements

**A.B. Data and/or its team members have successfully administered** hundreds of class actions, including many major cases. Listed below are just some of the most representative or recent engagements.

### Consumer & Antitrust Cases

- *In re EpiPen Marketing, Sales Practices and Antitrust Litigation*
- *In re Broiler Chicken Antitrust Litigation - Commercial (Indirect)*
- *In re Broiler Chicken Antitrust Litigation – Indirect*
- *In re Broiler Chicken Antitrust Litigation – Direct*
- *In re Pork Antitrust Litigation – Directs*
- *In re Pork Antitrust Litigation – Indirects*

- *Peter Staley, et al. v. Gilead Sciences, Inc., et al.*
- *In re: Opana ER Antitrust Litigation*
- *In re Ranbaxy Generic Drug Application Antitrust Litigation*
- *In re Valeant Pharmaceuticals Int'l, Inc. Third-Party Payor Litigation*
- *Staley, et al., v. Gilead Sciences*
- *In Re: Generic Pharmaceuticals Pricing Antitrust Litigation – Direct Purchasers*
- *Beef Direct Purchaser Antitrust Litigation*
- *BCBSM, Inc. v. Vyera Pharmaceuticals, et al.* (Daraprim)
- *In re Automobile Antitrust Cases I and II*
- *Olean Wholesale Grocery Cooperative, Inc., et al. v. Agri Stats, Inc., et al.* (Turkey)
- *Integrated Orthopedics, Inc., et al. v. UnitedHealth Group, et al.*
- *In Re: Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litigation*
- *Vista Healthplan, Inc., et al. v. Cephalon, Inc., et al.* (Provigil)
- *Jeffrey Koenig, et al. v. Vizio, Inc.*
- *Wit, et al. v. United Behavioral Health*
- *Weiss, et al. v. SunPower Corporation*
- *Smith, et al. v. FirstEnergy Corp., et al.*
- *Resendez, et al. v. Precision Castparts Corp. and PCC Structurals, Inc.*
- *Julian, et al. v. TTE Technology, Inc., dba TCL North America*
- *Eugenio and Rosa Contreras v. Nationstar Mortgage LLC*
- *Phil Shin, et al. v. Plantronics, Inc.*
- *In re: Qualcomm Antitrust Litigation*
- *In re Resistors Antitrust Litigation*
- *The Hospital Authority of Metropolitan Government of Nashville and Davidson County, Tennessee v. Momenta Pharmaceuticals, Inc. and Sandoz Inc.* ("Lovenox Antitrust Matter")
- *William Kivett, et al. v. Flagstar Bank, FSB, and DOES 1-100, inclusive*
- *Adelphia, Inc. v. Heritage-Crystal Clean, Inc.*
- *LLE One, LLC, et al. v. Facebook, Inc.*
- *Bach Enterprises, Inc., et al. v. Advanced Disposal Services South, Inc., et al.*
- *JWG Inc., et al. v. Advanced Disposal Services Jacksonville, L.L.C., et al.*
- *State of Washington v. Motel 6 Operating L.P. and G6 Hospitality LLC*
- *In re GSE Bonds Antitrust Litigation*
- *Wave Lengths Hair Salons of Florida, Inc., et al. v. CBL & Associates Properties, Inc., et al.*
- *In re Loestrin 24 FE Antitrust Litigation*
- *Office of the Attorney General, Department of Legal Affairs, State of Florida v. Pultegroup, Inc. and Pulte Home Company, LLC*
- *In re Cigna-American Specialties Health Administration Fee Litigation*
- *In re: Intuniv Antitrust Litigation*
- *High Street, et al. v. Cigna Corporation, et al.*
- *Gordon Fair, et al. v. The Archdiocese of San Francisco, San Mateo, and Marin County*
- *Bizzarro, et al. v. Ocean County Department of Corrections, et al.*
- *Meeker, et al. v. Bullseye Glass Co.*
- *MSPA Claims 1, LLC v. Ocean Harbor Casualty Insurance Company*
- *Tennille v. Western Union Company - Arizona*
- *Garner, et al. v. Atherotech Holdings, Inc.* and *Garner, et al. v. Behrman Brothers IV, LLC, et al.*
- *Robinson, et al. v. Escallate, LLC*
- *Josefina Valle and Wilfredo Valle, et al. v. Popular Community Bank f/k/a Banco Popular North America*
- *Vision Construction Ent., Inc. v. Waste Pro USA, Inc. and Waste Pro USA, Inc. and Waste Pro of Florida, Inc.*

- *Plumley v. Erickson Retirement Communities, et al.*
- *In re London Silver Fixing, Ltd. Antitrust Litigation*
- *Ploss v. Kraft Foods Group, Inc. and Mondelēz Global LLC*
- *In re Mexican Government Bonds Antitrust Litigation*
- *In re Ready-Mixed Concrete Antitrust Litigation*
- *In re: Marine Hose Antitrust Litigation*
- *Iowa Ready Mixed Concrete Antitrust Litigation*
- *In re Potash Antitrust Litigation (II)*
- *In re Evanston Northwestern Healthcare Corp. Antitrust Litigation*
- *In re Polyurethane Foam Antitrust Litigation*
- *In re LIBOR-Based Financial Instruments Antitrust Litigation*
- *In re Lorazepam and Clorazepate Antitrust Litigation*
- *In re Cardizem CD Antitrust Litigation*
- *Vista Healthplan, Inc., and Ramona Sakiestewa v. Bristol-Myers Squibb Co., and American BioScience, Inc.*
- *In re Lupron Marketing and Sales Practices Litigation*
- *In re Terazosin Hydrochloride Antitrust Litigation*
- *In re Warfarin Sodium Antitrust Litigation*
- *Rosemarie Ryan House, et al. v. GlaxoSmithKline PLC and SmithKline Beecham Corporation*
- *Carpenters and Joiners Welfare Fund, et al. v. SmithKline Beecham*
- *New Mexico United Food and Commercial Workers Union's and Employers' Health and Welfare Trust Fund, et al. v. Purdue Pharma L.P.*
- *In Re Pharmaceutical Industry Average Wholesale Price Litigation*
- *Alma Simonet, et al. v. SmithKline Beecham Corporation, d/b/a GlaxoSmithKline*
- *In re Relafen Antitrust Litigation*
- *In Re Remeron Direct Purchaser Antitrust Litigation*
- *In re TriCor Indirect Purchasers Antitrust Litigation*
- *Nichols, et al., v. SmithKline Beecham Corporation*
- *In re: DDAVP Indirect Purchaser Antitrust Litigation*

## Securities Cases

- *Plymouth County Retirement Association v. Spectrum Brands Holdings, Inc., et al.*
- *Tung, et al. v. Dycom Industries, Inc., et al.*
- *Boutchard., et al. v. Gandhi, et al.* ("Tower/e-Minis")
- *MAZ Partners LP v. First Choice Healthcare Solutions, Inc.*
- *SEB Investment Management AB, et al. v. Symantec Corporation, et al.*
- *In re Impinj, Inc. Securities Litigation*
- *In re Netshoes Securities Litigation*
- *Yellowdog Partners, LP, et al. v. Curo Group Holdings Corp., et al.*
- *In re Brightview Holdings, Inc. Securities Litigation*
- *In re Obalon Therapeutics, Inc. Securities Litigation*
- *In re Willis Towers Watson PLC Proxy Litigation*
- *In re Blue Apron Holdings, Inc. Securities Litigation*
- *In re: Qudian Inc. Securities Litigation*
- *Plymouth County Contributory Retirement System v. Adamas Pharmaceuticals, et al.*
- *In re Perrigo Company PLC Securities Litigation*
- *Enriquez, et al. v. Nabriva Therapeutics PLC, et al.*
- *Teamsters Local 456 Pension Fund, et al. v. Universal Health Services, Inc., et al.*
- *Olenik, et al. v. Earthstone Energy, Inc.*

- *Shenk v. Mallinckrodt plc, et al.*
- *In re The Allstate Corp. Securities Litigation*
- *Christopher Vataj v. William D. Johnson, et al.* (PG&E Securities II)
- *Kirkland v. WideOpenWest, Inc.*
- *Oklahoma Police Pension and Retirement System v. Sterling Bancorp, Inc.*
- *In re Uxin Limited Securities Litigation*
- *City of Hallandale Beach Police Officers' & Firefighters' Personnel Retirement Trust v. Ergen, et al.* (Echostar)
- *Lewis v. YRC Worldwide Inc., et al.*
- *Tomaszewski v. Trevena, Inc., et al.*
- *In re Restoration Robotics, Inc. Securities Litigation*
- *Public Employees' Retirement Systems of Mississippi, et al. v. Treehouse Foods, Inc., et al.*
- *Ronald L. Jackson v. Microchip Technology, Inc., et al.*
- *In re Micro Focus International plc Securities Litigation*
- *In re Dynagas LNG Partners LP Securities Litigation*
- *Weiss, et al. v. Burke, et al.* (Nutraceutical)
- *Yaron v. Intersect ENT, Inc., et al.*
- *Utah Retirement Systems v. Healthcare Services Group, Inc., et al.*
- *In re PPDAI Group Inc. Securities Litigation*
- *In re: Evoqua Water Technologies Corp. Securities Litigation*
- *In re Aqua Metals, Inc. Securities Litigation*
- *St. Lucie County Fire District Firefighters' Pension Trust Fund v. Southwestern Energy Company*
- *In re CPI Card Group Inc. Securities Litigation*
- *Arkansas Teacher Retirement System, et al. v. Alon USA Energy, Inc., et al.*
- *In re TAL Education Group Securities Litigation*
- *GCI Liberty Stockholder Litigation*
- *In re SciPlay Corporation Securities Litigation*
- *In re Allergan Generic Drug Pricing Securities Litigation*
- *In re Vivint Solar, Inc. Securities Litigation*
- *In re YayYo Securities Litigation*
- *In re JPMorgan Treasury Futures Spoofing Litigation*
- *Searles, et al. v. Crestview Partners, LP, et al.* (Capital Bank)
- *In re Lyft, Inc. Securities Litigation*
- *In re Aegean Marine Petroleum Network, Inc. Securities Litigation*
- *In re JPMorgan Precious Metals Spoofing Litigation*
- *In re Pivotal Software, Inc. Securities Litigation*
- *Longo, et al. v. OSI Systems, Inc., et al.*
- *In re Homefed Corporation Stockholder Litigation*
- *Pierrelouis v. Gogo Inc., et al.*
- *Pope v. Navient Corporation, et al.*
- *In re Merit Medical Systems, Inc. Securities Litigation*
- *In re Frontier Communications Corporation Stockholder Litigation*
- *Holwill v. AbbVie Inc.*
- *Budicak, Inc., et al. v. Lansing Trade Group, LLC, et al.* (SRW Wheat Futures)
- *Yannes, et al. v. SCWorx Corporation*
- *In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations*
- *In re Myriad Genetics, Inc. Securities Litigation*
- *In re Chicago Bridge & Iron Co. N.V. Securities Litigation*
- *The Arbitrage Fund, et al. v. William Petty, et al.* (Exactech)
- *In re Columbia Pipeline Group, Inc. Merger Litigation*

- *Martinek v. AmTrust Financial Services, Inc.*
- *City of Pittsburgh Comprehensive Municipal Pension Trust Fund, et al. v. Benefitfocus, Inc., et al.*
- *In re: Evoqua Water Technologies Corp. Securities Litigation*
- *Laydon v. Mizuho Bank, Ltd., et al.*
- *Lomingkit, et al. v. Apollo Education Group, Inc., et al.*
- *In re Caraco Pharmaceutical Laboratories, Ltd. Shareholder Litigation*
- *Norfolk County Retirement System, et al. v. Community Health Systems, Inc., et al.*
- *Chester County Employees' Retirement Fund v. KCG Holdings, Inc., et al.*
- *Oklahoma Law Enforcement Retirement System, et al. v. Adeptus Health Inc., et al.*
- *Di Donato v. Insys Therapeutics, Inc., et al.*
- *Lundgren-Wiedinmyer, et al. v. LJM Partners, Ltd, et al.*
- *Martin, et al. v. Altisource Residential Corporation, et al.*
- *Stephen Appel, et al. v. Apollo Management, et al.*
- *In re Medley Capital Corporation Stockholder Litigation*
- *Forman, et al. v. Meridian BioScience, Inc., et al.*
- *Public Employees' Retirement System of Mississippi, et al. v. Endo International PLC, et al.*
- *In Re Flowers Foods, Inc. Securities Litigation*
- *Jiangchen, et al. v. Rentech, Inc., et al.*
- *In re Liberty Tax, Inc. Stockholder Litigation*
- *In re RH, Inc. Securities Litigation*
- *Lazan v. Quantum Corporation, et al.*
- *Nabhan v. Quantum Corporation, et al.*
- *Edmund Murphy III, et al. v. JBS S.A.*
- *Public Employees' Retirement System of Mississippi, et al. v. Sprouts Farmers Market, Inc., et al.*
- *In re Starz Stockholder Litigation*
- *Judith Godinez, et al. v. Alere Inc., et al.*
- *Rahman and Giovagnoli, et al. v. GlobalSCAPE, Inc., et al.*
- *Arthur Kaye, et al. v. ImmunoCellular Therapeutics, Ltd., et al.*
- *In re CPI Card Group Inc. Securities Litigation*
- *Daniel Aude, et al. v. Kobe Steel, Ltd., et al.*
- *In re Quality Systems, Inc. Securities Litigation*
- *Cooper, et al. v. Thoratec Corporation, et al.*
- *Washtenaw County Employees' Retirement System, et al. v. Walgreen Co., et al.*
- *Elkin v. Walter Investment Management Corp., et al.*
- *In Re CytRx Corporation Securities Litigation*
- *Ranjit Singh, et al. v. 21Vianet Group, Inc., et al.*
- *In re PTC Therapeutics, Inc. Securities Litigation*
- *Securities and Exchange Commission v. Mark A. Jones*
- *In re Sequans Communications S.A. Securities Litigation*
- *In re Henry Schein, Inc. Securities Litigation*
- *Ronge, et al. v. Camping World Holdings, Inc., et al.*
- *Oklahoma Firefighters Pension & Retirement System v. Lexmark International, Inc.*
- *Christakis Vrakas, et al. v. United States Steel Corporation, et al.*
- *Emerson et al. v. Mutual Fund Series Trust, et al.* ("Catalyst")
- *In re Fannie Mae 2008 Securities Litigation*
- *In re Anadarko Petroleum Corporation Class Action Litigation*
- *Ge Dandong, et al., v. Pinnacle Performance Limited, et al.*
- *In Re: Rough Rice Commodity Litigation*
- *Xuechen Yang v. Focus Media Holding Limited et al.*
- *In re Massey Energy Co. Securities Litigation*



- *In re Swisher Hygiene, Inc.*
- *The City of Providence vs. Aeropostale, Inc., et al.*
- *In re Metrologic Instruments, Inc. Shareholders Litigation*
- *Public Pension Fund Group v. KV Pharmaceutical Company et al.*
- *Pension Trust Fund for Operating Engineers, et al. v. Assisted Living Concepts, Inc., et al.*
- *In re Lehman Brothers Equity/Debt Securities Litigation*
- *In re: Platinum and Palladium Commodities Litigation* (Platinum/Palladium Physical Action)
- *In re: Platinum and Palladium Commodities Litigation* (Platinum/Palladium Futures Action)
- *In re General Electric Co. Securities Litigation*
- *In re CNX Gas Corporation Shareholders Litigation*
- *Oscar S. Wyatt, Jr. et al. v. El Paso Corporation, et al.*
- *In re Par Pharmaceutical Securities Litigation*
- *In re Par Pharmaceutical Companies, Inc. Shareholders Litigation*
- *In re Delphi Financial Group Shareholders Litigation*
- *In re SLM Corporation Securities Litigation*
- *In re Del Monte Foods Company Shareholder Litigation*
- *Leslie Niederklein v. PCS Edventures!.com, Inc. and Anthony A. Maher*
- *In re Beckman Coulter, Inc. Securities Litigation*
- *Michael Rubin v. MF Global, Ltd., et al.*
- *Allen Zametkin v. Fidelity Management & Research Company, et al.*
- *In re BP Prudhoe Bay Royalty Trust Securities Litigation*
- *Police and Fire Retirement System of the City of Detroit et al. v. SafeNet, Inc., et al.*
- *In re Limelight Networks, Inc. Securities Litigation*
- *In re Gilead Sciences Securities Litigation*
- *In re ACS Shareholder Litigation, Consolidated C.A. No. 4940-VCP*
- *Lance Provo v. China Organic Agriculture, Inc., et al.*
- *In re LDK Solar Securities Litigation*

## Labor & Employment Cases

- *Verizon OFCCP Settlement*
- *Alvarez, et al. v. GEO Secure Services, LLC*
- *Sartena v. Meltwater FLSA*
- *Carmen Alvarez, et al. v. Chipotle Mexican Grill, Inc., et al.*
- *Turner, et al. v. Chipotle Mexican Grill, Inc.*
- *Long, et al. v. Southeastern Pennsylvania Transportation Authority*
- *Matheson, et al. v. TD Bank, N.A.*
- *Ludwig, et al. v. General Dynamics Information Technology, Inc., et al.*
- *Bedel, et al. v. Liberty Mutual Group Inc.*
- *Irene Parry, et al. v. Farmers Insurance Exchange, et al.*
- *Maldonado v. The GEO Group, Inc.*
- *Alderman and Maxey v. ADT, LLC*
- *Albaceet v. Dick's Sporting Goods*
- *Rodriguez v. The Procter & Gamble Company*
- *Adekunle, et al. v. Big Bang Enterprises, Inc. d/b/a The Revenue Optimization Companies*
- *Gorski, et al. v. Wireless Vision, LLC*
- *Lopez, et al. v. New York Community Bank, et al.*
- *Hamilton, et al. v. The Vail Corporation, et al.*
- *Eisenman v. The Ayco Company L.P.*
- *Matheson v. TD Bank, N.A.*

New York | Washington, DC | West Palm Beach | Milwaukee | Tel Aviv | London | **abdataclassaction.com**

- *Simon v. R.W. Express LLC, d/b/a Go Airlink NYC*
- *Perez v. Mexican Hospitality Operator LLC, d/b/a Cosme*
- *Shanahan v. KeyBank, N.A.*
- *Loftin v. SunTrust Bank*
- *Alvarez v. GEO Secure Services, LLC*
- *Weisgarber v. North American Dental Group, LLC*
- *Talisa Borders, et al. v. Wal-mart Stores, Inc.*
- *Reale v. McClain Sonics Inc., et al.*
- *Larita Finisterre and Songhai Woodard, et al. v. Global Contact Services, LLC*
- *Adebisi Bello v. The Parc at Joliet*
- *Garcia, et al. v. Vertical Screen, Inc.*
- *Brook Lemma and Matthieu Hubert, et al. v. 103W77 Partners LLC, et al.* ("Dovetail Settlement")
- *American Federation of Government Employees, Local 1145 v. Federal Bureau of Prisons, U.S. Penitentiary, Atlanta, Georgia*
- *Lisa Ferguson, Octavia Brown, et al. v. Matthew G. Whitaker, Acting AG, DOJ Bureau of Prisons ("USP Victorville")*
- *American Federation of Government Employees, Local 2001 v. Federal Bureau of Prisons, Federal Correctional Institution, Fort Dix, New Jersey*
- *American Federation of Government Employees, Local 506 v. U.S. Department of Justice, Federal Bureau of Prisons, U.S. Penitentiary Coleman II, Coleman, Florida*
- *Vargas v. Sterling Engineering*
- *Rosenbohm v. Verizon*
- *Alex Morgan, et al. v. United States Soccer Federation, Inc.*
- *Iskander Rasulev v. Good Care Agency, Inc.*
- *Kyndl Buzas, et al., v. Phillips 66 Company and DOES 1 through 10*
- *American Federation of Government Employees, Local 408 v. U.S. Dept. of Justice, Federal Bureau of Prisons, Federal Correctional Complex, Butner, NC*
- *In re 2014 Avon Products, Inc. ERISA Litigation*
- *In re Eastman Kodak ERISA Litigation*
- *Taronica White, et al. v. Attorney General Loretta Lynch, Department of Justice*
- *Lisa Ferguson, et al. v. Acting Attorney General Matthew Whitaker, Department of Justice*
- *Melissa Compere v. Nusret Miami, LLC, et al.*
- *Abelar v. American Residential Services, L.L.C., Central District of California*
- *Flores, et al. v. Eagle Diner Corp., et al., Eastern District of Pennsylvania*
- *Michael Furman v. Godiva Chocolatier, Inc., 15th Judicial Circuit, Palm Beach County, Florida*
- *Finisterre et. al v. Global Contact Services, LLC, New York State Supreme Court, Kings County*
- *McGuire v. Intelident Solutions, LLC, et al., Middle District of Florida, Tampa Division*
- *Duran De Rodriguez, et al. v. Five Star Home Health Care Agency, Inc. et al., Eastern District of New York*

### Data Breach/BIPA Cases

- *Hunter v. J.S.T. Corp. BIPA Settlement*
- *Atkinson, et al. v. Minted, Inc.*
- *Rosenbach, et al. v. Six Flags Entertainment Corporation and Great America LLC*
- *Pratz, et al. v. MOD Super Fast Pizza, LLC*
- *The State of Indiana v. Equifax Data Breach Settlement*
- *In re: Vizio, Inc. Consumer Privacy Litigation*
- *In re: Google, Inc. Street View Electronic Communications Litigation*
- *Devin Briggs and Bobby Watson, et al. v. Rhinoag, Inc.* ("Briggs Biometric Settlement")
- *Trost v. Pretium Packaging L.L.C.*



- *In re: Barr, et al. v. Drizly, LLC f/k/a Drizly, Inc., et al.*

### Telephone Consumer Protection Act (TCPA) Cases

- *Perrong, et al. v. Orbit Energy & Power, LLC*
- *Baldwin, et al. v. Miracle-Ear, Inc.*
- *Floyd and Fabricant, et al. v. First Data Merchant Services LLC, et al.*
- *Hoffman, et al. v. Hearing Help Express, Inc., et al.*
- *Lowe and Kaiser, et al. v. CVS Pharmacy, Inc., et al.*
- *Johansen v. HomeAdvisor, Inc., et al.*
- *Charvat, et al. v. National Holdings Corporation*
- *Hopkins, et al. v. Modernize, Inc.*
- *Diana Mey vs. Frontier Communications Corporation*
- *Matthew Donaca v. Dish Network, L.L.C.*
- *Matthew Benzion and Theodore Glaser v. Vivint, Inc.*
- *John Lofton v. Verizon Wireless (VAW) LLC, et al.*
- *Lori Shamblin v. Obama for America, et al.*
- *Ellman v. Security Networks*

## For More Information

For more detailed information regarding A.B. Data's experience, services, or personnel, please see our website at **www.abdataclassaction.com**.

# EXHIBIT 2

**<u>JEWEL NOTIFICATION TEXT</u>**

Court notice: You may be a class member in a lawsuit. For more, visit
www.FacebookPotentialReachLawsuit.com.

**<u>BANNER TEXT</u>** <u>(with a clickable button to take class members to class website):</u>

Court notice: You may be a class member in a lawsuit over Facebook's Potential Reach estimates.
["Visit Website" button].

# EXHIBIT 3

**Purchased Facebook or Instagram Advertisements Between August 15, 2015 and October 27, 2021?**

**A Class Action Lawsuit May Affect Your Rights**

*La información proporcionada en este aviso está disponible en español en www.FacebookPotentialReachLawsuit.com.*

Your rights may be affected by a class action lawsuit regarding Facebook advertisements. The case name is *DZ Reserve et al. v. Meta Platforms*, *Inc.*, and the case number is Case No. 3:18-cv-04978. Plaintiffs in the lawsuit allege that Meta Platforms, Inc. ("Facebook" or "Defendant") made misrepresentations and omissions when providing the Potential Reach metric to advertisers. Plaintiffs allege Facebook inflated its potential advertising reach to consumers, and charged artificially high premiums for ad placements. Facebook's Potential Reach was expressed as a number of people. Plaintiffs allege that the Potential Reach metric was not actually an estimate of people, but an estimate of "accounts." Plaintiffs allege that, because the number of unique accounts and unique people were different, this led to an inaccurate representation of how many people class members' advertisements could reach. Plaintiffs allege that the discrepancy between people and accounts made the Potential Reach number inaccurate.

Facebook denies Plaintiffs' allegations. While Facebook no longer provides Potential Reach estimates to advertisers, Facebook maintains that it provided accurate and informative disclosures about Potential Reach when it was available, including that it informed advertisers that despite Facebook's efforts to deduplicate accounts, there were some users who had multiple accounts which may have impacted Potential Reach estimates. Facebook denies that any Class Member has been damaged. Facebook did not charge advertisers based on Potential Reach estimates, but instead charged based on actual results which were provided in real time to advertisers.

The Court has not made any determination as to who is right or whether Facebook did anything wrong, but has decided that this case should proceed as a class action on behalf of a "Class," or a group of people that could include you.

This Notice is only a summary of your rights and options before any decision is reached on which party is right. If you're included in the Class, you have to decide whether to (1) stay in the Class and be bound by whatever results in the case, or (2) ask to be excluded and keep your right to individually sue Facebook**.** For additional details, please read the Long-Form Notice available to download at www.FacebookPotentialReachLawsuit.com.

## Who is in the Class?

You are a member of the Class if:
- Subject to the exclusions below, you are a United States residents (including natural persons and incorporated entities) who, from August 15, 2015 to October 27, 2021 ("Class Period"), paid for the placement of at least one advertisement on Facebook's platforms, including the Facebook and Instagram platforms, which was purchased through Facebook's Ads Manager or Power Editor.
- At least one of the advertisements that you paid for does not meet any of the following five criteria: (1) advertisements purchased pursuant to agreements other than Facebook's Terms of Service or Statement of Rights and Responsibilities; (2) advertisements purchased using only non-lookalike Custom Audiences as the targeting criteria; (3) advertisements purchased using Reach and Frequency buying; (4) advertisements purchased with the objectives of canvas app engagement, canvas app installs, offer claims, event responses, page likes, or external; and (5) advertisements for which Facebook provided a Potential Reach lower than 1000.

A more detailed Notice, including the exact Class definitions and exceptions to Class membership, is available at www.FacebookPotentialReachLawsuit.com.

## Your Rights and Options

**DO NOTHING**: If you are a Class Member and do nothing, you are choosing to stay in your Class and you will be able to share in any money or benefits that may be recovered in this case. You will be bound by any judgment entered or settlement reached in the lawsuit, whether favorable or unfavorable, and you will give up your right to sue Facebook as part of any other lawsuit for the claims made in this case.

**EXCLUDE YOURSELF FROM THE CLASS:** The Court will exclude any person who asks to be excluded. If you exclude yourself from your Class (*i.e.*, opt out), you will not be entitled to money or benefits if they are awarded or

recovered. You will not be bound by any orders or judgments of the Court, and you will not give up your right to sue Facebook as part of any other lawsuit for the claims made in this case. The deadline to exclude yourself is _____, 2025. Specific instructions on how to request exclusion are included in the Long-Form Notice available to download at www.FacebookPotentialReachLawsuit.com.

## When and Where Is Trial?

Class Counsel will have to prove the Plaintiffs' allegations at trial. The Court has scheduled a jury trial to begin on October 14, 2025. The trial will be held in the United States District Court, Northern District of California, located at Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco CA 94102. During the trial, a Jury and the Judge will hear all the evidence to help them reach a decision whether Plaintiffs or Facebook is right about the allegations in the lawsuit. There is no guarantee that Plaintiffs will win or that they will be able to get money for all or some of the members of the Class.

## Want More Information?

Go to www.FacebookPotentialReachLawsuit.com, call 877-xxx-xxxx, or write to Facebook Potential Reach Class Action, c/o A.B. Data, Ltd., P.O. Box 170500, Milwaukee, WI 53217.

# EXHIBIT 4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

**NOTICE OF PENDENCY OF CLASS ACTION**

# If You Purchased Facebook or Instagram Advertisements Between August 15, 2015 and October 27, 2021, A Class Action Lawsuit May Affect Your Rights.

*A federal court authorized this Notice. It is not a solicitation from a lawyer. You are not being sued.*

*La información proporcionada en este aviso está disponible en español en www.FacebookPotentialReachLawsuit.com.*

- A lawsuit is pending in the United States District Court for the Northern District of California (the "Court") against Meta Platforms, Inc. ("Facebook" or "Defendant").

- Plaintiffs in the lawsuit allege that Facebook made misrepresentations and omissions when providing the Potential Reach metric to advertisers. Plaintiffs allege Facebook inflated its potential advertising reach to consumers, and charged artificially high premiums for ad placements. Facebook's Potential Reach was expressed as a number of people. Plaintiffs allege that the Potential Reach metric was not actually an estimate of people, but an estimate of "accounts." Plaintiffs allege that, because the number of unique accounts and unique people were different, this led to an inaccurate representation of how many people class members' advertisements could reach. Plaintiffs allege that the discrepancy between people and accounts made the Potential Reach number inaccurate.

- Facebook denies all of Plaintiffs' allegations. While Facebook no longer provides Potential Reach estimates to advertisers, Facebook maintains that it provided accurate and informative disclosures about Potential Reach when it was available, including that it informed advertisers that despite Facebook's efforts to deduplicate accounts, there were some users who had multiple accounts which may have impacted Potential Reach estimates. Facebook denies that any Class Member has been damaged. Facebook did not charge advertisers based on Potential Reach estimates, but instead charged based on actual results which were provided in real time to advertisers. The Court has not made any determination as to who is right.

- On March 29, 2022, the Court determined this case could proceed as a class action. This is not a determination about the merits of the claim, only that Plaintiffs may seek to prove their claims on behalf of the class.

- There is no money available now, and no guarantee there will be.

- Your legal rights are affected, and your options are explained below. You have a choice to make now.

## CERTIFIED CLASS

The Class certified by the Court (hereinafter referred to as the "Class") includes the following persons and entities:

- **All United States residents (including natural persons and incorporated entities) who, from August 15, 2015, to October 27, 2021 ("Class Period"), paid for the placement of at least one advertisement on Facebook's platforms, including the Facebook and Instagram platforms, which was purchased through Facebook's Ads Manager or Power Editor.**

- **Excluded from the class are: (1) advertisements purchased pursuant to agreements other than Facebook's Terms of Service or Statement of Rights and Responsibilities; (2) advertisements purchased using only non-lookalike Custom Audiences as the targeting criteria; (3) advertisements purchased using Reach and Frequency buying; (4) advertisements purchased with the objectives of canvas app engagement, canvas app installs, offer claims, event responses, page likes, or external; and (5) advertisements for which Facebook provided a Potential Reach lower than 1000.**

- **Also excluded from the Class are Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, legal representatives, successors, subsidiaries, and assigns. Further excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.**

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **DO NOTHING** | This option means that, if you are a Class Member, you remain part of the Class and you keep the possibility of getting money or benefits that may come from a trial or a settlement and will be bound by any judgment entered or settlement reached in the lawsuit, whether favorable or unfavorable. But you give up all rights to be part of any other lawsuit that asserts claims related to the allegations or claims against Facebook in this case. |
| **EXCLUDE YOURSELF FROM THE CLASS** | This option allows you to exclude yourself from the Class and retain the right to file a lawsuit against Facebook asserting claims relating to the allegations in this case. If you exclude yourself, you will not be bound by any judgment for or against Facebook and will not share in any money or benefits obtained for the Class. The exclusion deadline is _____, 2025. |

## BASIC INFORMATION ABOUT THE LAWSUIT

1. **What is the lawsuit about?**

Plaintiffs in the lawsuit allege that Facebook made misrepresentations and omissions when providing the Potential Reach metric to advertisers. Plaintiffs allege Facebook inflated its potential advertising reach to consumers, and charged artificially high premiums for ad placements. Facebook's Potential Reach was expressed as a number of people. Plaintiffs allege that Potential Reach metric was not actually an estimate of people, but an estimate of "accounts." Plaintiffs allege that, because the number of unique accounts and unique people were different, this led to an inaccurate representation of how many people class members' advertisements could reach. Plaintiffs allege that the discrepancy between people and accounts made the Potential Reach number inaccurate.

Plaintiffs bring claims for damages under California law for (1) fraudulent misrepresentation and (2) fraudulent concealment.

2. **What is Facebook's response?**

Facebook denies all of Plaintiffs' allegations. While Facebook no longer provides Potential Reach estimates to advertisers, Facebook maintains that it provided accurate and informative disclosures about Potential Reach when it was available, including that it informed advertisers that despite Facebook's efforts to deduplicate accounts, there were some users who had multiple accounts which may have impacted Potential Reach estimates. Facebook denies that any Class Member has been damaged. Facebook did not charge advertisers based on Potential Reach estimates, but instead charged based on actual results which were provided in real time to advertisers.

3. **What is a class action and who is involved?**

In a class action lawsuit, a person called a "Class Representative" sues on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The Class Representatives who sued—and all the Class Members like them—are called the Plaintiffs. The company they sued (in this case, Meta Platforms, formerly known as Facebook) is called the Defendant. One court decides the issues for everyone in the Class—except for those people who choose to exclude themselves from the Class.

4. **Why is this lawsuit a class action?**

The Court decided that certain claims in this lawsuit can move forward in a class action because the claims of the Class members are similar enough that trying them all together is fair and more efficient than trying them separately.

5. **Is there any money available now?**

No money or benefits are available now because the case is not resolved. There is no guarantee that money or benefits ever will be obtained. If they are, you will be notified about how to ask for a share. If the litigation is resolved, and you have not excluded yourself pursuant to this Notice, you may not be given another opportunity to do so.

3

| DETERMINING IF YOU ARE A MEMBER OF THE CLASS |
|---|

6.  **I purchased advertisements from Facebook. How do I know if I am a member of the Class?**

The following are members of the Class:
- o   Subject to the exclusions below, United States residents (including natural persons and incorporated entities) who, from August 15, 2015 to October 27, 2021 ("Class Period"), paid for the placement of at least one advertisement on Facebook's platforms, including the Facebook and Instagram platforms, which was purchased through Facebook's Ads Manager or Power Editor.

The following are *NOT* members of the Class:
- o   Purchasers whose advertisements *all* met at least one of the following five criteria: (1) advertisements purchased pursuant to agreements other than Facebook's Terms of Service or Statement of Rights and Responsibilities; (2) advertisements purchased using only non-lookalike Custom Audiences as the targeting criteria; (3) advertisements purchased using Reach and Frequency buying; (4) advertisements purchased with the objectives of canvas app engagement, canvas app installs, offer claims, event responses, page likes, or external; and (5) advertisements for which Facebook provided a Potential Reach lower than 1000.

- o   Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, legal representatives, successors, subsidiaries, and assigns. Any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

| IF YOU DO NOTHING |
|---|

7.  **What happens if I do nothing at all?**

As a Class Member, unless you exclude yourself from the Class in the manner described in the section below titled "EXCLUDING YOURSELF FROM THE CLASS," you will be bound by any judgment entered or settlement reached in this lawsuit, whether favorable or unfavorable. Unless you exclude yourself, you will not be able to file a lawsuit or be part of any other lawsuit asserting claims against Facebook concerning or relating to the claims and factual allegations that were or could have been raised in this action.

| EXCLUDING YOURSELF FROM THE CLASS |
|---|

8.  **What does it mean to request to be excluded from the Class?**

If you do not want to be part of the Class and want to keep your right to sue Facebook relating to the allegations concerning the alleged conduct described in this Notice, then you must take steps to remove yourself from the Class. This is called excluding yourself, or "opting out." The Court will exclude any person who asks to be excluded. If you exclude yourself, you will not be eligible to receive any payment from future settlements or judgments in this lawsuit, and you will not be bound by any judgment rendered for or against Facebook.

9.  **How do I exclude myself from my Class?**

To exclude yourself from your Class, you must either send a request by mail or through the case website stating that you wish to be excluded from the Class in *DZ Reserve et al. v. Meta Platforms*, *Inc.,* Case No. 3:18-cv-04978.

If you mail your Request for Exclusion, it must be postmarked no later than _____, 2025, to:

Facebook Potential Reach Class Action
Attn: Exclusions
c/o A.B. Data, Ltd.
P.O. Box 173001
Milwaukee, WI  53217

4

info@FacebookPotentialReachLawsuit.com

If you mail your Request for Exclusion, be sure to include your name, address, telephone number, and signature.

To request exclusion through the case website, please visit www.FacebookPotentialReachLawsuit.com and click on the Request for Exclusion tab. The Request for Exclusion must be submitted no later than _____, 2025.

**10.    If I don't exclude myself, can I sue later?**

No. Unless you exclude yourself, you give up the right to sue Facebook for the claims in this case. You must exclude yourself from your Class to be able to bring your own, separate lawsuit(s) against Facebook. Remember, the exclusion deadline is _____, 2025. In the event the lawsuit resolves, you may not be given another opportunity to exclude yourself from the Class.

## THE LAWYERS REPRESENTING YOU

**11.    As a member of the Class, do I have a lawyer representing my interests in this class action?**

Yes. The Court has appointed lawyers to represent the members of the Class. These lawyers are called Class Counsel. The following lawyers are lead counsel in representing the Class:

Geoffrey A. Graber
Andrew N. Friedman
Karina G. Puttieva
Madelyn Petersen
Jenna Waldman
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW
East Tower, 8th Floor
Washington, DC  20005

Theodore J. Leopold
Leslie M. Kroeger
**COHEN MILSTEIN SELLERS & TOLL PLLC**
11780 U.S. Highway One
Suite N500
Palm Beach Gardens, FL 33408

Eric A. Kafka
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street
14th Floor
New York, NY 10005

Charles Reichmann
**LAW OFFICES OF CHARLES REICHMANN**
16 Yale Circle
Kensington, CA 94708-1015

**12.    How will the lawyers be compensated?**

In the event of a judgment against Facebook at trial or by settlement, Class Counsel will ask the Court to approve and award attorneys' fees and expenses. The amount of these fees and costs, if any, will ultimately be determined by the Court.

**13.    Should I get my own lawyer?**

You do not need to hire your own lawyer because Class Counsel is working on behalf of the Class. You may, however, hire your own lawyer to represent you if you wish. If you hire your own lawyer, he or she must file a Notice of Appearance. If you hire your own lawyer, you will have to pay for that lawyer on your own.

| THE TRIAL |
|---|

14. **When and where is the trial?**

Class Counsel will have to prove the Plaintiffs' allegations at trial. The Court has scheduled a jury trial to begin on October 14, 2025. The trial will be held in the United States District Court, Northern District of California, located at Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco CA 94102. During the trial, a Jury and the Judge will hear all the evidence to help them reach a decision whether Plaintiffs or Facebook is right about the allegations in the lawsuit. There is no guarantee that Plaintiffs will win or that they will be able to get money for all or some of the members of the Class.

15. **Do I have to come to trial?**

You do not need to attend trial. Class Counsel will present the case for the Plaintiffs, and Facebook will present the defense. You or your lawyer are welcome to attend at your own expense.

16. **Will I get money after the trial?**

If the Plaintiffs obtain money or benefits as a result of the lawsuit, you will be notified about how to participate. We do not know how long this will take.

| GETTING MORE INFORMATION |
|---|

17. **Where do I get more information?**

This Notice contains a summary of relevant Court papers. You can review relevant Decisions and Orders and additional information about this action on the case website at www. FacebookPotentialReachLawsuit.com. You may also contact the Notice Administrator by mail, email, or phone using the following contact information:

Facebook Potential Reach Class Action
c/o A.B. Data, Ltd.
P.O. Box 170500
Milwaukee, WI  53217
info@FacebookPotentialReachLawsuit.com
877-xxx-xxxx

PLEASE DO NOT CONTACT THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS CASE.

DATED: _____, 2025                    BY ORDER OF THE UNITED STATES DISTRICT COURT FOR
                                        THE NORTHERN DISTRICT OF CALIFORNIA

# EXHIBIT 5

