Geoffrey Graber (SBN 211547)
Andrew N. Friedman (*pro hac vice*)
Karina G. Puttieva (SBN 317702)
Madelyn Petersen (*pro hac vice*)
Jenna Waldman (SBN 341491)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, 8th Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
ggraber@cohenmilstein.com
afriedman@cohenmilstein.com
kputtieva@cohenmilstein.com
mpetersen@cohenmilstein.com
jwaldman@cohenmilstein.com

Charles Reichmann (SBN 206699)
**LAW OFFICES OF CHARLES REICHMANN**
16 Yale Circle
Kensington, CA 94708-1015
Telephone: (415) 373-8849
charles.reichmann@gmail.com

Eric Kafka (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor,
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
ekafka@cohenmilstein.com

Theodore J. Leopold (*pro hac vice*)
Leslie M. Kroeger (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
11780 US Highway One, Ste. 500
Palm Beach Gardens, FL 33408
Telephone: (516) 515-1400
Facsimile: (516) 515-1401
lkroeger@cohenmilstein.com
tleopold@cohenmilstein.com

*Class Counsel*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| DZ Reserve and Cain Maxwell (d/b/a Max Martialis), individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:18-cv-04978-JD<br><br>**PLAINTIFFS' FIRST PRETRIAL CONFERENCE STATEMENT**<br><br>Complaint Filed: August 15, 2018<br>Trial Date: October 14, 2025<br>Court: Courtroom 11, 19th Floor<br>Hon. James Donato |

In connection with the August 28, 2025 Pretrial Conference, Plaintiffs hereby submit this statement concerning: (1) Meta's August 21, 2025 Motion to Compel Arbitration; (2) trial length; (3) contact with represented parties (absent class members); (4) mediation status; and (5) other administrative matters related to the upcoming October 14, 2025 trial.

### 1. **Meta's August 21, 2025 Motion to Compel Arbitration and to Stay the Case**

Meta is desperate to avoid trying this case. On August 21, 2025 – seven years after this case was filed and just weeks before trial – Meta has now filed a motion to compel arbitration and stay the case in its entirety. It should be denied; Meta's eleventh-hour gambit to forestall trial is shameless gamesmanship. It is also frivolous and likely sanctionable.

Shortly after this case was filed in August 2018, Meta's counsel of record (then and now Latham & Watkins LLP) signed the Joint Case Management Statement, stating that "[t]he parties do not believe that this case is suitable for reference to binding arbitration." ECF No. 53 at 7. In early 2019, Meta twice moved to dismiss without raising an arbitration defense. *See* ECF Nos. 65, 103, Similarly, in March 2021, Meta filed its answer, which never raised an arbitration defense, and stated that it did "not dispute venue in this Court for this action." ECF No. 269 at 3.

After confirming multiple times in writing that this case is not suitable for arbitration, Meta proceeded to litigate this action for years, consuming significant judicial resources. In its Opposition to Class Certification, filed years into the litigation, Meta at last made a passing reference to arbitration. ECF No. 294 at 17. In its Order, the Court rejected Meta's suggestion that arbitration is somehow relevant, noting that "[a] good argument can be made that Meta has waived arbitration on this record." ECF No. 388 at 7. That was three years ago. Meta then spent three additional years appealing the Court's Order to the Ninth Circuit and the Supreme Court – not once mentioning arbitration. And following denial of its appeal Meta continued to litigate the case toward trial, agreeing to a trial date and proposing time limits for trial. Meta also agreed to language for the class notice—which makes no mention of arbitration—that was disseminated to over 11 million class members. *See* ECF Nos. 470, 471. In sum, Meta repeatedly and openly waived any right it may have had to arbitrate, and its litigation conduct makes a mockery of the judicial process.

This case needs to proceed to its scheduled trial on October 14, 2025. Plaintiffs will respond to Meta's motion to compel arbitration in their opposition brief, but for purposes of this statement Plaintiffs note that the Court has at least two options to address Meta's gamesmanship. First, Meta's attempt to compel arbitration is frivolous. *Chuman v. Wright*, 960 F.2d 104 (9th Cir. 1992); *Coinbase v. Bileski*, 599 U.S. 736, 745 (2023). Accordingly, if the Court denies Meta's motion, the case should proceed to trial notwithstanding any request to stay pending appeal. Second, Meta concedes that its purported arbitration clause was implemented, at earliest, in May 2018. As the Court noted in its Order on class certification, "[i]f for some presently unknown reason an adjustment to the class definition might be required on arbitration grounds, the Court can alter or amend it at any time before entry of final judgment." ECF No. 388 at 7. Therefore, regardless of Meta's motion, the Court should not stay the case in its entirety.

Of course, the appropriate course of action can only be determined after full briefing and, if necessary, a hearing on Meta's motion.

**2. Trial Length**

At the February 6, 2025 Status Conference and in the Court's subsequent Order (ECF No. 464), the Court directed the Parties to confer regarding trial times and to explore ways to streamline the presentation of the evidence, including through stipulations and the reduction of expert witnesses.

Plaintiffs have worked diligently to streamline their presentation of the evidence, including expert evidence. Plaintiffs now believe the case can be tried with an allotment of **24 hours per side**, down from the 30 hours per side Plaintiffs proposed at the February 6th Status Conference. This time allotment is close to the twenty hours proposed by Meta and suggested by the Court. Feb. 6, 2025 Hrg. Tr., ECF No. 465, 17:24-18:25.

To reach this reduced time proposal, Plaintiffs have sought to eliminate any facts that are not essential to their case. In addition, Plaintiffs proposed a series of stipulations to eliminate the need for the experts to cover some specific topics. At present, Meta has agreed in part to several of those stipulations, but the Parties' negotiations are ongoing. In addition, the Parties are discussing other stipulations that could further streamline the case, including to limit the evidence

to the class period contained in the Class Notice and that Meta has the ability to satisfy a punitive damages award under California law.

Plaintiffs disclosed their expert witnesses in December 2020, and since then—including at class certification—have litigated this case based on the analysis and anticipated testimony of each of their experts (see below). Each of Plaintiffs' experts provides unique, non-duplicative testimony. Plaintiffs will present their expert testimony in roughly **8 hours**.

Plaintiffs share the Court's desire to eliminate inefficient and duplicative testimony to streamline the case for the jury and will try this case within the time limit set the by the Court. The exclusion of any of Plaintiffs' expert witnesses, however, shortly before trial and seven years into this litigation would deeply prejudice the class.

For the Court's convenience, Plaintiffs summarize their experts below:

- Dr. Greg Allenby (conjoint survey): Dr. Allenby conducted a conjoint survey demonstrating that inflated Potential Reach, i.e., a Potential Reach calculated based on accounts rather than people, increases the aggregate demand among advertisers. Dr. Roughgarden, and then Dr. Levy rely on Dr. Allenby's opinion.

- Dr. Charles Cowan (Potential Reach inflation): Dr. Cowan built a statistical model to calculate the numerical difference between people and accounts, and the inflation levels of the plaintiff class based on various distinct sources of inflation. Dr. Cowan's minimum inflation levels are used by Dr. Allenby in his conjoint survey.

- Dr. Larry Chiagouris (advertising industry): Dr. Chiagouris is a professor of marketing and an advertising industry expert who explains how advertisers use Potential Reach to set their budgets, evaluate campaign performance, and determine return on investment. Dr. Chiagouris also explains various technical marketing terms. Dr. Chiagouris' opinion concerns Meta's core defense. Meta's expert, Dr. Catherine Tucker, focuses much of her opinion on rebutting Dr. Chiagouris.

- Dr. Atif Hashmi (source code): Dr. Hashmi analyzed Meta's source code to explain that Potential Reach is calculated the same way for all class member advertisers; and explains the intentional deficiencies in Meta's source code that caused Meta to calculate Potential Reach based on accounts rather than people. Dr. Cowan relies on Dr. Hashmi's opinion.

- Dr. Timothy Roughgarden (damages – auction pricing): Dr. Roughgarden designed and ran a simulation of Meta's auction pricing system to determine the price impact of a change in aggregate demand. He further opines that increases in aggregate advertiser demand will increase prices for all advertisers. Dr. Levy relies on Dr. Roughgarden's opinion.

- Dr. Armando Levy (damages): Dr. Levy is an economist who calculated aggregate damages based on the price change demonstrated in Dr. Roughgarden's auction simulation. In addition,

he opines that Plaintiffs' damages calculation adequately takes into account supply and demand.[1]

### 3. Contact with Represented Parties – Absent Class Members

On August 19, 2025, Meta provided its witness list to Plaintiffs, which includes ten absent-class-member owners/representatives. These are the same individuals who first emerged after the close of discovery when Meta filed their declarations in support of its Opposition to Class Certification. (ECF Nos. 296-1, 296-2, 296-3, 296-4, 296-5, 296-6, 296-7, 296-8, 296-9, 296-10). None of the absent class members represented by Meta's witnesses, however, opted out of the class, and Meta and its counsel were prohibited from contacting any member of the class after the Court's March 29, 2022 Class Certification Order. *Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 847 (N.D. Cal. 2010); Manual for Complex Lit. § 21.33 (4th ed. 2004) ("Defendants' attorneys, and defendants acting in collaboration with their attorneys, may only communicate through class counsel with class members on matters regarding the litigation.").

Plaintiffs have asked Meta's counsel to explain the circumstances behind their inclusion of these absent class members on its witness list, and whether they have been in contact with these absent class members about this case. To date, Plaintiffs have received no answer. Plaintiffs believe that an order to show cause should issue, demanding that Meta and its counsel explain unequivocally whether they have contacted absent class members after class certification, and if so, the circumstances surrounding that contact. Plaintiffs also believe clear guidance from the Court, directing Meta to refrain from contacting any class member except through Class Counsel, would be beneficial.

### 4. Mediation

At the Court's direction, the Parties participated in a mediation on April 29, 2025. Class representatives were personally present as was a Meta representative. The Parties did not settle the case and have not engaged in mediation discussions thereafter. The Parties have left open the

---

[1] Dr. Levy submitted a 3-page supplemental report on August 21, 2025, utilizing his previously disclosed methodology to recalculate the damages based on the revenue during the class period stipulated to by the Parties. The damages are significantly lower than the estimates previously calculated at the class certification stage in 2021.

possibility for further negotiations.

**5. Other Matters**

Plaintiffs believe it would be productive to discuss the following issues:

- The Court's procedures for proposing questions to be included in the juror questionnaire provided to prospective jurors in advance of voir dire.

- The Court's interest, if any, regarding bifurcation of trial for purposes of punitive damages.

Dated: August 22, 2025                          Respectfully Submitted,

By */s/ Geoffrey Graber*
Geoffrey Graber (SBN 211547)
Karina G. Puttieva (SBN 317702)
Madelyn Petersen (*pro hac vice*)
Jenna Waldman (SBN 341491)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, Ste 800
Washington, DC 20005
Telephone: (202) 408-4600
ggraber@cohenmilstein.com
kputtieva@cohenmilstein.com
mpetersen@cohenmilstein.com
jwaldman@cohenmilstein.com

Charles Reichmann (SBN 206699)
**LAW OFFICES OF CHARLES REICHMANN**
16 Yale Circle
Kensington, CA 94708-1015
Telephone: (415) 373-8849
charles.reichmann@gmail.com

Theodore J. Leopold (*pro hac vice*)
Leslie M. Kroeger (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
11780 US Highway One
Suite 500
Palm Beach Gardens, FL 33408
Telephone: (516) 515-1400
Facsimile: (516) 515-1401
lkroeger@cohenmilstein.com
tleopold@cohenmilstein.com

Eric Kafka (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor,
New York, NY 10005
Telephone: (212) 838-7797

5
**PLAINTIFFS' FIRST PRETRIAL CONFERENCE STATEMENT**
CASE NO. 3:18-cv-04978-JD

Facsimile: (212) 838-7745
ekafka@cohenmilstein.com

*Class Counsel*