| | |
|---|---|
| Geoffrey Graber (SBN 211547)<br>Karina G. Puttieva (SBN 317702)<br>Madelyn Petersen (pro hac vice)<br>Jenna Waldman (SBN 341491)<br>1100 New York Ave. NW, Suite 800<br>**COHEN MILSTEIN**<br>**SELLERS & TOLL PLLC**<br>Washington, DC 20005<br>Telephone: (202) 408-4600<br>Facsimile: (202) 408-4699<br>ggraber@cohenmilstein.com<br>kputtieva@cohenmilstein.com<br>mpetersen@cohenmilstein.com<br>jwaldman@cohenmilstein.com<br><br>Eric Kafka *(pro hac vice)*<br>88 Pine Street, 14th Floor,<br>**COHEN MILSTEIN**<br>**SELLERS & TOLL PLLC**<br>New York, NY 10005<br>Telephone: (212) 838-7797<br>Facsimile: (212) 838-7745<br>ekafka@cohenmilstein.com<br><br>*Class Counsel* | Charles Reichmann (SBN 206699)<br>**LAW OFFICES OF CHARLES**<br>**REICHMANN**<br>16 Yale Circle<br>Kensington, CA 94708-1015<br>Telephone: (415) 373-8849<br>charles.reichmann@gmail.com<br><br>Theodore J. Leopold (*pro hac vice*)<br>Leslie M. Kroeger (*pro hac vice*)<br>11780 US Highway One, Suite 500<br>Palm Beach Gardens, FL 33408<br>**COHEN MILSTEIN**<br>**SELLERS & TOLL PLLC**<br>Telephone: (516) 515-1400<br>Facsimile: (516) 515-1401<br>lkroeger@cohenmilstein.com<br>tleopold@cohenmilstein.com |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| DZ Reserve and Cain Maxwell (d/b/a Max Martialis), *individually and on behalf of others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:18-cv-04978-JD<br><br>**PLAINTIFFS' MOTION *IN LIMINE* NO. 1 TO PRECLUDE REMARKS CONCERNING UNRESOLVED DISPUTES PRIOR TO THE COURT'S DISPOSITION**<br><br>Hon. James Donato |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that after the conclusion of all briefing and on September 18, 2025 at 1:30 p.m. in Courtroom 11 in the United States District Court for the Northern District of California, on the 19th floor of 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable James Donato, Plaintiffs will move the Court for an order precluding any remarks concerning unresolved disputes regarding Plaintiffs' claims and burden of proof prior to the Court's disposition of those disputes.

This Motion is based on this Notice of Motion, Memorandum of Points and Authorities, and all matters with respect to which this Court may take judicial notice, and such oral and documentary evidence as may be presented to the Court at the time of or before the hearing.

1    Plaintiffs move for an order precluding any remarks concerning unresolved disputes regarding Plaintiffs' claims or burden of proof prior to the Court's disposition of those disputes. Any such statements are prejudicial and likely to cause jury confusion, and, therefore, excludable under Federal Rules of Evidence 401, 402, and 403.

This issue is urgent in light of Meta's separately filed motion in limine seeking to rewrite Plaintiffs' theory of liability and thereby eliminate much of their case on the ground that the Ninth Circuit's opinion affirming this Court's Rule 23(b)(3) class certification order actually overturned much of the order. According to Meta, the Ninth Circuit, in affirming this Court's Order, eliminated any allegation regarding inflated Potential Reach, even though the Court's Order explained: "[t]he gravamen of the lawsuit is that Meta inflated its potential advertising reach to consumers, and charged artificially high premiums for ad placements." ECF No. 388 at 1.

Any statements made to the jury regarding this dispute, prior to the Court's resolution of the issue, would be deeply prejudicial and improper. Federal Rule of Evidence 403 provides for exclusion of evidence or statements that may create confusion as to what a plaintiff must show to prove their claims. *Nat'l Prods., Inc. v. Arkon Res., Inc.*, 2019 WL 12536044, at *8 (C.D.Cal. Mar. 25, 2019) (excluding evidence and argument due to the "potential for jury confusion, including jury confusion about what is required to show willful patent infringement"); *see Idaho Golf Partners, Inc. v. TimberStone Mgmt., LLC*, 2016 WL 5340302, at *3 (D. Idaho Sept. 21, 2016) (excluding evidence where its presentation may "confuse the jury" as to "what legal standards apply").

Courts address such serious risks of jury confusion using their discretionary authority to issue orders excluding irrelevant matters from opening statements. *See U.S. v. Palumbo*, 2010 WL 4683539, at *2 (D. Mont. Nov. 12, 2010) (citing *Lasar v. Ford Motor Co.,* 399 F.3d 1101, 1115 (9th Cir. 2005)). Opening statements are meant to outline "what evidence will be presented, to make it easier for the jurors to understand what is to follow, and to relate parts of the evidence and testimony to the whole." *U. S. v. Dinitz*, 424 U.S. 600, 612 (1976) (Burger, J., concurring). "[I]t is not an occasion for argument." *Id.*

With this motion, Plaintiffs do not seek a particular ruling on Meta's argument referenced above, or any other argument that might be advanced by the parties. Rather, Plaintiffs seek a clear order precluding the parties from "jumping the gun" by advancing an argument that improperly presumes a favorable—future—ruling from the Court. An order with clear instruction on this issue will also prevent jury confusion and prejudice and promote efficiency by obviating the need to correct the record after the fact.

Dated: August 21, 2025                    Respectfully Submitted,

By */s/ Geoffrey Graber*
Geoffrey Graber (SBN 211547)
Karina G. Puttieva (SBN 317702)
Madelyn Petersen (*pro hac vice*)
Jenna Waldman (SBN 341491)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, Ste 800
Washington, DC 20005
Telephone: (202) 408-4600
ggraber@cohenmilstein.com
kputtieva@cohenmilstein.com
mpetersen@cohenmilstein.com
jwaldman@cohenmilstein.com

Charles Reichmann (SBN 206699)
**LAW OFFICES OF CHARLES REICHMANN**
16 Yale Circle
Kensington, CA 94708-1015
Telephone: (415) 373-8849
charles.reichmann@gmail.com

Theodore J. Leopold (*pro hac vice*)
Leslie M. Kroeger (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
11780 US Highway One
Suite 500
Palm Beach Gardens, FL 33408
Telephone: (516) 515-1400
Facsimile: (516) 515-1401
lkroeger@cohenmilstein.com
tleopold@cohenmilstein.com

Eric Kafka (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor,
New York, NY 10005
Telephone: (212) 838-7797

Facsimile: (212) 838-7745
ekafka@cohenmilstein.com

*Class Counsel*

LATHAM & WATKINS LLP
Melanie M. Blunschi (CA Bar No. 234264)
*melanie.blunschi@lw.com*
Nicole C. Valco (CA Bar No. 258506)
*nicole.valco@lw.com*
Francis J. Acott (CA Bar No. 331813)
*francis.acott@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: +1.415.391.0600

Andrew B. Clubok (*pro hac vice*)
*andrew.clubok@lw.com*
Susan E. Engel (*pro hac vice*)
*susan.engel@lw.com*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| DZ RESERVE and CAIN MAXWELL (d/b/a MAX MARTIALIS), individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant | CASE NO. 3:18-cv-04978-JD<br><br>**META PLATFORMS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 1 TO PRECLUDE REMARKS CONCERNING UNRESOLVED DISPUTES PRIOR TO THE COURT'S DISPOSITION**<br><br>Date: September 18, 2025<br>Time: 1:30 p.m.<br>Courtroom: Courtroom 11, 19th Floor<br>Judge: Hon. James Donato |

Plaintiffs seek to preclude Meta from making "any remarks concerning unresolved disputes regarding Plaintiffs' claims or burden of proof"—including opening statements addressing what evidence Plaintiffs must present to prove their case on a classwide basis. Plfs' MIL 1 at 1. That request lacks any valid basis, especially given that Plaintiffs focus on a dispute that this Court and the Ninth Circuit already resolved. The MIL should be denied.

Plaintiffs are wrong to assert that the Court should prohibit Meta from arguing to the jury that Plaintiffs cannot prove their case by pointing solely to inflation in Potential Reach estimates. As Meta explained in its Motion in Limine No. 3, Plaintiffs have long presented two "independent" theories of misrepresentation—one based on alleged inflation in the numerical estimates and one based on the use of the descriptor "people" instead of accounts. Dkt. 281-3 (Plfs Class Cert. Mot.) at 12. Only the second was accepted for class treatment: the Ninth Circuit specifically rejected the notion that the relevant common misrepresentation was "the numerical discrepancy between people and accounts," holding instead that the misrepresentation was "the fact that Meta substituted people for accounts." *DZ Rsrv. v. Meta Platforms, Inc.*, 96 F.4th 1223, 1234-35 (9th Cir. 2024).

In doing so, the Ninth Circuit explained that this alleged misrepresentation was the one this Court "described in its certification order: '[T]he ability of Potential Reach to reach "people," namely unique individuals' when the metric was 'actually … an estimate of "accounts" reached.'" *Id.* at 1234 (quoting Class Cert. Order (Dkt. 388) at 10). As this Court stated, the "people" label was the alleged misrepresentation to which "all class members were exposed." *See* Class Cert. Order at 10. Consistent with that observation, the Ninth Circuit found a "'common course of conduct'" sufficient to permit class certification specifically "[g]iven the claimed misrepresentation to be the substitution of people for accounts." *DZ Rsrv.*, 96 F.4th at 1235. The Ninth Circuit thus explicitly identified the alleged misrepresentation that it found sufficient to support class certification. Plaintiffs label this issue as "disputed" but offer no explanation as to why the Ninth Circuit's decision—affirming this Court's decision—does not definitively resolve the issue.

Meta is entitled to describe in an opening statement the alleged classwide misrepresentation

in this case in the same way the Ninth Circuit did. Any other rule would severely prejudice Meta's ability to present its case to the jury. Meta cannot preview its evidence to the jury or question witnesses without describing the alleged misrepresentation that the evidence is meant to disprove. And both Meta and Plaintiffs are bound by the Ninth Circuit's description of that misrepresentation. Plaintiffs' cited case does not say otherwise—there, the court excluded references to self-defense because self-defense was legally irrelevant under the criminal statute at issue. *United States v. Palumbo*, 2010 WL 4683539, at *2 (D. Mont. Nov. 12, 2010). But the alleged misrepresentation on which Plaintiffs' class claims are based is obviously relevant, and Plaintiffs apparently plan to characterize the alleged misrepresentation in their own arguments. To the extent Plaintiffs disagree with Meta's description of that misrepresentation, the answer is for Plaintiffs to make their own opening statement, present their own evidence, and cross-examine witnesses—not to impose a one-sided restriction on Meta's arguments.

Plaintiffs have no authority for the bizarre proposition that Meta cannot identify for the jury the representation the Ninth Circuit allowed to proceed on a classwide basis when it affirmed this Court's decision. Rather, they cite cases for the general proposition that confusing evidence may be excluded. But their cases have no application here. In *Idaho Golf Partners, Inc. v. TimberStone Mgmt., LLC*, 2016 WL 5340302, at *3 (D. Idaho Sept. 21, 2016), the court excluded evidence of an agency proceeding that had "minimal" relevance because it would "needlessly complicate trial" with discussion of "what legal standards apply" to such agency proceedings. In *Nat'l Prods., Inc. v. Arkon Res., Inc.*, 2019 WL 12536044, at *8 (C.D. Cal. Mar. 25, 2019), the court likewise excluded certain argument and evidence about the purchase of a product because it risked "jury confusion about what is required to show willful patent infringement." Neither case remotely supports the notion that Meta should be prohibited from describing the alleged misrepresentation at issue in this case as the one the Ninth Circuit articulated: Meta's alleged "substitution of people for accounts." *DZ Rsrv.*, 96 F.4th at 1235. If anything, it is Plaintiffs who should be prohibited from characterizing the misrepresentation in a way the Ninth Circuit expressly rejected. At minimum, if Plaintiffs were right that "disputed" issues should be excluded, the restriction would need to apply equally to the parties, so that ***neither*** side could characterize

the alleged misrepresentation—a peculiar and unhelpful outcome that is only likely to sow jury confusion in a case where jurors will have to decide whether Meta made fraudulent misrepresentations.

For these reasons, Plaintiffs' motion should be denied.

Dated:  September 2, 2025

Respectfully submitted,

LATHAM & WATKINS LLP

By /s/ *Melanie M. Blunschi*

Melanie M. Blunschi (CA Bar No. 234264)
melanie.blunschi@lw.com
Nicole C. Valco (CA Bar No. 258506)
nicole.valco@lw.com
Francis J. Acott (CA Bar No. 331813)
francis.acott@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: +1.415.391.0600

Andrew B. Clubok (*pro hac vice*)
andrew.clubok@lw.com
Susan E. Engel (*pro hac vice*)
susan.engel@lw.com
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200

*Attorneys for Defendant Meta Platforms, Inc.*