Geoffrey Graber (SBN 211547)
Karina G. Puttieva (SBN 317702)
Madelyn Petersen (pro hac vice)
Jenna Waldman (SBN 341491)
1100 New York Ave. NW, Suite 800
**COHEN MILSTEIN**
**SELLERS & TOLL PLLC**
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
ggraber@cohenmilstein.com
kputtieva@cohenmilstein.com
mpetersen@cohenmilstein.com
jwaldman@cohenmilstein.com

Eric Kafka *(pro hac vice)*
88 Pine Street, 14th Floor,
**COHEN MILSTEIN**
**SELLERS & TOLL PLLC**
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
ekafka@cohenmilstein.com

*Class Counsel*

Charles Reichmann (SBN 206699)
**LAW OFFICES OF CHARLES**
**REICHMANN**
16 Yale Circle
Kensington, CA 94708-1015
Telephone: (415) 373-8849
charles.reichmann@gmail.com

Theodore J. Leopold (*pro hac vice*)
Leslie M. Kroeger (*pro hac vice*)
11780 US Highway One, Suite 500
Palm Beach Gardens, FL 33408
**COHEN MILSTEIN**
**SELLERS & TOLL PLLC**
Telephone: (516) 515-1400
Facsimile: (516) 515-1401
lkroeger@cohenmilstein.com
tleopold@cohenmilstein.com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| DZ Reserve and Cain Maxwell (d/b/a Max Martialis), *individually and on behalf of others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:18-cv-04978-JD<br><br>**PLAINTIFFS' MOTION *IN LIMINE* NO. 2 TO PRECLUDE LIVE TESTIMONY OF UNAVAILABLE WITNESSES PRESENTED THROUGH VIDEO DEPOSITION**<br><br>Hon. James Donato |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that after the conclusion of all briefing and on September 18, 2025 at 1:30 p.m. in Courtroom 11 in the United States District Court for the Northern District of California, on the 19th floor of 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable James Donato, Plaintiffs will move the Court to preclude Defendant, Meta Platforms, Inc. ("Meta") from offering live witness testimony of witnesses who were unavailable when called by Plaintiffs and, therefore, presented through their previously recorded video depositions.

This Motion is based on this Notice of Motion, Memorandum of Points and Authorities, and all matters with respect to which this Court may take judicial notice, and such oral and documentary evidence as may be presented to the Court at the time of or before the hearing.

1    Plaintiffs respectfully move for an order precluding Meta from calling a current or former

2   employee to testify live at trial, when it declines to make the witness available to testify when

3   called by Plaintiffs. Such orders are routine under Federal Rules of Evidence 611 and 403.

4
    **A.  Meta has not confirmed whether current and former employees will be available
5        to testify live during Plaintiffs' case-in-chief.**

6    Plaintiffs plan to call seven current or former Meta employees in their case-in-chief. While

7   Plaintiffs are working to subpoena these individuals,[1] it is unclear whether Meta will make them

8   available to testify unless and until it suits Meta's trial presentation.

9    Five of these witnesses, Yaron Fidler, Amy Dunn, Rob Goldman, David Amsallem, and

10  Alex Schultz, were previously deposed.[2] If these witnesses are unavailable to testify live and the

11  Court cannot compel their testimony, Plaintiffs plan to play portions of the witnesses' deposition

12  testimony during Plaintiffs' case-in-chief.

13
    **B.  The Court should preclude Meta from calling live witnesses who were not
14       available and to testify when called by Plaintiffs.**

15   Trial courts have substantial discretion to control the presentation of evidence so as to: (1)

16  make it "effective for determining the truth;" (2) "avoid wasting time;" and (3) "protect witnesses

17  from harassment or undue embarrassment." Fed. R. Evid. 611(a). *See also R.B. Matthews, Inc. v.*

18  *Transamerica Transp. Servs., Inc.,* 945 F.2d 269, 272 (9th Cir.1991).

19   Courts routinely exercise such discretion to exclude live testimony from a witness who the

20  defendant refused to make available during plaintiff's case-in-chief. *e.g. Iorio v. Allianz Life Ins.*

21  *Co. of N. Am.*, 2009 WL 3415689, at *6 (S.D.Cal. Oct. 21, 2009) (finding it inequitable for a

22  defendant to refuse to produce witnesses, who were otherwise outside of the court's subpoena

23  range, until a time suitable for the defense); *see also R.B. Matthews,* 945 F.2d at 272. As the Ninth

24  Circuit once explained, if a defendant "truly wished to present the live testimony of [certain

25
    ---
    [1] On July 30, 2025, Plaintiffs asked counsel for Meta if they would accept service of the subpoenas
26  for these individuals. As of August 21, 2025, counsel for Meta has agreed to accept service for
    three individuals.

27  [2] None of these individuals had counsel, other than Meta's attorneys, present during their
    depositions.
28

PLAINTIFFS' MIL NO. 2 RE LIVE TESTIMONY OF UNAVAILABLE WITNESSES PRESENTED THROUGH
VIDEO DEPOSITION
CASE NO. 3:18-cv-04978-JD

1

witnesses], it could [do] so by making those witnesses available when [plaintiff] requested that they be produced." *Id.* at 273. To hold otherwise would allow defendants to engage in "gamesmanship." *Id.*

Courts in other jurisdictions have uniformly held the same. *See e.g., In re Gulf Oil/Cities Serv. Tender Offer Litig.*, 776 F. Supp. 838, 839 (S.D.N.Y. 1991) (citing 1 Moore's Federal Practice, *Manual for Complex Litigation* 2d § 22.23 at 127 (1986 ed.)) ("[C]ourts have used their discretion under Fed.R.Evid. 611 to preclude parties who refuse to honor a reasonable request for production of a key witness subject to their control, and thereby force an opponent to use a deposition, from calling the witness to testify personally during their presentation of evidence.").[3]

Exclusion is proper when the unavailable witness is aligned with the defendant's interests even if they are no longer under a defendant's control, like a former employee. *See Niebur v. Town of Cicero*, 212 F. Supp. 2d 790, 806–07 (N.D. Ill. 2002) (refusing to permit a witness to testify who had been under contract with the defendant at the time of the events, refused to testify in the plaintiff's case-in-chief, but then agreed to testify during the defendants' case); *see also In re Gulf Oil/Cities Servs.*, 776 F. Supp. at 839.

Allowing a witness to be called twice, once by deposition and once live, wastes time, rewards gamesmanship, and inherently prejudices the party forced to call the witness by deposition. Accordingly, Plaintiffs request an order providing that if Meta declines to make its current or former executives and employees available to testify live when called by Plaintiffs, those witnesses will be precluded from testifying live at trial.

Dated: August 21, 2025                    Respectfully Submitted,

                                          By */s/  Geoffrey Graber*
                                          Geoffrey Graber (SBN 211547)

---

[3] *Vera v. Berkshire Life Ins. Co. of Am.*, 2021 WL 7542934, at *2 (S.D. Fla. June 28, 2021); *In re Ethicon Physiomesh Flexible Composite Hernia Mesh Prods. Liab. Litig.*, 2021 WL 2279917, at *1 (N.D. Ga. Mar. 5, 2021); *CGC Holding Co., LLC v. Hutchens*, 2016 WL 6778853, at *2 (D. Colo. Nov. 16, 2016); *Polyurethane Foam Antitrust Litig.*, 2015 WL 12748002, at *1 (N.D. Ohio Mar. 6, 2015); *Buchwald v. Renco Grp., Inc.*, 2014 WL 4207113, at *1–2 (S.D.N.Y. Aug. 25, 2014); *In re C.R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, 2013 WL 3367715, at *2 (S.D.W. Va. July 5, 2013).

Karina G. Puttieva (SBN 317702)
Madelyn Petersen (*pro hac vice*)
Jenna Waldman (SBN 341491)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, Ste 800
Washington, DC 20005
Telephone: (202) 408-4600
ggraber@cohenmilstein.com
kputtieva@cohenmilstein.com
mpetersen@cohenmilstein.com
jwaldman@cohenmilstein.com

Charles Reichmann (SBN 206699)
**LAW OFFICES OF CHARLES REICHMANN**
16 Yale Circle
Kensington, CA 94708-1015
Telephone: (415) 373-8849
charles.reichmann@gmail.com

Theodore J. Leopold (*pro hac vice*)
Leslie M. Kroeger (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
11780 US Highway One
Suite 500
Palm Beach Gardens, FL 33408
Telephone: (516) 515-1400
Facsimile: (516) 515-1401
lkroeger@cohenmilstein.com
tleopold@cohenmilstein.com

Eric Kafka (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor,
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
ekafka@cohenmilstein.com


*Class Counsel*

PLAINTIFFS' MIL NO. 2 RE LIVE TESTIMONY OF UNAVAILABLE WITNESSES PRESENTED THROUGH
VIDEO DEPOSITION
CASE NO. 3:18-cv-04978-JD

3

LATHAM & WATKINS LLP
Melanie M. Blunschi (CA Bar No. 234264)
*melanie.blunschi@lw.com*
Nicole C. Valco (CA Bar No. 258506)
*nicole.valco@lw.com*
Francis J. Acott (CA Bar No. 331813)
*francis.acott@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: +1.415.391.0600

Andrew B. Clubok (*pro hac vice*)
*andrew.clubok@lw.com*
Susan E. Engel (*pro hac vice*)
*susan.engel@lw.com*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DZ RESERVE and CAIN MAXWELL (d/b/a MAX MARTIALIS), individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant | CASE NO.  3:18-cv-04978-JD<br><br>**META PLATFORMS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 2 TO PRECLUDE LIVE TESTIMONY OF UNAVAILABLE WITNESSES PRESENTED THROUGH VIDEO DEPOSITION**<br><br>Date:  September 18, 2025<br>Time:  1:30 p.m.<br>Courtroom:  Courtroom 11, 19th Floor<br>Judge:  Hon. James Donato |

Plaintiffs' effort to preclude Meta from calling witnesses to testify live at trial if Plaintiffs choose to play video testimony of them first is pure gamesmanship. Consistent with Meta's and its counsel's practices, Meta has made clear that it will work in good faith with Plaintiffs to bring any witnesses whom Meta intends to call live to trial earlier so that Plaintiffs can call them live in Plaintiffs' case-in-chief—even where the witness is no longer a Meta employee or lives out of state or even outside the United States. *See* 7/22/2025 Tr. 407:22-408:10, Dkt. 748, *Frasco v. Flo Health, Inc.*, No. 3:21-cv-00757 (Class Counsel noting that Meta "worked collaboratively" on witness availability issues). Meta asked only that Plaintiffs provide reasonable notice to witnesses and accommodate scheduling constraints on dates when a witness cannot be at trial due to pre-existing business travel obligations. In response, Plaintiffs have refused to provide any guidance as to when they intend to call witnesses and refused to accommodate witness availability. The parties should be able to reach a solution without the Court's intervention or burdening individual witnesses, especially those who are not current Meta employees (and whom Meta does not control).

Although Plaintiffs state that they intend to call seven current or former Meta employees in their case-in-chief, their motion identifies a subset of five witnesses who were previously deposed in this case and who appear to be the subject of Plaintiffs' motion: David Amsallem, Amy Dunn, Yaron Fidler, Rob Goldman, and Alex Schultz. Meta has not refused to make these former or current employees available to testify during Plaintiffs' case-in-chief—but Meta cannot control the availability of former employees, and Plaintiffs' stonewalling on anticipated timing makes it difficult to confirm that any particular witness will be available when Plaintiffs ultimately request.

*Amsallem, Schultz, and Dunn.* Mr. Schultz and Ms. Dunn do not reside in California, and Ms. Dunn no longer works for Meta. Nevertheless, Meta's counsel has accepted service of trial subpoenas for them, as well as for Mr. Amsallem. To testify live, Mr. Schultz needs to arrange travel from the United Kingdom. Ms. Dunn needs to obtain time off from her new employer and travel from Utah. Yet Plaintiffs have refused to provide ***any*** guidance as to when they may need these witnesses to travel to California to testify, which has impeded Meta's ability to work collaboratively with Plaintiffs to coordinate availability. Meta will do everything reasonably

possible to make Mr. Schultz and Mr. Amsallem available to testify when Plaintiffs request. Given that Meta cannot control Ms. Dunn's work schedule, Meta would not object to the parties' presenting her testimony solely by deposition if she is not available to appear live.

*Goldman.* Meta's counsel informed Plaintiffs' counsel that they would also accept service for Mr. Goldman, a former employee within the Court's jurisdiction. However, Mr. Goldman has existing business travel that limits his availability during trial. Meta's counsel informed Plaintiffs' counsel that Mr. Goldman was available to testify only on October 14, 20, 21, and 22. Plaintiffs' counsel refused to agree to call Mr. Goldman on one of those dates. Unfortunately, Mr. Goldman now has additional international business travel obligations on October 20-22 as well. His trips cannot easily be rescheduled, including because of other necessary participants whose availability Mr. Goldman cannot control. In light of Mr. Goldman's planned travel outside of California during trial, Meta does not object to the parties' presenting his testimony solely through deposition designations and agrees not to call him live given his unavailability.

*Fidler.* Mr. Fidler is a former employee who currently resides in Israel. He is both beyond Meta's control and beyond the Court's subpoena power, and Meta does not expect to call him to testify live, so this dispute is currently moot. Plaintiffs argue that, if Mr. Fidler is not available to testify live on their preferred date, the Court should also preclude Meta from presenting his live testimony so long as he is "aligned with the defendant's interests." Plfs' MIL 2 at 2. That hopelessly vague "standard" badly overreads Plaintiffs' cited authority. In both *Niebur v. Town of Cicero*, 212 F. Supp. 2d 790 (N.D. Ill. 2002), and *In re Gulf Oil/Cities Serv. Tender Offer Litig.*, 776 F. Supp. 838 (S.D.N.Y. 1991), the witness who refused to testify ***was himself a defendant in the case***. *See Niebur*, 212 F. Supp. 2d at 806-07; *In re Gulf Oil*, 776 F. Supp. at 839-40. Because "[w]hat help[ed] [the individual defendant] help[ed] [the corporate defendant], and vice versa," it was "not unfair to tie [the corporate defendant's] fortunes to [the individual defendant]." *In re Gulf Oil*, 776 F. Supp. at 839-40; *see also Niebur*, 212 F. Supp. 2d at 807 (similar). Here, there is no reason to penalize Meta for the unavailability of a former employee who is not within Meta's control and not a party to this case. Meta would not object to allowing Plaintiffs to examine

1    Mr. Fidler as their own witness if he were to agree to testify, but at this time, Meta does not expect

2    Mr. Fidler to appear in person and instead expects that his testimony will be offered by deposition.

3    Dated:  September 4, 2025                    Respectfully submitted,

4                                                 LATHAM & WATKINS LLP

5                                                 By /s/ *Melanie M. Blunschi*

6                                                 Melanie M. Blunschi (CA Bar No. 234264)
                                                   *melanie.blunschi@lw.com*

7                                                 Nicole C. Valco (CA Bar No. 258506)
                                                   *nicole.valco@lw.com*

8                                                 Francis J. Acott (CA Bar No. 331813)
                                                   *francis.acott@lw.com*

9                                                 505 Montgomery Street, Suite 2000
                                                   San Francisco, CA 94111-6538

10                                                Telephone: +1.415.391.0600

11
                                                   Andrew B. Clubok (*pro hac vice*)

12                                                *andrew.clubok@lw.com*
                                                   Susan E. Engel (*pro hac vice*)

13                                                *susan.engel@lw.com*
                                                   555 Eleventh Street, N.W., Suite 1000

14                                                Washington, D.C. 20004-1304
                                                   Telephone: +1.202.637.2200

15

16                                                *Attorneys for Defendant Meta Platforms, Inc.*

17

18

19

20

21

22

23

24

25

26

27

28