Geoffrey Graber (SBN 211547)
Karina G. Puttieva (SBN 317702)
Madelyn Petersen (pro hac vice)
Jenna Waldman (SBN 341491)
1100 New York Ave. NW, Suite 800
**COHEN MILSTEIN**
**SELLERS & TOLL PLLC**
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
ggraber@cohenmilstein.com
kputtieva@cohenmilstein.com
mpetersen@cohenmilstein.com
jwaldman@cohenmilstein.com

Eric Kafka *(pro hac vice)*
88 Pine Street, 14th Floor,
**COHEN MILSTEIN**
**SELLERS & TOLL PLLC**
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
ekafka@cohenmilstein.com

*Class Counsel*

Charles Reichmann (SBN 206699)
**LAW OFFICES OF CHARLES**
**REICHMANN**
16 Yale Circle
Kensington, CA 94708-1015
Telephone: (415) 373-8849
charles.reichmann@gmail.com

Theodore J. Leopold (*pro hac vice*)
Leslie M. Kroeger (*pro hac vice*)
11780 US Highway One, Suite 500
Palm Beach Gardens, FL 33408
**COHEN MILSTEIN**
**SELLERS & TOLL PLLC**
Telephone: (516) 515-1400
Facsimile: (516) 515-1401
lkroeger@cohenmilstein.com
tleopold@cohenmilstein.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| DZ Reserve and Cain Maxwell (d/b/a Max Martialis), *individually and on behalf of others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:18-cv-04978-JD<br><br>**PLAINTIFFS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE LATE-DISCLOSED WITNESSES WHOSE DOCUMENTS WERE NOT PRODUCED FROM TESTIFYING AT TRIAL**<br><br>Hon. James Donato |

1 **NOTICE OF MOTION**

2 **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

3     **PLEASE TAKE NOTICE** that after the conclusion of all briefing and on September 18, 2025, at 1:30 p.m. in Courtroom 11 in the United States District Court for the Northern District of California, on the 19th floor of 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable James Donato, Plaintiffs DZ Reserve and Cain Maxwell (d/b/a Max Martialis) ("Plaintiffs") will move the Court to preclude Defendant, Meta Platforms, Inc. ("Meta") from offering at trial testimony from any witness who was not timely disclosed and for whom there was no fair notice regarding their potential testimony because Meta failed to produce their documents. This includes the testimony of William Platt-Higgins, Patrick Harris, and Yiyang Shi; and executives at absent class member companies, including Lamesha Davis, Phil Davis, Josh Flanders, Michael Grantham, Adam Hampton, Sarah B. Lowe, Lauren Novak, Charles McDowell, Wendy Pettys, and Renee Ventrice.

    This Motion is based on the following Memorandum of Points and Authorities and all matters with respect to which this Court may take judicial notice, and such oral and documentary evidence as may be presented to the Court at the time of or before the hearing.

PLAINTIFFS' MIL NO. 3 RE LATE-DISCLOSED WITNESSES WITHOUT DOCUMENTS
CASE NO. 3:18-cv-04978-JD

Plaintiffs seek to exclude the trial testimony of witnesses who were not timely disclosed and whose documents Meta failed to produce. These witnesses include, but are not limited to: Meta employees disclosed on or after the last day of discovery and absent class member executives.

## BACKGROUND

Meta served its initial Rule 26(a)(1) disclosures on January 31, 2019. Discovery closed on October 20, 2020. ECF No. 206. On that day, at 5:51 p.m. EST, Meta supplemented its disclosures to identify two Meta employees: William Platt-Higgins and Patrick Harris. Of the nearly 100,000 document Meta produced, 35 mentioned Platt-Higgins and 56 mentioned Harris. Neither was a custodian.

On May 20, 2021, seven months after the close of discovery, Meta supplemented its disclosures with 11 new witnesses. One witness, Yiyang Shi, is a Meta employee with no custodial documents. The other ten witnesses are executives or owner/operators of absent class members in this case, who also had no documents: Lamesha Davis, Phil Davis, Josh Flanders, Michael Grantham, Adam Hampton, Sarah B. Lowe, Lauren Novak, Charles McDowell, Wendy Pettys, and Renee Ventrice. None of these witnesses' companies have opted out of the class. They are, therefore, represented by Class Counsel.[1]

## ARGUMENT

Exclusion is warranted under Federal Rule of Evidence 403, which permits a court to strike evidence if its probative value is substantially outweighed by its risk of prejudice. Fed. R. Evid. 403. Here, Plaintiffs would face significant prejudice if any witness who was not timely disclosed or whose documents Meta failed to produce were permitted to testify. While a party normally has the right to impeach an adverse witness by using his sworn deposition testimony, Plaintiffs had no opportunity to obtain such testimony where disclosures were late and Plaintiffs were not otherwise

---

[1] On August 19, 2025, Meta disclosed these ten absent class member executives on its trial witness list. Plaintiffs are concerned that Meta's counsel has been in contact with absent class members, who have been represented by Class Counsel since March 29, 2022. Manual Complex Lit. § 21.33 (4th ed.) ("Once a class has been certified, the rules governing communications apply as though each class member is a client of the class counsel… Defendants' attorneys, and defendants acting in collaboration with their attorneys, may only communicate through class counsel with class members on matters regarding the litigation.").

PLAINTIFFS' MIL NO. 3 RE LATE-DISCLOSED WITNESSES WITHOUT DOCUMENTS
CASE NO. 3:18-cv-04978-JD

1

on notice of potential testimony at trial through productions of documents. *See Daly v. Fesco Agencies NA Inc.*, 108 F. App'x 476, 479 (9th Cir. 2004) (upholding Rule 403 exclusion of witness because "it would have been unfair . . . to allow [the witness] to testify" when "[t]here had been no opportunity for discovery"). Meta's October 2020 disclosure of its own employees was made just hours before discovery closed, and Meta's May 2021 disclosure was more than half a year after discovery closed for no apparent reason. None of those witnesses' documents were produced. And as a matter of law, neither disclosure was harmless. *See Hill v. U.S. Dep't of Homeland Sec.*, 570 F. App'x 667, 669 (9th Cir. 2014) (late disclosures that "deprive the [opponent] of the opportunity to serve additional discovery requests" or "to depose [the] witnesses" are not harmless).

Moreover, allowing the ten absent class member executives to testify at trial risks jury confusion. According to Meta, these witnesses will testify that they did not care about Potential Reach when they ran advertisements at their respective companies. But those same companies chose to remain members of the class seeking a recovery for Meta's fraud regarding Potential Reach. Six of ten of these witnesses are not only company executives—they are owner/operators. The line between their testimony as individuals testifying against the class and their alter ego membership in that class as corporate entities is, therefore, even blurrier, and even more likely to confuse the jury.

On the other hand, there is no probative value to the witnesses' testimony. The Meta employees will purportedly testify to "advertiser preferences and practices" (which Meta's expert, Dr. Catherine Tucker, will already testify to) or "Facebook's modeling and analyses regarding Potential Reach" (which multiple other Meta employees will already testify to). Such evidence is "needlessly [] cumulative." Fed. R. Evid. 403. The ten absent class member executives will purportedly testify they did not rely on Potential Reach when purchasing ads on Facebook. But, as Plaintiffs explained in their Reply in Support of the Motion for Class Certification, ECF No. 358 at 15-16, their testimony is legally irrelevant, and the Court rightfully ignored their declarations in its class certification ruling. *See* ECF No. 388.

## CONCLUSION

Any late-disclosed witnesses and whose documents were not produced should be prohibited from testifying at trial.

PLAINTIFFS' MIL NO. 3 RE LATE-DISCLOSED WITNESSES WITHOUT DOCUMENTS
CASE NO. 3:18-cv-04978-JD

Dated: August 21, 2025

Respectfully Submitted,

By /s/ Geoffrey Graber
Geoffrey Graber (SBN 211547)
Karina G. Puttieva (SBN 317702)
Madelyn Petersen (*pro hac vice*)
Jenna Waldman (SBN 341491)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, Ste 800
Washington, DC 20005
Telephone: (202) 408-4600
ggraber@cohenmilstein.com
kputtieva@cohenmilstein.com
mpetersen@cohenmilstein.com
jwaldman@cohenmilstein.com

Charles Reichmann (SBN 206699)
**LAW OFFICES OF CHARLES REICHMANN**
16 Yale Circle
Kensington, CA 94708-1015
Telephone: (415) 373-8849
charles.reichmann@gmail.com

Theodore J. Leopold (*pro hac vice*)
Leslie M. Kroeger (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
11780 US Highway One
Suite 500
Palm Beach Gardens, FL 33408
Telephone: (516) 515-1400
Facsimile: (516) 515-1401
lkroeger@cohenmilstein.com
tleopold@cohenmilstein.com

Eric Kafka (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor,
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
ekafka@cohenmilstein.com

*Class Counsel*

LATHAM & WATKINS LLP
Melanie M. Blunschi (CA Bar No. 234264)
*melanie.blunschi@lw.com*
Nicole C. Valco (CA Bar No. 258506)
*nicole.valco@lw.com*
Francis J. Acott (Bar No. 331813)
*francis.acott@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: +1.415.391.0600

Andrew B. Clubok (*pro hac vice*)
*andrew.clubok@lw.com*
Susan E. Engel (*pro hac vice*)
*susan.engel@lw.com*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DZ RESERVE and CAIN MAXWELL (d/b/a MAX MARTIALIS), individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant | CASE NO. 3:18-cv-04978-JD<br><br>**META PLATFORMS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE LATE-DISCLOSED WITNESS WHOSE DOCUMENTS WERE NOT PRODUCED FROM TESTIFYING AT TRIAL**<br><br>Date: September 18, 2025<br>Time: 1:30 p.m.<br>Courtroom: Courtroom 11, 19th Floor<br>Judge: Hon. James Donato |

Plaintiffs' claim that 13 witnesses whom Meta intends to call at trial should be excluded under Rule 403 because they were allegedly disclosed "late" is meritless. None of these witnesses is any surprise to Plaintiffs, and many are even represented by Plaintiffs' counsel. But even if Plaintiffs could show surprise, that would not be enough: to prevail under Rule 403, Plaintiffs must establish that the "probative value" of each witness's testimony "is substantially outweighed by a danger of" "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Plaintiffs come nowhere close.

*Facebook Employees*. Plaintiffs first take issue with two former Facebook employees—Patrick Harris and William Platt-Higgins—on Rule 403 prejudice grounds because Meta supposedly disclosed them too late. This request simply recycles the same unpersuasive arguments Plaintiffs previously made—but now through the less favorable lens of Rule 403. Dkts. 371, 404 (moving to exclude Harris and Platt-Higgins under Rule 37). As explained in response to Plaintiffs' prior motion, *see* Dkt. 389, Plaintiffs were on notice of these witnesses well before they were formally listed on Meta's disclosures almost five years ago on October 20, 2020, Dkt. 371-2. Both held high-ranking, public positions related to Facebook's advertisers. Dkt. 371-2. And beginning in 2019, Meta produced documents naming both—including documents discussing Potential Reach. Dkt. 390 ¶ 4. Plaintiffs never once sought documents or deposition testimony from either, Dkt. 390 ¶¶ 8, 16-17, even after Meta again disclosed Harris and Platt-Higgins as potential non-retained experts four months before the close of expert discovery, Dkt. 371-3; Dkt. 390-2. Plaintiffs' grievance that Harris and Platt-Higgins have not been the focus of Plaintiffs' discovery efforts is a problem of Plaintiffs' own making.[1]

Plaintiffs likewise cannot show any unfair prejudice from Yiyang Shi—a data scientist on Facebook's Ads Core Data Analytics Team—who will testify about the absence of any financial impact from certain changes to Potential Reach estimates. *See* Dkt. 293-8. Plaintiffs have long been on notice of Shi's relevance: she was referenced in 117 produced documents, several of which

---

[1] The only case Plaintiffs offer that even involves Rule 403 affirmed the decision not to allow a witness to testify in excess of the allotted trial time on an entirely new topic disclosed "for the first time in [an] 'errata' sheet a few days before trial." *Daly v. Fesco Agencies NA Inc.*, 108 F. App'x 476, 479 (9th Cir. 2004). That decision has no relevance to the facts at issue here.

go to the heart of Plaintiffs' case, *see* FB-SINGER-00066032; FB-SINGER-00183561, including a document Shi authored that Plaintiffs themselves cited at class certification, *see* Dkt. 281-3 at 10 (citing FB-SINGER-00184892 as Ex. 53); and she was the subject of deposition testimony two months before the fact discovery deadline. Plaintiffs raised no objection to Shi's May 2021 declaration at class certification, Dkt. 293-8, and they offer nothing suggesting any unfair prejudice that "substantially outweigh[s]" Shi's relevance as a witness with direct knowledge of whether certain Potential Reach changes impacted Meta's revenues (they did not). Fed. R. Evid. 403.

*Advertiser Declarants*. Plaintiffs also seek to exclude the testimony of ten advertisers who submitted declarations in opposition to Plaintiffs' class certification motion over four years ago, misdescribing them as "absent class members" when several are no longer employed by class members.[2] Dkts. 296-1–10. But Plaintiffs cannot show that the probative value of testimony these witnesses could provide is "substantially outweighed" by unfair prejudice, confusion, or any other factor. Fed. R. Evid. 403. In fact, Plaintiffs do not explain how they will suffer any prejudice at all—especially in light of their assertion that they represent some of the declarants in their capacity as Class Counsel, meaning they could freely have spoken to them at any time (and still can). Even assuming Plaintiffs needed to be told that people who purchased Facebook ads during the Class Period might have relevant, discoverable information, Plaintiffs have known about these specific witnesses for years. Dkts. 296-1–10. There is no genuine risk that jurors will be confused by these advertisers' testimony any more than they would be confused by Dan Ziernicki's testimony for DZ Reserve. And to the extent these advertisers are still class members, and Plaintiffs' counsel wishes to explore why they declined to opt out of the class or whether the witness is testifying only in an individual (rather than a representative) capacity, they can simply ask.

Plaintiffs' inability to show unfair prejudice or a genuine risk of confusion is alone fatal to their Rule 403 motion. But Plaintiffs are also wrong that this testimony lacks probative value because it is "cumulative" of experts or legally irrelevant. Plfs MIL 3 at 2. Plaintiffs make no real

---

[2] As explained in Meta's response to Plaintiffs' unilateral pretrial statement, Dkt. 476 at 6-7, Meta has not contacted any unnamed class member directly—rather, it has contacted the General Counsel of Carvana. To the extent other declarants are class members, or current employees of class members, Meta intends to contact them through Cohen Milstein.

effort to describe how these witnesses would be cumulative and seem to concede that there is no overlap with other *fact* witnesses in the case. Even if there was overlap between fact and expert witnesses (a point Plaintiffs assert in conclusory fashion), a common nexus between fact and expert testimony is neither surprising nor inappropriate. And the testimony of other advertisers is far from "irrelevant." This case turns on whether Facebook advertisers were misled by Facebook's Potential Reach estimates. Witnesses who advertised on Meta's services and can educate the jury about how advertisers use the various estimates it provides are directly relevant to ensuring the jury understands both the estimates and how advertisers think about them. And they are also relevant to Plaintiffs' ability to establish reliance on a class-wide basis. To prevail on that score, Plaintiffs must prove to the jury that the allegedly misleading information was both material to advertisers and uniformly presented to the class. *Mezzadri v. Med. Depot, Inc.*, 2016 WL 5107163, at *5-7 (S.D. Cal. May 12, 2016). These advertisers can explain the business reasons it makes no sense to rely on Potential Reach to determine ad spend in light of the other more relevant estimates Facebook provides. This is not testimony that a particular advertiser did not rely on a misrepresentation for idiosyncratic reasons specific to that advertiser. *See Plascencia v. Lending 1st Mortg.*, 2011 WL 5914278, at *2 (N.D. Cal. Nov. 28, 2011). It is testimony that "can be properly generalized to the class as a whole." *Id.*; *Mezzadri*, 2016 WL 5107163, at *5-7 (finding testimony about class member purchasing methods relevant to both materiality and uniformity); *Skydive Arizona, Inc. v. Quattrocchi*, 673 F.3d 1105, 1111 (9th Cir. 2012) (upholding decision finding materiality based on evidence from absent class members).

In any event, Plaintiffs' motion asks the Court to put blinders on the jury, forcing them to hear a one-sided presentation from paid-for experts and Named Plaintiffs—who intend to testify that they relied on Potential Reach to budget (despite contemporaneous evidence to the contrary)—while silencing the views of any of the other millions who used Ads Manager to buy ad campaigns. This is especially troubling given that every other advertiser who has been involved in this case has either withdrawn as a plaintiff or explained under oath that they did not use Potential Reach for budgeting and instead relied on different data—namely, Estimated Daily Results and actual results. *See* Dkts. 296-1–296-10. Rule 403 does not justify that bizarre result.

Dated: September 2, 2025

Respectfully submitted,

LATHAM & WATKINS LLP

By /s/ *Melanie M. Blunschi*

Melanie M. Blunschi (CA Bar No. 234264)
*melanie.blunschi@lw.com*
Nicole C. Valco (CA Bar No. 258506)
*nicole.valco@lw.com*
Francis J. Acott (CA Bar No. 331813)
*francis.acott@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: +1.415.391.0600

Andrew B. Clubok (*pro hac vice*)
*andrew.clubok@lw.com*
Susan E. Engel (*pro hac vice*)
*susan.engel@lw.com*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200

*Attorneys for Defendant Meta Platforms, Inc.*