Geoffrey Graber (SBN 211547)
Karina G. Puttieva (SBN 317702)
Madelyn Petersen (*pro hac vice*)
Jenna Waldman (SBN 341491)
1100 New York Ave. NW, Suite 800
**COHEN MILSTEIN
SELLERS & TOLL PLLC**
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
ggraber@cohenmilstein.com
kputtieva@cohenmilstein.com
mpetersen@cohenmilstein.com
jwaldman@cohenmilstein.com

Eric Kafka (*pro hac vice*)
88 Pine Street, 14th Floor,
**COHEN MILSTEIN
SELLERS & TOLL PLLC**
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
ekafka@cohenmilstein.com

*Class Counsel*

Charles Reichmann (SBN 206699)
**LAW OFFICES OF CHARLES
REICHMANN**
16 Yale Circle
Kensington, CA 94708-1015
Telephone: (415) 373-8849
charles.reichmann@gmail.com

Theodore J. Leopold (*pro hac vice*)
Leslie M. Kroeger (*pro hac vice*)
11780 US Highway One, Suite 500
Palm Beach Gardens, FL 33408
**COHEN MILSTEIN
SELLERS & TOLL PLLC**
Telephone: (516) 515-1400
Facsimile: (516) 515-1401
lkroeger@cohenmilstein.com
tleopold@cohenmilstein.com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| DZ Reserve and Cain Maxwell (d/b/a Max Martialis), *individually and on behalf of others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:18-cv-04978-JD<br><br>**PLAINTIFFS' MOTION *IN LIMINE* NO. 4 TO EXCLUDE ARGUMENT AND EVIDENCE REGARDING CERTAIN POST-OCTOBER 27, 2021 FACTS**<br><br>Hon. James Donato |

1   **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2        **PLEASE TAKE NOTICE** that after the conclusion of all briefing and on September 18,

3   2025 at 1:30 p.m. in Courtroom 11 in the United States District Court for the Northern District of

4   California, on the 19th floor of 450 Golden Gate Avenue, San Francisco, California 94102,

5   before the Honorable James Donato, Plaintiffs will move the Court to preclude Defendant, Meta

6   Platforms, Inc. ("Meta") from offering evidence or argument at trial concerning certain post-

7   October 27, 2021 facts, circumstances, and events, to the extent such evidence is offered as

8   probative of any element of any claim or defense.

9        This Motion is based on this Notice of Motion, Memorandum of Points and Authorities,

10   and all matters with respect to which this Court may take judicial notice, and such oral and

11   documentary evidence as may be presented to the Court at the time of or before the hearing.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Pursuant to Federal Rules of Evidence 401, 402, and 403, Plaintiffs respectfully move the

2    Court for an order excluding evidence concerning certain post-October 27, 2021 facts,

3    circumstances, and events, to the extent such evidence is offered as probative of any element of

4    any claim or defense.

5    The Class Notice provides that class period ends on October 27, 2021. Evidence related to

6    events or occurrences in the nearly four years after that date is irrelevant to the claims and defenses

7    at issue in this case, as it makes no fact of consequence more or less probable. Fed. R. Evid. 401.

8    Meta has indicated it intends to offer post-October 27, 2021 evidence regarding the

9    implementation of changes to Potential Reach or the supposed financial impact of such

10   changes. The introduction of any such evidence would be highly prejudicial and of limited

11   probative value. Meta should not be permitted to introduce post-October 27, 2021 evidence

12   purporting to show how Potential Reach or its supposed replacement metrics were calculated, how

13   they function or how advertisers interact with the metrics. Nor should Meta be permitted to offer

14   supposed financial analysis or revenue impact concerning such changes. None of that was subject

15   to discovery and all of it post-dates the metric at issue in this case. Permitting Meta to present such

16   evidence to the jury would be tantamount to allowing Meta witnesses to make up facts whole-

17   cloth.

18   Even if such evidence were deemed relevant, its probative value is substantially

19   outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.

20   Allowing evidence of events after October 27, 2021would improperly shift the focus of the trial

21   away from the relevant claims and defenses, causing undue delay and wasting the Court's time.

22   Fed. R. Evid. 403.

23   Rule 402 of the Federal Rules of Evidence provides that irrelevant evidence is

24   inadmissible. Evidence of events after October 27, 2021 does not meet the definition of relevance

25   under Rule 401 and should therefore be excluded. Fed. R. Evid. 402; Fed. R. Evid. 401.

26   This motion does not seek to exclude the use of evidence after October 27, 2021 for

27   purposes unrelated to the claims and defenses at issue in this case, such as for general foundational

28   purposes or to impeach a witness's credibility. Nor does this motion seek to exclude evidence

1   necessary to demonstrate Meta's ability to satisfy an award of punitive damages or evidence of

2   Meta's employees' compensation to demonstrate bias.

3   It is axiomatic that "[f]raud depends on the state of events when a statement is made, not

4   on what happens later." *Schleicher v. Wendt*, 618 F.3d 679, 684 (7th Cir. 2010). Meta's intended

5   introduction of post-October 27, 2021 evidence and its financial implications is irrelevant to the

6   case at bar and runs substantial risk of unfair prejudice, confusion of the issues, and misleading

7   the jury.

8   For the reasons stated herein, post-October 27, 2021 evidence or argument at trial

9   concerning implementation of changes to Potential Reach or the supposed financial impact of such

10  changes should be excluded.

11

12  Dated: August 22, 2025                        Respectfully Submitted,

13                                               By */s/  Geoffrey Graber*

14                                               Geoffrey Graber (SBN 211547)
                                                 Karina G. Puttieva (SBN 317702)

15                                               Madelyn Petersen (*pro hac vice*)
                                                 Jenna Waldman (SBN 341491)

16                                               **COHEN MILSTEIN SELLERS & TOLL PLLC**
                                                 1100 New York Ave. NW, Ste 800

17                                               Washington, DC 20005
                                                 Telephone: (202) 408-4600

18                                               ggraber@cohenmilstein.com
                                                 kputtieva@cohenmilstein.com

19                                               mpetersen@cohenmilstein.com
                                                 jwaldman@cohenmilstein.com

20
                                                 Charles Reichmann (SBN 206699)
21                                               **LAW OFFICES OF CHARLES REICHMANN**
                                                 16 Yale Circle

22                                               Kensington, CA 94708-1015
                                                 Telephone: (415) 373-8849

23                                               charles.reichmann@gmail.com

24                                               Theodore J. Leopold (*pro hac vice*)
                                                 Leslie M. Kroeger (*pro hac vice*)

25                                               **COHEN MILSTEIN SELLERS & TOLL PLLC**
                                                 11780 US Highway One

26                                               Suite 500
                                                 Palm Beach Gardens, FL 33408

27                                               Telephone: (516) 515-1400
                                                 Facsimile: (516) 515-1401

28

---

PLAINTIFFS' MIL NO. 4 RE POST-OCTOBER 27, 2021 FACTS
CASE NO. 3:18-cv-04978-JD

3

1   lkroeger@cohenmilstein.com
    tleopold@cohenmilstein.com
2
3   Eric Kafka (*pro hac vice*)
    **COHEN MILSTEIN SELLERS & TOLL PLLC**
4   88 Pine Street, 14th Floor,
    New York, NY 10005
5   Telephone: (212) 838-7797
    Facsimile: (212) 838-7745
6   ekafka@cohenmilstein.com
7   *Class Counsel*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    LATHAM & WATKINS LLP
     Melanie M. Blunschi (CA Bar No. 234264)
2    *melanie.blunschi@lw.com*
     Nicole C. Valco (CA Bar No. 258506)
3    *nicole.valco@lw.com*
     Francis J. Acott (CA Bar No. 331813)
4    *francis.acott@lw.com*
     505 Montgomery Street, Suite 2000
5    San Francisco, CA 94111-6538
     Telephone: +1.415.391.0600
6
7
     Andrew B. Clubok (*pro hac vice*)
8    *andrew.clubok@lw.com*
     Susan E. Engel (*pro hac vice*)
9    *susan.engel@lw.com*
     555 Eleventh Street, N.W., Suite 1000
10   Washington, D.C. 20004-1304
     Telephone: +1.202.637.2200
11
12   *Attorneys for Defendant Meta Platforms, Inc.*
13
14                      **UNITED STATES DISTRICT COURT**
15                    **NORTHERN DISTRICT OF CALIFORNIA**
16                        **SAN FRANCISCO DIVISION**
17
18   DZ RESERVE and CAIN MAXWELL (d/b/a          CASE NO.  3:18-cv-04978-JD
     MAX MARTIALIS), individually and on
19   behalf of all others similarly situated,     **META PLATFORMS, INC.'S OPPOSITION
                                                   TO PLAINTIFFS' MOTION IN LIMINE
                  Plaintiffs,                      NO. 4 TO PRECLUDE POST-CLASS-
20                                                 PERIOD EVIDENCE**
          v.
21                                                 Date:        September 18, 2025
     META PLATFORMS, INC.,                         Time:        1:30 p.m.
22                                                 Courtroom:   Courtroom 11, 19th Floor
                  Defendant                        Judge:       Hon. James Donato
23
24
25
26
27
28

1    With a few, largely self-serving exceptions, Plaintiffs seek to exclude all "[e]vidence

2  related to events or occurrences" after the end of the Class Period on October 27, 2021, arguing

3  that this entire category of unspecified evidence is irrelevant and "highly prejudicial." Plfs' MIL 4

4  at 2-3. Plaintiffs' request to exclude such a broad category of evidence should be denied—

5  particularly given that they provide few specifics about what evidence they seek to exclude, how

6  that evidence might be used, or why that use is not permissible.

7    The inappropriateness of Plaintiffs' request for such a blanket exclusion is illustrated by

8  their admission that at least ***some*** post-Class-Period evidence is relevant and admissible. Plfs'

9  MIL 4 at 2-3. But the need for these carveouts just underscores why Plaintiffs' motion fails: the

10  relevance of post-Class-Period evidence depends on the specific evidence at issue and the context

11  in which it is presented. *See, e.g.*, *Shenwick v. Twitter, Inc.*, 2021 WL 1232451, at *10 (N.D. Cal.

12  Mar. 31, 2021) (denying motion to exclude post-class-period evidence to the extent party "fail[ed]

13  to identify precisely which exhibits should be excluded" and declining to exclude other relevant

14  post-class-period evidence). ***Some*** post-Class-Period evidence may well lack relevance, but some

15  will not.[1] Plaintiffs' motion—which fails to identify any specific documents or testimony—

16  "sweeps too broadly and is an improper attempt to pre-try the case." *Smilovits v. First Solar, Inc.*,

17  2019 WL 6698199, at *4 (D. Ariz. Dec. 9, 2019) (denying similar motion because "[t]he Court

18  [would] be far better equipped to rule on specific evidence issues" at trial).

19    Courts routinely deny overbroad requests like Plaintiffs' for the exclusion of post-Class-

20  Period evidence because the admissibility of the evidence is better assessed "on a case-by-case

21  basis" at trial. *Baker v. SeaWorld Ent., Inc.*, 2020 WL 241441, at *4 (S.D. Cal. Jan. 16, 2020)

22  (deferring ruling on motion to exclude post-class-period evidence because scope of motion was

23  "unclear"), *aff'd* (Jan. 21, 2020); *see also, e.g.*, *Munoz v. PHH Mortg. Corp.*, 2022 WL 138670, at

24

25  [1] *See, e.g.*, *Shenwick*, 2021 WL 1232451, at *10 (post-class-period evidence relevant to
defendant's "understanding of how [at-issue metric] impacts or impacted its revenue model"

26  during class period); *Fitzhenry-Russell v. Keurig Dr. Pepper Inc.*, 2018 WL 10476581, at *2 (N.D.
Cal. Dec. 10, 2018) (pre-class-period evidence relevant to "whether … advertising had a

27  measurable effect in changing consumer behavior"); *In re Scholastic Corp. Sec. Litig.*, 252 F.3d

28  63, 72 (2d Cir. 2001) ("[A]ny information that sheds light on whether class period statements were
false or materially misleading is relevant.").

1    *2-4 (E.D. Cal. Jan. 14, 2022) (denying motion to preclude references to evidence outside the class

2    period "without prejudice to [parties'] right to object to specific pieces of evidence at trial").

3    Indeed, Plaintiffs fail to identify a single case where a similarly broad request has been granted at

4    the pretrial stage.

5        Plaintiffs' examples reinforce the point. Plaintiffs point to "evidence regarding the

6    implementation of changes to Potential Reach or the supposed financial impact of such changes"

7    as illustrative of the post-Class-Period evidence they would like to exclude. Plfs' MIL 4 at 2. But

8    Plaintiffs have signaled that they intend to argue that Facebook did ***not*** make certain changes to

9    Potential Reach estimates because those changes would negatively impact Facebook's revenue,

10   Dkt. 391 (Plfs' Opp. to MSJ) at 4. Plaintiffs cannot now categorically exclude as "irrelevant"

11   evidence on topics, like actual revenue impact, that they intend to put at issue during trial.[2]

12       Plaintiffs' motion to exclude post-Class-Period evidence should be denied.

13

14   Dated:  September 2, 2025                    Respectfully submitted,

15                                               LATHAM & WATKINS LLP

16                                               By /s/ *Melanie M. Blunschi*

17                                               Melanie M. Blunschi (CA Bar No. 234264)
                                                 *melanie.blunschi@lw.com*
18                                               Nicole C. Valco (CA Bar No. 258506)
                                                 *nicole.valco@lw.com*
19                                               Francis J. Acott (CA Bar No. 331813)
                                                 *francis.acott@lw.com*
20

21

22

23

24

25

26

_____

27   [2] Plaintiffs' argument that the financial impact of any changes to Potential Reach was not "subject
     to discovery" (Plfs' MIL 4 at 2) is a red herring. Meta files extensive, public financial statements
28   reflecting its revenue, and Plaintiffs did not seek any further information from Meta after the
     changes were made.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: +1.415.391.0600

Andrew B. Clubok (*pro hac vice*)
*andrew.clubok@lw.com*
Susan E. Engel (*pro hac vice*)
*susan.engel@lw.com*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200

*Attorneys for Defendant Meta Platforms, Inc.*