**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ashley Vinson Crawford (Bar No. 257246)
100 Pine Street, Suite 3200
San Francisco, CA 94111
Email:        avcrawford@akingump.com
Telephone:    (415) 765-9500
Facsimile:    (415) 765-9501

**AKIN GUMP STRAUSS HAUER & FELD LLP**
James J. Benjamin, Jr. (*pro hac vice*)
Parvin D. Moyne (*pro hac vice*)
One Bryant Park, 41st Floor
New York, NY 10036
Email:        jbenjamin@akingump.com
              pmoyne@akingump.com
Telephone:    (212) 872-1000
Facsimile:    (212) 872-1002

*Counsel for Non-Party Sheryl Sandberg*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DZ RESERVE, and CAIN MAXWELL (d/b/a MAX MARTIALIS), individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:18-cv-04978 JD<br><br>**NON-PARTY SHERYL SANDBERG'S NOTICE OF MOTION AND MOTION TO QUASH TRIAL SUBPOENA**<br><br>Date: October 2, 2025<br>Time: 10:00 a.m.<br>Court: Courtroom 11 - 19th Floor<br>Judge: Hon. James Donato |

## NOTICE OF MOTION AND MOTION TO QUASH

**TO THE COURT, PARTIES, AND ALL THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 45(d), non-party Sheryl Sandberg hereby moves this Court for an order quashing the trial subpoena served on Ms. Sandberg by Plaintiffs. This motion is noticed for October 2, 2025 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 11 of the above-titled Court, located on the 19th floor of 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable James Donato. A copy of the subpoena is attached as **Exhibit A** to the declaration of James J. Benjamin, Jr. ("Benjamin Decl."), filed concurrently herewith. On August 25, 2025, counsel for Ms. Sandberg sent Plaintiffs a letter objecting to the subpoena, a copy of which is attached as **Exhibit B** to the Benjamin Decl. Counsel met and conferred on August 29, 2025, after which Plaintiffs provided their written positions as to why they believe the subpoena is proper. *See* Benjamin Decl., **Exhibit C**. Counsel for Ms. Sandberg subsequently informed counsel for Plaintiffs of their intent to file this motion, *see id.*, **Exhibit D**, and the parties agreed to an accelerated briefing schedule in light of the impending trial date, *see id.*, **Exhibit E**.

This motion is based on Ms. Sandberg's Notice of Motion and Motion to Quash, the concurrently filed declaration of James J. Benjamin, Jr., the pleadings and papers on file in this action, and any other matter that the Court may properly consider.

## STATEMENT OF RELIEF SOUGHT

Non-party Sheryl Sandberg respectfully requests that the Court quash the trial subpoena served on her pursuant to Rule 45 of the Federal Rules of Civil Procedure.

**************

The Court should quash Plaintiffs' subpoena for the trial testimony of non-party Sheryl Sandberg under the apex doctrine because she does not have unique first-hand, non-repetitive knowledge of the facts at issue in this case, and because the subpoena imposes an undue burden. Plaintiffs have previously sought to take discovery from Ms. Sandberg on three separate occasions. Each time, this Court has said "no," determining most recently that "Plaintiffs have not shown that deposing Sandberg is reasonably likely to provide the evidence plaintiffs seek." Dkt. 237. Nothing material has changed, and the trial subpoena should likewise be quashed.

**STATEMENT OF FACTS**

Plaintiffs initially sought to include Ms. Sandberg on a hit report of potential document custodians during discovery in this case, but this Court denied that request by order dated August 15, 2019. Dkt. 117. Plaintiffs subsequently moved to add Ms. Sandberg as a document custodian, but this Court once again denied the request. Dkt. 157. In September 2020, Plaintiffs sought leave to take Ms. Sandberg's deposition, pointing to a small handful of emails from the vast discovery record in this case. Dkt. 223. By order dated October 15, 2020, this Court denied Plaintiffs' request to depose Ms. Sandberg. Dkt. 237.

Plaintiffs now seek a fourth bite at the apple. In pre-motion correspondence, Plaintiffs did not point to any new or different evidence that would warrant revisiting this Court's prior rulings. Instead, they argued principally that the apex doctrine should apply with "less force" because Ms. Sandberg is no longer an employee of Meta, and that the inconvenience to Ms. Sandberg of appearing for trial testimony would be "minimal." *See* Benjamin Decl., **Exhibit C**. These arguments are wholly unpersuasive, and this Court should quash the trial subpoena to Ms. Sandberg.

**ARGUMENT**

**A. Applicable Law**

The apex doctrine "seeks to limit the potential for the discovery rules to serve as a tool for harassment." *Apple Inc. v. Samsung Electronics Co.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012). The doctrine requires a court to consider: (1) whether a high-level executive whose testimony is sought "has unique first-hand, non-repetitive knowledge of the facts at issue in the case"; and (2) and whether the party seeking the executive's testimony "has exhausted other less intrusive discovery devices." *Id*. (citations omitted); *see also Rodriguez v. Google LLC*, No. 20-cv-04688-RS, 2025 WL 1871126, at *1 (N.D. Cal. June 25, 2025) (same). The doctrine is equally applicable to pre-trial discovery and to trial subpoenas. *Rodriguez*, 2025 WL 1871126, at *1; *see also Yphantides v. County of San Diego*, No. 21-cv-1575-GPC(BLM), 2023 WL 7555301, at *4 (S.D. Cal. Nov. 14, 2023); *Pinn, Inc. v. Apple, Inc.*, No. SA 19-cv-01805-DOC-JDE, 2021 WL 4775969, at *3 (C.D. Cal. Sept. 10, 2021). Its textual foundation is in Fed. R. Civ. P. 26(b)(2)(C)(i). *Rodriguez*, 2025 WL 1871126, at *1; *see also* Fed. R. Civ. P. 45(d)(3).

Courts have repeatedly held that the apex doctrine continues to apply even after an executive has left her position. *Rembrandt Diagnostics, LP v. Innovacon, Inc.*, No. 16-cv-0698 CAB (NLS), 2018 WL 692259, at *7 (S.D. Cal. Feb. 2, 2018) (collecting cases); *see also Yphantides*, 2023 WL 7555301, at *5; *Keatley v. Union Pac. R.R. Co.*, No. 8:21CV455, 2024 WL 4906135, at *1 (D. Neb. Nov. 27, 2024). In such situations, even though it may not be as disruptive for the witness to be called away from her day-to-day responsibilities at the company, the interest in avoiding harassment continues to be fully applicable. *See Robertson v. McNeil-PPC Inc.*, No. LA CV 11-09050 JAK (SSx), 2014 WL 12576817, at *17 (C.D. Cal. Jan. 13, 2014) (reversing magistrate judge and denying plaintiff's attempt to depose the former Worldwide Chairman of Johnson & Johnson's Consumer Group); *see also Givens v. Newsom*, No. 2:20-cv-0852-JAM-CKD, 2021 WL 65878, at *6-7 (E.D. Cal. Jan. 7, 2021) (granting protective order for former senior public health officials notwithstanding their departure from government service; "the rationale of protecting highly visible public servants from becoming targets for unnecessary, or at worst harassing, discovery requests survives their departure from office"). Separately, as part of the analysis of undue burden, courts properly consider whether a former executive continues to have ongoing responsibilities and time commitments after their departure from the company. *See Robertson*, 2014 WL 12576817 at *17 (taking note of the witness's ongoing involvement in "a number of [other] business endeavors" notwithstanding her departure from Johnson & Johnson).

### B. Discussion

There can be no dispute that Ms. Sandberg is a high-level executive for purposes of the apex doctrine. For more than a decade, she served as Meta's second highest-ranking executive and as a member of the company's Board of Directors, during a period when the company grew to have more than 70,000 employees and more than $110 billion in annual revenue. Since Ms. Sandberg's departure from Meta's Board in 2024, she has been deeply engaged in her work as the founder and chair of the Sandberg Goldberg Bernthal Family Foundation, which seeks to build a more equal and resilient world through the Lean In, Option B, and Dave Goldberg Scholarship Program initiatives; as the co-founder of Sandberg Bernthal Venture Partners, an early stage venture fund deploying private capital to fund innovation across consumer, enterprise, climate, and healthcare technology; and as a board member of the Bay Football Club and Terradot. *See* Benjamin Decl., **Exhibit F**.

In pre-motion correspondence, Plaintiffs' counsel asserted that the trial subpoena directed to Ms. Sandberg is appropriate because:

> Ms. Sandberg possesses unique information regarding key events, including key meetings, during the relevant time period. In particular, based on the documents produced by Meta, Ms. Sandberg held meetings concerning the potential reach metric and had conversations with employees such as Rob Goldman and Alex Schultz regarding the issue.

Benjamin Decl., **Exhibit C**. Plaintiffs did not provide any further substantiation for their position beyond these conclusory assertions. In September 2020, when Plaintiffs most recently attempted to take discovery from Ms. Sandberg, they cited a grand total of nine emails, only *three* of which were actually sent to or received by Ms. Sandberg. See Dkt. 223, 229. Far from supporting Plaintiffs' position, this meager showing confirms that Ms. Sandberg's connection to the detailed facts of this case is virtually non-existent.

Two of the three emails were sent on September 6, 2017 – the date that Ms. Sandberg and other senior executives at Meta were made aware of press reports asserting that Potential Reach estimates in some cases appeared larger than corresponding census data. See FB-SINGER-00173288; FB-SINGER-00284873; Dkt. 229. In those emails, Ms. Sandberg made the unremarkable observation, in substance, that this alleged discrepancy was a problem and that it should be addressed. Plaintiffs have not identified any further documents sent to or received by Ms. Sandberg reflecting her personal involvement in the events and decision-making that will be at issue during the trial for the balance of the relevant time period, which extends until October 2021.[1] Further, as Plaintiffs have conceded, other witnesses in the case such as Rob Goldman and Alex Schultz (both of whom gave deposition testimony and are on the witness list for trial, *see* Dkt. 496) testified that they could not recall any involvement by Ms. Sandberg in decision-making regarding Potential Reach. See Dkt. 223 at 3. The Court already considered these same facts when it denied Plaintiffs' September 2020 request to depose Ms. Sandberg. Dkt. 223, 237. Simply put, there is no evidence that Ms. Sandberg has "unique first-hand, non-repetitive knowledge of

---

[1] The third document cited by Plaintiffs is a calendar invite and slide deck for an October 26, 2017 meeting that Ms. Sandberg organized to discuss, at a high level, the way Facebook communicated with advertisers regarding 280 different metrics. *See* FB-SINGER-00165792; Dkt. 229. The meeting invite includes over two dozen other individuals, including current trial witnesses Alex Schultz and Rob Goldman.

the facts at issue in the case" that would justify upholding the trial subpoena in the face of an apex objection. *See, e.g.*, *Rodriguez*, 2025 WL 1871126, at *1; *Apple Inc.*, 282 F.R.D. at 263 (citations omitted).

Plaintiffs' other stated reasons for seeking to hale Ms. Sandberg into court as a trial witness are equally unpersuasive. Contrary to Plaintiffs' suggestion, the apex doctrine continues to apply even after an executive has left the company, because the underlying rationales of avoiding harassment and undue burden continue to be fully applicable. *See Rembrandt Diagnostics,* 2018 WL 692259, at *7; *Yphantides*, 2023 WL 7555301, at *5; *Robertson*, 2014 WL 12576817, at *17; *Givens*, 2021 WL 65878, at *6-7. And the burden of testifying in open court at a jury trial cannot fairly be characterized as "minimal," for Ms. Sandberg or for any witness. To the contrary, giving live testimony at trial would require preparation time as well as attention to logistics and security measures that would be even more burdensome than a non-public pre-trial deposition. Finally, as we have advised Plaintiffs' counsel, Ms. Sandberg has pre-existing travel plans in October and is not available during a portion of the trial.

## CONCLUSION

For the foregoing reasons, Ms. Sandberg respectfully requests that the Court quash the trial subpoena issued to her.

Date: September 17, 2025                        AKIN GUMP STRAUSS HAUER & FELD LLP

*/s/ Ashley Vinson Crawford*
  Ashley Vinson Crawford
  James J. Benjamin, Jr. (*pro hac vice*)
  Parvin D. Moyne (*pro hac vice*)

*Counsel for Non-Party Sheryl Sandberg*