1  LATHAM & WATKINS LLP
   Melanie M. Blunschi (Bar No. 234264)
2  *melanie.blunschi@lw.com*
   Nicole C. Valco (Bar No. 258506)
3  *nicole.valco@lw.com*
   Francis J. Acott (Bar No. 331813)
4  *francis.acott@lw.com*
5  505 Montgomery Street, Suite 2000
   San Francisco, CA 94111-6548
6  Telephone: +1.415.391.0600

7  Andrew B. Clubok (pro hac vice)
   *andrew.clubok@lw.com*
8  Susan E. Engel (pro hac vice)
   *susan.engel@lw.com*
9  555 Eleventh Street, N.W., Suite 1000
   Washington, D.C. 20004
10 Telephone: +1.202.637.2200

11 *Counsel for Defendant Meta Platforms, Inc.*
   *(formerly known as Facebook, Inc.)*
12

13              **UNITED STATES DISTRICT COURT**

14            **NORTHERN DISTRICT OF CALIFORNIA**

15               **SAN FRANCISCO DIVISION**

16
   DZ RESERVE, and CAIN MAXWELL (d/b/a          Case No. 3:18-cv-04978 JD
17 MAX MARTIALIS), individually and on
   behalf of all others similarly situated,     **DEFENDANT META PLATFORMS,**
18                                               **INC.'S NOTICE OF MOTION AND**
                                                 **MOTION TO ENFORCE CLASS**
19                   Plaintiffs,                 **COUNSEL'S ETHICAL OBLIGATIONS**

20                                               Date: November 6, 2025
         v.                                      Time: 10:00 a.m.
21                                               Court: Courtroom 11 - 19th Floor
                                                 Judge: Hon. James Donato
22 META PLATFORMS, INC.,

23
                     Defendant.
24

25

26

27

28

1    <u>**NOTICE OF MOTION TO ENFORCE CLASS COUNSEL'S ETHICAL OBLIGATIONS**</u>

2          **TO THE COURT, PARTIES, AND ALL THEIR COUNSEL OF RECORD,**

3    **PLEASE TAKE NOTICE** that Defendant Meta Platforms, Inc. ("Meta") hereby moves this Court

4    for an order enforcing Class Counsel's obligations to keep class members apprised of significant

5    developments.  This motion is noticed for November 6, 2025, at 10:00 a.m., in Courtroom 11 of

6    the above-titled Court, located on the 19th floor of 450 Golden Gate Avenue, San Francisco,

7    California 94102, before the Honorable James Donato.  On October 1, Meta notified Class Counsel

8    of its intent to file this motion and asked whether Plaintiffs would stipulate to a briefing schedule.

9    As of this filing, Class Counsel has not responded.  Valco Decl. ¶ 9.

10          This motion is based on Meta's memorandum of points and authorities in support of the

11    Notice of Motion and Motion to Enforce Class Counsel's Ethical Obligations, the concurrently

12    filed declaration of Nicole C. Valco, the pleadings and papers on file in this action, and any other

13    matter that the Court may properly consider.

14                          <u>**STATEMENT OF RELIEF SOUGHT**</u>

15          Meta respectfully requests that the Court order Class Counsel to comply with their ethical

16    obligations and apprise absent class members of significant developments or, in the alternative,

17    grant Meta permission to directly contact six absent class members who previously submitted

18    sworn declarations in support of Meta's opposition to class certification in this litigation.

19    Dated: October 2, 2025                    Respectfully submitted,

20                                              **LATHAM & WATKINS LLP**

21                                              */s/ Andrew B. Clubok*
                                                Melanie M. Blunschi (Bar No. 234264)
22                                              *melanie.blunschi@lw.com*
                                                Nicole C. Valco (Bar No. 258506)
23                                              *nicole.valco@lw.com*
                                                Francis J. Acott (Bar No. 331813)
24                                              *francis.acott@lw.com*
                                                505 Montgomery Street, Suite 2000
25                                              San Francisco, CA 94111-6548
                                                Telephone: +1.415.391.0600
26

27                                              Andrew B. Clubok (pro hac vice)
                                                *andrew.clubok@lw.com*
28                                              Susan E. Engel (pro hac vice)

MOTION TO ENFORCE CLASS COUNSEL'S
ETHICAL OBLIGATIONS
CASE NO. 3:18-cv-04978-JD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*susan.engel@lw.com*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

*Counsel for Defendant Meta Platforms, Inc.
(formerly known as Facebook, Inc.)*

MOTION TO ENFORCE CLASS COUNSEL'S
ETHICAL OBLIGATIONS
CASE NO. 3:18-cv-04978-JD

1              **MEMORADUM OF POINTS AND AUTHORITIES**

2      **I.      INTRODUCTION**

3              Meta respectfully requests that this Court order Class Counsel to comply with their ethical

4      obligations to communicate significant developments to Class Members.  Meta identified a number

5      of employees and principals of absent class members as trial witnesses, all of whom had previously

6      submitted sworn declarations in this case explaining how they used Potential Reach estimates (if

7      at all) and attesting that, contrary to the Named Plaintiffs' allegations, these advertisers did not use

8      Potential Reach estimates to set budgets when they placed advertisements through Ads Manager

9      (the "Declarants").  *See* Dkt. Nos. 296-1-4, 296-6, 296-8-10.  This testimony is directly relevant

10     to the materiality and reliance elements of Plaintiffs' fraud claims.

11             Because Meta may not directly contact members of the Class now that Class Counsel has

12     been appointed to represent them, Meta requested that Class Counsel transmit letters to six of these

13     Declarants informing them of the upcoming trial in this matter and asking them to consider sharing

14     their views at trial and, if they were agreeable, to contact counsel for Meta through Class Counsel.

15     *See* Dkt. Nos. 296-1 (Sarah Lowe, "Lowe Decl."), 296-2 (Josh Flanders, "Flanders Decl."), 296-3

16     (Adam Hampton, "Hampton Decl."), 296-6 (Lamesha Davis, "Davis Decl."), 296-9 (Renee

17     Ventrice, "Ventrice Decl."), 296-10 (Wendy Pettys, "Pettys Decl.").  Yet to date, Class Counsel

18     has refused to share Meta's letters or confirm that they have informed the Declarants that Meta

19     identified them as trial witnesses.  Meta therefore requests that this Court order Class Counsel to

20     do so in accordance with California Rules of Professional Conduct 1.2 and 1.4.  In the alternative,

21     Meta requests that this Court grant Meta permission to contact these Declarants directly in

22     accordance with California Rule of Professional Conduct 4.2(c).

23     **II.     BACKGROUND**

24             During class certification in this action, a number of employees and principals of members

25     of the now-certified class submitted declarations in support of Meta's opposition to class

26     certification.  While those declarations were individualized to the particular declarant, they had

27     certain commonalities in that each was from a declarant who had previously placed ads on

28     Facebook or Instagram through Ads Manager, either on their own behalf or on behalf of their

                                             MOTION TO ENFORCE CLASS COUNSEL'S
                                                       ETHICAL OBLIGATIONS
                                                    CASE NO. 3:18-cv-04978-JD

1   businesses or clients.  The Declarants (1) explained the benefits that they received from advertising

2   on Facebook (Lowe Decl. ¶¶ 4-5, Flanders Decl. ¶¶ 3-4, Hampton Decl. ¶¶ 4-5, Davis Decl. ¶ 3,

3   Ventrice Decl. ¶¶ 4-6);   (2) described how they did not rely on Potential Reach estimates,

4   particularly when setting budgets for ads (Lowe Decl. ¶¶ 7-8, Flanders Decl. ¶¶ 7-9, Davis Decl.

5   ¶¶ 9-10); (3) admitted that Potential Reach is an estimate (Lowe Decl. ¶ 9, Hampton Decl. ¶¶ 9-

6   11, Davis Decl. ¶ 6, Pettys Decl. ¶ 6, Ventrice Decl. ¶ 10); (4) expressed awareness that there are

7   fake accounts on Facebook, that some people have more than one account on Facebook, and that

8   those accounts may have an impact on Potential Reach estimates (Lowe Decl. ¶ 10, Davis Decl.

9   ¶ 8, Ventrice Decl. ¶ 10); and (5) explained how some Declarants are more focused on engagement

10  with and performance of their ads, which Potential Reach estimates do not measure (Lowe Decl.

11  ¶¶ 5-6, Flanders Decl. ¶¶ 6-7, Hampton Decl. ¶¶ 7-8, Pettys Decl. ¶¶ 3-5).

12          In preparing for trial, Meta made clear its intention to call these Declarants as trial witnesses

13  from the parties' very earliest discussion of witness lists.  On August 20, 2025, Meta sent its trial

14  witness list to Plaintiffs indicating that it intended to call these Declarants at trial.  Valco Decl. ¶ 3.

15  Plaintiffs moved to exclude the Declarants as witnesses, Dkt. No. 485, and at the Court's pretrial

16  conference, the Court deferred ruling on the motion until trial, stating "I can't tell in advance"

17  whether the testimony is improper.[1]  *See* Dkt. No. 516, Pretrial Conf. Tr. 32:22-33:15 (Sept 18,

18  2025).  Meta then sent letters addressed to Declarants Josh Flanders and Adam Hampton via Class

19  Counsel on September 22, 2025, informing them of the upcoming trial in this matter and asking

20  them to consider sharing their views at trial.  Valco Decl. ¶ 4.  Along with the letters, Meta

21  requested that Class Counsel either provide Meta with permission to speak with these individuals

22  directly or forward the letters to the Declarants.  *Id.*.  The following day, Meta transmitted similar

23  letters addressed to Declarants Sarah Lowe, Wendy Pettys, and Lamesha Davis, requesting Class

24  Counsel do the same with respect to those Declarants.  *Id.* ¶ 5.  On October 1, 2025, Meta sent one

25  more letter addressed to Declarant Renee Ventrice, again requesting that Class Counsel share the

26  letter with her.  *Id.* ¶ 7.  To date, Class Counsel has refused to confirm that it has notified the

27

28

---

[1] Plaintiffs contend that the Declarants were "not timely disclosed" as witnesses, Dkt. No. 485 at 3, even though, as Meta explained in opposing Plaintiffs' motion *in limine*, Plaintiffs have known about the Declarants since they submitted their declarations more than four years ago, *id.* at 9.

1    Declarants that they are on Meta's trial witness list, to share these letters with the Declarants, or to

2    otherwise permit Meta's counsel to contact the Declarants directly.  *Id.* ¶ 8.

3    **III.    ARGUMENT**

4            **A.    This Court Should Order Class Counsel To Comply With Their Ethical Duties
                 And Communicate Significant Developments To These Absent Class Members**

5            "Class Counsel ha[s] an attorney-client relationship with Class Members as a result of

6    certification."  *O'Connor v. Uber Techs., Inc.*, 2017 WL 3782101, at *6 (N.D. Cal. Aug. 31, 2017).

7    Class Counsel thus owes ethical obligations to unnamed class members.  Rule 1.4(a)(3) of the

8    California Rules of Professional Conduct requires that counsel "keep the client reasonably

9    informed about significant developments relating to the representation."  *See also* ABA Model

10   Rules of Pro. Conduct r. 1.4(a)(3) (obligating counsel to "keep the client reasonably informed

11   about the status of the matter").  And, pursuant to Rule 1.4(b), counsel must also "explain a matter

12   to the extent reasonably necessary to permit the client to make informed decisions regarding the

13   representation."  *See also* ABA Model Rules of Pro. Conduct r. 1.4(b) (same).  Counsel is obligated

14   to "abide by a client's decisions concerning the objectives of representation" and "reasonably

15   consult with the client as to the means by which they are to be pursued."  Cal. Rules of Pro. Conduct

16   r. 1.2(a); *see also* ABA Model Rules. of Pro. Conduct r. 1.2(a) (same).

17           Class Counsel has not complied with those duties.  Meta first informed Plaintiffs on August

18   20, 2025, that it intended to call each of the Declarants as witnesses at trial.  Since September 22,

19   2025, Meta has sent letters addressed to six of the Declarants via Class Counsel regarding their

20   trial testimony, and requested that Class Counsel share those letters with the Declarants.  Meta has

21   received no confirmation from Class Counsel that it has informed the Declarants that Meta

22   identified them as trial witnesses and Class Counsel has refused to share Meta's letters with the

23   Declarants.

24           Meta's identification of the Declarants as trial witnesses is surely a "significant

25   development" under Rule 1.4(a)(3), as is Meta's request to follow up with the Declarants about

26   their trial testimony.  Class Counsel may object to the Declarants' testimony, but that does not

27   obviate Class Counsel's obligations—particularly given that this Court declined to grant Class

28

1    Counsel's motion raising exactly that objection.  Class Counsel's failure to communicate runs

2    afoul of their obligation to keep their clients apprised of such developments.  It also violates Rules

3    1.2(a) and 1.4(b), which require that counsel "explain a matter to the extent reasonably necessary

4    to permit the client to make informed decisions regarding the representation" and "reasonably

5    consult with the client as to the means by which" the client's objectives in the litigation "are to be

6    pursued."  By refusing to inform the Declarants that Meta has identified them as trial witnesses

7    and to share the letters to the Declarants that Meta sent to Class Counsel, Class Counsel is actively

8    depriving their clients of the ability to make informed decisions regarding the representation—

9    including whether they would like to testify at trial.

10          Beyond running contrary to their ethical obligations, Class Counsel's self-serving conduct

11   places Meta in an impossible position—unable to contact the Declarants directly and unable to

12   inform them of significant developments even through Class Counsel.  This is particularly

13   troubling because these Declarants previously indicated an interest in the litigation by offering

14   sworn declarations in support of Meta's opposition to class certification.  *Cf. Moreno v. Autozone,*

15   *Inc.*, 2007 WL 2288165, at *1 (N.D. Cal. Aug. 3, 2007) (permitting discovery from absent class

16   members "who have injected themselves into the class certification motion by filing factual

17   declarations").  It is wholly improper for Class Counsel to now refuse to communicate significant

18   developments to these individuals.

19          The Court should therefore order Class Counsel to abide by their ethical duties and share

20   Meta's communications with these Declarants, as well as any responsive communications from

21   the Declarants to Meta.

22          **B.     This Court Should Alternatively Grant Meta Permission To Contact These**
             **Absent Class Members Directly**
23

24         If this Court declines to order Class Counsel to transmit Meta's letters, then it should

25   alternatively permit Meta to contact the Declarants directly.  Although California Rule of

26   Professional Conduct 4.2 generally precludes communications with represented parties, Rule

27   4.2(c) clarifies that "communications otherwise authorized by law or a court order" are not

28   prohibited.  *See also* ABA Model Rules of Pro. Conduct r. 4.2, cmt. 6 ("A lawyer may also seek a

1    court order in exceptional circumstances to authorize a communication that would otherwise be

2    prohibited by this Rule[.]"); *cf. Graham v. United States*, 96 F.3d 446, 449 (9th Cir. 1996) (noting

3    that "express legal authorization overrides ethical rules"); *Cont'l Ins. Co. v. Super. Ct. of Los*

4    *Angeles Cnty.*, 32 Cal. App. 4th 94, 121 (Cal. Ct. App. 1995) (permitting *ex parte* communication

5    where "none of the traditional policy reasons" against such contact applied).    The unique

6    circumstances here—including the Declarants' prior voluntary participation in the litigation and

7    Class Counsel's refusal to comply with their ethical obligations—justify the Court's intervention

8    to permit this crucial communication.

9    **IV.    CONCLUSION**

10        For the foregoing reasons, Meta respectfully requests that the Court order Class Counsel

11   to comply with their ethical obligations and share Meta's communications with the absent class

12   members or, alternatively, grant Meta permission to contact those class members directly.

13   Dated: October 2, 2025                     Respectfully submitted,

14                                               **LATHAM & WATKINS LLP**

15                                               */s/ Andrew B. Clubok*
                                                 Melanie M. Blunschi (Bar No. 234264)
16                                               *melanie.blunschi@lw.com*
                                                 Nicole C. Valco (Bar No. 258506)
17                                               *nicole.valco@lw.com*
                                                 Francis J. Acott (Bar No. 331813)
18                                               *francis.acott@lw.com*
                                                 505 Montgomery Street, Suite 2000
19                                               San Francisco, CA 94111-6548
                                                 Telephone: +1.415.391.0600
20

21                                               Andrew B. Clubok (pro hac vice)
                                                 *andrew.clubok@lw.com*
22                                               Susan E. Engel (pro hac vice)
                                                 *susan.engel@lw.com*
23                                               555 Eleventh Street, N.W., Suite 1000
                                                 Washington, D.C. 20004
24                                               Telephone: +1.202.637.2200

25                                               *Counsel for Defendant Meta Platforms, Inc.*
                                                 *(formerly known as Facebook, Inc.)*
26

27

28

MOTION TO ENFORCE CLASS COUNSEL'S
                                                  ETHICAL OBLIGATIONS
                                                  CASE NO. 3:18-cv-04978-JD