1    Geoffrey Graber (SBN 211547)
     Karina G. Puttieva (SBN 317702)
2    Madelyn Petersen (*pro hac vice*)
     Jenna Waldman (SBN 341491)
3    1100 New York Ave. NW, Suite 800
     **COHEN MILSTEIN**
4    **SELLERS & TOLL PLLC**
     Washington, DC 20005
5    Telephone: (202) 408-4600
     Facsimile: (202) 408-4699
6    ggraber@cohenmilstein.com
     kputtieva@cohenmilstein.com
7    mpetersen@cohenmilstein.com
     jwaldman@cohenmilstein.com
8
9    Eric Kafka (*pro hac vice*)
     88 Pine Street, 14th Floor,
10   **COHEN MILSTEIN**
     **SELLERS & TOLL PLLC**
11   New York, NY 10005
     Telephone: (212) 838-7797
12   Facsimile: (212) 838-7745
     ekafka@cohenmilstein.com
13
     *Class Counsel*

     Charles Reichmann (SBN 206699)
     **LAW OFFICES OF CHARLES**
     **REICHMANN**
     16 Yale Circle
     Kensington, CA 94708-1015
     Telephone: (415) 373-8849
     charles.reichmann@gmail.com

     Theodore J. Leopold (*pro hac vice*)
     Leslie M. Kroeger (*pro hac vice*)
     11780 US Highway One, Suite 500
     Palm Beach Gardens, FL 33408
     **COHEN MILSTEIN**
     **SELLERS & TOLL PLLC**
     Telephone: (516) 515-1400
     Facsimile: (516) 515-1401
     tleopold@cohenmilstein.com
     lkroeger@cohenmilstein.com

14

15

16                  **UNITED STATES DISTRICT COURT**

17                 **NORTHERN DISTRICT OF CALIFORNIA**

18                     **SAN FRANCISCO DIVISION**

19   DZ Reserve and Cain Maxwell (d/b/a Max        Case No. 3:18-cv-04978-JD
     Martialis), *individually and on behalf of*
20   *others similarly situated,*                  **PLAINTIFFS' OPPOSITION TO META's**
                                                    **MOTION TO MODIFY TRIAL**
21                  Plaintiffs,                     **SUBPOENA AND SET TESTIMONY OF**
                                                    **ALEX SCHULTZ**
22   v.
                                                    Hon. James Donato
23   META PLATFORMS, INC.,

24                  Defendant.

25

26

27

28

1   **MEMORANDUM OF POINTS AND AUTHORITIES**

2   **I.      INTRODUCTION**

3           This case was filed more than seven years ago, on August 15, 2018. ECF No. 1. On January

4   30, 2025, after years of litigation—including an interlocutory appeal and an attempted trip up to

5   the Supreme Court—Meta jointly proposed a trial date of October 14, 2025. ECF No. 461 at 5-6.

6   On February 6, 2025 the Court adopted the Parties' joint proposed schedule and set this case for

7   trial. ECF No. 464. Now, eight months later, Meta claims its "key witness", Mot. at 4, is not

8   available until the second week of trial—conveniently enough, after three days of testimony and

9   possibly after Plaintiffs' case-in-chief has already concluded.

10          In support of its motion, Meta provides the Court with a strained representation of the

11  discussions that occurred between counsel. While Meta is correct that Plaintiffs' counsel has

12  repeatedly made clear that Plaintiffs will endeavor to accommodate witness schedules to the best

13  of our ability—and we continue to do so—Plaintiffs' counsel has also stressed that we cannot

14  commit in advance to when witnesses will be called. Meta's suggestion that it accepted service of

15  trial subpoenas in exchange for a guarantee that its witnesses could testify on dates of their own

16  choosing is false. Meta's counsel agreed that it would accept service of trial subpoenas for several

17  current and former Meta employees, and on August 20, 2025, Plaintiffs emailed Meta's counsel a

18  trial subpoena for the testimony of Alex Schultz. Graber Decl. ¶ 4. The subpoena is dated for the

19  first day of trial, October 14, 2025, as is standard practice. No such quid pro quo was ever agreed

20  to or implied in counsel's correspondence. Graber Decl. ¶ 5.

21          In reality, Plaintiffs' message to Meta has been consistent and straightforward: we cannot

22  yet make binding commitments about the order or timing of testimony because events remain fluid

23  and uncertain. If Mr. Schultz (or any other witness) is unavailable to testify on the date they are

24  called, Plaintiffs will play designated deposition testimony as is provided under Federal Rule of

25  Evidence 32(a)(4). If he is unavailable to testify when called, Mr. Schultz will not be compelled

26  to leave his elderly parents or forego any long-standing commitments.

27

28

PLAINTIFFS' OPPOSITION TO META'S MOTION TO MODIFY TRIAL SUBPOENA
CASE NO. 3:18-cv-04978-JD
1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.    ARGUMENT

### A. Meta Cannot Flout this Court's Order with its Last-Minute Scheduling Maneuver.

Courts consistently hold that defendants have an obligation to make witnesses available in plaintiffs' case-in-chief if defendants seek to present live testimony. *See R.B. Matthews, Inc. v. Transamerica Transp. Servs., Inc.*, 945 F.2d 269, 272-73 (9th Cir. 1991); *CGC Holding Co., LLC v. Hutchens*, 2016 WL 6778853, at *2 (D. Colo. Nov. 16, 2016) (explaining that "it is neither unusual nor improper for a plaintiff to wish to call the opposing party during the plaintiff's case in chief," and that "[i]f these individuals will appear live, then they must appear live during plaintiffs' case in chief so that they can be called by the plaintiffs if they so desire"); *Iorio v. Allianz Life Ins. Co. of N. Am.*, 2009 WL 3415689, at *6 (S.D. Cal. Oct. 21, 2009) (finding it inequitable for a defendant to refuse to produce witnesses, who were otherwise outside of the court's subpoena range, until a time suitable for the defense). Indeed, this Court has already resolved this issue. *See* Pretrial Conf. Tr. 32:12-21 (ruling that "[i]f they are going to testify in your case live, Meta, they are going to testify live in the Plaintiffs' case and vice versa … [e]ven if they are coming from the new colony on Mars").

Meta now seeks to sidestep this ruling by insisting that Plaintiffs call witnesses only during time windows dictated by Meta's counsel. That position is contrary to the Court's order and would improperly allow Meta to manipulate the sequencing of Plaintiffs' case-in-chief. The order in which Plaintiffs present their witnesses is up to Plaintiffs' discretion based on a myriad of strategic and practical considerations. Meta cannot condition its compliance with the Court's order on an assurance that Plaintiffs will structure their trial presentation to accommodate Meta's preferred schedule. Regardless, the Federal Rules provide a straightforward solution: If Mr. Schultz is unavailable, Plaintiffs will play the designated deposition testimony. Fed. R. Evid. 32(a)(4).

To the extent Meta's motion is an implicit request to continue the trial from its long-scheduled start date to the following week when Mr. Schultz is purportedly available, such a request is wholly inappropriate. Meta has failed to establish a single element of the Ninth Circuit's test for evaluating whether a continuance is warranted. *See U.S. v. Flynt*, 756 F.2d 1352, 1359 (9th

---

PLAINTIFFS' OPPOSITION TO META'S MOTION TO MODIFY TRIAL SUBPOENA
CASE NO. 3:18-cv-04978-JD

1    Cir. 1985), *amended,* 764 F.2d 675 (9th Cir. 1985). Meta has known the trial date for eight months

2    and has had ample opportunity to prepare its witnesses accordingly. Meta agreed to a trial date of

3    October 14 in January, fully aware that Mr. Schultz was a "key witness." It goes without saying

4    that other witnesses, experts, counsel, and staff working on this case have elderly parents or

5    significant personal and family commitments, yet they have made the necessary arrangements to

6    appear for trial as scheduled. If Mr. Schultz's obligations were truly "long standing" as Meta

7    represents, Meta's counsel should have been aware when proposing the trial date and should have

8    raised the issue earlier, rather than seeking to upend the trial schedule at the last minute. Having

9    failed to do so, Meta cannot now seek to disrupt the Court's schedule or prejudice Plaintiffs'

10   presentation of their case by effectively moving for a continuance.

11           **B.  Plaintiffs are Continuing to Take All Reasonable Steps to Avoid Undue Burden
               on Witnesses, As Per the Court's Order.**

12           Meta argues that Plaintiffs have failed to take reasonable steps to avoid imposing an undue

13   burden on Mr. Schultz pursuant to Federal Rule of Civil Procedure 45(d)(1). But Meta's reading

14   of Rule 45 entirely ignores the companion Federal Rule of Evidence that provides that "[a] party

15   may use for any purpose the deposition of a witness, whether or not a party, if the court finds: …

16   that the witness is more than 100 miles from the place of hearing or trial or is outside the United

17   States … [or] that the party offering the deposition could not procure the witness's attendance by

18   subpoena." Fed. R. Evid. 32(a)(4). If Mr. Schultz in unavailable to testify until October 20, 2025,

19   Plaintiffs will invoke Rule 32 and play his designated deposition testimony if he is called to testify

20   before that date. There is thus no undue burden on Mr. Schultz to attend trial.

21           Moreover, Plaintiffs' counsel has repeatedly assured Meta's counsel that we will inform

22   them of the order of witnesses as soon as practicable and will, in any event, comply with the

23   Court's order requiring two days' notice for witness disclosures. The Court recognized that

24   disclosure is typically required a day and a half in advance of a witness's testimony, Pretrial Conf.

25   Tr. 19:19-21, and the Court's standing order provides for disclosure by 4:00 p.m. two days before

26   calling a witness to the stand. Standing Order for Civil Jury Trials in Front of Judge James Donato,

27   Jan. 5, 2017. Nevertheless, the Court granted Meta's request to modify its order to require notice

28

1  by noon, expanding the disclosure period beyond its usual practice. *See* Pretrial Conf. Tr. 20:25-

2  21:1. The Court's order is the extent of the disclosure that is required of Plaintiffs' and informs the

3  "reasonable steps" with which Plaintiffs must take to comply with Rule 45. *See, e.g.*, *United States*

4  *v. Gressett*, 773 F. Supp. 270, 279 (D. Kan. 1991) (denying defendant's request "that the

5  government inform the defense at least three days in advance of when particular witnesses are

6  going to testify" and finding that "twenty-four hours is sufficient").

7         Meta fails to cite a single case that applies to the dispute at issue here. In *Stemmelin v.*

8  *Matterport*, the Court quashed a subpoena it deemed "broad and tardy" that "direct[ed] an

9  unidentified corporate designee to appear next week and lay a foundation for 155 trial exhibits."

10  2023 WL 411354, at *2 (N.D. Cal. Jan. 25, 2023). Here, however, the subpoena is neither broad

11  nor tardy, and seeks no information outside Mr. Schultz's personal knowledge. Similarly, in *Klay*

12  *v. Santa Cruz County Sheriff's Office*, the court made the opposite ruling of what Meta urges here,

13  rejecting a protective order of a "highly relevant" witness over hardship concerns that included

14  fears of losing his job. 2015 WL 3879729, at *1 (N.D. Cal. June 22, 2015).

15         The facts of *In re C.R. Bard* are likewise inapposite. *See In re C.R. Bard, Inc., Pelvic Repair*

16  *Sys. Prods. Liab. Litig.*, 2013 WL 3367715, at *1 (S.D.W. Va. July 5, 2013). There, the subpoena

17  was served less than one week before trial, and the defendant had *agreed* that the plaintiffs could

18  "play one or both of [the witness's] videotaped depositions" in lieu of live testimony. The

19  plaintiffs, however, "made the tactical decision to call him live at trial," and the court sought to

20  accommodate this strategic choice. *See id.* at *1, n.1. Here, in contrast, Plaintiffs have made no

21  tactical decisions regarding Mr. Schultz, other than reserving the right to call him at a logical time

22  during their case-in-chief.

23         Lastly, the court in *CGC Holding* recognized, in dicta, that while there is a vague possibility

24  that a "irreconcilable schedule conflict" may exist in some cases, "there generally is no compelling

25  reason to let a defendant call witnesses in the middle of a plaintiff's case or to leave a plaintiff's

26  case open until after the defendant has called the witnesses." 2016 WL 6778853, at *2. Consistent

27  with that rule, the court held that "defendants can't have it both ways. If these individuals will

28  appear live, then they must appear live *during plaintiffs' case in chief* so that they can be called by

1  the plaintiffs if they so desire." *Id.* (emphasis added). Meta has made no showing of an

2  "irreconcilable scheduling conflict" other than Mr. Schultz's purported personal commitment,

3  which Plaintiffs will accommodate through the use of his deposition, if necessary.

4      Plaintiffs will make every effort to provide Meta as much advance notice of its upcoming

5  witnesses whenever possible, while recognizing that trial is inherently dynamic with moving

6  pieces that are often outside of Plaintiffs' control. With these constraints in mind, Plaintiffs will

7  nonetheless endeavor to give as much notice as practicable for Mr. Schultz and any other witnesses

8  in Meta's control.

9  **III.    CONCLUSION**

10      For the foregoing reasons, the Court should deny Meta's request to modify the trial

11  subpoena of Mr. Schultz.

12

13  Dated: October 3, 2025          Respectfully Submitted,

14  By */s/  Geoffrey Graber*
Geoffrey Graber (SBN 211547)

15  Karina G. Puttieva (SBN 317702)
Madelyn Petersen (*pro hac vice*)

16  Jenna Waldman (SBN 341491)
**COHEN MILSTEIN SELLERS & TOLL PLLC**

17  1100 New York Ave. NW, Ste 800
Washington, DC 20005

18  Telephone: (202) 408-4600
ggraber@cohenmilstein.com

19  kputtieva@cohenmilstein.com
mpetersen@cohenmilstein.com

20  jwaldman@cohenmilstein.com

21  Charles Reichmann (SBN 206699)

22  **LAW OFFICES OF CHARLES REICHMANN**
16 Yale Circle

23  Kensington, CA 94708-1015
Telephone: (415) 373-8849

24  charles.reichmann@gmail.com

25  Theodore J. Leopold (*pro hac vice*)
Leslie M. Kroeger (*pro hac vice*)

26  **COHEN MILSTEIN SELLERS & TOLL PLLC**
11780 US Highway One

27  Suite 500
Palm Beach Gardens, FL 33408

28

1

2
Telephone: (516) 515-1400
Facsimile: (516) 515-1401
tleopold@cohenmilstein.com
lkroeger@cohenmilstein.com

3

4
Eric Kafka (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**

5
88 Pine Street, 14th Floor,
New York, NY 10005

6
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
ekafka@cohenmilstein.com

7

8
*Class Counsel*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28