| | | |
|---|---|---|
| 1 | Geoffrey Graber (SBN 211547) | Charles Reichmann (SBN 206699) |
| | Karina G. Puttieva (SBN 317702) | **LAW OFFICES OF CHARLES** |
| 2 | Madelyn Petersen (pro hac vice) | **REICHMANN** |
| | Jenna Waldman (SBN 341491) | 16 Yale Circle |
| 3 | 1100 New York Ave. NW, Suite 800 | Kensington, CA 94708-1015 |
| | **COHEN MILSTEIN** | Telephone: (415) 373-8849 |
| 4 | **SELLERS & TOLL PLLC** | charles.reichmann@gmail.com |
| | Washington, DC 20005 | |
| 5 | Telephone: (202) 408-4600 | Theodore J. Leopold (pro hac vice) |
| | Facsimile: (202) 408-4699 | Leslie M. Kroeger (pro hac vice) |
| 6 | ggraber@cohenmilstein.com | 11780 US Highway One, Suite 500 |
| | kputtieva@cohenmilstein.com | Palm Beach Gardens, FL 33408 |
| 7 | mpetersen@cohenmilstein.com | **COHEN MILSTEIN** |
| | jwaldman@cohenmilstein.com | **SELLERS & TOLL PLLC** |
| 8 | | Telephone: (516) 515-1400 |
| | Eric Kafka *(pro hac vice)* | Facsimile: (516) 515-1401 |
| 9 | 88 Pine Street, 14th Floor, | lkroeger@cohenmilstein.com |
| | **COHEN MILSTEIN** | tleopold@cohenmilstein.com |
| 10 | **SELLERS & TOLL PLLC** | |
| | New York, NY 10005 | |
| 11 | Telephone: (212) 838-7797 | |
| | Facsimile: (212) 838-7745 | |
| 12 | ekafka@cohenmilstein.com | |
| 13 | | |
| | *Class Counsel* | |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DZ Reserve and Cain Maxwell (d/b/a Max Martialis), *individually and on behalf of others similarly situated,* | Case No. 3:18-cv-04978-JD |
| Plaintiffs, | **DECLARATION OF GEOFFREY GRABER IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION TO MODIFY TRIAL SUBPOENA AND SET TESTIMONY OF ALEX SCHULTZ** |
| v. | |
| META PLATFORMS, INC., | |
| Defendant. | |

I, Geoffrey Graber, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and admitted in this Court. I am a partner with the law firm of Cohen Milstein Sellers & Toll PLLC. I have personal knowledge of the facts set forth in this Declaration. If called as a witness, I could and would competently testify as to those facts under oath.

2. Plaintiffs and Plaintiffs' experts have been diligently preparing for trial on the date set by the Court, October 14, and have made the necessary arrangements to appear for trial on that day or as scheduled.

3. Meta's counsel agreed to accept service of trial subpoenas for several current and former Meta employees, including Mr. Schultz.

4. On August 20, 2025, Plaintiffs emailed Meta's counsel a trial subpoena for Mr. Schultz dated for October 14, 2025, the first day of trial.

5. Plaintiffs never agreed that Meta's witnesses would be called on specific dates in exchange for Meta's acceptance of their trial subpoenas.

6. Plaintiffs are considering a myriad of strategic and practical considerations as to the sequencing of witnesses in their case-in-chief. At this point, Plaintiffs are unable to commit to calling any of Meta's witnesses on a specific day, because events remain fluid and uncertain.

7. As the parties discussed at the September 18, 2025 Pretrial Conference, Plaintiffs will disclose to Meta the witnesses they intend to call no later than by the time required by the Court.

8. Plaintiffs have provided deposition designations for Mr. Schultz to Meta. If Mr. Schultz is not available when Plaintiffs call him at trial, Plaintiffs intend to play his designated deposition testimony.

I declare, under penalty of perjury under the laws of the United States, that the foregoing is true and correct.

Executed on October 3, 2025, in Washington, D.C.

*/s/ Geoffrey Graber*
Geoffrey Graber